| | |
|---|---|
| Dena C. Sharp (SBN 245869)<br>dsharp@girardsharp.com<br>Adam E. Polk (SBN 273000)<br>apolk@girardsharp.com<br>Simon S. Grille (SBN 294914)<br>sgrille@girardsharp.com<br>**GIRARD SHARP LLP**<br>601 California Street, Suite 1400<br>San Francisco, CA 94108<br>Telephone: (415) 981-4800<br>Facsimile: (415) 981-4846 | Elizabeth J. Cabraser (SBN 083151)<br>Roger N. Heller (SBN 215348)<br>**LIEFF CABRASER HEIMANN &<br>BERNSTEIN, LLP**<br>275 Battery Street, 29th Floor<br>San Francisco, CA 94111-3339<br>Telephone: (415) 956-1000<br>ecabraser@lchb.com<br>rheller@lchb.com<br><br>Jason L. Lichtman (*pro hac vice* forthcoming)<br>Danna Z. Elmasry (*pro hac vice* forthcoming)<br>**LIEFF CABRASER HEIMANN &<br>BERNSTEIN, LLP**<br>250 Hudson Street, 8th Floor<br>New York, New York 10013-1413<br>Telephone: (212) 355-9500<br>jlichtman@lchb.com<br>delmasry@lchb.com |
| *Attorneys for Plaintiffs Eli Silva and Ashley Gardiner* | *Attorneys for Plaintiff Jose Moran* |

(*Additional Counsel on Signature Page*)

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| WENDOVER PRODUCTIONS, LLC, a Limited Liability Company; BUSINESSING, LLC, a Limited Liability Company; THE CHARISMATIC VOICE, LLC, a Limited Liability Company; CLEARVISION MEDIA, INC.; and GEAR LIVE MEDIA, LLC, a Limited Liability Company,<br><br>                    Plaintiffs,<br><br>   v.<br><br>PAYPAL, INC.,<br><br>                    Defendant. | Case No.: 5:24-cv-9470-BLF<br><br>**PLAINTIFFS' NOTICE OF UNOPPOSED JOINT MOTION AND MOTION FOR CONSOLIDATION OF ACTIONS AND TO SET PROCESS FOR APPOINTMENT OF INTERIM CLASS COUNSEL**<br><br>Date: May 8, 2025<br>Time: 9:00 a.m.<br>Location: Courtroom 3 – 5th Floor<br><br>Hon. Beth Labson Freeman |

(*Additional Captions on Following Pages*)

1

PLAINTIFFS' UNOPPOSED JOINT MOTION FOR CONSOLIDATION OF ACTIONS AND TO
SET PROCESS FOR APPOINTMENT OF INTERIM CLASS COUNSEL
Case No.: 5:24-cv-09470-BLF

| | |
|---|---|
| ELI SILVA AND ASHLEY GARDINER, on behalf of themselves and all others similarly situated, <br><br>   Plaintiffs, <br> v. <br><br>PAYPAL HOLDINGS, INC., a California Corporation, PAYPAL, INC., a California Corporation, <br><br>   Defendants. | Case No.: 5:24-cv-09510-BLF |
| GAMERSNEXUS LLC, <br><br>   Plaintiff, <br> v. <br><br>PAYPAL HOLDINGS, INC., a California Corporation, PAYPAL, INC., a California Corporation, <br><br>   Defendant. | Case No.: 5:25-cv-00114-BLF |
| CLAUDIA JAYNE YOUNG, Individually and on Behalf of All Others Similarly Situated, <br><br>   Plaintiff, <br> v. <br><br>PAYPAL, INC. and PAYPAL HOLDINGS, INC., <br><br>   Defendant. | Case No.: 5:25-cv-00124-BLF |

| | |
|---|---|
| SHONNA COLEMAN, on behalf of herself and all others similarly situated, | Case No.: 5:25-cv-00367-BLF |
| Plaintiff, | |
| v. | |
| PAYPAL HOLDINGS, INC., a California Corporation, PAYPAL, INC., a California Corporation, | |
| Defendants. | |
| JOSE MORAN, individually and on behalf of others similarly situated, | Case No.: 5:25-cv-00476-BLF |
| Plaintiff, | |
| v. | |
| PAYPAL INC. and PAYPAL HOLDINGS, INC., | |
| Defendants. | |
| LYON FITNESS, LLC, individually and on behalf of all others similarly situated, | Case No.: 5:25-cv-00501-BLF |
| Plaintiff, | |
| v. | |
| PAYPAL HOLDINGS, INC., a Delaware Corporation, and PAYPAL, INC., a Delaware Corporation, | |
| Defendants. | |

| | |
|---|---|
| EDGAR OGANESYAN and MATTHEW ELY, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PAYPAL, INC. and PAYPAL HOLDINGS, INC.,<br><br>Defendants. | Case No.: 3:25-cv-00518-BLF |
| BREVARD MARKETING LLC, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>PAYPAL, INC and PAYPAL HOLDINGS, INC,<br><br>Defendants. | Case No.: 5:25-cv-00573-BLF |

## NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR COUNSEL OF RECORD

PLEASE TAKE NOTICE that on May 8, 2025, at 9:00 am or as soon thereafter as the motion may be heard before the Honorable Beth Labson Freeman in Courtroom 3 of the United States District Court for the Northern District of California, San Jose Division, 280 South 1st Street, San Jose, California 95113, Plaintiffs Eli Silva; Ashley Gardiner; Jose Moran; Wendover Productions, LLC; Businessing, LLC; The Charismatic Voice, LLC; Clear Vision Media, Inc.; Gear Live Media, LLC; GamersNexus LLC; Claudia Jayne Young; Shonna Coleman; Lyon Fitness, LLC; Edgar Oganesyan; Matthew Ely; and Brevard Marketing LLC ("Plaintiffs"), through their undersigned counsel, will, and hereby do, move this Court for an order:

1. Consolidating, pursuant to Federal Rule of Civil Procedure 42(a), the following nine (9) related putative class actions (the "Related Actions") pending in this Court concerning PayPal's use of the Honey browser extension, and any future related actions filed in, removed to, or transferred to this

4

Court, under the docket number of the first-filed case, No. 5:24-cv-09470-BLF, and under the title *In re PayPal Honey Browser Extension Litigation*:

- *Wendover, et al. v. PayPal Inc.*, No. 5:24-cv-09470-BLF (N.D. Cal.) ("Wendover"), filed on December 29, 2024;
- *Silva v. PayPal Holdings, Inc., et al.*, No. 5:24-cv-09510-BLF (N.D. Cal.) ("Silva"), filed on December 30, 2024;
- *GamersNexus LLC v. PayPal Holdings, Inc., et al.*, No. 5:25-cv-00114-BLF (N.D. Cal.) ("GamersNexus"), filed on January 3, 2025;
- *Young v. PayPal, Inc., et al.*, No. 5:25-cv-00124-BLF (N.D. Cal.) ("Young"), filed on January 3, 2025;
- *Coleman v. PayPal, Inc., et al.*, No. 5:25-cv-00367-BLF (N.D. Cal.) ("Coleman"), filed on January 10, 2025;
- *Moran v. PayPal, Inc., et al.*, No. 5:25-cv-00476-BLF (N.D. Cal.) ("Moran"), filed on January 14, 2025;
- *Lyon Fitness, LLC v. PayPal, Inc., et al.*, No. 5:25-cv-00501-BLF (N.D. Cal.) ("Lyon Fitness"), filed on January 14, 2025;
- *Oganesyan, et al. v. PayPal, Inc., et al.*, No. 4:25-cv-00518-BLF (N.D. Cal.) ("Oganesyan"), filed on January 15, 2025; and
- *Brevard Marketing LLC v. PayPal, Inc. et al.*, No. 5:25-cv-00573-BLF (N.D. Cal.) ("Brevard"), filed on January 16, 2025; and

2. Establishing a procedure for the filing of applications for appointment of interim class counsel pursuant to Federal Rule of Civil Procedure 23(g).

Plaintiffs' motion is based on this Notice of Motion and Motion; the accompanying Memorandum of Points and Authorities; the Declaration of Adam E. Polk; the Proposed Order submitted herewith; and any other matter the Court may wish to consider. Counsel for Plaintiffs have conferred with counsel for Defendants PayPal Holdings, Inc. and PayPal, Inc., and Defendants have indicated they do not oppose consolidation of the Related Actions or appointment of interim class counsel.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.      INTRODUCTION**

Plaintiffs respectfully and jointly move for an order consolidating, pursuant to Rule 42(a), the Related Actions, all of which arise from the same nucleus of operative facts—PayPal's alleged use of the Honey browser extension to misappropriate referral commissions that should be awarded to online content providers—as well as any future related actions that may be filed in, or transferred or removed, to this Court, and recaptioning the consolidated action as *In re Paypal Honey Browser Extension Litigation*. Plaintiffs also seek an order setting a schedule for counsel to file motions to appoint interim class counsel pursuant to Rule 23(g) and for the filing of a consolidated complaint. Plaintiffs in the Related Actions agree that consolidation and appointment of interim class counsel is appropriate, and Defendants do not oppose consolidation of the Related Actions or the appointment of interim class counsel.

The nine Related Actions[1] each involve claims against Defendant Paypal, Inc. stemming from its use of the Honey browser extension to misappropriate referral commissions. To streamline early case organization, and in the spirit of efficiency, Plaintiffs request that the Court consolidate the Related Actions and set a schedule for counsel to file applications for the appointment of interim class counsel. Defendants do not oppose consolidation or appointment of interim class counsel.

Consolidation of the Related Actions is appropriate because they arise from the same nucleus of operative facts, assert similar causes of action, define similar and overlapping classes, and seek similar remedies. All of the Related Actions name PayPal, Inc. as a defendant, and several of the Related Actions name an additional defendant, PayPal Holdings, Inc., which holds all of the assets and liabilities of PayPal, Inc.

In addition to consolidation, and consistent with the Manual for Complex Litigation, appointment of interim class counsel will clarify the roles and responsibilities of counsel on behalf of the

---

[1] The Court granted Plaintiffs' request to administratively relate nine cases on January 17, 2025. *See Wendover*, Dkt. No. 35. Since Plaintiffs' request was filed on January 16, three additional Related Actions have been filed in this District. Plaintiffs filed a request to administratively relate those cases to the *Wendover* case on January 21 (*see Wendover*, Dkt. No. 36), and it is anticipated those cases will be deemed related. If deemed related, Plaintiffs will file a stipulation or motion to consolidate the additional Related Actions with those that are the subject of the present motion.

class(es), avoid duplicative work and promote judicial efficiency. Plaintiffs respectfully request that the Court implement a process for interested parties to submit applications for interim class counsel appointments following consolidation of the Related Actions.

For the foregoing reasons and those that follow, Plaintiffs respectfully request the Court consolidate the Related Actions and set a schedule for briefing on motions to appoint interim class counsel.

## II.   STATEMENT OF THE ISSUES TO BE DECIDED

1. Whether the Related Actions should be consolidated under Rule 42(a); and

2. Whether the Court should implement a process to appoint interim class counsel under Rule 23(g).

## III.   BACKGROUND

PayPal is a San Jose-based corporation that owns and operates Honey Science Corporation, which developed the Honey browser extension. PayPal widely advertised the Honey browser extension as a tool consumers can use to automatically search the internet for the best coupons that can be applied to online purchases. Plaintiffs in the Related Actions are online content providers who promote products to their followers and viewers and earn commissions when their followers and viewers use their unique links to buy the products. Plaintiffs allege that PayPal falsely advertised the Honey browser extension because it does not find consumers the best coupons. Moreover, Plaintiffs allege that after consumers have already made their decision to buy a product using an online marketer's link, thereby entitling the online marketer to any commission because they influenced the sale, PayPal surreptitiously misappropriates the commission when the consumer uses Honey, whether or not Honey locates and applies any available discounts.

The Related Actions are proposed class actions filed on behalf of classes of persons who participate in affiliate referral programs and had referral fees diverted to PayPal as a result of the Honey browser extension. *See e.g., Silva,* Dkt. No. 1, ¶ 71. Based on overlapping facts, each Related Action alleges that PayPal used Honey to wrongfully misappropriate referral fees earned by Plaintiffs. The Plaintiffs in each of the Related Actions assert similar claims and allege the same or similar damages, including common law business torts and violations of state laws prohibiting unfair trade practices.

7

PLAINTIFFS' UNOPPOSED JOINT MOTION FOR CONSOLIDATION OF ACTIONS AND TO SET PROCESS FOR APPOINTMENT OF INTERIM CLASS COUNSEL
Case No.: 5:24-cv-09470-BLF

## IV. ARGUMENT

### A. The Court Should Consolidate All of the Related Actions Under Rule 42(a)

Pursuant to Rule 42(a), a court may consolidate actions if they "involve a common question of law or fact[.]" Fed. R. Civ. P. 42(a); see *Investors Research Co. v. United States Dist. Court*, 877 F.2d 777 (9th Cir. 1989) (holding that the court "has broad discretion under this rule to consolidate cases") Here, the Related Actions name common defendants, arise from the same factual allegations regarding PayPal's use of the Honey browser extension, and assert similar causes of action for overlapping classes. The similarities across the Related Actions weigh strongly in favor of consolidation. *See Miller v. U.S. Postal Serv.*, 729 F.2d 1033, 1036 (5th Cir. 1984) ("The proper solution to the problems created by the existence of two or more cases involving the same parties and issues, simultaneously pending in the same court would be to consolidate them under Rule 42(a)") (citation omitted). Defendants do not oppose consolidation. Polk Decl. ¶ 2.

Consolidating the Related Actions and any later filed or removed cases will streamline and organize this litigation, allowing the Court to efficiently resolve common issues. *See Bower v. Wright Med. Tech. Inc.*, No. 217CV03178CASKSX, 2018 WL 294521, at *2 (C.D. Cal. Jan. 3, 2018) ("In determining whether to consolidate, a court weighs the interest in judicial convenience against the potential for delay, confusion, and prejudice caused by consolidation") (citation omitted); *see, e.g., Lowery v. Spotify USA Inc.*, No. CV 15-09929-BRO (RAOx), 2016 WL 6818756, at *2 (C.D. Cal. May 23, 2016) (finding that consolidation would "promote judicial economy because the Court's burden in managing the two cases will decrease."); *Gudimetla v. Ambow Educ. Holding Ltd.*, No. CV 12-5062 PSG (AJWx), 2012 WL 12887767, at *2 (C.D. Cal. Nov. 19, 2012) (finding that "consolidation of the related lawsuits would avoid needless costs and delays.").

The same nucleus of operative facts gives rise to each of the Related Actions. The similar claims and overlapping class definitions favor consolidation, which will optimize efficiency for the Court and the parties. *See Brown v. Acutus Med., Inc.*, No. 22-CV-206-RSH-KSC, 2022 WL 2820557, at *1 (S.D. Cal. July 19, 2022) ("The two complaints involve the same defendants, identical proposed classes, many of the same factual allegations, and identical causes of action . . . . Given the similar factual and legal issues, consolidation of the two cases would promote judicial economy.").

Consolidation will allow plaintiffs to file a single, consolidated complaint, reducing the burdens on Defendants and the Court of responding to, and adjudicating, nine related but distinct complaints and avoiding the risk of inconsistent rulings. *Galfer v. City of Los Angeles*, No. CV 13-00664 SJO (MRWx), 2014 WL 6455792, at *1 (C.D. Cal. Nov. 14, 2014) ("Given the similarities between the plaintiffs' claims . . . the Court ruled that consolidation would result in more efficient discovery and the uniform resolution of dispositive motions."). Moreover, consolidation will prevent duplicative discovery given that the Related Actions involve the same relevant documents—e.g., communications and technical specifications related to the Honey browser extension—and the same witnesses will be deposed. *See id.; Dusky v. Bellasaire Invs.*, No. SACV07-874 DOC (ANx), 2007 WL 4403985, at *6 (C.D. Cal. Dec. 4, 2007) ("Coordinated discovery and motion practice will aid the parties and the Court in focusing and limiting the issues that are in dispute, coming to consistent factual and legal conclusions regarding the transaction at issue, and mitigating the potential that the parties will waste substantial resources in duplicating each others' work.").

Finally, consolidation will not cause any prejudice, added costs, or delay. Each of the Related Actions is in its early stages, with no responsive pleadings having been filed and discovery yet to commence. *See Griffey v. Magellan Health Inc.*, No. CV-20-01282-PHX-MTL, 2020 WL 5981904, at *2 (D. Ariz. Oct. 8, 2020) (holding that consolidation was proper where "[b]oth cases are at the initial stages of litigation").

Consolidation is warranted and should be granted.

### B. The Court Should Implement A Process for Appointing Interim Class Counsel Pursuant to Fed. R. Civ. P. 23(g)

Rule 23(g)(3) provides that the Court "may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(3). The Rule "authorizes [a] court to designate interim counsel during the pre-certification period if necessary to protect the interests of the putative class." *Azpeitia v. Tesoro Refining & Marketing Co. LLC*, 2017 WL 4071368, at *1 (N.D. Cal. Sept. 14, 2017). "The appointment of interim class counsel . . . is particularly suited to complex actions." *In re Google Assistant Priv. Litig.*, No. 19-CV-04286-BLF, 2020 WL 7342713, at *1 (N.D. Cal. Dec. 14, 2020). Here, there are already nine Related Actions, and

9

PLAINTIFFS' UNOPPOSED JOINT MOTION FOR CONSOLIDATION OF ACTIONS AND TO
SET PROCESS FOR APPOINTMENT OF INTERIM CLASS COUNSEL
Case No.: 5:24-cv-09470-BLF

three additional related actions have been filed in this District. Plaintiffs in these actions are represented by different counsel. Under these circumstances, implementing a streamlined process for the appointment of interim class counsel under Rule 23(g)(3) will be beneficial to the effective prosecution of the class claims and will clarify the roles and responsibilities of counsel on behalf of the class. *See* Manual for Complex Litigation (Fourth) § 21.11 (2004) ("If . . . there are a number of overlapping, duplicative, or competing suits pending in other courts, and some or all of those suits may be consolidated, a number of lawyers may compete for class counsel appointment. In such cases, designation of interim counsel clarifies responsibility for protecting the interests of the class during precertification activities."). Accordingly, Plaintiffs propose the following streamlined process to facilitate appointment of interim class counsel:

- Plaintiffs' counsel in any of the consolidated Related Actions may file an individual or joint application for consideration as interim class counsel. Those motions shall be due fourteen (14) calendar days from the date of entry of the Court's order granting consolidation. Each attorney's individual or joint application shall not exceed ten (10) pages double-spaced addressing the factors set forth in Rule 23(g) and may attach or include a link to their firm resume(s). Counsel may file an optional two-page double-spaced response (including attachments), no later than five (5) business days from the filing deadline of the initial applications. No reply briefs will be permitted.
- Within 45 days following the entry of the order appointing interim class counsel, interim class counsel, on behalf of Plaintiffs, shall file a Consolidated Complaint. Defendants will respond to the Consolidated Complaint within 45 days. If Defendants respond by way of motion, Plaintiffs will have 40 days to oppose the motion, and Defendants will have 21 days to reply.

## V.   CONCLUSION

For the reasons set forth above, Plaintiffs jointly request the Court grant their motion and enter an order: (1) consolidating the Related Actions, and any future related actions filed in, removed to, or transferred to this Court, pursuant to Fed. R. Civ. P. 42(a) under the docket of the first-filed *Wendover*

action and recaption the action *In re PayPal Honey Browser Extension Litigation* and (2) setting a schedule for counsel to file motions to appoint interim class counsel.

Dated: January 22, 2025

Respectfully submitted,

By: */s/ Adam E. Polk*
Dena C. Sharp (SBN 245869)
Adam E. Polk (SBN 273000)
Simon S. Grille (SBN 294914)
**GIRARD SHARP LLP**
601 California Street, Suite 1400
San Francisco, CA 94108
Telephone: (415) 981-4800
dsharp@girardsharp.com
apolk@girardsharp.com
sgrille@girardsharp.com

Gary M. Klinger (*pro hac vice* forthcoming)
Alexandra M. Honeycutt (*pro hac vice* forthcoming)
**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC**
227 W. Monroe Street, Suite 2100
Chicago, IL 60606
Telephone: (866) 252-0878
gklinger@milberg.com
ahoneycutt@milbergl.com

*Attorneys for Plaintiffs Eli Silva and Ashley Gardiner*

Elizabeth J. Cabraser (SBN 083151)
Roger N. Heller (SBN 215348)
**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000
ecabraser@lchb.com
rheller@lchb.com

Jason L. Lichtman (*pro hac vice* forthcoming)
Danna Z. Elmasry (*pro hac vice* forthcoming)
**LIEFF CABRASER HEIMANN &**

|     |                                                                 |
| --- | --------------------------------------------------------------- |
| 1   | **BERNSTEIN, LLP**                                              |
|     | 250 Hudson Street, 8th Floor                                    |
| 2   | New York, New York 10013-1413                                   |
| 3   | Telephone: (212) 355-9500                                       |
|     | jlichtman@lchb.com                                              |
| 4   | delmasry@lchb.com                                               |
| 5   | *Attorneys for Plaintiff Jose Moran*                            |
| 6   | John P. Kristensen (SBN 224132)                                 |
| 7   | **KRISTENSEN LAW GROUP**                                        |
|     | 120 Santa Barbara St., Suite C9                                 |
| 8   | Santa Barbara, California 93101                                 |
| 9   | Telephone: (805) 837-2000                                       |
|     | john@kristensen.law                                             |
| 10  |                                                                 |
| 11  | Devin J. Stone (SBN 260326)                                     |
|     | **EAGLE TEAM LLP**                                              |
| 12  | 1050 Connecticut Ave., NW                                       |
| 13  | Suite 5038                                                      |
|     | Washington, DC 20036                                            |
| 14  | Telephone: (833) 507-8326                                       |
| 15  | devin@eagleteam.law                                             |
| 16  | Josh Sanford (SBN 2001037) (*pro hac vice* forthcoming)         |
| 17  | Jarrett Ellzey (SBN 24040864) (*pro hac vice* forthcoming)      |
| 18  | Leigh S. Montgomery (SBN 24052214) (*pro hac vice* forthcoming) |
| 19  | **EKSM, LLP**                                                   |
|     | 1105 Milford Street                                             |
| 20  | Houston, Texas 77066                                            |
| 21  | Telephone: (713) 554-2377                                       |
|     | jsanford@eksm.com                                               |
| 22  | jellzey@eksm.com                                                |
| 23  | lmontgomery@eksm.com                                            |
| 24  | *Attorneys for Plaintiffs Wendover Productions,                 |
|     | LLC, Businessing, LLC, The Charismatic Voice,                   |
| 25  | LLC, Clearvision Media, Inc., and Gear Live                     |
| 26  | Media, LLC*                                                     |
| 27  | Thomas Eric Loeser                                              |
|     | **COTCHETT PITRE & MCCARTHY LLP**                               |
| 28  | 1809 7th Avenue, Suite 1610                                     |

Seattle, WA 98101
Telephone: (206) 802-1272
tloeser@cpmlegal.com

*Attorneys for Plaintiff GamersNexus, LLC*

Brian O'Mara
**DICELLO LEVITT LLP**
4747 Executive Dr., Ste 240
San Diego, CA 92121
Telephone: (619) 923-3939
briano@dicellolevitt.com

Adam J. Levitt (*pro hac vice* forthcoming)
Amy Keller (*pro hac vice* forthcoming)
Daniel R. Schwartz (*pro hac vice* forthcoming)
**DICELLO LEVITT LLP**
Ten North Dearborn Street, Sixth Floor
Chicago, Illinois 60602
Telephone: 312-214-7900

*Attorneys for Claudia Jayne Young*

E. Michelle Drake
emdrake@bm.net
**BERGER MONTAGUE PC**
1229 Tyler Street NE, Suite 205
Minneapolis, MN 55413
Telephone: (612) 594-5933

Sophia Marie Rios
srios@bm.net
**BERGER MONTAGUE PC**
8241 La Mesa Blvd., Suite A
La Mesa, CA 91942
Telephone: 619-489-0300

Joshua P. Davis
jdavis@bm.net
**BERGER MONTAGUE PC**
505 Montgomery Street, Suite 625
San Francisco, CA 94111
Telephone: (415) 215-0962

*Attorneys for Plaintiff Shonna Coleman*

PLAINTIFFS' UNOPPOSED JOINT MOTION FOR CONSOLIDATION OF ACTIONS AND TO SET PROCESS FOR APPOINTMENT OF INTERIM CLASS COUNSEL
Case No.: 5:24-cv-09470-BLF

Rosemary M. Rivas
rmr@classlawgroup.com
**GIBBS LAW GROUP LLP**
1111 Broadway, Suite 2100
Oakland, CA 94607
Telephone: (510) 350-9700

*Attorneys for Plaintiff Lyon Fitness, LLC*

Julian Hammond (SBN 268489)
jhammond@hammondlawpc.com
Polina Brandler (SBN 269086)
pbrandler@hammondlawpc.com
Ari Cherniak (SBN 290071)
acherniak@hammondlawpc.com
**HAMMOND LAW, P.C.**
1201 Pacific Ave., 6th Floor
Tacoma, WA 98402
Telephone: (310) 601-6766
Facsimile: (310) 295-2385

Douglas J. McNamara (*pro hac vice* forthcoming)
dmcnamara@cohenmilstein.com
Karina G. Puttieva (SBN 317702)
kputtieva@cohenmilstein.com
**COHEN MILSTEIN SELLERS & TOLL PLLC**
1100 New York Ave. NW, 8th Floor
Washington, DC 20005
Telephone: (202) 408-4600
Facsimile: (202) 408-4699

*Attorneys for Plaintiffs Edgar Oganesyan and Matthew Ely*

Chris A. Seeger (*pro hac vice* forthcoming)
David R. Buchanan (*pro hac vice* forthcoming)
Stephen Weiss (*pro hac vice* forthcoming)
Scott A. George (*pro hac vice* forthcoming)
**SEEGER WEISS LLP**
55 Challenger Rd, Suite 600
Ridgefield Park, NJ 05667
Telephone: 973-639-9100
cseeger@seegerweiss.com
dbuchanan@seegerweiss.com
sweiss@seegerweiss.com
sgeorge@seegerweiss.com

*Attorneys for Plaintiff Brevard Marketing LLC*

14
PLAINTIFFS' UNOPPOSED JOINT MOTION FOR CONSOLIDATION OF ACTIONS AND TO SET PROCESS FOR APPOINTMENT OF INTERIM CLASS COUNSEL
Case No.: 5:24-cv-09470-BLF

**ATTESTATION OF FILER**

I, Adam E. Polk, am the ECF user whose ID and password are being used to file this document. In compliance with Civil L.R. 5-1(i)(3), I hereby attest that all counsel have concurred in this filing.

Dated: January 22, 2025 /s/ *Adam E. Polk*