Steven A. Schwartz (*pro hac vice*)
Beena M. McDonald (*pro hac vice*)
Alex M. Kashurba (*pro hac vice*)
**CHIMICLES SCHWARTZ KRINER**
**& DONALDSON-SMITH LLP**
One Haverford Centre
361 West Lancaster Avenue
Haverford, PA 19041
Telephone: (610) 642-8500
Fax: (610) 649-3633
*sas@chimicles.com*
*bmm@chimicles.com*
*amk@chimicles.com*

James J. Rosemergy (*pro hac vice* forthcoming)
**CAREY, DANIS & LOWE**
8235 Forsyth, Suite 1100
St. Louis, MO 63105
Telephone: (314) 725-7700
*jrosemergy@careydanis.com*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN JOSE DIVISION

| | |
|---|---|
| *In re PayPal Honey Browser Extension Litigation* | Case No.: 5:24-cv-09470-BLF<br><br>**PLAINTIFF VICTORIA WADE'S NOTICE OF MOTION AND MOTION TO APPOINT CHIMICLES SCHWARTZ KRINER & DONALDSON-SMITH LLP AS INTERIM CO-LEAD COUNSEL PURSUANT TO FRCP 23(g)**<br><br>Hearing Date:  May 29, 2025<br>Time:  9:00 a.m.<br>Courtroom: 3, 5th Floor<br>Judge:  Hon. Beth Labson Freeman |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on May 29, 2025, at 9:00 a.m., or as soon thereafter as the motion may be heard before the Honorable Beth Labson Freeman of the United States District Court for the Northern District of California, San Jose Division, located at 280 South 1st Street, San Jose, California 95113, pursuant to Federal Rule of Civil Procedure 23(g), and the Court's January 29, 2025 Order (ECF 49), Plaintiff Victoria Wade will and hereby does move for entry of the proposed Order appointing Chimicles Schwartz Kriner & Donaldson-Smith LLP ("Chimicles Schwartz") as Interim

- 1 -

1  Co-Lead Counsel in this consolidated proceeding. Plaintiff's Motion is based on this Notice of Motion,

2  the incorporated memorandum of points and authorities, all exhibits attached thereto, the argument of

3  counsel, and any other matter the Court may consider.

1

## **TABLE OF CONTENTS**

2   I.    INTRODUCTION ........................................................................................................1

3   II.    FACTUAL BACKGROUND ......................................................................................1

4   III.    LEGAL STANDARD FOR RULE 23(G) APPOINTMENTS ..................................2

5   IV.    ARGUMENT ..............................................................................................................3

6        A.    Chimicles Schwartz's Proposed Leadership Structure ..................................3

7
8        B.    Chimicles Schwartz Has Extensive Experience, Skill and Knowledge in
              Complex Civil Litigation to Prosecute this Litigation....................................3

9        C.    Chimicles Schwartz Has the Time and Adequate Resources to
10             Represent the Class ........................................................................................7

11       D.    Chimicles Schwartz Has Performed Substantial Work Investigating the Claims ..........7

12
13       E.    Other Factors Support Appointing Chimicles Schwartz as
              Interim Class Counsel ....................................................................................8

14   V.    CONCLUSION............................................................................................................9

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## TABLE OF AUTHORITIES

2

**CASES**

3

*In re Apple iPhone/iPod Warranty Litig.*,
4
    No. 10-01610-RGS (N.D. Cal.) ................................................................................. 6

5

*In re Aramark Bonus Litig.*,
6
    19-02762 (E.D. Pa.) .................................................................................................. 4

7

*Boycat, Inc. v. Microsoft Corp.*,
    No. 2:25-cv-00088-BAT (W.D. Wash.) ................................................................... 2
8

*Brown v. Accellion, Inc.*,
9
    2023 U.S. Dist. LEXIS 23146 (N.D. Cal. Feb. 10, 2023) ........................................ 2

10

*In re Capital One Financial Corp. Affiliate Marketing Litig.*,
11
    No. 1:25-cv-00023-AJT-WBP (E.D. Va.) ............................................................... 2

12

*Chambers v. Whirlpool Corp., et al.*,
    No.11-1773 FMO (C.D. Cal.) ................................................................................... 5
13

*In re Data Breach Sec. Litig. Against Caesars Ent., Inc.*,
14
    2:23-cv-01447, 2024 U.S. Dist. LEXIS 104130 (D. Nev. Jun. 12, 2024) ................. 2
15

*Edward Asner v. SAG-AFTRA Health Fund*,
16
    No. 20-10914 (C.D. Cal.) .......................................................................................... 3

17

*Lockabey v. American Honda Motor Co.*,
18
    Case No. 37-2010-87755 (Superior Ct., San Diego) ................................................ 6

19

*In re MacBook Keyboard Litig.*,
20
    2023 U.S. Dist. LEXIS 92063 (N.D. Cal. May 25, 2023) .................................... 5, 8

21

*In re Macbook Keyboard Litigation*,
    No. 5:18-cv-02813-EJD (N.D. Cal.) ........................................................................ 5
22

*Markson v. CRST Int'l, Inc.*,
23
    2021 U.S. Dist. LEXIS 60328 (C.D. Cal. Feb. 10. 2021) ........................................ 2

24

*McWilliams v. City of Long Beach*,
25
    Case Nos. BS363959, BS363959 & BC361469 (Superior Court, County of Los Angeles) ........... 6

26

*In re Nexus 6P Products Liability Litigation*,
    No. 5:17-cv-02185-BLF .................................................................................... 1, 4, 8
27

*Okonski v. Progressive Cas. Ins. Co.*,
28
    2023 U.S. Dist. LEXIS 169835 (N.D. Ohio Sept. 22, 2023) ................................... 7

*In re: Philips Recalled CPAP Recalled Products Litigation,*
    MDL No. 3014 (W.D. Pa.) ......................................................................1, 5, 8

*In re Real Estate Associates Limited Partnerships Litigation,*
    No. CV 98-7035 DDP (C.D. Cal) ........................................................................6

*Rodman v. Safeway Inc.,*
    No. 11-3003-JST (N.D. Cal.) ................................................................................5

*Snitzer v. Board of Trustees of the American Federation of Musicians Pension Plan,*
    No. 1:17-cv-5361 (S.D.N.Y.) ................................................................................4

*Vale v. McGuinn,*
    Nos. 09 Civ. 3807 (RMB), 09 Civ. 4963 (RMB), 2009 WL 3297490 (S.D.N.Y. Oct. 13, 2009)......7


## OTHER AUTHORITIES

A. Bronstad, *'That's Disappointing': Only 11% of MDL Appointments Went to Attorneys of Color in 2023* ........................................................................................................ 8

Federal Rule of Civil Procedure 23(g) *et seq.* ............................................... 1, 2, 7

School, *Guidelines and Best Practices for Large and Mass-Tort MDLs* (2d ed. 2018) ........................7

iii

1

**MEMORANDUM OF POINTS AND AUTHORITIES**

2

## I.    INTRODUCTION

3    The Chimicles Schwartz team, led by Steve Schwartz and Beena McDonald, has an exemplary

4    track record in this District leading cutting-edge class actions, including successfully serving as co-

5    lead counsel in *In re Nexus 6P Products Liability Litigation* ("Nexus"), No. 5:17-cv-02185-BLF.

6    Chimicles Schwartz will prosecute this case aggressively and efficiently. If appointed, Mr. Schwartz

7    and Ms. McDonald commit to make this case a priority and will *personally* commit the time and

8    resources necessary to provide effective representation to the proposed class. Besides their general

9    track record prosecuting class actions in this District and across the country, Mr. Schwartz and Ms.

10    McDonald have particularized experience directly relevant to the needs to this case, including

11    experience in obtaining classwide recoveries and judgments on behalf of workers wrongfully denied

12    commissions; obtaining classwide settlements on behalf of world-famous entertainers and small

13    businesses; efficiently navigating complex cases that involve highly technical, high-volume electronic

14    discovery; and most recently in *In re: Philips Recalled CPAP Recalled Products Litigation*, MDL No.

15    3014 (W.D. Pa.) ("Philips MDL"), serving as Co-Lead Class Counsel where, along with co-counsel,

16    they efficiently prosecuted a complex, extensively-litigated MDL and obtained settlements totaling

17    approximately $1.7 billion less than three years after appointment.

18    Mr. Schwartz and Ms. McDonald have the necessary experience, skill, leadership, judgment

19    and racial, gender and geographic diversity to effectively serve as Interim Co-Lead Counsel along with

20    any of the other excellent counsel that the Court may appoint.[1]

21

## II.    FACTUAL BACKGROUND

22    The Plaintiffs in this consolidated action are content creators and online marketers who earn

23    income through affiliate marketing. Schwartz Decl., ¶ 2. They provide consumers with affiliate links

24    that direct their followers to online retailers' goods or services. *Id.* Plaintiffs then earn commissions on

25    these sales. *Id.* However, PayPal, through its Honey shopping browser extension, secretly redirects the

26

27    ---

[1] See Declaration of Steven A. Schwartz ("Schwartz Decl."), filed contemporaneously herewith,
28    and Exhibit 1, the Chimicles Schwartz firm resume, attached thereto.

1 referral payments, taking the earnings for itself. Similar actions based on similar facts, have been filed
2 against other companies.[2] *Id.*

3 **III.    LEGAL STANDARD FOR RULE 23(G) APPOINTMENTS**

4 Pursuant to Rule 23(g)(3), "[t]he court may designate interim counsel to act on behalf of a
5 putative class before determining whether to certify the action as a class action." "If more than one
6 adequate applicant seeks appointment, the court must appoint the applicant best able to represent the
7 class." Rule 23(g)(2). Courts should consider four factors when selecting class counsel: "(i) the work
8 counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience
9 in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii)
10 counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to
11 representing the class." Rule 23(g)(1)(A)(i)-(iv). Courts may also "consider any other matter pertinent
12 to counsel's ability to fairly and adequately represent the interests of the class." Rule 23(g)(l)(B). For
13 example, counsel's willingness to work cooperatively with others and the diversity of the proposed
14 interim leadership group, weigh in favor of appointment. *In re Data Breach Sec. Litig. Against*
15 *Caesars Ent., Inc.*, 2:23-cv-01447, 2024 U.S. Dist. LEXIS 104130, at *16-18 (D. Nev. Jun. 12, 2024);
16 *Brown v. Accellion, Inc.*, 2023 U.S. Dist. LEXIS 23146, at *12 (N.D. Cal. Feb. 10, 2023).

17 The Court has wide discretion not only to decide which counsel to appoint as interim class
18 counsel but also to set the terms and conditions of such appointments, particularly when there are
19 several counsel competing for interim appointment. *Markson v. CRST Int'l, Inc.*, 2021 U.S. Dist.
20 LEXIS 60328, *4 (C.D. Cal. Feb. 10. 2021) ("district courts have discretion to manage attorney
21 representation issues in class actions") (citing *Radcliffe v. Hernandez*, 818 F.3d 537, 548 (9th Cir.
22 2016)); *see also* Rule 23(g). Consistent with the current trend followed by many courts, Chimicles
23 Schwartz respectfully submits that the Court should first craft a leadership structure that it believes
24 will best serve the interests of the proposed class, and then, with that structure in mind, appoint those

25

26 ─────────────────────
[2] See *In re Capital One Financial Corp. Affiliate Marketing Litig.*, No. 1:25-cv-00023-AJT-WBP
27 (E.D. Va.) (13 cases) and *Boycat, Inc. v. Microsoft Corp.*, No. 2:25-cv-00088-BAT (W.D. Wash.)
28 (motion for consolidation of 6 other cases).

specific firms/lawyers who the Court believes will provide leadership that will best represent all plaintiffs as opposed to simply appointing one slate or another.

## IV.     ARGUMENT

### A.     Chimicles Schwartz's Proposed Leadership Structure

While several highly qualified counsel seek appointment in competing applications with varying proposed leadership structures, we believe that this case can be effectively managed by concentrating leadership with 3 - 5 firms serving as Interim Co-Lead counsel vested with discretion to delegate work, as needed, to an Executive Committee. The Court should emphasize that these appointments require the firm *and individual appointees* to commit to *personally* manage the case day-to-day, as opposed to routinely and systematically delegating their primary responsibilities to others in their firms. In addition, the Court should require Interim Co-Lead Counsel to commit to work cooperatively and be inclusive in utilizing the talents of members of the Executive Committee and to make decisions solely based on the best interest of prosecuting *this case* (as opposed to considering relationships or agreements that may exist with respect to the other similar cases).

### B.     Chimicles Schwartz Has Extensive Experience, Skill and Knowledge in Complex Civil Litigation to Prosecute this Litigation

The Chimicles Schwartz firm is one of the nation's preeminent class action law firms, with an established track record over the past 30 years of achieving substantial, ground-breaking results for the classes they represent. Schwartz Decl., ¶ 4. Moreover, despite being based on the East Coast, Mr. Schwartz and Ms. McDonald have a decades-long extraordinary track record representing plaintiff classes in California federal and state courts, including before this Court. *Id.*

Specifically, Mr. Schwartz and Ms. McDonald have extensive experience representing workers wrongfully denied commissions, entertainers and small businesses in class actions, as well as experience generally in large-scale consolidated class actions, where they obtained outstanding recoveries via settlement, summary judgment, trials and appeals. Mr. Schwartz served as Co-Lead Class Counsel representing famous actors in *Edward Asner v. SAG-AFTRA Health Fund*, No. 20-10914 (C.D. Cal.), an ERISA case which challenged the SAG-AFTRA Health Plan Trustees' decision to merge the SAG and AFTRA health plans and the subsequent decision to eliminate health benefits

- 3 -

for senior actors. Even though a dozen prominent firms declined the case as too risky, Judge Snyder denied defendants' motion to dismiss based on ERISA's "settlor function" doctrine and Mr. Schwartz negotiated a settlement of over $20 million along with substantial non-monetary benefits.[3] In another case deemed too risky by many prominent plaintiff firms, Mr. Schwartz successfully prosecuted an ERISA suit on behalf of well-known musicians alleging that the retirement plan gambled with their money on a series of imprudent, overly aggressive investment bets. The case settled shortly before trial for almost $27 million along with groundbreaking therapeutic benefits. *Snitzer v. Board of Trustees of the American Federation of Musicians Pension Plan*, No. 1:17-cv-5361 (S.D.N.Y.). Mr. Schwartz also prosecuted two class actions where the defendant companies wrongly refused to make commission payments earned by their employees. In both, the workers received a *net* recovery of the full amount of their earned commissions plus interest. *See In re Aramark Bonus Litig.*, 19-02762 (E.D. Pa.) ($21 million; recognized as Top 10 Labor settlement); *In re Shared Medical Systems (Siemens)1998 Incentive Compensation Plan Litig.,* Term 2003, No. 0885 (Phila. C.C.P.) (case settled on eve of trial after plaintiffs won summary judgment as to liability and most damages issues). This experience representing public performers and workers to recover amounts wrongly appropriated, including wrongfully withheld commissions, will serve interim class counsel well here in recouping the commissions owed to the plaintiff content creators.

Chimicles Schwartz has meaningful and relevant experience in other high-stakes MDLs and class actions. For example, the Chimicles Schwartz firm was Co-Lead counsel in *Nexus*, where Ms. McDonald played a vital role in the class action alleging that Google Nexus 6P smartphones suffer from a defect that renders the phones inoperable through an endless boot-loop cycle and an accelerated battery drain that causes the phones to shut off prematurely. This Court approved a $9.75 million class settlement, stating in part that "Class counsel has extensive experience representing plaintiffs and classes in complex litigation and consumer class actions. . . . [T]he quality of their work is reflected in the results achieved for the class." 2019 U.S. Dist. LEXIS 197733, at *32, *38 (N.D. Cal. Nov. 12,

---

[3] A video that prominent actors made in solidarity with the litigation is available at https://youtu.be/4LgRxJnxI8o.

2019). Additionally, Mr. Schwartz was selected as one of just four Co-Lead counsel among a pool of 75 leadership applicants in the *Philips MDL*, which concerned millions of defective devices subject to an FDA recall. Ms. McDonald also played a pivotal role in managing offensive discovery, including voluminous electronic discovery, which netted incriminating documents and admissions to craft a damning liability story that helped prompt settlement. Under their stewardship (and their fellow co-lead counsel, including Seeger Weiss), the case resulted in settlements for economic loss, medical monitoring, and personal injury claims totaling approximately $1.7 billion. Just as important, the case was efficiently prosecuted. The settlements were reached after extensive litigation (including evidentiary hearings and completion of over 20 depositions) just three years after Judge Conti appointed leadership. Here, Chimicles Schwartz's ability to efficiently navigate highly technical, high-volume electronic discovery means that there will be no fumbling and no delays in securing the evidence needed for Plaintiffs to prove the elements of their claims.

Mr. Schwartz and Ms. McDonald also have an extensive track record of success in this District. They served as Co-Lead Class Counsel in *In re Macbook Keyboard Litigation*, No. 5:18-cv-02813-EJD (N.D. Cal.) regarding the defective ultra-thin "butterfly" keyboard in Apple MacBooks. Shortly before trial (where, based on her extensive trial experience, Ms. McDonald was slated to serve as one of plaintiffs' lead trial counsel), the case settled for $50 million, with many class members receiving $395 (in addition to multiple free repairs of their MacBooks). The settlement was recognized as the No. 1 Consumer Fraud Settlement in California for 2022 by TopVerdict.com. In approving the settlement, Judge Davila commented that "Class Counsel achieved excellent results for the class" and commended "Class Counsel's skill and the quality of their work[.]" *In re MacBook Keyboard Litig.*, 2023 U.S. Dist. LEXIS 92063, at *40. 42 (N.D. Cal. May 25, 2023). In *Rodman v. Safeway Inc.*, No. 11-3003-JST (N.D. Cal.), Mr. Schwartz served as Plaintiffs' Lead Trial Counsel in a national class action regarding grocery delivery overcharges, winning national class certification and a series of summary judgment decisions as to liability and damages resulting in a $42 million judgment, which represented a full recovery of class members' damages plus interest. The Ninth Circuit affirmed the full judgment. 2017 U.S. App. LEXIS 14397 (9th Cir. Aug. 4, 2017). In *Chambers v. Whirlpool Corp.*, *et al.*, No.11-1773 FMO (C.D. Cal.), Mr. Schwartz served as Co-Lead Counsel and secured a

- 5 -

settlement that provided a full recovery of out-of-pocket damages for repair or replacement costs in a class action involving alleged defects resulting in fires in Whirlpool, Kenmore, and KitchenAid dishwashers. In approving the settlement, Judge Olguin described Mr. Schwartz as "among the most capable and experienced lawyers in the country in [consumer class actions]." 214 F. Supp. 3d 877, 902 (C.D. Cal. 2016). Mr. Schwartz also served as Co-Lead Class Counsel in *In re Apple iPhone/iPod Warranty Litig.*, No. 10-01610-RGS (N.D. Cal.), which challenged Apple's use of water sensors to deny warranty claims (the case settled for $53 million and class members received an average *net* payment of $241, representing 117% of cost to replace their iPhones).[4]

In addition to pretrial class action and appellate experience, Chimicles Schwartz is among the few class action attorneys with significant trial experience that will aid in moving this litigation through trial if needed. Ms. McDonald has more than 20 years of trial experience. She served as a Special Assistant United States Attorney with the U.S. Attorney's Office for the Southern District of California, where she prosecuted high stakes federal corruption, firearms, drug importation, and illegal immigration cases through to jury trial or plea agreements. As a senior house counsel for Allstate Insurance Company and as a senior attorney with the Defender Association of Philadelphia, Ms. McDonald tried more than a dozen civil and criminal jury trials, and hundreds of misdemeanor bench trials, motions and arbitrations. Ms. McDonald is also called upon and known for her trial skills and mentorship in trial academy programs. Specifically, Ms. McDonald is a Co-Chair of the ABA Litigation Section's Diverse Trial Lawyer Academy having co-created and co-led the 3-day trial

---

[4] In other cases in California courts, the Chimicles Schwartz firm won landmark decisions in the California Supreme Court (published at 255 P.3d. P58 (Cal. 2011) and 300 P.3d 886 (Cal. 2013)) securing the rights of taxpayers to file class-wide tax refund claims under the CA Government Code and recovered approximately $126 million. *Ardon v. City of Los Angeles, Granados v. County of Los Angeles,* and *McWilliams v. City of Long Beach,* Case Nos. BS363959, BS363959 & BC361469 (Superior Court, County of Los Angeles) and (Superior Court, County of Los Angeles). In *In re Real Estate Associates Limited Partnerships Litigation,* No. CV 98-7035 DDP (C.D. Cal), the firm served as Lead Trial Counsel and won a $185 million verdict after a six-week jury trial in a securities fraud/breach of fiduciary duty case tried before the late Honorable Dean D. Pregerson. In *Lockabey v. American Honda Motor Co.*, Case No. 37-2010-87755 (Superior Ct., San Diego), the firm served as Lead Counsel and achieved a settlement valued at over $170 million resolving false advertising claims relating to the sale of Honda Civic Hybrids.

program in Philadelphia, PA, in conjunction with Temple University Beasley School of Law. Ms. McDonald also serves as faculty for the Philadelphia Bar Association's Young Trial Lawyers Academy.

### C.    Chimicles Schwartz Has the Time and Adequate Resources to Represent the Class

Mr. Schwartz and Ms. McDonald will *personally* commit the time and resources to prosecute this case in the same manner as in other cases cited above that they have led. Schwartz Decl., ¶ 6. Chimicles Schwartz has 14 attorneys, all of whom represent plaintiffs in complex litigation, as well as a full team of non-lawyer professionals. *Id.* The Firm is fully committed to pursuing the best interests of Plaintiff and class members and will devote all the resources necessary to bring this matter to a successful conclusion. *Id.* The Chimicles Schwartz firm has self-funded resources to see this litigation through to its conclusion, including trial, and does not and will not use litigation financing, which implicates potential conflicts of interest. *Id.*, ¶ 5.

### D.    Chimicles Schwartz Has Performed Substantial Work Investigating the Claims

While this case is relatively young, Chimicles Schwartz has done significant work interviewing potential class members, evaluating the claims at issue and likely impacted parties, working with potential experts who will be necessary to prosecute this highly technical case, and developing a strategy to move this litigation forward in a reasoned, efficient manner. *Id.*, ¶ 3.

Because these cases were all recently filed, no group of counsel or individual case has progressed beyond the initial pleadings stage. Indeed, the facts that lay the basis for this litigation were publicly available and exposed prior to the filing of any complaint. Hence, "[w]hether someone was 'first to file' by itself has little to do with who is the best qualified to lead the case and does not satisfy the requirements of Rule 23(g). To hold otherwise would further encourage a 'rush to the courthouse.'" *Vale v. McGuinn*, Nos. 09 Civ. 3807 (RMB), 09 Civ. 4963 (RMB), 2009 WL 3297490, at *4 (S.D.N.Y. Oct. 13, 2009) (quoting *Nowak v. Ford Motor Co.*, 240 F.R.D. 355, 365 (E.D. Mich. 2006)); *see also Okonski v. Progressive Cas. Ins. Co.*, 2023 U.S. Dist. LEXIS 169835, at *6 (N.D. Ohio Sept. 22, 2023).

1

### E.        Other Factors Support Appointing Chimicles Schwartz as Interim Class Counsel

2

3        The appointment of Ms. McDonald to a leadership position will address the issue of repeat

4    players, as she reflects the diversity of the bar and the class with respect to race, gender, experience,

5    age, and geographic location. *See* Bolch Judicial Institute, Duke Law School, *Guidelines and Best*

6    *Practices for Large and Mass-Tort MDLs* at 38, 45-46 (2d ed. 2018)[5] ("The judge's primary

7    responsibility in the selection process is to ensure that the lawyers appointed to leadership positions

8    are capable and experienced and that they will responsibly and fairly represent all plaintiffs, keeping in

9    mind the benefits of diversity of experience, skills, and backgrounds."). She is the daughter of Indian

10   immigrants to this country, and is the first born in her family in the United States and the first attorney.

11   *See, also*, A. Bronstad, *'That's Disappointing': Only 11% of MDL Appointments Went to Attorneys of*

     *Color in 2023,* Law.com, Sept. 30, 2024.[6]

12

13        Furthermore, effective leadership of a complex class action, involving numerous law firms

14   representing plaintiffs from all over the country, requires the ability to work with others and organize

15   those with disparate interests. In leadership roles, including in the *Philips MDL*, Chimicles Schwartz

16   encouraged a team-oriented atmosphere to gather input from others and harness collective knowledge

17   when making key decisions. Mr. Schwartz and Ms. McDonald also routinely co-counsel with other

18   firms in class action and MDL litigation, including many of the excellent firms who we understand

19   will be seeking leadership positions in this litigation. Mr. Schwartz and Ms. McDonald have had

20   positive experiences working with these firms and are confident they would work well with any of

21   them if appointed as fellow Interim Co-Lead counsel.[7]

22   _____

     [5] Available at https://scholarship.law.duke.edu/cgi/viewcontent.cgi?article=1004&context=bolch.

23   [6] Available at https://www.law.com/2024/09/30/thats-disappointing-only-11-of-mdl-appointments-
     went-to-attorneys-of-color-in-2023/?slreturn=20241103192106.

24   [7] For example, Chimicles Schwartz served as co-lead counsel with Girard Gibbs (now separately
     Girard Sharp ("GS") and Gibbs Law Group) in *Nexus* and *MacBook*, and in *MacBook*, Migliaccio &

25   Rathod ("M&R") and Berger Montague ("BM") served on the Executive Committee; Chimicles
     Schwartz is co-lead counsel with Seeger Weiss in the *Philips MDL*, and GS, BM, and M&R served as

26   PSC members under their leadership; Mr. Schwartz served as co-lead counsel with Lieff Cabraser in
     several related class actions regarding front-load washers (in one, Lieff served as trial counsel; in

27   another, Lieff worked under the leadership of Mr. Schwartz); and Mr. Schwartz served as co-lead trial

28

1    Additionally, to promote efficiency, we also propose a mandatory time reporting protocol that

2    is common in similar cases.

3    **V.    CONCLUSION**

4    Chimicles Schwartz respectfully requests the Court grant this Motion and appoint Steve

5    Schwartz and Beena McDonald and their firm as Interim Co-Lead Counsel.

6

7    DATED: February 12, 2025                    Respectfully submitted,

8
                                                 */s/ Steven A. Schwartz*
9                                                Steven A. Schwartz (admitted *pro hac vice*)
                                                 steveschwartz@chimicles.com
10                                               Beena M. McDonald (admitted *pro hac vice*)
                                                 bmm@chimicles.com
11                                               Alex M. Kashurba (admitted *pro hac vice*)
                                                 amk@chimicles.com
12                                               Marissa N. Pembroke (*pro hac vice* forthcoming)
                                                 mnp@chimicles.com
13                                               **CHIMICLES SCHWARTZ KRINER**
14                                               **& DONALDSON-SMITH LLP**
                                                 One Haverford Centre
15                                               361 Lancaster Avenue
                                                 Haverford, PA 19041
16                                               Telephone: (610) 642-8500
17
18                                               James J. Rosemergy (*pro hac vice* forthcoming)
                                                 jrosemergy@careydanis.com
19                                               **CAREY, DANIS & LOWE**
20                                               8235 Forsyth, Suite 1100
                                                 St. Louis, MO 63105
21                                               Telephone: (314) 725-7700
22
                                                 *Attorneys for Plaintiff Wade*
23

24

25

26
_____
27    counsel with the Cotchett firm in a case regarding TCE groundwater contamination caused by
      Lockheed Martin's aircraft plant in Burbank, California.
28

- 9 -

1

**CERTIFICATE OF SERVICE**

2     I hereby certify that a true and correct copy of the foregoing **MOTION TO APPOINT**

3   **CHIMICLES SCHWARTZ KRINER & DONALDSON-SMITH LLP AS INTERIM CO-LEAD**

4   **COUNSEL PURSUANT TO FRCP 23(g)** has been electronically filed via this Court's ECF system,

5   which will notify all registered users of this filing.

6

7   Dates: February 12, 2025                           _/s/ Steven A. Schwartz_

8                                                     Steven A. Schwartz

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28