Dena C. Sharp (SBN 245869)
Adam E. Polk (SBN 273000))
Trevor T. Tan (SBN 281045)
Nina R. Gliozzo (SBN 333569)
**GIRARD SHARP LLP**
601 California Street, Suite 1400
San Francisco, CA 94108
415.981.4800

Elizabeth J. Cabraser (SBN 083151)
Roger N. Heller (SBN 215348)
Jason L. Lichtman (*pro hac vice*)
Danna Z. Elmasry (*pro hac vice*)
**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
275 Battery Street, 29th Floor
San Francisco, CA 94111
415.956.1000

Nanci E. Nishimura (SBN 152621)
Thomas E. Loeser (SBN 202724)
Karin B. Swope (*pro hac vice*)
Jacob M. Alhadeff (*pro hac vice*)
**COTCHETT, PITRE & McCARTHY, LLP**
840 Malcolm Rd #200,
Burlingame, CA 94010
650.697.6000

*Attorneys for Plaintiffs Eli Silva, Ashley Gardiner, Jose Moran and GamersNexus, LLC*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE PAYPAL HONEY BROWSER EXTENSION LITIGATION | No. 5:24-cv-9470-BLF<br><br>**NOTICE OF MOTION AND JOINT MOTION FOR APPOINTMENT AS INTERIM CLASS COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date: May 29, 2025<br>Courtroom: 3 – 5th Floor<br>Judge: Hon. Beth Labson Freeman |

## NOTICE OF MOTION AND MOTION

TO THE COURT AND ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on May 29, 2025 at 9:00 a.m., or such other date as ordered by the Court, in Courtroom 3, 5th Floor of the above-entitled Court located at 280 South 1st Street, San Jose, CA 95113, Plaintiffs Eli Silva, Ashley Gardiner, Jose Moran, and GamersNexus, LLC will and hereby do move this Court, pursuant to its Order of January 29, 2025 (ECF No. 49) and Federal Rule of Civil Procedure 23(g), to appoint as Interim Class Counsel their attorneys with Girard Sharp LLP; Lieff Cabraser Heimann & Bernstein, LLP; and Cotchett Pitre & McCarthy LLP, who seek to serve as Co-Lead Counsel and an Executive Committee consisting of Berger Montague PC, Cohen Milstein Sellers & Toll PLLC, DiCello Levitt LLP, Ellzey Kherkher Sanford Montgomery, LLP, Hausfeld LLP, Keller Rohrback LLP, Milberg Coleman Bryson Phillips Grossman PLLC, Seeger Weiss LLP, and Stueve Siegel Hanson LLP.

This Motion is based on this Notice of Motion and Motion; the firm resumes attached hereto and/or linked herein; the applications of the proposed Executive Committee members, any response papers filed in further support of the Motion; all documents on file in the above-captioned action and in related actions; the arguments presented by counsel at the hearing on this Motion; and any other matter the Court may wish to consider.

# MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiffs respectfully seek appointment of Interim Class Counsel consisting of Girard Sharp LLP ("Girard Sharp"); Lieff Cabraser Heimann & Bernstein LLP ("LCHB"); and Cotchett Pitre & McCarthy LLP ("CPM") as Co-Lead Counsel and an Executive Committee as described below.

## I. INTRODUCTION

Plaintiffs are online content creators: they are people and companies who create content that they post on platforms like YouTube, Instagram, and TikTok and they often have websites correlated with their content ("Creators"). One way that Creators earn money is by directing their viewers and website visitors to purchase specific products and services from online retailers. Creators post links that include an identifying code that is unique to a particular Creator, so when a purchase is made using a Creator's link, online retailers know whom to credit with the sale.

Defendants PayPal, Inc. and PayPal Holdings, Inc. ("PayPal" or "Defendants") own a browser extension called "Honey" that advertises itself to consumers as a way to get online discounts. Plaintiffs allege, however, that Honey's real business model is not to find the lowest discounts (better discount codes are available frequently) but is instead to replace Creators' referral codes with PayPal's own code, allowing PayPal to steal millions of dollars in referral commissions that it did not earn.

To prove Plaintiffs' claims, counsel must be equipped to handle a technologically complex set of facts and cogently present those facts to the Court and a jury, and must be able to match human and financial resources with one of the largest companies in the world. Proposed Co-Lead Counsel respectfully submit that they and the proposed Executive Committee are the counsel best positioned to meet this challenge. *See* Fed. R. Civ. P. 23(g).

The proposed team includes the lawyers who initiated this litigation and who have led plaintiffs' efforts in these cases ever since—a diverse group of attorneys from three outstanding firms with deep experience in complex litigation in this District. In addition to spearheading organizational tasks like consolidation and relatedness, proposed Co-Lead Counsel have also focused on the substance, working closely with experts to deepen their understanding of the mechanics of the Honey browser extension, PayPal's alleged misconduct, and its impact on class members. Because this case concerns referral commissions, it will likely require significant third-party discovery of entities such as merchants (which

pay the referral fees) and affiliate marketing companies (which connect Creators with merchants). To ensure pertinent information is appropriately preserved, proposed Co-Lead Counsel have already identified and initiated contact with more than thirty such third parties.

Proposed Co-Lead Counsel have adopted a cooperative and inclusive approach to organizing and developing this case, which is borne out by the fact that nearly all named Plaintiffs and their counsel in this consolidated action support the undersigned to continue leading it. At the same time, due to the complexity and breadth of this litigation—including the anticipated scope of necessary discovery and the extent of motions practice and expert work—proposed Co-Lead Counsel believe that this case will benefit from the resources made available by a Plaintiffs' Executive Committee. The firms in the proposed Executive Committee contain a diverse group of nationally recognized attorneys who have successfully led complex litigation, ranging from large technology-based multidistrict litigations to cases specifically involving internet browser and tracking technologies, and all manner of litigation against the largest technology companies on the planet. To avoid inefficiencies, leadership firms will each be assigned substantive work tailored to their experience (described below), and proposed Co-Lead Counsel have prepared a detailed timekeeping and expense protocol that provides for commonsense measures to reduce duplication, eliminate excessive billing, and control costs.

## II.     LEGAL STANDARD

Rule 23(g)(3) empowers the Court to appoint Co-Lead counsel "before the certification decision is made." Fed. R. Civ. P. 23(g) Advisory Committee's Note (2003). Appointing interim counsel "clarifies responsibility for protecting the interests of the class during precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement." Manual for Complex Litigation, Fourth, § 21.11 ("Manual").

## III.    ARGUMENT

### A.     The Proposed Leadership Structure is Efficient and Will Benefit the Class.

This case will be complex (legally and technologically) and labor-intensive, with significant party and third-party discovery, extensive motions practice and expert work. Three firms as co-leads and an Executive Committee to support those co-leads will pool substantial resources and benefit the class with the skill, knowledge and diverse backgrounds of attorneys experienced in complex technology-

related class-action litigation. The combination of a time-keeping protocol and discrete assignments for the Executive Committee will prevent duplication of work while ensuring the class has the expertise and additional resources of the firms on the committee. This Court and others in this District routinely approve similar leadership structures. *See, e.g.*, *In re Future Motion, Inc. Prods. Liab. Litig.*, No. 5:23-md-3087 (N.D. Cal.), ECF No. 98 (appointing two co-lead counsel, one liaison counsel, and nine counsel on executive committees); *In re Apple Inc. Device Performance Litig.*, 2018 WL 11360203, at *2 (N.D. Cal. May 15, 2018) (appointing two co-lead counsel and 37 counsel on executive committees).

### B. Proposed Co-Lead Counsel Satisfy All the Requirements of Rule 23(g)(1).

"Although Rule 23(g) does not provide a standard for the appointment of interim counsel, '[c]ourts considering the appointment of interim counsel weigh the factors outlined in Rule 23(g)(1).'" *Doe v. GoodRx Holdings, Inc.*, 2023 WL 4384446, at *1 (N.D. Cal. July 7, 2023). Courts therefore consider "(i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class." Fed. R. Civ. P. 23(g)(1)(A)(i)–(iv).

#### a. Proposed Co-Lead Counsel Have Developed the Claims Against Honey and Led Efforts to Advance the Litigation.

Proposed Co-Lead Counsel filed three of the first cases against PayPal and are also at the forefront of litigation involving similar legal theories against other defendants like Capital One and Microsoft. They collectively have led the efforts to organize and advance this litigation to date, including arranging service with defense counsel, ensuring all cases were timely related, consolidating all cases, and developing an orderly process for leadership briefing.

Although there are many talented lawyers before the Court seeking appointment, one clear sign of leadership is the ability to build consensus among a wide array of attorneys and find a path to a leadership structure that enjoys broad support. Through their collaborative efforts, proposed Co-Lead Counsel have moved the case forward and demonstrated their leadership by gaining the support of nearly all Plaintiffs and their counsel in this consolidated action, including counsel in the first-filed case. *See In re Lenovo Adware Litig.*, 2015 WL 10890657, at *2 (N.D. Cal. July 27, 2015) ("[T]he court is

persuaded that the extensive support garnered by . . . movants from the other plaintiffs and firms in these actions demonstrates their ability to work cooperatively with the many plaintiffs and attorneys involved in this case, and to do so in the best interests of the class"); *see also, In re Data Breach Sec. Litig. Against Caesars Ent., Inc.*, 2024 WL 2959279, at *5 (D. Nev. June 12, 2024) (similar).

Three firms as co-lead counsel with support from an executive committee is an appropriate leadership structure in this single-defendant, discovery-intensive case—as reflected by the broad support the proposal enjoys. In their efforts to achieve consensus, Proposed Co-Lead Counsel worked to develop a widely accepted leadership structure, including offering an Executive Committee position to counsel in *Lyon Fitness, LLC v. PayPal, Inc., et al.*, No. 5:25-cv-501. A larger leadership structure threatens to undermine the efficiencies presented by the consensus proposal before the Court. And the "tie-breaker" of an odd number of firms in a co-lead position, along with clearly-defined roles and tight controls on timekeeping, are tried and true means of facilitating efficient decision-making while drawing upon sufficient resources as needed to advance the case. *E.g., In re Gerber Prods. Co. Heavy Metals Baby Food Litig.*, 2022 WL 1494378, at *5 (E.D. Va. May 10, 2022) (rejecting four co-lead structure in favor of three firm leadership); *In re Treasury Sec. Auction Antitrust Litig.*, 2017 WL 10991411, at *2 (S.D.N.Y. Aug. 23, 2017) ("Representation by more than three firms would likely lead to unnecessary duplication of work, hinder efficient decision making, and pose organizational . . . challenges.").

In addition to organizing the case, proposed Co-Lead Counsel have extensively investigated the underlying issues and technology in this case, including by retaining and working with data privacy and computer science experts regarding the Honey browser extension technology and its impacts on Creators. Proposed Co-Lead Counsel have also taken initial steps to make sure they will be able to secure important documents and information in discovery, sending dozens of preservation letters to PayPal and relevant third-party merchants and affiliates. Proposed Co-Lead Counsel's proactive approach exemplifies the vigor with which they intend to represent the interests of the class.

### b. Proposed Co-Lead Counsel Have the Relevant Experience and Knowledge to Efficiently Lead This Case to a Successful Resolution.

Each of the proposed lead firms has the experience and knowledge to lead this case. All based in this District, the firms have deep experience with this District's local rules and standards of practice, and

their attorneys have repeatedly been entrusted with responsibility for significant class actions in this District, including *In re JUUL Labs, Inc., Marketing, Sales Practices & Products Liability Litigation*, No. 19-md-02913, 2022 WL 2343268 (N.D. Cal) (co-lead counsel; nationwide class certified) (Girard Sharp & LCHB); *In re Xyrem (Sodium Oxybate) Antitrust Litigation*, No. 3:20-md-02966 (co-lead counsel) (Girard Sharp); *In re Zoom Video Comms., Inc. Privacy Litigation,* No. 20-cv-02155-LB (co-lead counsel; $85 million settlement) (CPM); *In re Apple Device Performance Litigation*, Case No. 18-md-2827 (N.D. Cal.) (co-lead counsel; settlement valued at over $500 million) (CPM); *In re: Volkswagen "Clean Diesel" Marketing, Sales Practices, & Products Liability Litigation*, No. 15-md-2672 (N.D. Cal.) (lead counsel (LCHB) and committee members (CPM)).

**Girard Sharp** is based in San Francisco and has served as lead or co-lead counsel in several recent actions in this District alleging digital privacy violations involving browser or internet-related technologies. *See, e.g.*, *Torres v. Prudential Fin., Inc., et al.*, No. 3:22-cv-07465-CRB (N.D. Cal.); *Stark v. Patreon, Inc.*, No. 3:22-cv-3131 (N.D. Cal.); *Ade v. Viki, Inc.*, No. 3:23-cv-2161 (N.D. Cal.); *Markels v. AARP*, No. 4:22-cv-5499 (N.D. Cal.); *Jackson. v. Fandom*, No. 4:22-cv-4423 (N.D. Cal.). These cases involved complex technologies centering on the transmission of information via installed software code and required expertise in browser technology. *See* https://girardsharp.com/wp-content/uploads/2025/02/Girard-Sharp-LLP-Firm-Resume_2_25.pdf (Girard Sharp resume).

The Girard Sharp team responsible for litigating this case includes Dena Sharp, Adam Polk, Trevor Tan, and Nina Gliozzo. Members of the team tried the *Pacific Fertility Center* matter to verdict successfully; recently obtained certification of a class of online life-insurance shoppers in the *Prudential* matter; and worked together to litigate, try and ultimately successfully resolve the *JUUL* multidistrict litigation. Each has demonstrated that they can run a complex case, with a few examples to follow.

Dena Sharp leads major complex litigations. She currently serves as co-lead counsel in *In re Xyrem Antitrust Litigation* and *In re Google Digital Advertising Antitrust Litigation*, and recently served as one of four co-lead counsel in the JUUL e-cigarette multidistrict litigation*. See In re JUUL Labs, Inc., Mktg. Sales Pracs. & Prod. Liab. Litig.*, No. 19-MD-02913-WHO, 2022 WL 2343268 (N.D. Cal.).

Adam Polk has been at the forefront of litigation centering on technologically complex violations of state and federal consumer protection and unfair competition law, including leading the investigation

and development of browser extension cases against Capital One and Microsoft. Among other matters, Mr. Polk serves as co-lead counsel in *In re Accellion Data Breach Litigation* and on the leadership team in *In re Consumer Vehicle Driving Data Tracking Collection*. Mr. Polk also served as co-lead counsel in *In re Nexus 6P Products Liability Litigation*, No. 17-2185 (N.D. Cal.)—a products liability case that resolved favorably for the class of smartphone purchasers.

Trevor Tan has led the firm's briefing efforts in the browser tracking technology cases in this District, successfully opposing motions to dismiss in Video Privacy Protection Act cases such as *Patreon*, *Viki*, and *Fandom*, and obtaining class certification in the *Prudential* litigation.

Nina Gliozzo has played a central role in *Torres v. Prudential Financial, Inc.*, leading the firm's recent successful efforts to certify a class for alleged violations of the California Invasion of Privacy Act stemming from the defendants' use of internet tracking technologies. Ms. Gliozzo was an integral part of the *JUUL* MDL and has served as a key member of trial teams in high-profile cases, including *Pacific Fertility* and the first JUUL bellwether trial against Altria (formerly Phillip Morris).

**Lieff Cabraser Heimann & Bernstein** is a nationwide plaintiffs' class action firm with 125+ attorneys and main offices in San Francisco and New York. Founded in 1972, the firm has recovered over $129 billion in verdicts and settlements. *See* https://www.lieffcabraser.com/pdf/Lieff_Cabraser_Firm_Resume.pdf (LCHB resume). Lieff Cabraser has a long history of vigorously prosecuting claims, including against some of the largest financial and technology corporations in the world, to protect consumers and employees, including to protect their financial and privacy rights in a digital world. In 2025, U.S. News & Best Lawyers named Lieff Cabraser one of its "Best Law Firms," and in 2024, Law360 awarded Lieff Cabraser in both the Cybersecurity & Privacy Group and Class Action Practice Group of the Year categories. The firm recently secured a $115 million settlement with Oracle in a case in this District alleging that, among other things, Oracle used a tracking code to unlawfully intercept consumers' communications. The firm has been appointed to lead or co-lead positions by numerous judges in this District, including in the past ten years alone by Judges Breyer, Gonzalez-Rogers, Orrick, Tigar, Chen, Davila, and Donato. The team litigating this action includes Elizabeth Cabraser, Roger Heller, and Jason Lichtman.

Ms. Cabraser is a founding partner of LCHB and lead counsel in numerous MDLs, including *In re: Volkswagen "Clean Diesel" Marketing, Sales Practices, & Products Liability Litigation*, MDL No. 2672 (N.D. Cal.), in which she served as Lead Plaintiffs' Counsel and Lead Class Counsel in settlements achieving the buyback or emissions repair of over 500,000 polluting vehicles and recovered over $11 billion for their owners and lessees. Ms. Cabraser currently serves on the Plaintiffs Executive and Settlement Negotiating Committees in *In Re National Prescription Opiates Litigation*, MDL 2804 (N.D. Ohio; Polster, J.), which has recovered over $50 billion in settlements for States, Indian Tribes, Cities, and Counties to fund opioids abatement across the country.

Mr. Heller is the Chair of Lieff Cabraser's Consumer Protection practice group, and his work has resulted in multiple eight and nine-figure settlements or judgments for consumers in cases including *Gutierrez v. Wells Fargo Bank, N.A.* (N.D. Cal.); *In re Chase Bank USA, N.A. "Check Loan" Contract Litigation* (N.D. Cal.), *In re Checking Account Overdraft Litigation* (S.D. Fla.), *In re TracFone Unlimited Service Plan Litigation* (N.D. Cal.), *In re Arizona Theranos, Inc. Litigation*, (D. Ariz.), and *Lusnak v. Bank of America, N.A.* (C.D. Cal.).

Mr. Lichtman is Chair of Lieff Cabraser's Economic Injury Product Defect practice group and was praised recently for leading one "of the most impressive class action cases" the court had overseen when he recovered more than $122 million in economic value for farmers in the Kona region of Hawaii. *See Corker v. Costco Wholesale Corp.*, No. 1:19-cv-290 (W.D. Wash). Mr. Lichtman has worked on numerous privacy cases with complex damages, such as the $115 million data breach settlement with Anthem and pending nationwide data breaches against Marriott (Plaintiffs' Executive Committee) and American Medical Collection Agency (co-lead counsel of the largest litigation track). *See In re Anthem Data Breach Litigation*, No. 15-cv-2617 (N.D. Cal.); *In re Marriott International Inc. Customer Data Security Breach Litigation* (D. Md.); *In re American Medical Collection Agency, Inc., Customer Data Security Breach Litigation* (D.N.J.).

**Cotchett Pitre & McCarthy** has returned billions to clients over the last 50-plus years. CPM has built a nationwide practice and reputation for prosecuting socially just actions and standing up to the largest corporations in the world. CPM has led many of the most complex technology-related cases in the US, including in this District. CPM's firm resume,

https://www.cpmlegal.com/media/publication/15199_CPM%20Firm%20Resume%202_2025.pdf, details the firm's and this team's experience in complex nationwide cases like this one. CPM has always hired and advanced women and persons with backgrounds that are underrepresented in the law. The firm is 66% female and 47% persons of color. The team litigating this action includes Nanci Nishimura, Thomas Loeser, Karin Swope, and Jacob Alhadeff.

Ms. Nishimura has led complex cases alleging fraud, antitrust and other claims for individuals as well as cities, counties, public entities and non-profit organizations, including Los Angeles, Los Angeles World Airports, The University of California, California State University, East Bay Municipal Utilities District, Sacramento Suburban Water District, City and County of San Francisco, County of San Diego, and County of San Mateo. Nanci has repeatedly been heralded as one of the Top Women Lawyers in California and has served as Chair to the California Commission on Judicial Performance.

Mr. Loeser is a 25-year technology lawyer with hard-science and high-technology bona fides, including coding for the Treasury at Microsoft and product and financial analysis at the Hewlett-Packard Company. Mr. Loeser was an AUSA in Los Angeles and a member of the Cyber and Intellectual Property Crimes Section: he has a deep understanding of the technological parameters of software and computerized fraud and has succeeded in highly technical class cases, including the *Dieselgate* litigation, where on behalf of dealers Mr. Loeser spearheaded discovery and expert work concerning the complex software that was used to cheat emissions tests. Other appointments include *In re: T-Mobile II, In re: AT&T, In re Consumer Vehicle Driving Data Tracking Litigation* and *Sheikh v. Tesla*, where this Court remarked at final approval, that Mr. Loeser had "demonstrated over many years, superior experience and capability in handling class actions of this sort. It's not simple, you make it look easy, and that is the art of what you do, Mr. Loeser . . . .") No. 5:17-cv-02193-BLF (N.D. Cal.) (Oct. 17, 2018 Hr'g Tr. at 12).

Ms. Swope has 30 years' experience in technology and consumer cases, changing consumer protection law in the process. Ms. Swope led the offensive discovery team in *In re Apple Inc. Device Performance Litigation* (N.D. Cal.) (settlement of $310-$500 million). Like here, that case alleged violations of computer intrusion statutes and extensive technology issues raised in discovery and damages. Ms. Swope led the review of millions of documents and depositions of Apple. Ms. Swope has

also successfully litigated privacy and security cases, including *In re Zoom Video Communications, Inc. Privacy Litigation* (N.D. Cal.) ($85 million settlement); *In re Google RTB Consumer Privacy Litigation* (N.D. Cal.); and *Yick v. Bank of America,* N.A. (S.D. Cal.).

          **c.**      **Proposed Co-Lead Counsel Have the Resources to Represent the Class.**

Proposed Co-Lead Counsel are three of the most well-resourced firms in the country, and they will devote the resources and time required to vigorously prosecute this case. Proposed Co-Lead Counsel will match their opposition's resource commitment and drive, without any outside litigation financing, and no matter how intense and long-lasting the litigation.

          **d.**      **Other Factors Also Weigh in Favor of This Application.**

Under Rule 23(g)(1)(B), the Court may "consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Here, the proposed leadership structure will allow the Court to appoint a diverse team on multiple levels. *See In re Meta Pixel Healthcare Litig.*, 2022 WL 18399978, at *4 (N.D. Cal. Dec. 21, 2022). For instance, the proposed leadership team includes a mix of veteran class action practitioners (Ms. Cabraser, Ms. Nishimura, and Ms. Sharp), attorneys in the prime of their careers (Mr. Heller, Mr. Lichtman, Mr. Loeser, Ms. Swope, and Mr. Polk), and next-generation leaders (Mr. Alhadeff, Ms. Elmasry, and Ms. Gliozzo).

    **C.**    **The Court Should Also Appoint a Plaintiffs' Executive Committee**

The Court may appoint an executive committee because "the litigation involves numerous complex issues [and] there is a substantial amount of work to be done," including significant third-party discovery of merchants and affiliates, and the class will benefit from a larger pool of resources and expertise. *In re Gerber Prods. Co. Heavy Metals Baby Food Litig.*, 2022 WL 1494378, at *3 (E.D. Va. May 10, 2022) (cleaned up); 3 Newberg & Rubenstein on Class Actions, § 10.9 (6th ed. 2024). To ensure efficiency, proposed Co-Lead Counsel have prepared a timekeeping protocol that includes: (1) periodic submission of time and expenses; (2) detailed recording requirements; (3) a prohibition on unauthorized, duplicative, or excessive time; (4) limitations on travel reimbursements; and (5) quarterly *in camera* time and expenses submissions. *See Caesars*, 2024 WL 2959279, at *6 (protocol weighed in favor of appointment as interim counsel); *see, e.g., In re Juul Labs*, No. 3:19-md-02931-WHO (N.D.

Cal.), ECF No. 381 (approving similar time-keeping protocol). Each committee member will be assigned non-duplicative tasks to "eliminate duplication[.]" *In re Apple*, 2018 WL 11360203, at *1.

Here, the proposed Executive Committee members include some of the top complex litigation law firms in the United States, with work to be performed by the following committees if appointed:

| | |
|---|---|
| **Defensive discovery** | Milberg Coleman Bryson Phillips Grossman (Co-Chair) <br> Hausfeld (Co-Chair) |
| **Offensive discovery** | Seeger Weiss (Chair) <br> Berger Montague (PayPal Lead) <br> Cohen Milstein Sellers & Toll (Third Party Lead) |
| **Expert discovery** | Stueve Siegel Hanson (Co-Chair) <br> Keller Rohrback (Co-Chair) <br> Ellzey Kherkher Sanford Montgomery (Member) |
| **Law and briefing** | DiCello Levitt (Chair) <br> Keller Rohrback (Member) <br> Hausfeld (Member) |
| **Creator Class Liaison** | Ellzey Kherkher Sanford Montgomery (Chair) |
| **Settlement Liaison** | Christopher Seeger of Seeger Weiss (with Co-Lead Counsel) |

## IV. CONCLUSION

Plaintiffs respectfully request that the Court appoint Interim Class Counsel consisting of: (1) Girard Sharp; Lieff Cabraser Heimann & Bernstein; and Cotchett Pitre & McCarthy as Co-Lead Counsel; and (2) Berger Montague PC, Cohen Milstein Sellers & Toll PLLC, DiCello Levitt LLP, Ellzey Kherkher Sanford Montgomery, LLP, Hausfeld LLP, Keller Rohrback LLP, Milberg Coleman Bryson Phillips Grossman PLLC, Seeger Weiss LLP, and Stueve Siegel Hanson LLP as members of a Plaintiffs' Executive Committee.

Dated: February 12, 2025

Respectfully submitted,

By: /s/ *Dena C. Sharp*
Dena C. Sharp (SBN 245869)
Adam E. Polk (SBN 273000)
Trevor T. Tan (SBN 281045)
Nina R. Gliozzo (SBN 333569)
**GIRARD SHARP LLP**
601 California Street, Suite 1400
San Francisco, CA 94108
Telephone: (415) 981-4800

dsharp@girardsharp.com
apolk@girardsharp.com
ttan@girardsharp.com
ngliozzo@girardsharp.com

Elizabeth J. Cabraser (State Bar No. 083151)
Roger N. Heller (State Bar No. 215348)
**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000
ecabraser@lchb.com
rheller@lchb.com

Jason L. Lichtman (*pro hac vice*)
Sean A. Petterson (*pro hac vice* forthcoming)
Danna Z. Elmasry (*pro hac vice*)
**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
250 Hudson Street, 8th Floor
New York, New York 10013-1413
Telephone: (212) 355-9500
jlichtman@lchb.com
delmasry@lchb.com

Nanci Nishimura (SBN 152621)
Thomas E. Loeser (SBN 202724)
**COTCHETT, PITRE & MCCARTHY, LLP**
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Telephone: (650) 697-6000
nnishimura@cpmlegal.com
tloeser@cpmlegal.com

Thomas E. Loeser (SBN 202724)
Karin B. Swope (*pro hac vice*)
Jacob M. Alhadeff (*pro hac vice*)
**COTCHETT, PITRE & MCCARTHY, LLP**
1809 7th Avenue, Suite 1610
Seattle, WA 98101
Telephone: (206)-802-1272
tloeser@cpmlegal.com
kswope@cpmlegal.com

11

JOINT MOTION FOR APPOINTMENT AS INTERIM CLASS COUNSEL
CASE NO. 5:24-cv-09470-BLF

jalhadeff@cpmlegal.com

*Attorneys for Plaintiffs Eli Silva,
Ashley Gardiner, Jose Moran and GamersNexus
LLC*