1  Eric H. Gibbs (SBN 178658)
2  Rosemary M. Rivas (SBN 209147)
   Joshua J. Bloomfield (SBN 212172)
3  Rosanne L. Mah (SBN 242628)
   **GIBBS LAW GROUP LLP**
4  1111 Broadway, Suite 2100
   Oakland, California 94607
5  (510) 350-9700 (tel.)
   (510) 350-9701 (fax)
6  ehg@classlawgroup.com
   rmr@classlawgroup.com
7  jjb@classlawgroup.com
   rlm@classlawgroup.com
8

9  *Attorneys for Plaintiff Lyon Fitness, LLC*

**UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION**

| | |
|---|---|
| *In re PayPal Honey Browser Extension Litigation* | Case No. 5:24-cv-09470-BLF<br><br>**PLAINTIFF LYON FITNESS, LLC'S NOTICE OF MOTION AND MOTION FOR AN ORDER APPOINTING ROSEMARY M. RIVAS OF GIBBS LAW GROUP LLP AS CO-LEAD INTERIM CLASS COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date: May 29, 2025<br>Time: 9:00 a.m.<br>Dept.: Courtroom: 3, 5th Floor<br>Judge: Hon. Beth Labson Freeman |

# NOTICE OF MOTION AND MOTION

**TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on May 29, 2025 at 9:00 a.m., or as soon thereafter as counsel may be heard before the Honorable Beth Labson Freeman, in Courtroom 3 of the United States Courthouse, 280 South 1st Street, San Jose, California 95113, Plaintiff Lyon Fitness, LLC, will and hereby does move the Court for an order appointing Rosemary M. Rivas of Gibbs Law Group LLP as Co-Lead Interim Class Counsel in this consolidated class action.

The motion is based on this Notice of Motion, the accompanying Memorandum of Points and Authorities, the Declaration of Rosemary M. Rivas, any oral arguments made at the hearing on this motion, and any other matter the Court may wish to consider.

**CIVIL LOCAL RULE 7-4(a)(3) STATEMENT OF ISSUES TO BE DECIDED**

Whether the Court should appoint Rosemary M. Rivas of Gibbs Law Group LLP as Co-Lead Interim Class Counsel pursuant to Fed. R. Civ. P. 23(g)(3).

Dated: February 12, 2025

Respectfully submitted,

**GIBBS LAW GROUP LLP**

/s/ Rosemary M. Rivas
Eric H. Gibbs
Rosemary M. Rivas
Joshua J. Bloomfield
Rosanne L. Mah
1111 Broadway, Suite 2100
Oakland, California 94607
(510) 350-9700 (tel.)
(510) 350-9701 (fax)
ehg@classlawgroup.com
rmr@classlawgroup.com
jjb@classlawgroup.com
rlm@classlawgroup.com

*Attorneys for Plaintiff Lyon Fitness, LLC*

**TABLE OF CONTENTS**

I.  INTRODUCTION ................................................................................................................1

II.  FACTUAL AND PROCEDURAL BACKGROUND ........................................................2

III.  APPOINTING MS. RIVAS AS CO-LEAD INTERIM CLASS COUNSEL WILL SERVE THE BEST INTERESTS OF THE CLASS............................................................3

    A.  Ms. Rivas and Gibbs Law Group Have Extensive Experience Litigating Class Actions and Extensive Knowledge of the Applicable Law........................................4

    B.  Ms. Rivas and her Team Have Performed Extensive Work on Behalf of the Proposed Class and Brought Innovative Claims ......................................................8

    C.  Ms. Rivas and Gibbs Law Group are Fully Committed to the Case and Will Devote Significant Time, Energy, and Resources ...............................................................10

    D.  Ms. Rivas and Her Colleagues Have a History of Working Collaboratively with Other Plaintiffs' Counsel.........................................................................................10

IV.  CONCLUSION..................................................................................................................10

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Aberin v. Am. Honda Motor Co., Inc.*,
  No. 16-cv-04384-JST, 2017 WL 3641793 (N.D. Cal. Aug. 24, 2017) ........................................ 3

*Il Fornaio (Am.) Corp. v. Lazzari Fuel Co.*,
  No. C 13-05197 WHA, 2014 WL 806203 (N.D. Cal. Feb. 27, 2014) ......................................... 8

*In re Comverse Tech., Inc. Derivative Litig.*,
  No. 06-CV-1849 (NGG) (RER), 2006 WL 3511375 (E.D.N.Y. Dec. 5, 2006) ......................... 8

*Lima v. Gateway, Inc.*
  886 F.Supp.2d 1170 (C.D. Cal. 2012) ....................................................................................... 5

*Lynn Scott v. Grubhub, Inc.*
  No. 20-cv-06344, 2024 WL 3673718 (N.D. Ill. Aug. 24, 2024) ................................................ 5

*Probst v. Health Net of California, Inc.*,
  No. A133742, 2012 WL 721243 (Ct. App., 1st Dist., Div. 5, Mar. 6, 2012) ............................. 5

*Resnik v. Woertz*,
  774 F.Supp.2d 614 (D. Del. 2011) ............................................................................................ 9

**Rules**

Fed. R. Civ. P. 23(g) ...................................................................................................................... 3, 4

**Other Authorities**

Manual for Complex Litigation (Fourth) § 21.272 (2004) .............................................................. 3

## I. INTRODUCTION

Rosemary M. Rivas of Gibbs Law Group LLP, counsel of record for Plaintiff Lyon Fitness, LLC, hereby applies for appointment as Co-Lead Interim Class Counsel for Plaintiffs and the proposed Class.

Ms. Rivas has 24 years of experience successfully litigating class actions and extensive knowledge of the claims alleged in this case. She has served in leadership positions, including as class counsel, in numerous class actions that have resulted in hundreds of millions of dollars for class members and that have helped shape the law. In one of the most important cases in this District, Judge Breyer appointed Ms. Rivas to the Plaintiffs' Steering Committee in *In re Volkswagen "Clean Diesel" Mktg., Sales Practices, and Products Liab. Litig.,* No. 3:15-md-02672-CRB (N.D. Cal.) ("*In re Volkswagen*"), which resulted in record-breaking settlements totaling more than $14 billion. If appointed, the Court can trust that Ms. Rivas will personally oversee and litigate this matter alongside any other lawyer(s) personally appointed by the Court; she will not hand the case over to a colleague to litigate.

Ms. Rivas has the unconditional support of her law firm and its deep bench of talented lawyers. Gibbs Law Group is one of the leading class action firms in the United States, representing consumers and businesses harmed by corporate misconduct. The Firm has led, co-led, or served in leadership roles in some of the most consequential class action cases in this District and around the country, including *In re Chase Bank USA, N.A. "Check Loan" Contract Litig.,* No. 3:09-md-02032 MMC (N.D. Cal.) ($100 million class settlement); *In re Anthem, Inc. Data Breach Litig.,* No. 5:15-md-02617-LHK (N.D. Cal.) ($115 million class settlement—the largest settlement in a data breach case at the time); and *In re Equifax, Inc. Customer Data Security Breach Litig.,* MDL No. 2800 (N.D. Ga.) ($1.5 billion class settlement), among others. *See* accompanying Declaration of Rosemary M. Rivas ("Rivas Decl."), ¶ 4. Numerous courts, including this one, have praised Gibbs Law Group for its work on behalf of its clients. *Id.* at ¶ 5. In the past couple of years alone, the Firm has achieved certification of several litigation classes. *Id.* The Firm is prepared to litigate this case for as long as necessary; in fact, the Firm's lawyers are currently trying a class action case before the Honorable P. Casey Pitts.

The Firm, led by Ms. Rivas, thoroughly researched and investigated the facts and potential claims before filing a complaint in this matter and its work is ongoing. The Firm's robust investigation enabled it to file a factually detailed and comprehensive complaint. Moreover, the Firm filed the only complaint to allege one of the most important claims—if not the most important claim—that other complaints are lacking: a claim for false advertising under Section 43(a) of the Lanham Act (15 U.S.C. § 1125).

The Lanham Act claim is important because it can apply to a nationwide class of creators, unlike many of the state law claims alleged in the various complaints. The Lanham Act also provides broad remedies, including disgorgement of profits, treble damages, and injunctive relief. Ms. Rivas currently represents restaurants in a proposed class action for false advertising in violation of the Lanham Act and the Firm previously represented creators alleging that a digital media company stole their identities and commissions. In light of her experience and work to date in this case, Ms. Rivas is particularly well suited to serve as Co-Lead Interim Class Counsel.

Ms. Rivas and her firm also have a long history of working collaboratively with the other plaintiff firms involved in this case, as described in more detail below. In fact, Lieff Cabraser Heimann & Bernstein, LLP, and Girard Sharp LLP invited Ms. Rivas to join their leadership team as an executive committee member. The proposed Class, however, will benefit most if the Court appoints Ms. Rivas as Co-Lead Interim Class Counsel and charges her with driving the strategy in the case considering her and Gibbs Law Group's experience, knowledge, commitment, resources, and the extensive work they have already undertaken in this matter. For the foregoing reasons and as explained in more detail below, Plaintiff Lyon Fitness respectfully requests that the Court appoint Ms. Rivas as Co-Lead Interim Class Counsel.

## II.     FACTUAL AND PROCEDURAL BACKGROUND

PayPal represented to consumers that if they downloaded the Honey browser extension, when they shop online Honey will scour the internet for them to find the best discount codes on

products and services.[1] But investigation and testing has shown that Honey does not scour the internet for the best discounts; instead, Honey offers consumers inferior discounts or no discounts at all. PayPal's false and misleading representations were part of an unlawful business model designed to cheat creators out of commissions for the products and services they promote.

Creators are often engaged to promote products and services to their loyal audiences and earn commissions on converted sales. Creators distribute affiliate links that are unique to them, and which online retailers use to identify the creator/referral source and pay the commission when a consumer purchases the product or service through the link.

If a consumer has Honey installed, a pop-up appears at checkout offering to search for discounts. When the consumer clicks on the pop-up to get the "best" discount, Honey replaces the creator's affiliate cookies with its own, allowing PayPal to take credit for the sale and corresponding commission. Thousands of creators have lost millions of dollars because of PayPal's false advertising and wrongful business practices.

Beginning on December 29, 2024, creators filed sixteen separate class action suits against PayPal in this District. Most allege state law claims for unjust enrichment, conversion, interference with prospective economic advantage and various other common law and state statutory claims. However, in addition to those claims, the *Lyon Fitness* complaint that Gibbs Law Group filed includes a meritorious claim for false advertising under § 43(a) of the Lanham Act.

### III. APPOINTING MS. RIVAS AS CO-LEAD INTERIM CLASS COUNSEL WILL SERVE THE BEST INTERESTS OF THE CLASS

"A district court 'may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action.'" *Aberin v. Am. Honda Motor Co., Inc.*, No. 16-cv-04384-JST, 2017 WL 3641793, at *1 (N.D. Cal. Aug. 24, 2017) (quoting Fed. R. Civ. P. 23(g)(3)). The court's task "is to select the applicant best able to represent the interests of the class." Manual for Complex Litigation (Fourth) § 21.272 (2004). Rule 23(g) requires consideration of four factors: (i) counsel's experience in class actions, including the types of claims asserted in

---

[1] These factual allegations are set forth in the complaint filed in *Lyon Fitness, LLC, et al. v. PayPal Holdings, Inc., et al.*, No. 5:25-cv-00501-BLF (ECF No. 1).

3

the instant case; (ii) counsel's knowledge of the applicable law; (iii) the resources that counsel will commit to representing the class; and (iv) the work counsel has done in identifying or investigating potential claims in the action. Fed. R. Civ. P. 23(g)(1)(A). In addition, courts may consider "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B).

      **A.    Ms. Rivas and Gibbs Law Group Have Extensive Experience Litigating Class Actions and Extensive Knowledge of the Applicable Law**

As detailed in her biography, (Rivas Decl., Ex. A at p. 15), Ms. Rivas has dedicated her legal career to representing plaintiffs in complex class action litigation and is committed to obtaining justice on their behalf. She has served in leadership roles in several class action cases and MDLs that have settled for hundreds of millions of dollars. Ms. Rivas' experience in class actions and multidistrict litigation includes, among other things: (a) supervising investigation and litigation teams; (b) briefing and arguing significant motions, including motions to dismiss, class certification motions, *Daubert* motions, and summary judgment motions; (c) coordinating and executing discovery plans, including identifying key evidence to prove the claims and support class certification; (d) working with experts; (e) negotiating class action settlements and presenting them for judicial approval; (f) developing effective notice plans and overseeing claims administration; and (g) litigating appeals. Rivas Decl. ¶ 6.

One of Ms. Rivas' first class action cases was *In re iPod* Cases, JCCP No. 4355 (Cal. Super. Ct., San Mateo Cty.), where Your Honor stated that the class was represented by "extremely well qualified" counsel who negotiated a "significant and substantial benefit" for the class members. Rivas Decl. ¶ 7. Ms. Rivas served as co-lead class counsel in *Pappas v. Naked Juice Co. of Glendora*, No. 2:11-cv-08276-JAK-PLA (C.D. Cal.), where she litigated unfair business practice and false advertising claims and negotiated a $9 million cash settlement and important business practice changes. *Id*. at ¶ 8. Ms. Rivas also represented physicians as co-lead class counsel in *Garcia v. Allergan,* No. 2:11-cv-09811-PSG-E (C.D. Cal.), a case alleging that Allergan engaged in false advertising. There, Ms. Rivas spearheaded the litigation and negotiated a settlement of $7.75 million for the class and business practice changes. Rivas Decl. ¶ 8.

|     |     |
| --- | --- |
| 1 | In a highly competitive leadership application process with more than 150 applicants, |
| 2 | Judge Breyer appointed Ms. Rivas to the Plaintiffs' Steering Committee in *In re Volkswagen*, |
| 3 | which resulted in record-breaking settlements totaling more than $14 billion. Rivas Decl. ¶ 9. In |
| 4 | *In re Volkswagen*, Ms. Rivas helped develop a robust notice program designed to reach |
| 5 | approximately 490,000 class members who bought vehicles that exceeded federal emission |
| 6 | regulations. Rivas Decl., ¶ 9. More than 88% of the class members participated in the settlement |
| 7 | and hundreds of thousands of non-complying vehicles were either repaired or taken off the road. |
| 8 | *Id.* Other cases Ms. Rivas has been involved in include *In re EpiPen Mktg., Sales Practices and* |
| 9 | *Antitrust Litig.,* No. 2:17-md-02785-DDC-TJJ (D. Kan.) (plaintiffs' steering committee member; |
| 10 | settlements totaling $609 million); *Lash Boost Cases,* JCCP 4981 (Cal. Super. Ct., San Francisco |
| 11 | Cty.) (co-class counsel; $30 million in cash and $8 million in credits); and *Rodriguez v. West* |
| 12 | *Publishing Corp.*, No. 2:05-cv-03222-R-MC (C.D. Cal.) (litigation team member; $49 million). |
| 13 | Rivas Decl., ¶ 11. |
| 14 | Ms. Rivas also successfully represented voters in Washington state for violations of Section |
| 15 | 2 of the Voting Rights Act in the action titled *Reyes, et al. v. Chilton*, *et al*., No. 4:21-cv-05075- |
| 16 | MKD (E.D. Wa.). Rivas Decl., ¶ 11. After three years of litigation, including cross-*Daubert* |
| 17 | motions and motions for summary judgment, Ms. Rivas helped negotiate changes to the defendant |
| 18 | counties' signature verification process and settled the case before trial. *Id.* at ¶ 11. |
| 19 | Ms. Rivas also has extensive knowledge of the claims and legal issues. She has litigated |
| 20 | unfair business practice, false advertising, and unjust enrichment claims under California and other |
| 21 | state laws her entire career. *Id.* at ¶ 12. She currently represents restaurants in a proposed class |
| 22 | action alleging false advertising and trademark infringement in violation of the Lanham Act in |
| 23 | *Lynn Scott, et al. v. Grubhub, Inc.,* No. 1:20-cv-06334, 2024 WL 3673718, at *1 (N.D. Ill. Aug. |
| 24 | 24, 2024). In *Lynn Scott*, Judge Hunt mostly denied the defendant's motion to dismiss, and the |
| 25 | parties are currently in discovery. Rivas Decl., ¶ 12. |
| 26 | Moreover, PayPal has raised the possibility of moving to compel arbitration in this case. |
| 27 | ECF No. 44. Ms. Rivas is also highly knowledgeable about arbitration, having obtained a reversal |
| 28 | of an order compelling arbitration in a class action against Health Net. *See Probst v. Health Net of* |

*California, Inc.*, No. A133742, 2012 WL 721243, at *1 (Ct. App., 1st Dist., Div. 5, Mar. 6, 2012). Ms. Rivas also defeated Gateway's motion to compel arbitration in *Lima v. Gateway, Inc.,* 886 F.Supp.2d 1170 (C.D. Cal. 2012), which led to a class action settlement providing class members with $195 in cash for each defective monitor purchased. Rivas Decl. ¶ 13.

Based on her work, the *Daily Journal* named Ms. Rivas to the "Top Women Lawyers in California" list in 2024, and she received the California Lawyer Attorney of the Year (CLAY) Award in 2018, which is given to outstanding California lawyers "whose extraordinary work and cases had a major impact on the law." Rivas Decl. ¶ 14. And *Northern California Super Lawyers* has repeatedly named Ms. Rivas a Super Lawyer (2019-2024). *Id.* Ms. Rivas is currently a Lawyer Representative for the Northern District of California Judicial Conference. *Id.*

If the Court appoints Ms. Rivas as Co-Lead Interim Class Counsel, she will have the full support and resources of Gibbs Law Group. Gibbs Law Group is a national litigation firm providing the highest caliber of representation to plaintiffs in class and collective actions in state and federal courts. The Firm's practice areas include consumer protection, false advertising, securities and financial fraud, antitrust, personal injury, and employment, among others. The Firm has one of the best track records in the country for successfully certifying classes, developing practical damages methodologies, obtaining prompt and meaningful relief for class members victimized by unlawful practices, and working cooperatively with other firms. Rivas Decl. ¶ 2. Several courts, including this one, have praised the Firm's work on behalf of its clients. *Id.* at ¶ 5. For example, in *In re Hyundai Sonata Engine Litig.,* No. 5:15-cv-01685-BLF (N.D. Cal.), this Court described the Firm's proposed settlement as "excellent" and stated she "had no doubts" about it; she also stated that the requested attorneys' fees seemed "reasonable given the experience and skill of Plaintiff's counsel and the success of the litigation." Rivas Decl., ¶ 5.

Gibbs Law Group has been repeatedly named to the list of "Class Action Practice Groups of the Year" by *Law360* (2019 and 2023) and as a "Top Law Firm" in California for plaintiffs by Chambers USA (2022-2024). *Id.*, Ex. A (firm resume). The Firm's lawyers have received numerous individual awards, including Top Women Lawyers in California, California Lawyer of the Year, and Top Plaintiff Lawyers in California, as reflected in the Firm's resume. *Id.*

The Firm's lawyers have led, co-led, or served in other leadership roles in many significant class actions in this District and around the country, including:

- ***In re Chase*, No. 3:09-md-02032-MMC (N.D. Cal.):** In this multidistrict litigation, Gibbs Law Group's attorneys, serving as one of the six firms appointed class counsel, alleged on behalf of class members that Chase Bank wronged them by offering long-term fixed-rate loans, only to later more-than-double the required loan payments. They achieved class certification and defeated Chase's motion for summary judgment, ultimately settling the case for $100 million eight weeks prior to trial.

- ***In re Anthem*, No. 5:15-md-02617-LHK (N.D. Cal.):** As a court-appointed plaintiffs' steering committee member, Gibbs Law Group's attorneys represented consumers involved in a massive data breach. After six years of litigation, the lawsuit settled in August 2018 on behalf of a national class for $115 million.

- ***Hernandez v. Wells Fargo Bank, N.A*., No. 3:18-cv-07354-WHA (N.D. Cal.):** Gibbs Law Group represented more than 1,200 home mortgage borrowers who lost their homes to foreclosure after Wells Fargo erroneously denied them trial mortgage modifications. Plaintiffs alleged breach of contract and violations of California's Unfair Competition Law, among other claims. The court certified the case for litigation purposes and then approved a negotiated settlement of $40.3 million, with class members receiving payments of up to $120,000.

- ***Brooks v. Thomson Reuters Corp.*, No. 3:21-cv-01418-EMC-KAW (N.D. Cal.):** Gibbs Law Group, serving as class counsel, represents consumers in this action against Thomson Reuters, alleging that the company unlawfully collected, sold, and profited from individuals' personal data without their consent. After overcoming challenges to the plaintiffs' experts, Judge Chen certified a litigation class asserting claims under California's Unfair Competition Law and for unjust enrichment. The case settled in 2024 for $27.5 million and is pending final approval.

- ***In re Hyundai Sonata Engine Litig.*, No. 5:15-cv-01685-BLF (N.D. Cal.):** Gibbs Law Group served as court-appointed co-lead class counsel on behalf of plaintiffs who alleged that their 2011-2014 Hyundai Sonatas suffered premature and catastrophic engine failures due to defective rotating assemblies. The Firm negotiated a comprehensive settlement providing for nationwide recalls, warranty extensions, repair reimbursements, and compensation for class members who traded in or sold their vehicles at a loss. The average payment to class members exceeded $3,000.

- ***LLE One, LLC et al. v. Facebook, Inc.,* No. 4:16-cv-06232-JSW (N.D. Cal.):** Gibbs Law Group represented small businesses and other advertisers in a class action alleging that Facebook overstated its metrics for the average time spent watching video ads on its platform. The Court granted final approval of a $40 million class action settlement.

- ***O'Brien, et al. v. PopSugar Inc.*, *et al*., No. 18CV329645 (Cal. Super. Ct., Santa

- **Clara Cty.):** Gibbs Law Group attorneys represented social media influencers in a class action against PopSugar, Inc., alleging the company misappropriated their internet identities without consent by scraping their content, images, brand elements, and logos to create unauthorized profiles on its platform for commercial gain, while also removing and replacing influencers' affiliate links with PopSugar's own. The lawsuit resulted in a $2.115 million class settlement.

- ***In re: Vizio, Inc. Consumer Privacy Litig.*, No. 8:16-ml-02963-JLS-KES (C.D. Cal.):** As co-lead class counsel, the Firm achieved an important ruling on the application of the Video Privacy Protection Act (VPPA), a 1988 federal privacy law, which had never been extended to television manufacturers. The firm negotiated a class-wide settlement of $17 million plus injunctive relief transforming the company's data collection practices. At preliminary approval, Judge Staton stated, "I'm glad I appointed all of you as lead counsel, because -- it probably is the best set of papers I've had on preliminary approval." She also noted "[E]very class member will benefit from the injunctive relief." Judge Staton later granted final approval of the settlement.

- ***In re Mercedes-Benz Tele Aid Contract Litig.*, No. 07-cv-02720 (DRD) (D. N.J.):** Gibbs Law Group attorneys served as co-lead class counsel representing consumers who were misled about the impending obsolescence of their vehicles' navigation systems. After successfully defeating the defendant's attempts to exclude Plaintiffs' experts, counsel secured certification of a nationwide litigation class, asserting claims for unjust enrichment and consumer fraud under New Jersey's Consumer Fraud Act. Following class certification, counsel negotiated a settlement valued between $25 million and $50 million. In approving the settlement, the court recognized the case as involving "years of difficult and hard-fought litigation by able counsel on both sides" and praised the attorneys for their "particular skill, ability, and experience."

Additional cases are listed in the Firm's resume. Rivas Decl., Ex. A.

**B.     Ms. Rivas and her Team Have Performed Extensive Work on Behalf of the Proposed Class and Brought Innovative Claims**

Since December 23, 2024, Ms. Rivas and her team have extensively investigated the claims against PayPal. The Firm's thorough investigation enabled it to file a strong and factually detailed complaint that alleges a Section 43(a) violation of the Lanham Act, which the other complaints are lacking. This is a strong factor in interim counsel appointments. *See, e.g., Il Fornaio (Am.) Corp. v. Lazzari Fuel Co.*, No. C 13-05197 WHA, 2014 WL 806203, at *2 (N.D. Cal. Feb. 27, 2014) (considering "attention to detail" and comprehensiveness of complaint in appointing interim class counsel); *In re Comverse Tech., Inc. Derivative Litig.*, No. 06-CV-1849 (NGG) (RER), 2006 WL 3511375, at *4 (E.D.N.Y. Dec. 5, 2006) (assessment of the competing firms' "investigation of the

8

underlying facts" and "the resulting superior factual backdrop of the . . . complaint" for selection of lead counsel); *Resnik v. Woertz*, 774 F.Supp.2d 614, 626 (D. Del. 2011) (firm that drafted most complete complaint, with "additional causes of action, is in the best position to litigate them."). Led by Ms. Rivas, the Firm has performed the following work on behalf of the class members:

- Investigated, collected, and analyzed current and historical representations going back to 2019 about Honey on mobile applications, the company website, and the internet;
- Researched the Better Business Bureau's inquiry into the Honey browser extension representations;
- Conducted testing of multiple creator affiliate links and codes to confirm that the Honey browser extension replaces creator affiliate links with its own when consumers make purchases, thereby allowing PayPal to claim last click attribution and collect commissions;
- Conducted testing to confirm that the discount codes and coupons Honey offered are not, in fact, the best deals available on the internet;
- Researched and analyzed PayPal's current and prior terms of service;
- Researched and studied the affiliate marketing industry and the rising popularity of brand promotion through creators;
- Responded to over 125 creators who contacted the Firm and conducted interviews about their experience;
- Identified and analyzed potential legal claims and remedies and the appropriateness of class certification;
- Researched and analyzed decisions from the Ninth Circuit and this District regarding the Lanham Act and other causes of action; and
- Drafted and filed a factually detailed, 33-page complaint.

Rivas Decl., ¶ 15. Even after filing the *Lyon Fitness* complaint, the Firm has continued advancing the class claims. Among other things, the Firm has consulted with a Lanham Act consumer survey expert and other experts in the areas of affiliate marketing, click fraud, and digital forensics. *Id.*

The Firm also prepared and served a document preservation letter on the Better Business Bureau, asking the organization to preserve all documents relating to the Honey browser extension inquiry. *Id.* Moreover, the Firm helped draft the joint motion seeking consolidation and accompanying proposed order filed in this matter. *Id.* Finally, the Firm's attorneys also collaborated with other plaintiffs' counsel in a strategy meeting. Rivas Decl., ¶ 15.

### C.   Ms. Rivas and Gibbs Law Group are Fully Committed to the Case and Will Devote Significant Time, Energy, and Resources to the Case

Gibbs Law Group has its primary offices in Oakland, California and has approximately forty attorneys complemented by a full team of non-lawyer professionals. *Id.*, Ex. A. Many of the Firm's lawyers have licenses to practice outside of California, including in Ohio, Missouri, Texas, Florida, New York, and Minnesota. Ms. Rivas and the Firm are prepared to commit as many lawyers and resources as necessary to prosecute the case. *Id.* at ¶ 15. The lawyers at Gibbs Law Group who will support Ms. Rivas in this matter are Eric H. Gibbs, Joshua Bloomfield, and Rosanne L. Mah. Their accomplishments are set forth in the Firm's resume. *Id.*, Ex. A.

### D.   Ms. Rivas and Her Colleagues Have a History of Working Collaboratively with Other Plaintiffs' Counsel

Although the Plaintiffs were unable to agree to a leadership structure, Ms. Rivas and her colleagues have excellent relationships with other plaintiff lawyers who filed actions in this case and have a history of working well with them. Rivas Decl., ¶ 16. If appointed, Ms. Rivas pledges that she and the Firm will continue to work collaboratively and efficiently with any other lawyer(s) appointed by the Court to represent the proposed Class. *Id.*

### IV.   CONCLUSION

Based on the foregoing, Plaintiff Lyon Fitness respectfully requests that the Court appoint Rosemary M. Rivas as Co-Lead Interim Class Counsel.

Dated: February 12, 2025                    **GIBBS LAW GROUP LLP**

*/s/ Rosemary M. Rivas*
Eric H. Gibbs
Rosemary M. Rivas
Joshua J. Bloomfield
Rosanne L. Mah
1111 Broadway, Suite 2100

10

Oakland, California 94607
(510) 350-9700 (tel.)
(510) 350-9701 (fax)
ehg@classlawgroup.com
rmr@classlawgroup.com
jjb@classlawgroup.com
rlm@classlawgroup.com

*Attorneys for Plaintiff Lyon Fitness, LLC*