Eric H. Gibbs (SBN 178658)
Rosemary M. Rivas (SBN 209147)
Joshua J. Bloomfield (SBN 212172)
Rosanne L. Mah (SBN 242628)
**GIBBS LAW GROUP LLP**
1111 Broadway, Suite 2100
Oakland, California 94607
(510) 350-9700 (tel.)
(510) 350-9701 (fax)
ehg@classlawgroup.com
rmr@classlawgroup.com
jjb@classlawgroup.com
rlm@classlawgroup.com

*Attorneys for Plaintiff Lyon Fitness, LLC*

**UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION**

| | |
|---|---|
| *In re PayPal Honey Browser Extension Litigation* | Case No. 5:24-cv-09470-BLF<br><br>**DECLARATION OF ROSEMARY M. RIVAS IN SUPPORT OF PLAINTIFF LYON FITNESS, LLC'S MOTION FOR AN ORDER APPOINTING ROSEMARY M. RIVAS OF GIBBS LAW GROUP LLP AS CO-LEAD INTERIM CLASS COUNSEL**<br><br>Date: May 29, 2025<br>Time: 9:00 a.m.<br>Dept.: Courtroom: 3, 5th Floor<br>Judge: Hon. Beth Labson Freeman |

I, Rosemary M. Rivas, declare as follows:

1. I am a Partner with the law firm, Gibbs Law Group LLP, counsel of record for Plaintiff Lyon Fitness, LLC in this consolidated action against Defendants PayPal Holdings, Inc. and PayPal, Inc. ("PayPal"). I am a member in good standing of the State Bar of California. I make this declaration in support of Plaintiff Lyon Fitness's Motion for An Order Appointing Rosemary M. Rivas of Gibbs Law Group LLP as Co-Lead Interim Class Counsel. I have personal knowledge of the matters stated herein and, if called upon, I could and would competently testify thereto.

2. Gibbs Law Group is a national litigation firm providing the highest caliber of representation to plaintiffs in class and collective actions in state and federal courts. The Firm's practice areas include consumer protection, false advertising, securities and financial fraud, antitrust, personal injury, and employment, among others. The Firm has one of the best track records in the country for successfully certifying classes, developing practical damages methodologies, obtaining prompt and meaningful relief for class members victimized by unlawful practices, and working cooperatively with other firms. Gibbs Law Group has been repeatedly named to the list of "Class Action Practice Groups of the Year" by *Law360* (2019 and 2023) and as a "Top Law Firm" in California for plaintiffs by Chambers USA (2022-2024).

3. Attached hereto as **Exhibit A** is true and correct copy of the Gibbs Law Group firm resume.

4. The Firm has led, co-led, or served in other leadership roles in some of the most significant cases in this District and around the country, including: *In re Anthem, Inc. Data Breach Privacy Litig.,* MDL No. 2617 ("*In re Anthem*") ($115 million class settlement—the largest in a data breach case at the time); *In re Chase Bank USA, N.A. "Check Loan" Contract Litig.,* MDL No. 2032 ("*In re Chase*") ($100 million class settlement); and *In re Equifax, Inc. Customer Data Security Breach Litig.,* MDL No. 2800, No. 1:17-md-2800 (N.D. Ga.) ($1.5 billion class settlement), among others. Other cases the Firm has successfully litigated are set forth in Exhibit A.

5. Numerous courts, including this one, have praised Gibbs Law Group for its work

1

on behalf of its clients. For example, in *In re Hyundai Sonata Engine Litig.*, No. 5:15-cv-01685-BLF (N.D. Cal.), in granting final approval of the settlement and requested attorneys' fees, this Court stated: "this is an excellent settlement, I have no doubts . . . I had no further questions about the fees, they seem reasonable given the experience and skill of Plaintiff's counsel and the success of the litigation." Dec. 28, 2016 Hearing Tr. at 6:5-7; 20:12-14. In the past couple of years alone, the Firm has achieved certification of several litigation classes, including: *Belyeah, et al. v. GreenSky, Inc.*, No. 20-cv-01693-JSC (N.D. Cal. Jan. 2, 2025); *Cadena, et al. v. American Honda Motor Co., Inc.*, No. CV 18-4007-MWF, 2024 WL 4005097, at *1, 12-15 (C.D. Cal. July 2, 2024); *Brooks, et al. v. Thomson Reuters Corp.*, No. 21-cv-01418-EMC, 2023 WL 9316647, at *1 (N.D. Cal. Aug. 10, 2023); *Camenisch, et al. v. Umpqua Bank*, No. 20-cv-05905-RS, 2022 WL 17740285, at *10 (N.D. Cal. Dec. 16, 2022); and *Hernandez, et al. v. Wells Fargo Bank*, No. C 18-07354 WHA, 2020 WL 469893, at *6 (N.D. Cal. Jan. 29, 2020). The Firm is also prepared to take this case to trial if necessary; in fact, the Firm is currently trying a class action case before the Honorable P. Casey Pitts.

6. I have dedicated my legal career to representing plaintiffs in complex class action litigation and am committed to obtaining justice on their behalf. I have served in leadership roles in several complex, class action cases and multidistrict litigation that have settled for hundreds of millions of dollars. My experience in class actions and multidistrict litigation includes, among other things: (a) supervising investigation and litigation teams; (b) briefing and arguing significant motions, including motions to dismiss, class certification motions, Daubert motions, and summary judgment motions; (c) coordinating and executing discovery plans, including identifying key evidence to prove the claims and support class certification; (d) working with experts; (e) negotiating class action settlements and presenting them for judicial approval; (f) developing effective notice plans and overseeing claims administration; and (g) litigating appeals.

7. One of the first class action cases that I worked on is *In re iPod* Cases, JCCP No. 4355 (Cal. Super. Ct. San Mateo Cty.), where Your Honor stated that the class was represented by "extremely well qualified" counsel who negotiated a "significant and substantial benefit" for the class members.

8. Later in my career, I served as co-lead class counsel in *Pappas v. Naked Juice of Glendora*, No. 2:11-cv-08276-JAK (C.D. Cal.), where I litigated unfair business practice and false advertising claims and negotiated a $9 million cash settlement and important business practice changes. As co-lead class counsel, I also represented physicians in *Garcia v. Allergan,* No. 11-cv-09811-PSG (C.D. Cal.), a case alleging that Allergan engaged in false advertising. In that case, I spearheaded the litigation and negotiated a settlement of $7.75 million for the class in addition to business practice changes.

9. In a highly competitive leadership application process with more than 150 applicants, Judge Breyer appointed me to the Plaintiffs' Steering Committee in *In re Volkswagen "Clean Diesel" Mktg., Sales Practices, and Products Liab. Litig.*, No. 3:15-md-02672-CRB (N.D. Cal.), which resulted in record-breaking settlements totaling more than $14 billion. In *In re Volkswagen*, I helped develop a robust notice program designed to reach approximately 490,000 class members who bought vehicles that exceeded federal emission regulations. Ultimately, more than 88% of the class members participated in the settlement and hundreds of thousands of non-complying vehicles were either repaired or taken off the road.

10. Other cases I have been involved in include *In re EpiPen Marketing, Sales Practices and Antitrust Litig.,* No. 2:17-md-02785-DDC (D. Kan.) (plaintiffs' steering committee member; settlements totaling $609 million); *Lash Boost Cases,* JCCP 4981 (San Francisco Sup. Ct.) (co-class counsel; $30 million in cash and $8 million in credits); and *Rodriguez v. West Publishing Corp.*, No. 2:05-cv-3222 R (MCx) (C.D. Cal.) (litigation team member; $49 million settlement).

11. I also successfully represented voters in Washington state for violations of Section 2 of the Voting Rights Act in the action titled, *Reyes, et al. v. Chilton*, *et al*., Case No. 4:21-cv-05075-MKD (E.D. Wa.). After three years of litigation, including cross-*Daubert* motions and motions for summary judgment, I helped negotiate changes to the defendant counties' signature verification process and settled the case before trial.

12. Besides my significant class action experience, I have in-depth knowledge of the claims and legal issues. I have litigated unfair business practice, false advertising, and unjust

3

enrichment claims under California and other state laws my entire career. I currently represent restaurants in a proposed class action alleging false advertising and trademark infringement in violation of the Lanham Act in the case titled, *Lynn Scott, et al. v. Grubhub Inc.,* No. 1:20-cv-06334, 2024 WL 3673718, at *1 (N.D. Ill. Aug. 24, 2024). In *Lynn Scott*, Judge Hunt largely denied the defendant's motion to dismiss, and the parties are currently in discovery.

13. In this case, PayPal has raised the possibility of moving to compel arbitration. ECF No. 44. I am also highly knowledgeable about arbitration, having obtained the reversal of an order compelled arbitration. *See Probst v. Health Net of California*, 2012 WL 721243, at *1 (Ct. App. 1st Dist., Div. 5, Mar. 6, 2012). I also defeated Gateway's motion to compel arbitration in *Lima v. Gateway,* 886 F.Supp.2d 1170 (C.D. Cal. 2012), which ultimately led to a class action settlement providing class members with $195 in cash for each defective monitor purchased.

14. Based on my work, the *Daily Journal* named me to the "Top Women Lawyers in California" list in 2024, and in 2018, I received the California Lawyer Attorney of the Year (CLAY) Award, which is given to outstanding California lawyers "whose extraordinary work and cases had a major impact on the law." And *Northern California Super Lawyers* has repeatedly named me a Super Lawyer (2019-2024). I am currently a Lawyer Representative for the Northern District of California Judicial Conference.

15. Since December 23, 2024, I have led the Firm's investigation of PayPal. We have performed the following work:

- Investigated, collected, and analyzed current and historical representations going back to 2019 about the Honey browser extension on mobile applications, the company website, and the internet;
- Researched the Better Business Bureau's inquiry into the Honey browser extension representations;
- Conducted testing of multiple creator affiliate links to confirm that the Honey browser extension replaces creator affiliate links with its own when consumers make purchases;
- Conducted testing to confirm that the discount codes and coupons Honey offered

are lower than other valid discount codes available on the internet;

- Researched and analyzed PayPal's current and prior terms of service;
- Researched and studied the affiliate marketing industry and the rising popularity of brand promotion through creators;
- Responded to over 125 creators who contacted the firm and conducted interviews about their experience;
- Identified and analyzed potential legal claims and remedies and the appropriateness of class certification;
- Researched decisions from the Ninth Circuit and this District regarding the Lanham Act and other causes of action; and
- Drafted and filed a factually detailed, 33-page complaint.

Even after filing the *Lyon Fitness* complaint, the Firm has continued to advance the class claims. Among other things, we have consulted a Lanham Act consumer survey expert and experts in the areas of affiliate marketing, click fraud, and digital forensics. The Firm also prepared and served a document preservation letter on the Better Business Bureau, asking the organization to preserve all documents relating to the Honey browser extension representations. We also helped draft the joint motion seeking consolidation and accompanying proposed order filed in this matter (ECF No. 40), in addition to the administrative motion for relation (ECF No. 28). Moreover, my law partner David Berger and I participated in a strategy meeting of all plaintiffs' counsel. I am prepared to commit as many lawyers and resources as necessary to effectively prosecute the case.

16. Although the plaintiffs were unable to reach a consensus on a leadership structure, my colleagues and I have excellent relationships with many of the other plaintiff lawyers who have filed actions in this case and have a history of working well with them. If appointed, I pledge that the Firm and I will continue to work collaboratively and efficiently with any other lawyer(s) appointed by the Court to represent the proposed Class.

I declare under penalty of perjury under the laws of the United States that the foregoing

1 | is true and correct. Executed on February 12, 2025 in San Francisco, California.

/s/ *Rosemary M. Rivas*

Rosemary M. Rivas