# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| IN RE PAYPAL HONEY BROWSER EXTENSION LITIGATION | Case No. 24-cv-09470-BLF |
| EDDIE BLOTNICKI, et al., Plaintiffs, v. PAYPAL HOLDINGS, INC., et al., Defendants. | Case No. 25-cv-01386-BLF  **ORDER CONSOLIDATING CASES**  [Re: ECF 96] |

On February 13, 2025, the Court issued an order to show cause why the related *Blotnicki, et al. v. PayPal, Inc., et al.*, No. 5:25-cv-01386-BLF (N.D. Cal.) ("*Blotnicki* Action") should not be related to *In re PayPal Honey Browser Extension Litigation*, No. 5:24-cv-9470- BLF (N.D. Cal.) (the "Consolidated Action") pursuant to the Court's Order Consolidating Cases at ECF 49. *See* ECF 94. The Plaintiffs in the *Blotnicki* Act filed a response stating that the *Blotnicki* Action should be consolidated to the Consolidated Action. ECF 96. For the reason below, the Court DISCHARGES its Order to Show Cause at ECF 94 and CONSOLIDATES the *Blotnicki* Action to the Consolidated Action.

I. **LEGAL STANDARD**

"If actions before the court involve a common question of law or fact, the court may . . . consolidate the actions." Fed. R. Civ. P. 42(a)(2). District courts have "broad discretion under [Rule 42(a)] to consolidate cases pending in the same district." *Investors Research Co. v. U.S. Dist. Court*

*for Cent. Dist. of California*, 877 F.2d 777, 777 (9th Cir. 1989). "In determining whether or not to consolidate cases, the Court should weigh the interest of judicial convenience against the potential for delay, confusion and prejudice." *Bodri v. Gopro, Inc.*, 2016 WL 1718217, at *1 (N.D. Cal. Apr. 28, 2016) (quotation marks omitted) (quoting *Zhu v. UCBH Holdings, Inc.*, 682 F.Supp.2d 1049, 1052 (N.D. Cal. 2010)).

## II.  DISCUSSION

The *Blotnicki* Action and the Consolidated Action, which are both pending before the Court, present similar factual and legal issues, as they each involve the same subject matter and are based on the same alleged wrongful conduct. Specifically, Plaintiffs in both Actions bring claims against Defendants alleging that Defendants' use of the Honey browser extension misappropriated referral commissions. Because the cases are based on the same subject matter, arise from the same nucleus of operative facts, assert similar causes of action, define similar and overlapping classes, alleging similar wrongful conduct, and seeking similar remedies, the Court finds that the same discovery and class certification issues will be relevant to both Actions. Thus, consolidation will conserve judicial resources and reduce the time and cost of trying the cases separately. As such, the Court finds that consolidation is appropriate.

## III.  ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Pursuant to Fed. R. Civ. P. 42(a), the above-captioned *Blotnicki, et al. v. PayPal, Inc., et al.*, No. 5:25-cv-01386-BLF (N.D. Cal.) and *In re PayPal Honey Browser Extension Litigation*, No. 5:24-cv-9470-BLF (N.D. Cal.) are CONSOLIDATED for all purposes, and all future filings will be filed in *In re PayPal Honey Browser Extension Litigation*, No. 5:24-cv-9470- BLF (N.D. Cal.).

2. The Court ORDERS that the Clerk of the Court administratively close *Blotnicki, et al. v. PayPal, Inc., et al.*, No. 5:25-cv-01386-BLF (N.D. Cal.).

//

//

//

**IT IS SO ORDERED.**

Dated: February 14, 2025

_____
BETH LABSON FREEMAN
United States District Judge