Jason S. Rathod (*pro hac vice*)
jrathod@classlawdc.com
**MIGLIACCIO & RATHOD LLP**
412 H St NE
Washington DC 20002
Telephone: (202) 470-3520

*Attorney for Plaintiffs*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

| | |
|---|---|
| *IN RE PAYPAL HONEY BROWSER EXTENSION LITIGATION* | Case No.: 5:24-cv-9470-BLF<br><br>**PLAINTIFFS' RESPONSE IN FURTHER SUPPORT OF MOTION TO APPOINT JASON S. RATHOD AS INTERIM CO-LEAD CLASS COUNSEL**<br><br>Hearing Date: May 29, 2025<br>Time: 9:00 a.m.<br>Courtroom: 3, 5th Floor<br>Judge: Hon. Beth Labson Freeman |

1    Eddie Blotnicki, Miesha Dobbs, Courtney Doran, Jules Fletcher, Carolyn Johnston, Angela
2 Kachonik, Lauren Leatherman, Amy Malcolm, Tatiana Marquez, Kara Miller, and Leilani Shimoda
3 (collectively, the "*Blotnicki* Plaintiffs") have proposed that undersigned counsel, Jason Rathod of
4 Migliaccio & Rathod LLP ("M&R"), be selected as one of five interim co-lead class counsel. *See*
5 Doc No. 91. A competing slate of applicants (the "slate applicants") has proposed a structure in
6 which there would be three co-lead counsel firms and an executive committee of nine additional
7 firms. *See, e.g.,* Doc. No. 80. Two additional individual applications have been filed. *See* Doc Nos.
8 79, 93. Each applicant, including each of the proposed slate applicants, has a distinguished track
9 record. Undersigned counsel submits that the *Blotnicki* Plaintiffs' proposed structure of a lean five-
10 member leadership team, with no executive committee, enables plaintiffs to move efficiently and
11 deliberate dynamically. Having undersigned counsel and his breadth of experiences as part of this
12 team will also help ensure a diverse set of considerations are taken into account.
13    *First*, a leaner team is generally preferable as there are risks of duplication and inefficiency
14 with too many lawyers on the case, as judges in this District have appropriately warned. *See, e.g.*, *In*
15 *re Yahoo! Inc. Customer Data Sec. Breach Litig.*, No. 16-MD-02752-LHK, 2019 U.S. Dist. LEXIS
16 15034, at *43–44 (N.D. Cal. Jan. 30, 2019) (criticizing class counsel for seeking attorneys' fees
17 covering over 140 attorneys); *In re Celera Corp. Sec. Litig.*, No. 5:10-cv-02604-EJD, 2015 U.S.
18 Dist. LEXIS 157408, at *31 (N.D. Cal. Nov. 20, 2015) ("[S]taffing a case with a large number of
19 attorneys can result in duplicative efforts and time billed."). The slate applicants state that Plaintiffs
20 "must be able to match human and financial resources with one of the largest companies in the
21 world." *See* Doc. No. 80 at 1. While it is true that PayPal is a well-capitalized corporation, and that
22 plaintiffs' counsel should be prepared to dedicate the necessary time and resources, it is also
23 imperative to prosecute the case efficiently in proportion to its needs to minimize the burden on
24 parties and the Court. At its core, this case revolves around a few common issues against a single
25 defendant such as: 1) did PayPal program its Honey browser extension to credit PayPal as the
26 originator of sales referrals of Plaintiffs and the putative classes? and 2) under common law tort,
27 statutory computer fraud, and other legal theories, should the money that PayPal captured from
28 plaintiffs and the class vis-à-vis the Honey browser extension be returned to the classes? Given the

nature of the case, litigation can be streamlined including through, among other case management techniques, (1) a consolidated complaint with a handful of "priority" claims, to efficiently move through class certification and the merits, as well as (2) enhanced initial disclosures, to jumpstart discovery and minimize disputes. *See* Doc. No. 91 at 8-10.

*Second*, a team of five is the right size to foster dynamic deliberations to reach optimal decisions. In the proposed slate structure, by contrast, decision-making is encumbered by a larger team with overly circumscribed roles for executive committee counsel. In a siloed committee structure of this kind, there is a tendency to pivot early in the case to standard operating procedures ("SOPs") drawn from other litigations for the committees' operations. This risk is especially pronounced when committee members are repeat players in MDLs and other consolidated litigation who are conditioned by work product from prior cases. Use of SOPs can lead to strategic decisions that are familiar, rather than optimal. *See* Graham Allison & Philip Zelikow, *Essence of Decision* 149, 156 (2d ed. 1999) (noting, in foundational analysis of organizational decision-making and its drawbacks, the risks posed by over-reliance on familiar procedures: "Having chosen their instruments in the circumstances of the past, they are confined by them as they encounter new circumstances in the future."). Put simply, Maslow's gavel will not deliver justice. Here, the case spans practice areas and its distinctive features call for bespoke solutions that a nimble team of five will be well-suited to tailor.

*Third*, under the proposals from each applicant, lead counsel will have a paramount role in setting the agenda for leading the litigation. Undersigned counsel notes that proposed lead counsel for the slate applicants as well as proposed lead counsel for Lyon Fitness, LLC are all based in this District and of a similar (albeit, noble) pedigree: large plaintiffs' firms with leadership appointments from judges in this District in data breach class action cases, among others. These are important attributes and it would be prudent to include one or more of these firms as lead counsel. Leadership from these firms could also be enhanced, however, with the addition of an "outside" perspective informed by varied experiences, in life and litigation, such as that offered by undersigned counsel.

Dated: February 20, 2025                                        Respectfully submitted,

By: */s/ Jason S. Rathod*
Jason S. Rathod (admitted *pro hac vice*)
**MIGLIACCIO & RATHOD LLP**
412 H St NE, Suite 302
Washington DC 20002
Telephone: (202) 470-3520
jrathod@classlawdc.com

*Attorney for Plaintiffs Eddie Blotnicki, Miesha Dobbs, Courtney Doran, Jules Fletcher, Carolyn Johnston, Angela Kachonik, Lauren Leatherman, Amy Malcolm, Tatiana Marquez, Kara Miller, and Leilani Shimoda*

## **CERTIFICATE OF SERVICE**

I, Jason S. Rathod, certify that a true and correct copy of the foregoing document has been electronically filed via this Court's ECF system, notifying all registered users of this filing.

Dated: February 20, 2025          */s/ Jason S. Rathod*
                                                           Jason S. Rathod

- 3 -