# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| IN RE PAYPAL HONEY BROWSER EXTENSION LITIGATION | Case No. 24-cv-09470-BLF |
| DAISY LUONG,<br>　　　Plaintiff,<br>　　　v.<br>PAYPAL HOLDINGS, INC, et al.,<br>　　　Defendants. | Case No. 25-cv-2657-BLF<br><br>**ORDER DISCHARGING ORDER TO SHOW CAUSE AND CONSOLIDATING CASES**<br><br>[Re: ECF No. 158, 162] |

On April 30, 2025, the Court issued an order to show cause why the related *Luong v. PayPal Holdings, Inc., et al.*, No. 5:25-cv-2657-BLF (N.D. Cal.) ("Luong Action") should not be consolidated with *In re PayPal Honey Browser Extension Litigation*, No. 5:24-cv-9470-BLF (N.D. Cal.) (the "Consolidated Action") pursuant to the Court's Order Consolidating Cases at ECF 49. See ECF 158. The Plaintiff in the Luong Act filed a response stating that he "does not dispute the Order to Show Case regarding the consolidation of the case," and that "consolidation of these cases may promote judicial efficiency and reduce duplicate litigation." ECF 162. For the reason below, the Court DISCHARGES its Order to Show Cause at ECF 158 and CONSOLIDATES the Luong Action with the Consolidated Action.

## I.   LEGAL STANDARD

"If actions before the court involve a common question of law or fact, the court may . . . consolidate the actions." Fed. R. Civ. P. 42(a)(2). District courts have "broad discretion under [Rule 42(a)] to consolidate cases pending in the same district." *Investors Research Co. v. U.S. Dist. Court*

*for Cent. Dist. of California*, 877 F.2d 777, 777 (9th Cir. 1989). "In determining whether or not to consolidate cases, the Court should weigh the interest of judicial convenience against the potential for delay, confusion and prejudice." *Bodri v. Gopro, Inc.*, 2016 WL 1718217, at *1 (N.D. Cal. Apr. 28, 2016) (quotation marks omitted) (quoting *Zhu v. UCBH Holdings, Inc.*, 682 F.Supp.2d 1049, 1052 (N.D. Cal. 2010)).

## II. DISCUSSION

The *Luong* Action and the Consolidated Action, which are both pending before the Court, present similar factual and legal issues, as they each involve the same subject matter and are based on the same alleged wrongful conduct. Specifically, Plaintiffs in both Actions bring claims against Defendants alleging that Defendants' use of the Honey browser extension misappropriated referral commissions. Because the cases are based on the same subject matter, arise from the same nucleus of operative facts, assert similar causes of action, define similar and overlapping classes, alleging similar wrongful conduct, and seeking similar remedies, the Court finds that the same discovery and class certification issues will be relevant to both Actions. Thus, consolidation will conserve judicial resources and reduce the time and cost of trying the cases separately. As such, the Court finds that consolidation is appropriate.

## III. ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Pursuant to Fed. R. Civ. P. 42(a), the above-captioned *Luong v. PayPal Holdings, Inc.*, et al., No. 5:25-cv-2657-BLF (N.D. Cal.) and *In re PayPal Honey Browser Extension Litigation*, No. 5:24-cv-9470-BLF (N.D. Cal.) are CONSOLIDATED for all purposes, and all future filings will be filed in *In re PayPal Honey Browser Extension Litigation*, No. 5:24-cv-9470- BLF (N.D. Cal.).

2. The Court ORDERS that the Clerk of the Court administratively close *Luong v. PayPal Holdings, Inc., et al.*, No. 5:25-cv-2657-BLF (N.D. Cal.).

//
//
//

Dated: May 12, 2025

_____
BETH LABSON FREEMAN
United States District Judge