Dena C. Sharp (SBN 245869)
Adam E. Polk (SBN 273000)
Trevor T. Tan (SBN 281045)
Nina Gliozzo (SBN 333569)
**GIRARD SHARP LLP**
601 California Street, Suite 1400
San Francisco, CA 94108
415.981.4800
Email: dsharp@girardsharp.com
Email: apolk@girardsharp.com
Email: ttan@girardsharp.com
Email: ngliozzo@girardsharp.com

Elizabeth J. Cabraser (SBN 083151)
Roger N. Heller (SBN 215348)
Jason L. Lichtman (*pro hac vice*)
Danna Z. Elmasry (*pro hac vice*)
**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
275 Battery Street, 29th Floor
San Francisco, CA 94111
415.956.1000
Email: ecabraser@lchb.com
Email: rheller@lchb.com
Email: jlichtman@lchb.com
Email: delmasry@lchb.com

Nanci E. Nishimura (SBN 152621)
Thomas E. Loeser (SBN 202724)
Karin B. Swope (*pro hac vice*)
Jacob M. Alhadeff (*pro hac vice*)
**COTCHETT, PITRE & McCARTHY, LLP**
840 Malcolm Rd #200
Burlingame, CA 94010
650.697.6000
Email: nnishimura@cpmlegal.com
Email: tloeser@cpmlegal.com
Email: kswope@cpmlegal.com
Email: jalhadeff@cpmlegal.com

*Plaintiffs' Interim Class Counsel*

[*Additional counsel on signature page*]

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| IN RE PAYPAL HONEY BROWSER EXTENSION LITIGATION | Case No.: 5:24-cv-09470-BLF<br><br>[PROPOSED] **RULE 502(d) AND PRIVILEGED MATERIALS ORDER** AS MODIFIED BY THE COURT<br><br>Judge: Hon. Beth Labson Freeman |

The Plaintiffs and Defendants to this consolidated action, by and through their respective counsel, have jointly stipulated to the terms of this Rule 502(d) and Privileged Materials Order, and with the Court being fully advised as to the same, it is hereby ORDERED:

**A.     Applicability.**

1. This Order shall be applicable to any privileged or otherwise protected or exempted information contained in deposition transcripts and/or videotapes, and documents produced in response to requests for production of documents, answers to interrogatories, responses to requests for admissions, affidavits, declarations and all other information or material produced, made available for inspection, or otherwise submitted by any of the parties in this litigation pursuant to the Federal Rules of Civil Procedure, as well as testimony adduced at trial or during any hearing (collectively "Information").

**B.     Production of Discovery Materials Containing Potentially Privileged Information.**

2. Pursuant to Federal Rule of Evidence 502(d), the production of any privileged or otherwise protected or exempted information in this case shall not be deemed a waiver or impairment of any claim of privilege or protection in this case, including, but not limited to, the attorney-client privilege, the protection afforded to work product materials, statutory privileges and protections, or the subject matter thereof, as to the produced document and any related material.

3. The producing party must notify the receiving party promptly, in writing, upon discovery that a document has been produced for which the producing party asserts privilege and/or other protection. This "Clawback Notice" shall include (i) the bates range of the produced materials, (ii) a privilege log listing the item(s) produced, and (iii) a new copy of the material (utilizing the same bates number as the original material) with the privileged or protected material redacted (if the producing party claims that only a portion of the document contains privilege or other protected). If the producing party claims that the entire document is privileged or protected, then the producing party shall provide a slip sheet noting that the document has been withheld.

4. Upon receipt of a Clawback Notice, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).

5. The receiving party may contest the producing party's assertion of privilege or other protection. In that instance, within seven (7) business days from receipt of the Clawback Notice, the receiving party shall give the producing party written "Notice of Clawback Challenge" providing the reason for said disagreement. The producing party will have seven (7) business days to respond to the Notice of Clawback Challenge, in writing, by either: (i) agreeing to withdraw the claim of privilege or other protection; or (ii) stating the reasons for such claim. If the producing party's response to the Notice of Clawback Challenge does not resolve the issue, the parties shall meet and confer within five (5) business days of the response. If the conference does not resolve the dispute, within five (5) business days of the conference, the parties shall submit the dispute to the Court for resolution ^in a joint statement that complies with Judge van Keulen's Civil and Discovery Referral Matters Standing Order. The producing party retains the burden of establishing the applicability of the privilege or other protection as to any produced materials. If the receiving party does not serve a Notice of Clawback Challenge, then, upon expiration of the seven (7) business day period, all copies of the disputed material shall be returned or destroyed.

6. Nothing in this Stipulation prevents a receiving party from submitting the item(s) listed in the Clawback Notice to the Court for review or using the content of the item(s) in briefing submitted in connection with any challenge to such notice that is raised in accordance with paragraph 6. If any information is found to be privileged or protected in accordance with the procedures described herein, all copies of the information shall be returned or destroyed. Briefing submitted in connection with any challenge to a Clawback Notice must be ~~filed under seal~~ accompanied by a motion to seal under Civil L.R. 79-5 in accordance with the local rules.

7. If, during a deposition, a producing party claims that a document being used in the deposition (e.g., marked as an exhibit, shown to the witness, or made the subject of examination) contains material that is subject to the attorney-client privilege, the attorney work product doctrine, or other protection, the producing party may (a) allow the document to be used during the deposition without waiver of any claim of privilege or other protection; (b) instruct the witness not to answer questions concerning the parts of the document containing privileged or protected material; or (c) object to the use of the document at the deposition to the extent the entire document is privilege or protected, in which case no testimony may be taken relating to the document during the deposition

until the matter is resolved by agreement or by the court. If the producing party allows the examination concerning the document to proceed consistent with this paragraph, all parties shall sequester all copies of the document. As to any testimony subject to a claim of privilege or other protection, the producing party shall serve a Clawback Notice within five (5) business days of the deposition's conclusion, after which the parties shall follow the procedures set forth in paragraphs 4 and 5. With respect to any document or testimony that is the subject of a Clawback Notice that is sent more than twenty (20) days after the conclusion of the deposition, the asserted privilege or protection will be deemed as waived absent extraordinary circumstances. Pending determination of the clawback dispute, all parties with access to the deposition transcript shall treat the relevant testimony in accordance with paragraph 4.

8.   If a receiving party uses produced material in a brief or at a hearing, and the producing party has not served a Clawback Notice in advance of the briefing event or hearing, the producing party shall serve a Clawback Notice within five (5) business days of the briefing event or hearing. Thereafter, the procedures set forth in paragraphs 4 and 5 shall apply. With respect to any produced material used in a brief or at a hearing that is the subject of a Clawback Notice that is sent six (6) to twenty (20) days after the briefing event or hearing, the procedures set forth in paragraphs 4 and 5 shall apply upon a showing of good cause for the producing party's service of the Clawback Notice after the initial five (5) day period. With respect to any produced material used in a brief or at a hearing that is the subject of a Clawback Notice that is sent more than twenty (20) days after the filing of the brief or conclusion of the hearing, the asserted privilege or protection will be deemed as waived absent extraordinary circumstances.

9.   This Stipulation does not preclude a party from voluntarily waiving any claims of privilege or protection. The provisions of Fed. R. Evid. 502(a) apply when a party uses privileged or other protected information to support a claim or defense.

**C.   Privilege Logging.**

10.   Unless otherwise provided in this Order, any document falling within the scope of any request for production or subpoena that is withheld on the basis of a claim of attorney-client privilege, work product, or any other claim of privilege or immunity from discovery is to be identified by the

3

producing party on a privilege log, which the producing party shall produce in Excel format. If a Party wishes to categorically log a discrete category of documents that are not otherwise covered by Paragraph 14 below, the Parties shall meet and confer in good faith about whether categorical logging is appropriate in that instance. If the Parties agree that categorical logging is appropriate for that discrete category, the categorical log must provide the receiving party with sufficient information to evaluate any claim of privilege.

11. Within sixty (60) days of each production of documents or ESI, the producing party shall provide a privilege log or logs concerning any information that has been redacted or withheld in whole or in part from that production. Subject to Paragraph 12 below, the privilege log shall set forth the privilege or protection relied upon and specify separately for each document:

(a) Bates-number range, or if no Bates-number range, a unique document identifier;

(b) Family relationship, if applicable (*i.e.* identification of parent emails and all attachments)

(c) A description of the document, including the factual basis sufficient to support the claim that the document is privileged and/or protected;

(d) The names and job title/capacity of the author(s);

(e) The names and job title/capacity of all addressees and recipients, including copyees and blind copyees;

(f) The document date;

(g) The Custodian metadata;

(h) An indication of whether the document has been produced in redacted form or withheld in its entirety; and

(i) The privilege designation (attorney-client; attorney work product; joint defense and/or common interest, etc.).

12. Attachments to emails shall be logged as separate documents on the log, with family relationships identified.

13. Where email threading is employed, lesser inclusive emails suppressed from any review need not be reflected on the privilege log, so long as the log entry sufficiently identifies all participants in each communication in the email thread.

14. Attorneys or their staff must be identified on the log with an asterisk (or similar notation).

Communications involving outside counsel that post-date the filing of the complaint in the action styled *In re Paypal Honey Browser Extension Litigation.*, No. 5:24-cv-09470-BLF (N.D. Cal.) need not be placed on a privilege log. Communications from in-house counsel to company employees that post-date the filing of the complaint and that concern the litigation may be logged categorically, if appropriate, provided that such categorical logging provides the receiving party with sufficient information to evcaluate any claim of privilege.

15. After the receipt of a privilege log, any Party may dispute a claim of privilege. Prior to seeking Court intervention, the Party disputing, questioning, or otherwise objecting to a claim of privilege shall provide in writing the identification of the documents or category of documents for which it questions the claim of privilege and the reasons for disputing, questioning, or otherwise objecting to the privilege designation. Within fourteen (14) days, the Party that designated the documents as privileged will provide a written response explaining the basis for its claim or privilege, or if applicable, de-designating documents as privilege and producing such documents in accordance with this Order. Thereafter, if the Parties continue to disagree, they will then then meet and confer in good faith as to the claims of privilege. If agreement has not been reached after fourteen (14) days, the parties shall submit the dispute to the Court for resolution ^in a joint statement that complies with Judge van Keulen's Civil and Discovery Referral Matters Standing Order.

16. This order is without prejudice to, or waiver of, PayPal's right to seek to compel arbitration.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

| | |
|---|---|
| Dated: May 28, 2025 | Respectfully submitted, |
| | By: */s/ Adam E. Polk* |
| | Dena C. Sharp (SBN 245869) |
| | Adam E. Polk (SBN 273000) |
| | Trevor T. Tan (SBN 281045) |
| | Nina Gliozzo (SBN 333569) |
| | **GIRARD SHARP LLP** |
| | 601 California Street, Suite 1400 |
| | San Francisco, CA 94108 |
| | Telephone: (415) 981-4800 |
| | dsharp@girardsharp.com |
| | apolk@girardsharp.com |
| | ttan@girardsharp.com |
| | ngliozzo@girardsharp.com |
| | |
| | Elizabeth J. Cabraser (SBN 083151) |
| | Roger N. Heller (SBN 215348) |
| | **LIEFF CABRASER HEIMANN & BERNSTEIN, LLP** |
| | 275 Battery Street, 29th Floor |
| | San Francisco, CA 94111-3339 |
| | Telephone: (415) 956-1000 |
| | ecabraser@lchb.com |
| | rheller@lchb.com |
| | |
| | Jason L. Lichtman (*pro hac vice*) |
| | Sean A. Petterson (*pro hac vice* forthcoming) |
| | Danna Z. Elmasry (*pro hac vice*) |
| | **LIEFF CABRASER HEIMANN & BERNSTEIN, LLP** |
| | 250 Hudson Street, 8th Floor |
| | New York, New York 10013-1413 |
| | Telephone: (212) 355-9500 |
| | jlichtman@lchb.com |
| | delmasry@lchb.com |
| | |
| | Nanci Nishimura (SBN 152621) |
| | Thomas E. Loeser (SBN 202724) |
| | **COTCHETT, PITRE & MCCARTHY, LLP** |
| | 840 Malcolm Road, Suite 200 |
| | Burlingame, CA 94010 |
| | Telephone: (650) 697-6000 |
| | nnishimura@cpmlegal.com |
| | tloeser@cpmlegal.com |

|   |   |
|---|---|
|   | Thomas E. Loeser (SBN 202724)<br>Karin B. Swope (*pro hac vice*)<br>Jacob M. Alhadeff (*pro hac vice*)<br>**COTCHETT, PITRE & MCCARTHY, LLP**<br>1809 7th Avenue, Suite 1610<br>Seattle, WA 98101<br>Telephone: (206) 802-1272<br>tloeser@cpmlegal.com<br>kswope@cpmlegal.com<br>jalhadeff@cpmlegal.com<br><br>*Plaintiffs' Interim Class Counsel* |
| Dated: May 28, 2025 | By: */s/ Paul F. Rugani*<br>Paul F. Rugani (SBN 342647)<br>**ORRICK, HERRINGTON & SUTCLIFFE LLP**<br>2050 Main Street, Suite 1100<br>Irvine, CA 92614-8255<br>Telephone: (949) 567-6700<br>prugani@orrick.com<br><br>Richard A. Jacobsen (*pro hac vice*)<br>**ORRICK, HERRINGTON & SUTCLIFFE LLP**<br>51 West 52nd Street<br>New York, NY 10019-6142<br>Telephone: (212) 506-5000<br>rjacobsen@orrick.com<br><br>*Attorney for Defendants PayPal, Inc. and PayPal Holdings, Inc.* |

## ATTESTATION

Pursuant to Local Rule 5-1(i)(3), the undersigned filer hereby attests that all signature listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

Dated: May 28, 2025                                    */s/ Adam E. Polk*
                                                                     Adam E. Polk

**ORDER**

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated: May 29, 2025

_____
SUSAN VAN KEULEN
United States Magistrate Judge