Dena C. Sharp (SBN 245869)
Adam E. Polk (SBN 273000)
Trevor T. Tan (SBN 281045)
Nina Gliozzo (SBN 333569)
**GIRARD SHARP LLP**
601 California Street, Suite 1400
San Francisco, CA 94108
415.981.4800
Email: dsharp@girardsharp.com
Email: apolk@girardsharp.com
Email: ttan@girardsharp.com
Email: ngliozzo@girardsharp.com

Elizabeth J. Cabraser (SBN 083151)
Roger N. Heller (SBN 215348)
Jason L. Lichtman (*pro hac vice*)
Danna Z. Elmasry (*pro hac vice*)
**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
275 Battery Street, 29th Floor
San Francisco, CA 94111
415.956.1000
Email: ecabraser@lchb.com
Email: rheller@lchb.com
Email: jlichtman@lchb.com
Email: delmasry@lchb.com

Nanci E. Nishimura (SBN 152621)
Thomas E. Loeser (SBN 202724)
Karin B. Swope (*pro hac vice*)
Jacob M. Alhadeff (*pro hac vice*)
**COTCHETT, PITRE & McCARTHY, LLP**
840 Malcolm Rd #200
Burlingame, CA 94010
650.697.6000
Email: nnishimura@cpmlegal.com
Email: tloeser@cpmlegal.com
Email: kswope@cpmlegal.com
Email: jalhadeff@cpmlegal.com

*Plaintiffs' Interim Class Counsel*

[*Additional counsel on signature page*]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE PAYPAL HONEY BROWSER EXTENSION LITIGATION | Case No.: 5:24-cv-09470-BLF<br><br>**JOINT STIPULATION AND [PROPOSED] ORDER REGARDING EXPERT DISCOVERY** |

The parties to the above-referenced action, through their respective counsel of record, hereby stipulate to the following regarding the scope of expert discovery relating to all testifying experts and non-testifying experts or expert consultants in this matter.

1. Except as provided otherwise in this Stipulation, expert discovery shall be governed by the Federal Rules of Civil Procedure and any other applicable rule. This Stipulation does not set or alter the time for any disclosure required by Federal Rule of Civil Procedure 26(a)(2)(B) or the timing of any deposition of any testifying expert.

2. To the extent that this Stipulation imposes limitations on discovery that would otherwise be available under the Federal Rules of Civil Procedure, the parties have agreed to those limitations to increase the efficiency of their dealings with testifying experts and to minimize discovery disputes regarding testifying experts. Neither the terms of this Stipulation nor the parties' agreement to them shall be considered an admission by any person that any of the information restricted from discovery by this Stipulation would otherwise be discoverable or admissible.

3. Except as provided in paragraphs 5 and 6 below, the following types of information shall *not* be the subject of any form of discovery, and the parties shall not be obligated to preserve such information in any form or include such information on any privilege log:

   a. the content of oral, written or other communications among and between:

      i. counsel and the expert and/or the expert's staff and/or supporting firms, except as provided by Fed R. Civ. P. 26(b)(4)(C)(i)-(iii);

      ii. counsel and any non-testifying expert consultant and/or the consultant's staff, except as provided by Fed R. Civ. P. 26(b)(4)(C)(i)-(iii);

      iii. the expert and other experts and/or other non-testifying expert consultants;

      iv. the expert and their staff and/or supporting firms;

      v. non-testifying expert consultants and their staffs;

      vi. the expert and the respective staffs and/or supporting firms of other experts or non-testifying expert consultants;

     vii. non-testifying expert consultants and the respective staffs and/or supporting firms of other experts or non-testifying expert consultants; and/or

     viii. the respective staffs and/or supporting firms of experts or non-testifying expert consultants and the staffs and/or supporting firms of other experts or non-testifying expert consultants.[1]

  b. notes, drafts, written communications, preliminary or intermediate calculations, computations, or other types of preliminary work created by, for, or at the direction of a testifying expert in connection with this matter (aside from the final written expert report(s) and notes generated while testifying), including copies of documents produced by any party bearing the notes, markings, or comments of any of the following persons or their staff or agents: the expert, other expert witnesses, non-testifying experts, consultants or outside or in-house attorneys for the party or parties.

4. Except as provided in paragraphs 5 and 6 below, no party or their experts are obligated to produce budgets, invoices, bills, receipts or time records concerning the work performed by testifying or non-testifying expert witnesses or consultants, their staff, assistants, colleagues, associates, or other agents, or their companies or organizations, relating to the report, testimony, or services provided in this matter, unless a dispute as to attorneys' fees and expenses arises.

5. The limitations contained in paragraphs 3 and 4 above shall not apply to any communications, documents, calculations, computations or other forms of information or work upon which a testifying expert relies as a basis for any of his or her opinions or reports. To the extent a testifying expert relies on an assumption provided by counsel, the assumption—but not the communication(s) between counsel and the testifying expert concerning that assumption—must be disclosed.

---

[1] For avoidance of doubt, suggestions from outside counsel regarding revisions to the form of the expert's report, or additional support for the expert's ultimate opinions are examples of the kind of communications that, under paragraph 3(a), are not subject to discovery.

6. Notwithstanding the limitations contained in paragraphs 3 and 4 above, a testifying expert may be asked to respond to reasonable questions regarding the hourly rates of the expert and his or her staff, the amount of time an expert or that expert's staff has spent on the expert's report and associated work, and the amount of money billed for the report and associated work.

7. Within five business days of any party serving any expert report and/or expert declaration pursuant to Fed. R. Civ. P. 26(a)(2)(B) or otherwise, the party or parties proffering the expert witness shall produce: the documents, data or other information relied upon by the expert witness in forming the expert witness's opinions; any exhibits that will be used to summarize or support the expert witness's opinions; and any work product (including but not limited to, analyses, spreadsheets, graphs, and charts) relied upon by the expert witness that is based on the output from any computer programs that are produced.[2] All other disclosures required by Fed. R. Civ. P. 26(a)(2)(B) will be served at the time of the report. "Documents, data or other information relied upon" shall include underlying reports, schedules, spreadsheets, coding, or other information sufficient to reconstruct the work, calculations, and/or analyses upon which the expert witness is relying for his or her opinions.

8. The information required by paragraph 7 above shall be produced electronically (via email, disc or FTP site) where feasible. Data, statistical analyses, or other information (including any calculation or exhibit) upon which an expert relies for any of his or her opinion(s) in this matter shall be provided in machine readable format, including any data that has been cleaned, reformatted, or modified in any way from the form in which it may have been provided to the expert. All other documents, data, and other information relied upon shall be provided in a format as agreed to by the parties, along with any software and instructions required to read them, but no party need produce computer software that is reasonably and commercially available (*e.g.*, Microsoft Word, Excel). Documents that are publicly available need not be produced if they are available online for free at an internet address identified in the expert's report/declaration. Documents that have previously been

---

[2] Notwithstanding the obligation to disclose documents, data, or other information "relied on" by the expert witness, documents, data, or other information that is merely "considered by" the expert witness do not need to be disclosed.

produced during discovery need not be produced if they are identified by Bates number.

9. Paragraph 7 above is not intended to limit the ability of any party to prepare and use demonstrative exhibits, including demonstrative exhibits that may relate to an expert's testimony, during the course of any argument, hearing or trial. The parties agree to meet and confer before the close of expert discovery regarding the timing and procedure for exchanging demonstratives that may be used with experts during a hearing, trial, or other proceeding.

10. No subpoenas (for depositions or documents) shall be served on any testifying expert from whom a report or declaration is provided. Instead, the party proffering such expert will (a) be responsible for producing all materials and information required by the Federal Rules of Civil Procedure or this Stipulation, and (b) make the expert available for deposition at a time mutually agreed to by the parties and consistent with the Court's scheduling orders.

11. Nothing in this Stipulation shall permit a party or a testifying expert to withhold any proposition, fact, belief or other data, information or material (including any assumption) on which the expert relies in support of her or his opinion(s) in this matter or that is otherwise discoverable by order of the Court.

12. This stipulation is without prejudice to, or waiver of, PayPal's right to seek to compel arbitration.

13. The parties agree to comply with this Stipulation pending the Court's approval.

**IT IS SO STIPULATED**, through counsel of record.

Dated:  May 28, 2025                                      Respectfully submitted,

By: /s/ *Adam E. Polk*
Dena C. Sharp (SBN 245869)
Adam E. Polk (SBN 273000)
Trevor T. Tan (SBN 281045)
Nina Gliozzo (SBN 333569)
**GIRARD SHARP LLP**
601 California Street, Suite 1400
San Francisco, CA 94108
Telephone: (415) 981-4800

4

JOINT STIPULATION AND [PROPOSED] ORDER REGARDING EXPERT DISCOVERY
CASE NO. 5:24-cv-09470-BLF

```
 1                                    dsharp@girardsharp.com
                                      apolk@girardsharp.com
 2                                    ttan@girardsharp.com
                                      ngliozzo@girardsharp.com
 3
 4                                    Elizabeth J. Cabraser (SBN 083151)
                                      Roger N. Heller (SBN 215348)
 5                                    **LIEFF CABRASER HEIMANN &
                                      BERNSTEIN, LLP**
 6                                    275 Battery Street, 29th Floor
                                      San Francisco, CA 94111-3339
 7                                    Telephone: (415) 956-1000
 8                                    ecabraser@lchb.com
                                      rheller@lchb.com
 9
10                                    Jason L. Lichtman (*pro hac vice*)
                                      Sean A. Petterson (*pro hac vice* forthcoming)
11                                    Danna Z. Elmasry (*pro hac vice*)
                                      **LIEFF CABRASER HEIMANN &
12                                    BERNSTEIN, LLP**
13                                    250 Hudson Street, 8th Floor
                                      New York, New York 10013-1413
14                                    Telephone: (212) 355-9500
                                      jlichtman@lchb.com
15                                    delmasry@lchb.com
16
                                      Nanci Nishimura (SBN 152621)
17                                    Thomas E. Loeser (SBN 202724)
                                      **COTCHETT, PITRE &
18                                    MCCARTHY, LLP**
19                                    840 Malcolm Road, Suite 200
                                      Burlingame, CA 94010
20                                    Telephone: (650) 697-6000
                                      nnishimura@cpmlegal.com
21                                    tloeser@cpmlegal.com
22
                                      Thomas E. Loeser (SBN 202724)
23                                    Karin B. Swope (*pro hac vice*)
                                      Jacob M. Alhadeff (*pro hac vice*)
24                                    **COTCHETT, PITRE &
25                                    MCCARTHY, LLP**
                                      1809 7th Avenue, Suite 1610
26                                    Seattle, WA 98101
                                      Telephone: (206) 802-1272
27                                    tloeser@cpmlegal.com
28                                    kswope@cpmlegal.com
```

5

JOINT STIPULATION AND [PROPOSED] ORDER REGARDING EXPERT DISCOVERY
CASE NO. 5:24-cv-09470-BLF

jalhadeff@cpmlegal.com

*Plaintiffs' Interim Class Counsel*

Dated: May 28, 2025

By: */s/ Paul F. Rugani*
Paul F. Rugani (SBN 342647)
**ORRICK, HERRINGTON & SUTCLIFFE LLP**
2050 Main Street, Suite 1100
Irvine, CA 92614-8255
Telephone: (949) 567-6700
prugani@orrick.com

Richard A. Jacobsen (*pro hac vice*)
**ORRICK, HERRINGTON & SUTCLIFFE LLP**
51 West 52nd Street
New York, NY 10019-6142
Telephone: (212) 506-5000
rjacobsen@orrick.com

*Attorney for Defendants PayPal, Inc. and PayPal Holdings, Inc.*

## ATTESTATION

Pursuant to Local Rule 5-1(i)(3), the undersigned filer hereby attests that all signature listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

Dated: May 28, 2025          */s/ Adam E. Polk*
                              Adam E. Polk

**[PROPOSED] ORDER**

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

Dated: May 29, 2025

_____
SUSAN VAN KEULEN
United States Magistrate Judge