Dena C. Sharp (SBN 245869)
Adam E. Polk (SBN 273000))
Trevor T. Tan (SBN 281045)
Nina R. Gliozzo (SBN 333569)
**GIRARD SHARP LLP**
601 California Street, Suite 1400
San Francisco, CA 94108
415.981.4800

Nanci E. Nishimura (SBN 152621)
Thomas E. Loeser (SBN 202724)
Karin B. Swope (*pro hac vice*)
Jacob M. Alhadeff (*pro hac vice*)
**COTCHETT, PITRE & McCARTHY, LLP**
840 Malcolm Rd #200,
Burlingame, CA 94010
650.697.6000

Elizabeth J. Cabraser (SBN 083151)
Roger N. Heller (SBN 215348)
Jason L. Lichtman (*pro hac vice*)
Sean A. Petterson (*pro hac vice*)
Danna Z. Elmasry (*pro hac vice*)
**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
275 Battery Street, 29th Floor
San Francisco, CA 94111
415.956.1000

*Plaintiffs' Interim Class Counsel*

*[Additional Counsel Listed on Signature Page]*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

| | |
|---|---|
| *IN RE PAYPAL HONEY BROWSER EXTENSION LITIGATION* | Case No. 5:24-cv-9470-BLF<br><br>**INITIAL JOINT CASE MANAGEMENT STATEMENT**<br><br>Date: July 10, 2025<br>Time: 11:00 AM<br>Courtroom: 1, 5th Floor<br><br>Judge: Hon. Beth Labson Freeman |

Pursuant to Federal Rule of Civil Procedure 26(f), Civil Local Rule 16-9, and the Standing Order for All Judges of the Northern District of California, Plaintiffs GymCaddy LLC, Motion Butter LLC, Dan Becker LLC, Angry Snowboarder, Brevard Marketing LLC, Daniel Lachman, Justin Tech Tips LLC, Stephen Sistek, Storm Productions LLC, Red Beard Studios LLC, Reid Tomasko, Gents Scents LLC, Sebastian Ventura, Colbow Design LLC, Richard Young, Aaron Ramirez, Be Victorious LLC, Stuber Holdings LLC, Christopher Komuves, Eli Silva, John Pugh, David Hiser, Just Josh Inc., Maniac LLC, Shanger Danger LLC, and Ahntourage Media LLC ("Plaintiffs") and Defendants PayPal Holdings, Inc. and PayPal, Inc. ("PayPal" or "Defendants") hereby provide this Joint Case Management Statement in advance of the Court's July 10, 2025 Initial Case Management Conference.

**1.    Jurisdiction and Service**

Plaintiffs contend this Court has jurisdiction over this lawsuit under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2), because this is a proposed class action in which: (1) there are at least 100 Class members; (2) the combined claims of Class members exceed $5,000,000, exclusive of interest, attorneys' fees, and costs; and (3) Defendant and at least one Class member are domiciled in different states. Plaintiffs also contend this Court has original jurisdiction under 28 U.S.C. § 1331 based on Plaintiffs' claims under the Computer Fraud and Abuse Act, 18 U.S.C. § 1030 *et seq*., and supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C § 1367.

There are no disputes regarding personal jurisdiction or venue. Defendants have been served. PayPal reserves the right to challenge the Court's subject matter jurisdiction, including because PayPal contends Plaintiffs cannot establish Article III standing.

**2.    Facts**

i.    <u>Plaintiffs' Position</u>

Plaintiffs are online content creators ("Affiliate Marketers") who earn revenue by promoting the products and services of e-commerce merchants ("Merchants") to the Affiliate Marketers' online audiences. Pursuant to agreements between Affiliate Marketers, Merchants, and affiliate networks, when a consumer clicks on an Affiliate Marketer's affiliate link and then purchases a product or service online from the Merchant, the Merchant is supposed pay a commission for that sale ("Affiliate Commission") to the Affiliate Marketer whose link the consumer followed to the Merchant's website.

Each affiliate link contains a unique identifier ("Affiliate ID") associated with a specific Affiliate Marketer allowing the Merchant to identify which Affiliate Marketer is entitled to the Affiliate Commission in the event of a sale.

As Plaintiffs allege, the Honey Browser Extension surreptitiously replaces the Affiliate Marketer's Affiliate ID with PayPal's own, and the Affiliate Commission that should be paid to the Affiliate Marketer is diverted to PayPal. PayPal owns and operates Honey, an internet browser extension that purports to scan the internet for coupons and discounts, and apply them at checkout (the "Honey Browser Extension"). Consumers who download the Honey browser extension will see a pop-up at checkout when they make purchases on certain websites. If they click on the pop-up, Honey ostensibly will tell them if there is a coupon or better deal for the product they are purchasing, or if they can get cashback on their purchase through the rewards program. But when a consumer is directed to a Merchant by an Affiliate Marketer, and that consumer interacts with the Honey Browser Extension at checkout in any way—including by seeking applicable discounts or cashback rewards, making payment via PayPal, or, at least at the time the original complaints in this litigation were filed, dismissing the pop-ups—PayPal swaps in its Affiliate ID even though PayPal did not generate the sale (the Affiliate Marketer did) and this swap even occurs when Honey does not find a discount code for the product (including when no such code even existed in the Honey database). Plaintiffs allege that, through this scheme, PayPal has diverted millions of dollars in Affiliate Commissions from Plaintiffs and other Affiliate Marketers to itself.

Plaintiffs allege that PayPal's conduct violates the Computer Fraud and Abuse Act, California's Comprehensive Computer Data Access & Fraud Act, California's Unfair Competition Law, Connecticut's Unfair Trade Practices Act, Hawaii's Unfair and Deceptive Trade Practices Act, New Hampshire's Consumer Protection Act, New York's General Business Law, and Washington's Consumer Protection Act. Plaintiffs further allege that PayPal's conduct constitutes unjust enrichment, intentional interference with prospective economic advantage, negligent interference with prospective economic advantage, and intentional interference with contractual relations.

ii. Defendants' Position

Honey is a free, downloadable browser extension shoppers can install on their web browsers

that automatically looks for discount codes to apply to the shoppers' transactions to provide them with savings on their purchases. When a shopper uses Honey before completing a transaction, PayPal may receive a commission related to that transaction. PayPal then shares a significant portion of those commissions with shoppers in the form of PayPal Rewards.

Plaintiffs and PayPal are among the many participants in the online advertising marketplace who compete with each other to earn commissions based on shoppers' activities online. As with all participants in the industry, PayPal's right to earn commissions and the terms under which commissions will be awarded are determined by the unique collection of contracts PayPal enters into with Merchants and Affiliate Networks, the entities that act as intermediaries between Affiliate Marketers and Merchants to support the Merchant's affiliate programs. The ultimate determination of who receives credit and commission for a sale is in the hands of the Affiliate Networks and Merchants. In many cases, Merchants and Affiliate Networks employ a "last click" attribution model, which awards attribution (and commission) to the publisher associated with the last-clicked link before a purchase is completed, although Merchants and Affiliate Networks are free to employ different attribution models or modified versions of the last-click model. Merchants also reach agreements with affiliates to compensate them on other bases that are not directly connected to a completed online transaction.

Plaintiffs are Affiliate Marketers whose ability to earn commission is similarly dependent on the unique set of contracts they enter into with Affiliate Networks and Merchants. Displeased with the results of the contracts they entered, Plaintiffs now seek to blame PayPal for the compensation terms they agreed to. In their Amended Consolidated Class Complaint filed June 20, 2025, Plaintiffs allege that PayPal's participation in the affiliate marketing ecosystem is actually a scheme to misappropriate the commissions Plaintiffs are entitled to. But Plaintiffs have not identified a single instance of alleged harm as a result of PayPal's actions and, even if they did, fail to allege that PayPal is liable under any of the causes of actions in their complaint for what is nothing more than lawful competitive behavior.

**3.    Legal Issues**

The Parties identify the following disputed points of law at this time and reserve the right to modify this statement of disputed legal issues as this litigation progresses:

- Whether PayPal has been unjustly enriched to the detriment of the Class;
- Whether PayPal's conduct violates the Computer Fraud and Abuse Act;
- Whether PayPal's conduct violates California's Comprehensive Computer Data Access & Fraud Act;
- Whether PayPal's conduct constitutes unlawful, unfair, or deceptive business practices in violation of the consumer protection statutes of California, Connecticut, Hawaii, New Hampshire, New York, and Washington;
- Whether PayPal's conduct interfered with the contracts and/or business relationships between Class members and Merchants;
- Whether Plaintiffs and the putative class have Article III standing to pursue their claims;
- Whether Plaintiffs and members of the putative class are subject to mandatory arbitration of their claims;
- Whether Plaintiffs and the putative class suffered any injuries;
- Whether Plaintiffs and the putative class are entitled to declaratory, injunctive, or monetary relief, and if so, in what amount and form;
- Whether Plaintiffs' claims can be certified as a class action under Federal Rule of Civil Procedure 23.

**4.      Motions**

The Parties stipulated and the Court entered a briefing schedule for Defendants' anticipated Motion to Dismiss the Amended Consolidated Class Complaint. Dkt. No. 177. The Parties conferred regarding potential bellwethering for the Motion but agreed that it is not necessary at this stage given the streamlined claims in the Amended Consolidated Class Complaint. The Parties may confer on additional bellwethering proposals that may promote efficiency in the future, with the guidance of the Court's ruling on the anticipated Motion to Dismiss.

Plaintiffs anticipate that they will file a motion for class certification and may move for summary judgment, in addition to necessary discovery and case management motion practice.

On August 4, 2025, consistent with the schedule ordered by the Court (Dkt. No. 177), PayPal intends to move to dismiss Plaintiffs' Amended Consolidated Complaint. At that time, PayPal may

also move to compel arbitration with those Named Plaintiffs who PayPal contends have agreements with PayPal subjecting their claims to mandatory arbitration before the American Arbitration Association. PayPal will oppose any motion for class certification and may file a motion for summary judgment if its forthcoming motion to dismiss is denied.

**5.     Amendment of Pleadings**

Plaintiffs filed an amended consolidated complaint on June 20, 2025, which the Parties agreed was Plaintiffs' single amendment as a matter of course under Federal Rule of Civil Procedure 15(a). Dkt. Nos. 188, 177. Plaintiffs reserve the right to seek leave to further amend pursuant to Federal Rules of Civil Procedure 15 and 16. Many of the Plaintiffs who originally brought suit, but who are not named as class representatives in the Amended Consolidated Class Complaint, have or are in the process of dismissing their claims without prejudice. *See, e.g.*, Dkt. Nos. 179–87. PayPal reserves the right to object to any further amendments or proposed amendments to the Amended Consolidated Class Complaint.

**6.     Evidence Preservation**

The Parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information, and met and conferred on April 1, 2025, regarding preservation of evidence. The Parties confirmed they have taken reasonable and proportionate steps to preserve evidence relevant to the issues reasonably evident in this action.

**7.     Disclosures**

The Parties exchanged initial disclosures pursuant to Federal Rule of Civil Procedure 26(a) on June 2, 2025.

**8.     Discovery**

A.     <u>Discovery Taken to Date:</u>

On April 7, 2025, Plaintiffs served on Defendants their first and second sets of Requests for Production ("RFPs") and an interrogatory. The Parties agreed to prioritize Defendants' responses to Plaintiffs' first set of RFPs and Plaintiffs' interrogatory, and to defer Defendants' responses to Plaintiffs second set of RFPs until after the Court issues a decision on Defendants' forthcoming motion to dismiss. *See* Dkt. No. 150. PayPal served written responses and objections to Plaintiffs' first set of

RFPs and first interrogatory on May 12, 2025. PayPal began producing documents responsive to the First Set of RFPs on June 12, 2025. The Parties are conferring about Defendants' responses and objections. The Parties do not anticipate disputes requiring Court intervention at this time but, should any arise, intend to promptly raise them in accordance with Magistrate Judge van Keulen's Civil and Discovery Referral Matters Standing Order.

B. <u>Scope of Anticipated Discovery:</u>

i. <u>Plaintiffs' Position:</u>

At this time, Plaintiffs intend to propound written discovery and seek deposition testimony on topics including the following: server logs and other electronic records reflecting Defendants' tracking and replacement of Affiliate IDs associated with Affiliate Marketers through the Honey Browser Extension; financial records reflecting Affiliate Commissions that Defendants have obtained through use of the Honey Browser Extension; Defendants' agreements and communications with Merchants, Affiliate Marketers, affiliate networks, and consumers related to the Honey Browser Extension and PayPal Rewards; source codes and documents reflecting how the Honey Browser Extension works; source code and documents reflecting the manner in which the Honey Browser Extension transmits information to Merchants and affiliate networks; the systems used by PayPal to process, store, and maintain information transmitted by the Honey Browser Extension; source code and documents reflecting PayPal's policies and practices relating to the Honey Browser Extension.

To the extent PayPal seeks it, Plaintiffs will oppose discovery of absent class members, including those plaintiffs who have dismissed their suits without prejudice and who are not named in the operative complaint.

Plaintiffs also intend to seek documents and deposition testimony from relevant third-party affiliate networks and Merchants.

ii. <u>Defendants' Position:</u>

At this time, reserving all rights, PayPal intends to propound document requests, interrogatories and requests for admission, and plans to depose Plaintiffs and any experts Plaintiffs will use in this matter. PayPal anticipates seeking discovery related to, among other potential categories: (a) Plaintiffs' content creation and affiliate marketing activities, (b) Plaintiffs' relationships and

communications with Affiliate Networks and Merchants, including the contents of and negotiations surrounding the contracts with such Affiliate Networks and Merchants, (c) information regarding the conversion rates, click-through rates, return on investments, earnings per click and sales generated for any platform where Plaintiffs' Affiliate Link is or has been present, (d) information regarding commissions received by Plaintiffs through their partnerships with relevant Affiliate Networks and Merchants, (e) Plaintiffs' awareness and use of Honey or other browser extension tools, (f) Plaintiffs' alleged injuries and damages, and (g) the allegations in the Amended Consolidated Class Complaint. PayPal intends to seek such discovery from any plaintiff who filed any of the complaints in the actions consolidated into this case who has not voluntarily dismissed their claims with prejudice and who are not subject to mandatory arbitration. PayPal also intends to seek discovery from relevant third parties, including Affiliate Networks and Merchants.

   C. <u>Proposed Limitations or Modifications of the Discovery Rules:</u>

Given the number of third parties with potentially relevant information, the Parties agree that at this time, the limitations on the number of depositions imposed by the Federal Rules of Civil Procedure should only apply to party discovery. The Parties intend to meet and confer concerning appropriate limitations to the number of depositions of party and non-party witnesses as the case proceeds. PayPal maintains that it should be entitled to depose every named Plaintiff who remains in the case following resolution of PayPal's motion to dismiss and any potential motion to compel arbitration, even if that number exceeds the presumptive limit of ten deponents. Otherwise, at this time and given that the proceedings are at an early stage, the Parties do not believe that any changes need to be made to the limitations on discovery imposed by the Federal Rules of Civil Procedure or the Local Rules. Each Party reserves the right to seek modifications to the presumptive limits by agreement or order of the Court. The Parties agree that they will attempt in good faith to resolve any disputes relating to those limits without requiring Court intervention.

   D. <u>When Discovery Should be Completed and Whether Discovery Should be Phased or Be Limited to or Focused on Particular Issues:</u>

The Parties do not believe that discovery should be phased or limited beyond the stipulated schedule noted above. *See* Dkt. No. 150. The proposed schedule (see section 17 below) sets the Close

of Fact Discovery on August 31, 2026, and the Close of Expert Discovery on November 19, 2026.

E. <u>Electronically Stored Information (ESI):</u>

On April 1, 2025, the Parties met and conferred on the topics listed in the Northern District's Guidelines for the Discovery of Electronically Stored Information and ESI Checklist. The Parties agreed to and submitted a stipulated ESI Protocol, which the Court entered on May 29, 2025. Dkt. No. 170.

F. <u>Privilege Issues and Trial Preparation Materials</u>

The Parties agreed to and submitted a stipulated Protective Order, which the Court entered on May 29, 2025. Dkt. No. 169.

Separately, the Parties are conferring about a protocol covering information or items designated as "HIGHLY CONFIDENTIAL – SOURCE CODE" and will submit joint or competing proposals to the Court. The Parties also agreed to and submitted a stipulated Rule 502(d) and Privileged Materials Order, and a stipulated Order Regarding Expert Discovery, which the Court entered on May 29, 2025. Dkt. Nos. 171, 172.

G. <u>Discovery Disputes</u>

The Parties have not identified any discovery disputes at this time that require the Court, but as noted above, are presently conferring on early discovery responses.

**9.   Class Actions**

The Parties have reviewed the Procedural Guidance for Class Action Settlements.

i. <u>Plaintiffs' Position:</u>

Pursuant to Local Rule 16-9(b), Plaintiffs submit the following information:

(1)   Plaintiffs contend that this action is maintainable as a class action under paragraphs (a), (b)(1), (b)(2), (b)(3), and/or (c)(4) of Federal Rule of Civil Procedure 23.

(2)   Plaintiffs bring this action on behalf of the following proposed classes:

> **Class**: All U.S.-based Affiliate Marketers whose Affiliate Commissions were diverted to PayPal when the Honey Browser Extension displaced their Affiliate IDs.
>
> **<u>Subclasses for Class Members domiciled in each of the following states</u>**: Arizona, California, Colorado, Connecticut, Florida, Hawaii, Illinois, Montana,

Minnesota, New Hampshire, New Jersey, New York, North Carolina, Ohio, Pennsylvania, Tennessee, Texas, Virginia, Washington, and Wisconsin.

(3) The following facts alleged in the Amended Consolidated Complaint (Dkt. No. 188) demonstrate that this action is maintainable as a class action:

**Numerosity:** The Class and Subclasses consist of at least thousands of Affiliate Marketers whose Affiliate Commissions were diverted to PayPal through the misconduct alleged herein and thus each is so numerous that joinder of all members is impractical.

**Common Questions:** The principal factual issues (*supra* part 2) and disputed points of law (*supra* part 3) are common to all Class members and predominate over any individual questions because these issues of fact and law will drive the resolution of the claims.

**Typicality:** Plaintiffs' claims asserted are typical of the claims of the Class and Subclasses, all of whom were harmed by PayPal's Affiliate Commission poaching scheme alleged herein.

**Adequacy:** Plaintiffs have no interests adverse or antagonistic to those of the Class and Subclasses and have retained competent and experienced counsel to prosecute the action.

**Superiority:** Given the size of each individual Class members' claims, the expense and burden of litigation make it economically and procedurally impracticable for class members to pursue individual claims, and a class action presents no manageability issues.

**Defendants' Common Conduct:** Defendants have acted or refused to act on grounds generally applicable to the class, making damages, final injunctive relief, and declaratory relief appropriate with respect to the class as a whole.

**Risk of Inconsistent Adjudications:** The prosecution of separate actions by individual class members would create a risk of inconsistent or varying adjudications. Plaintiffs presently anticipate moving for class certification under Rule 23 no later than September 1, 2026.

ii. Defendants' Position:

PayPal disputes Plaintiffs' arguments herein and maintains that a class cannot be certified in this action consistent with the requirements of Federal Rule of Civil Procedure 23. Should the Court deny PayPal's Motion to Dismiss and Plaintiffs later file a motion for class certification, PayPal intends to oppose such motion.

Plaintiffs will not be able to demonstrate that questions of law or fact common to class members predominate over any questions affecting only individual members or that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy because, among other reasons, (i) class members are subject to class action waivers and arbitration agreements based on their use of various services, including PayPal, Venmo, and Honey, (ii) individualized factual issues exist arising from Plaintiffs' own relationships with Merchants and Affiliate Networks; (iii) individualized factual issues exist arising from Plaintiffs' relationships (or lack thereof) with PayPal; (iv) individualized issues exist regarding class members and consumers' knowledge of Honey's actions, (v) there are unique issues of harm and damages, including consumer choices/purchasing habits and the impact of other browser extensions on class members' commissions; and (vi) there are choice of law analyses implicating numerous state laws. The Named Plaintiffs are also not typical of the class with respect to platform size and consumer purchasing volume. In addition, the class cannot be certified because it is impermissibly failsafe or, if redefined, will necessarily include large swaths of uninjured individuals.

**10.    Related Cases**

None.

**11.    Relief**

      i.    <u>Plaintiffs' Statement</u>

Plaintiffs seek: (a) an order certifying the Class and Subclasses under Rule 23 and appointing Plaintiffs and their counsel to represent the Class and Subclasses; (b) an order entering judgment in favor of Plaintiffs and the Class; (c) injunctive and/or declaratory relief as is necessary to protect the interests of Plaintiffs and Class members; (d) all actual, general, special, incidental, statutory, treble, punitive, liquidated, and consequential damages and/or restitution to which Plaintiffs and Class members are entitled; (e) disgorgement of monies obtained through and as a result of the wrongful conduct alleged herein; (f) an order awarding pre- and post-judgment interest as provided by law; (g) other such orders as may be necessary to restore to Plaintiffs and Class members any money and property acquired by Defendants through its wrongful conduct; (h) an order awarding reasonable litigation expenses and attorneys' fees as permitted by law; and (i) such other and further relief as the

Court deems necessary and appropriate.

        ii.   <u>Defendants' Statement</u>

PayPal denies that Plaintiffs have suffered any damages and that Plaintiffs are entitled to any relief in connection with the causes of action in the Amended Consolidated Class Complaint. PayPal requests that judgment be entered in its favor on all claims.

**12.   Settlement and ADR**

Pursuant to Local Rule 16-8 and ADR Local Rule 3-5, the Parties have each filed an ADR Certification (Dkt. Nos. 121–24). The Parties have agreed to meet and confer regarding the selection of an ADR process when appropriate.

**13.   Consent to Magistrate Judge**

The Parties have not consented to proceed for all purposes before a Magistrate Judge.

**14.   Other References**

The Parties do not believe that this case is suitable for reference to a special master or the Judicial Panel on Multidistrict Litigation. PayPal reserves the right to move to compel arbitration.

**15.   Narrowing of Issues**

At this time, the Parties have yet to identify issues that can be narrowed by agreement.

**16.   Expedited Trial Procedure**

The Parties agree that this type of case is not well-suited to proceed under the Expedited Trial Procedure of General Order No. 64, Attachment A.

**17.   Scheduling**

The Parties propose the following deadlines in this matter. The schedule is subject to change upon a proper showing of good cause under Rule 16(b)(4) and subject to the Court's approval.

| Event/Deadline | Proposed Dates |
| --- | --- |
| Initial Case Management Conference | Set for July 10, 2025 (Dkt. No. 150) |
| Further Case Management Conferences | Every 30 days |
| Defendants' Response to Plaintiffs' Amended Consolidated Class Complaint | Set for August 4, 2025 (Dkt. No. 177) |
| Plaintiffs' Opposition to Defendants' Motion to Dismiss (if any) | Set for September 15, 2025 (Dkt. No. 177) |

| Event/Deadline | Proposed Dates |
|---|---|
| Defendants' Reply to Motion to Dismiss (if any) | Set for October 6, 2025 (Dkt. No. 177) |
| Hearing on Motion to Dismiss (if any) | Within 30 days after Defendants' Reply to Motion to Dismiss, at the Court's convenience |
| Plaintiffs' Motion for Class Certification and any Supporting Expert Report(s) | September 1, 2026[1] |
| Defendants' Response to Motion for Class certification and any Supporting Expert Report(s) | October 20, 2026 |
| Plaintiffs' Reply in Support of Motion for Class Certification and any Rebuttal Expert Report(s) | November 19, 2026 |
| Hearing on Plaintiffs' Motion for Class Certification | December 17, 2026 or after, at the Court's convenience |
| Deadline to Amend the Complaint regarding Class Certification Matters | 30 days after ruling on class certification |
| Close of Fact Discovery | November 16, 2026 |
| Expert Reports | December 7, 2026 |
| Rebuttal Expert Reports | January 11, 2027 |
| Close of Expert Discovery | February 1, 2027 |
| Motions for Summary Judgment and *Daubert* Motions | March 8, 2027 |
| Responses to Motions for Summary Judgment and *Daubert* Motions | April 12, 2027 |
| Replies in support of Motions for Summary Judgment and *Daubert* Motions | May 10, 2027 |
| Hearing on Motions for Summary Judgment and *Daubert* Motions | June 3, 2027 or after, at the Court's convenience |
| Last Day to Meet and Confer Pursuant to Local Rule 16-10(b)(5) | July 16, 2027 |
| Joint Final Pretrial Conference Statement and Proposed Order | July 23, 2027 |
| Final Pretrial Conference | August 18, 2027 |
| Trial | September 13, 2027 |

### 18.    Trial

Plaintiffs have demanded a jury trial in this matter. The Parties at this time anticipate a five to ten-day trial.

---

[1] The proposed class certification schedule and the deadlines that follow assume a ruling on the Motion to Dismiss in approximately December 2025.

**19.    Disclosure of Non-Party Interested Entities or Parties**

The Parties have each filed the Certification of Interested Entities or Persons required by Civil Local Rule 3-15 (Dkt. Nos. 14, 19). Other than the named Parties to this action, none of the Parties have any such interest to report.

**20.    Professional Conduct**

All counsel of record for the Parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**21.    Other Matters**

The Parties are not presently aware of any other matters that may facilitate the just, speedy, and inexpensive disposition of this action.

Dated: July 3, 2025                                               Respectfully submitted,

By: /s/ *Dena C. Sharp*
Dena C. Sharp (SBN 245869)
Adam E. Polk (SBN 273000)
Trevor T. Tan (SBN 281045)
Nina R. Gliozzo (SBN 333569)
**GIRARD SHARP LLP**
601 California Street, Suite 1400
San Francisco, CA 94108
Telephone: (415) 981-4800
dsharp@girardsharp.com
apolk@girardsharp.com
ttan@girardsharp.com
ngliozzo@girardsharp.com

Elizabeth J. Cabraser (State Bar No. 083151)
Roger N. Heller (State Bar No. 215348)
**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000
ecabraser@lchb.com
rheller@lchb.com

Jason L. Lichtman (*pro hac vice*)
Sean A. Petterson (*pro hac vice*)

Danna Z. Elmasry (*pro hac vice*)
**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
250 Hudson Street, 8th Floor
New York, New York 10013-1413
Telephone: (212) 355-9500
jlichtman@lchb.com
spetterson@lchbcom
delmasry@lchb.com

Nanci Nishimura (SBN 152621)
Thomas E. Loeser (SBN 202724)
**COTCHETT, PITRE & MCCARTHY, LLP**
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Telephone: (650) 697-6000
nnishimura@cpmlegal.com
tloeser@cpmlegal.com

Thomas E. Loeser (SBN 202724)
Karin B. Swope (*pro hac vice*)
Jacob M. Alhadeff (*pro hac vice*)
**COTCHETT, PITRE & MCCARTHY, LLP**
1809 7th Avenue, Suite 1610
Seattle, WA 98101
Telephone: (206)-802-1272
tloeser@cpmlegal.com
kswope@cpmlegal.com
jalhadeff@cpmlegal.com

*Interim Co-lead Counsel*

Dated:  July 3, 2025        By: */s/ Paul F. Rugani*
Paul F. Rugani (SBN 342647)
**ORRICK, HERRINGTON & SUTCLIFFE LLP**
2050 Main Street, Suite 1100
Irvine, CA 92614-8255
Telephone: (949) 567-6700
prugani@orrick.com

Richard A. Jacobsen (*pro hac vice*)
**ORRICK, HERRINGTON & SUTCLIFFE LLP**
51 West 52nd Street
New York, NY 10019-6142
Telephone: (212) 506-5000

rjacobsen@orrick.com

*Attorney for Defendants PayPal, Inc. and PayPal Holdings, Inc.*

## ATTESTATION

I, Dena C. Sharp, am the ECF User whose ID and password are being used to file this document. In compliance with Civil L.R. 5-1(i)(3), I hereby attest that all counsel have concurred in this filing.

Dated: July 3, 2025                             */s/ Dena C. Sharp*
                                                Dena C. Sharp