# EXHIBIT C

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

IN RE PAYPAL HONEY BROWSER
EXTENSION LITIGATION

Case No.: 5:24-cv-09470-BLF

**[DEFENDANTS' PROPOSED] ORDER AMENDING STIPULATED PROTECTIVE ORDER [D.I. 169]**

This matter came before the Court on the Parties' dispute over how to amend the Stipulated Protective Order (D.I. 169) to specify treatment of materials designated HIGHLY CONFIDENTIAL – SOURCE CODE.

The Court has considered the Parties' positions and submissions, the record in this matter, and any argument by the Parties.

The Court hereby orders Section 8 of the Stipulated Protective Order (D.I. 169) shall be replaced with the following:

8.      SOURCE CODE

(a)      To the extent production of source code becomes necessary in this case, a Producing Party may designate source code as "HIGHLY CONFIDENTIAL - SOURCE CODE" if it meets the definition of Section 2.9 of the Stipulated Protective Order.

(b)      Protected Material designated as "HIGHLY CONFIDENTIAL – SOURCE CODE" shall be subject to all of the protections afforded to "CONFIDENTIAL" information and the additional protections set forth in Sections 7.3 and 8 of the Stipulated Protective Order and herein.

(c)      *Intentionally left blank*.

(d)      Except as otherwise provided herein, any source code produced in discovery shall be made available for inspection as follows:

(1)      Any source code shall be made available for inspection in a native electronic format as it is used, organized, and kept in the ordinary course of business, including all original file and folder structures.

(2)      Access to source code may be provided by the Producing Party on a secured "standalone" computer in a secured room (i.e., the computer will not have access to any network, including a local area network, an intranet, or the Internet) (hereinafter referred to as the "Source Code Computer").

(3)      The Source Code Computer shall be located in a secured, locked room at a mutually-agreeable office of the Producing Party's Outside Counsel of Record. The Producing Party shall also provide a breakout room on the same floor, where mobile phones and other electronic devices can be stored.

(4)      The Producing Party shall make the Source Code Computer available during normal business hours of the office in which the Source Code Computer is located or at other mutually agreeable times. For the purposes of this paragraph 9:00 a.m. to 5:30 p.m., local time at the inspection location, Monday through Friday (and may exclude federal holidays when the office is closed) are presumptively agreed to by the Parties. The Producing Party shall make reasonable efforts to accommodate the Receiving Party's request for access to the Source Code Computer outside of normal

1

business hours. The Source Code Computer shall be available for inspection through the end of the trial in this case, including after any remand from appeal.

(5)    After the Producing Party notifies the Receiving Party that the Producing Party's source code is ready for inspection, the Receiving Party shall provide at least three business days' notice via email prior to the first inspection of the Source Code Computer. The Receiving Party shall provide at least two business days' notice via email prior to any subsequent inspections of the Source Code Computer at the same location.

(6)    The Receiving Party shall send any notice to inspect source code to Producing Party by email. Such notice shall identify: (i) the name of the individual(s) disclosed pursuant to Paragraph 7.4(a) that will attend the inspection, and (ii) the date(s) of the inspection. The Receiving Party may modify which Individual(s) disclosed pursuant to Paragraph 7.4(a) will attend a given inspection without resetting the time required for a notice under Paragraph 8(c)(5).

(7)    The Receiving Party shall maintain a record of any individual who has inspected any portion of the source code.

(8)    All individuals participating in a source code inspection pursuant to this section must present proper identification prior to any access to the Source Code Computer. Proper identification requires showing, at a minimum, a photo identification card sanctioned by the government of any State of the United States or by the federal government of the United States. Access to the Source Code Computer may be denied, at the discretion of the Producing Party, to any individual who fails to provide proper identification.

(9)    Each source code Computer shall be equipped with a keyboard, mouse, and dual monitors installed.

(10)    The Source Code Computer shall have Notepad++, Visual Studio Code, and a PDF print driver already installed along with any other software tools agreed to by the Parties. The Receiving Party may also request that reasonable and commercially-available software tools appropriate for viewing, searching, and/or analyzing the type of source code be made available for inspection be installed on the Source Code Computer. The Producing Party shall promptly install such software tools on the Source Code Computer if already available to it or install such software tools provided that: (i)

2

the Receiving Party provides sufficient instructions and materials necessary to install the software tool (e.g., URL where the software can be downloaded, instructions for installation, physical media containing the software tool, etc.); and (ii) the Receiving Party provides an appropriate license to such software tools, if required. The Receiving Party shall make any request to install software tools via email. The Receiving Party shall provide instructions and/or materials under subsection (i) of this paragraph no later than four business days before the date upon which the Receiving Party wishes to have the software tool(s) available for use on the Source Code Computer. The Producing Party may object to a request to install a software tool within two business days of the Receiving Party's request. The Parties shall thereafter meet and confer within three business days of the objection. Absent resolution, the Parties shall proceed under Section 6.3 of the Stipulated Protective Order with the Producing Party bearing the burden of persuasion.

(11)    Personal electronic devices or any input/output device (e.g., USB memory stick, mobile phone, portable hard drive, etc.) capable of recording the source code, photographing the source code, or transferring electronic copies of the source files from the Source Code Computer may not be taken into the room containing the Source Code Computer. Individuals participating in a source code inspection shall be entitled to take handwritten notes relating to the source code but may not transcribe the source code. These notes may include references to directory paths, source file names, function names, data variable names, general operational and structural features, and the like. No copies of all or any portion of the source code may leave the room in which the source code is inspected except as otherwise provided herein.

(12)    The Producing Party may visually monitor the activities of any individuals participating in a source code inspection pursuant to this section, but only to ensure that there is no unauthorized recording, copying, or transmission of the source code.

(13)    Individuals participating in a source code inspection pursuant to this section shall not alter, dismantle, disassemble, or modify the Source Code Computer in any way, or attempt to circumvent any security feature of the Source Code Computer.

3

(e)    The Receiving Party may request paper copies of limited portions of source code that are reasonably necessary for the preparation of court filings, pleadings, expert reports or other papers or for depositions or trial, which the Producing Party will make available as follows:

(1)    The Receiving Party shall not request printouts of large blocks of source code identified as of interest for purposes of reviewing such source code in the first instance (i.e., as an alternative to reviewing that source code electronically on the Source Code Computer).

(2)    The Receiving Party may make a source code print request by either (i) indicating the files and line ranges it wants printed, or (ii) creating PDF files of the excerpts of source code to be printed on the Source Code Computer and indicating where those PDF files are located on the Source Code Computer. Each PDF file of source code created pursuant to (ii) shall only contain contiguous lines of source code from a single source code file. Subject to any objections, the Producing Party shall produce printouts of the requested portions of the source code within three business days of the Receiving Party's request. These requests will be sent to Outside Counsel of Record for the Receiving Party.

(3)    The Receiving Party may also request up to two additional sets (or subsets) of source code printouts. The Producing Party shall produce such printouts within two business days of the Receiving Party's request or when the original set of printout is due, whichever is later. The Receiving Party may request the additional sets be sent to Outside Counsel of Record for the Receiving Party or any individual who has participated in a source code inspection pursuant to this section. The Receiving Party may not create additional sets (or subsets) of source code printouts.

(4)    For purposes of this section, requests to print up to 25 continuous pages and up to 400 pages in aggregate over the duration of this Action, shall be considered presumptively reasonable. Printed source code shall be formatted such that a single page contains approximately 65 lines of source code, if this format allows the code to be easily legible. The Producing Party shall not refuse a reasonable request to exceed the limits on the number of pages of Source Code that may be printed. If the Producing Party objects to a request to print portions of source code, it shall state its objections within three business days of the request. The Parties shall thereafter meet and confer through direct voice to voice dialogue within three business days of the Producing Party's objection, or in such other

4

time mutually agreed upon by the Parties. Absent resolution, the Parties shall proceed under Section 6.3 of this Order with the Producing Party bearing the burden of persuasion. The burden of persuasion shall be on the Producing Party to demonstrate that the requested portions of source code are more than is reasonably necessary for a permitted purpose.

(5)    The source code printouts shall be produced on Bates numbered and watermarked or colored paper clearly labeled with "[PRODUCING PARTY'S NAME] HIGHLY CONFIDENTIAL – SOURCE CODE" (such watermark shall not be opaque and shall not otherwise obscure any printed material on printouts of the source code). Each printed page shall also contain, in a header and/or footer, the complete, un-truncated path and file name for the source file, so long as printing the complete, un-truncated path and file name in a header or footer is possible. Additionally, each printed page shall include line numbers corresponding to the line number within the source code file being printed.

(6)    In addition to other reasonable steps to maintain the security and confidentiality of the Producing Party's source code, source code printouts requested by the Receiving Party, and any copies thereof, must be kept in a secure location when not in use. When in use, such as at depositions or court hearings, the Receiving Party shall exercise due care in maintaining the security of the printouts.

(f)    The Receiving Party may use such printed source code, and make copies thereof, for the preparation of court filings, pleadings, expert reports, or other papers, or for deposition or trial.

(g)    Printed copies of source code that are marked as deposition exhibits shall not be provided to the Court Reporter or attached to deposition transcripts; rather, the deposition record will identify the exhibit by its Bates label numbers. All paper copies of source code brought to the deposition shall remain with the Producing Counsel's outside counsel for secure destruction in a timely manner following the deposition.

(h)    Except as provided in this paragraph, the Receiving Party may not create electronic images, or any other images, of the source code from the paper copy for use on a computer (e.g., may not scan the source code to a PDF, or photograph the code). The Receiving Party may create an electronic copy or image of limited excerpts of source code only to the extent necessary in a pleading, exhibit, expert report, discovery document, deposition transcript, other Court document, or any drafts of these documents, or as is otherwise necessary for the preparation of its case ("SOURCE CODE

[DEFENDANTS' PROPOSED] ORDER AMENDING STIPULATED PROTECTIVE ORDER
Case No.: 5:24-cv-09470-BLF

DOCUMENTS"). The Receiving Party shall only include such excerpts as are reasonably necessary for the purposes for which such part of the source code is used. The Receiving Party and those individuals authorized to possess materials designated "HIGHLY CONFIDENTIAL – SOURCE CODE" shall take reasonable steps to maintain the security and confidentiality of SOURCE CODE DOCUMENTS, including, but not limited to, when storing or exchanging such documents, either in physical and electronic form.

(i)    To the extent portions of source code are quoted in a SOURCE CODE DOCUMENT, either (1) the entire document will be stamped, labeled, and treated as "HIGHLY CONFIDENTIAL – SOURCE CODE" or (2) those pages containing quoted Source Code will be separately bound, and stamped and treated as HIGHLY CONFIDENTIAL - SOURCE CODE.

IT IS SO ORDERED.

Date: _____    _____

HONORABLE SUSAN VAN KEULEN
United States Magistrate Judge

[DEFENDANTS' PROPOSED] ORDER AMENDING STIPULATED PROTECTIVE ORDER
Case No.: 5:24-cv-09470-BLF