1   Dena C. Sharp (SBN 245869)                Elizabeth J. Cabraser (SBN 083151)
2   Trevor T. Tan (SBN 281045)                Roger N. Heller (SBN 215348)
    Nina R. Gliozzo (SBN 333569)              Jason L. Lichtman (*pro hac vice*)
3   Anthony Rogari (SBN 353784)               Danna Z. Elmasry (*pro hac vice*)
    **GIRARD SHARP LLP**                      **LIEFF CABRASER HEIMANN &**
4   601 California Street, Suite 1400         **BERNSTEIN, LLP**
    San Francisco, CA 94108                   275 Battery Street, 29th Floor
5   415.981.4800                              San Francisco, CA 94111
                                              415.956.1000
6
7   Nanci E. Nishimura (SBN 152621)
    Thomas E. Loeser (SBN 202724)
8   Karin B. Swope (*pro hac vice*)
    Jacob M. Alhadeff (*pro hac vice*)
9   **COTCHETT, PITRE & McCARTHY, LLP**
    840 Malcolm Rd #200,
10  Burlingame, CA 94010
    650.697.6000
11
12  *Interim Co-Lead Counsel*

13

14                  **UNITED STATES DISTRICT COURT**

15                 **NORTHERN DISTRICT OF CALIFORNIA**

16                         **SAN JOSE DIVISION**

17

18  IN RE PAYPAL HONEY BROWSER              Case No. 5:24-cv-09470-BLF
19  EXTENSION LITIGATION
                                            **PLAINTIFFS' AMENDED PROPOSED**
20                                          **TIMEKEEPING PROTOCOL**

21                                          Judge: Hon. Beth Labson Freeman
22

23

24

25

26

27

28

The Court entered an order appointing interim Co-Lead and Class Counsel, Dkt. 131, and approving the Timekeeping Protocol proposed by Co-Lead Counsel,[1] Dkt. 134. Co-Lead Counsel proposed modifications to the schedule provided by the protocol, and the Court entered an order approving the scheduling modifications. Dkt. 216. Accordingly, Co-Lead Counsel in this consolidated litigation hereby adopt the following amended protocol ("Protocol") governing the management of Plaintiffs' counsel's time and expenses in this consolidated litigation.

## STANDARDS FOR TIME AND EXPENSE RECORDS

**I.    General Standards**

1.      Time and expense reports generated pursuant to this Protocol will be considered as the submitting counsel's sworn representation that the time and expenses submitted meet the criteria set forth below.

2.      Only reasonable time and expenses which advance the litigation on behalf of Plaintiffs and the putative class will be considered as potentially compensable.

3.      Only time and expenses expressly authorized in advance by Co-Lead Counsel will be considered as potentially compensable.

4.      Only time and expenses submitted to Co-Lead Counsel in compliance with this Protocol will be considered as potentially compensable.

**II.    Time Reporting**

5.      All time shall be maintained in tenth-of-an hour increments. Time entries not maintained in tenth-of-an-hour increments may be disallowed.

6.      All attorneys and staff working on this case will keep contemporaneous records of their time spent in connection with work on this litigation, indicating the amount of time spent, the particular activity, and their position in the firm (Partner, Of Counsel, Senior Counsel, Associate, Staff Attorney, Law Clerk, Paralegal, Legal Assistant). "Contemporaneous" means that an individual's time spent on a particular activity should be recorded no later than seven days after that activity occurred. Full descriptions of the work performed are required. Time entries that are not sufficiently detailed will not

---

[1] Girard Sharp; Lieff Cabraser Heimann & Bernstein; and Cotchett Pitre & McCarthy.

PLAINTIFFS' AMENDED PROPOSED TIMEKEEPING PROTOCOL
CASE NO. 5:24-cv-09470-BLF

be considered for payment.

7.    Participating Counsel will maintain their time records in an electronic database. Failure to maintain detailed time and expense records or to provide a sufficient description of the activities performed will be considered non-compliance with this Protocol. Vague task descriptions, such as "performed legal research" or "reviewed documents" are not sufficient.

8.    Time records must report the billing rates for each individual listed. Current hourly rates are to be used in calculating time.

9.    Only time spent on matters that advance the litigation will be considered in determining fees. Co-Lead Counsel will be responsible for reviewing time and expense records for compliance with this Protocol. Co-Lead Counsel will each designate one attorney to periodically review and approve timekeeping and bills not submitted by their own firm and strike any duplicative or unreasonable fees and costs.

10.   Potentially compensable work done on behalf of the putative class may include, but is not limited to:

- Communications with clients, including class members;
- Fact investigation and factual and legal research;
- Preparation of research memoranda, pleadings, and briefs;
- Conducting document discovery (*e.g.*, reviewing, indexing, and coding documents);
- Preparation for and attendance at depositions;
- Preparation of and responding to discovery requests;
- Preparation for and attendance at hearings;
- Preparation for and attendance at meetings with defense counsel or with co-counsel;
- Work with experts;
- Settlement and settlement negotiations and related activities;
- Appellate work;
- Trial preparation and trial; and

2

PLAINTIFFS' AMENDED PROPOSED TIMEKEEPING PROTOCOL
CASE NO. 5:24-cv-09470-BLF

- • Performance of administrative matters specifically related to tasks undertaken for the benefit of the class.

11. Compensable work does not include:

- • Excessive time for a particular task;
- • Duplicative time;
- • "Read and review" time (*e.g.*, billing time for reading every document filed on the Court's docket regardless of whether it related to the individual's responsibilities) unless specifically related to a billable task or Co-Lead Counsels' responsibilities;
- • Time for reviewing or drafting emails that exceeds the actual time spent; Time for which descriptions are missing or incomplete; and
- • Internal firm time for firm or file management.

**III. Allocation of Fees**

12. If we are fortunate enough to be awarded a fee in this litigation, the allocation of the fee among the participating firms will be made by Co-Lead Counsel after the fee has been awarded. In allocating any fee, Co-Lead Counsel will be guided by the concept that each firm will be rewarded for the value it has contributed to the results obtained for our clients. While each firm's lodestar will be a substantial factor in determining value, it will not be the only factor. Significant weight will be given to factors such as how efficiently and effectively a firm has handled its responsibilities, the nature of the work that was done, creativity, collegiality, equity, whether a firm has met its financial obligations promptly (as described in the next paragraph), and any other pertinent considerations. Co-Lead Counsel will *not*, however, weight its own time more heavily than the time of other participating firms solely on account of their position as Co-Lead Counsel.

**IV. Expense Reporting**

13. All costs and expenses in this case will be advanced by Co-Lead Counsel and, as authorized by them, other participating counsel. Co-Lead Counsel will seek reimbursement of all such costs and expenses following any judgment or settlement. Co-Lead Counsel may seek contributions to a litigation fund from other participating counsel.

**V.    Expenses**

14.    To be eligible for potential reimbursement, expenses must meet the requirements of this section. Expenses must be:

- Expressly authorized by Co-Lead Counsel;
- Timely submitted;
- Reasonable in amount; and
- Supported by adequate documentation.

15.    Potentially reimbursable expenses include:

- Costs related to obtaining, reviewing, indexing, and paying for hard copies of computerized images of documents;
- Legal research (*e.g.*, LEXIS, Westlaw, or PACER charges);
- Deposition, court reporter, and transcript costs;
- Costs for the electronic storage, retrieval, and searches of ESI;
- Court, filing, and service costs;
- Group administration matters, such as meetings and conference calls;
- Reasonable travel expenses including lodging and meals;
- Expert witness and consultant fees and related expenses;
- Investigator fees and related expenses;
- Printing, copying, coding, and scanning;
- Telephone, postage charges, and courier charges;
- Data and materials provided by outside third-party vendors, consultants and attorneys;
- Witness expenses, including travel;
- Translation costs; and
- Bank or financial institution charges.

PLAINTIFFS' AMENDED PROPOSED TIMEKEEPING PROTOCOL
CASE NO. 5:24-cv-09470-BLF

## VI.    Expense Limitations

16.    Only reasonable expenses will be eligible for potential reimbursement. Except extraordinary circumstances approved by Co-Lead Counsel, all travel reimbursements are subject to the following limitations:

- **Airfare**: Only the price of a fully refundable coach seat for a reasonable itinerary will be reimbursed. Business/First Class Airfare will not be fully reimbursed. If Business Class/First Class Airfare is used, then an estimate of the difference between the Business Class/First Class Airfare and coach fare must be shown on the travel reimbursement form, and only the coach fare will be reimbursed.

- **Hotel**: Hotel room charges for the average available room rate of a business hotel, such as the Hyatt, Westin, and Marriott hotels, in the city in which the stay occurred will be reimbursed. Unless a special discounted rate is negotiated, luxury hotels will not be fully reimbursed but will be reimbursed at the average available rate of a business hotel.

- **Meals**: Meal expenses must be reasonable. Meal expense submissions must be supported by receipts or credit card statements that reflect the date and those partaking in the meal.

- **Cash Expenses**: Miscellaneous cash expenses for which receipts generally are not available (tips, luggage handling, short taxi rides, etc.) will be reimbursed up to $50.00 per day, so long as the expenses are properly itemized.

- **Rental Automobiles**: Luxury automobile rentals will not be reimbursed. If luxury automobiles are selected when non-luxury vehicles are available, then the difference between the luxury and non-luxury vehicle rates must be shown on the travel reimbursement form, and only the non-luxury rate may be claimed, unless such larger sized vehicle is needed to accommodate several people.

- **Mileage**: Mileage claims must be documented by stating origination point, destination, total actual miles for each trip, and the rate per mile paid by the

PLAINTIFFS' AMENDED PROPOSED TIMEKEEPING PROTOCOL
CASE NO. 5:24-cv-09470-BLF

claimant's firm. The maximum allowable rate will be the maximum rate allowed by the IRS (currently $0.58 per mile).

- **Parking**: Parking will be limited to actual documented costs.

17. Other non-travel expenses will be limited as follows:

- **Long Distance and Cellular Telephone**: Long distance and cellular telephone charges must be documented.

- **Shipping, Courier, and Delivery Charges**: All such claimed expenses must be documented.

- **Postage Charges**: A contemporaneous postage log or other supporting documentation must be maintained. Postage charges are to be reported at actual cost.

- **Telefax Charges**: Contemporaneous records should be maintained and submitted showing faxes sent and received. The per-fax charge shall not exceed $1.00 per page.

- **In-House Photocopy**: A contemporaneous photocopy log or other supporting documentation must be maintained. The maximum copy charge is $0.30 per page.

## VII. Verification of Expenses

18. Attorneys and staff must keep receipts for all expenses. Credit card receipts or monthly credit card statements are an appropriate form of verification. Hotel and restaurant costs must be supported by credit card statements, hotel invoice, or restaurant bill. The description of unclaimed expenses on the statement or invoice may be redacted. Receipts need not be submitted on a monthly basis, but shall be maintained by the attorneys and may be required later as a condition of reimbursement.

## SUBMITTING AND EXCHANGING TIME AND EXPENSE REPORTS

## VIII. Timing of Submission and Exchange

19. Co-Lead Counsel will exchange time and expense reports on a monthly basis to Cotchett Pitre & McCarthy. The first time and expense submission will be due May 20, 2025, and will include all time and expense entries from the inception of the case through April 30, 2025. Thereafter,

Co-Lead Counsel shall exchange time and expense reports on a monthly basis. Such reports must be submitted no later than the 20 days following the end of the month being reported. For example, April reports are due no later than May 20.

20.    Any time and expense records submitted in arrears may be disallowed and not submitted as part of any potential fee application.

21.    On a quarterly basis, Co-Lead Counsel will submit *in-camera* summary time and expense reports. Co-Lead Counsel should make a single submission consisting of each firm's separate summary time and expense report.

22.    Co-Lead Counsel's first submission, including all time from inception to June 30, 2025, will be due to the court on July 20, 2025.  Thereafter, each submission to the Court will be due on the first day of the third month following the end of the preceding three-month period reported. For example, the second submission will be due on December 1, 2025.

23.    Co-Lead Counsel may be required to submit detailed time records in connection with any fee application.

**IX.    Content of Time and Expense Reports**

24.    Each monthly time and expense report submission to Co-Lead Counsel must include a detailed spreadsheet, in the form attached as Exhibit 1.


Dated: September 22, 2025                    Respectfully submitted,


                                   By: /s/ *Dena C. Sharp*
                                   Dena C. Sharp (SBN 245869)
                                   Trevor T. Tan (SBN 281045)
                                   Nina R. Gliozzo (SBN 333569)
                                   Anthony Rogari (SBN 353784)
                                   **GIRARD SHARP LLP**
                                   601 California Street, Suite 1400
                                   San Francisco, CA 94108
                                   Telephone: (415) 981-4800
                                   dsharp@girardsharp.com
                                   ttan@girardsharp.com
                                   ngliozzo@girardsharp.com
                                   arogari@girardsharp.com

PLAINTIFFS' AMENDED PROPOSED TIMEKEEPING PROTOCOL
CASE NO. 5:24-cv-09470-BLF

1   Elizabeth J. Cabraser (State Bar No. 083151)
    Roger N. Heller (State Bar No. 215348)
2   **LIEFF CABRASER HEIMANN &
    BERNSTEIN, LLP**
3   275 Battery Street, 29th Floor
    San Francisco, CA 94111-3339
4   Telephone: (415) 956-1000
    ecabraser@lchb.com
5   rheller@lchb.com

6

7   Jason L. Lichtman (*pro hac vice*)
    Sean A. Petterson (*pro hac vice*)
8   Danna Z. Elmasry (*pro hac vice*)
    **LIEFF CABRASER HEIMANN &
9   BERNSTEIN, LLP**
    250 Hudson Street, 8th Floor
10  New York, New York 10013-1413
    Telephone: (212) 355-9500
11  jlichtman@lchb.com
    spetterson@lchb.com
12  delmasry@lchb.com

13

14  Nanci Nishimura (SBN 152621)
    Thomas E. Loeser (SBN 202724)
15  **COTCHETT, PITRE &
    MCCARTHY, LLP**
16  840 Malcolm Road, Suite 200
    Burlingame, CA 94010
17  Telephone: (650) 697-6000
    nnishimura@cpmlegal.com
18  tloeser@cpmlegal.com

19

20  Thomas E. Loeser (SBN 202724)
    Karin B. Swope (*pro hac vice*)
21  Jacob M. Alhadeff (*pro hac vice*)
    **COTCHETT, PITRE &
22  MCCARTHY, LLP**
    1809 7th Avenue, Suite 1610
23  Seattle, WA 98101
    Telephone: (206)-802-1272
24  tloeser@cpmlegal.com
    kswope@cpmlegal.com
25  jalhadeff@cpmlegal.com

26

27  *Interim Co-Lead Counsel*

28

8

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **ATTESTATION**

I, Dena C. Sharp, am the ECF user whose identification and password are being used to file this document. In compliance with Local Rule 5-1(i)(3), I hereby attest that all signatories hereto concur in this filing.

Dated: September 22, 2025                           By:  */s/ Dena C. Sharp*
                                                                             Dena C. Sharp

# EXHIBIT 1

**In re PayPal Holding Browser Extension Litigation**
**Case No. 5:24-cv-09470-BLF**
**Time Report - Monthly**
**Time Reporting Period:** _____

**Categories** (1) Pre-Complaint Investigation (2) Class Member Communications (3) Complaint Prep. (Including Amended Complaint(s)) (4) Court Hearings (5) Litigation Strategy and Analysis (6) MTD Briefing/Research (7) Class Cert Briefing/ Research (8) SJ Briefing/Research (9) Other Practices/Research (10) Discovery Requests/Responses/Meet & Confer (11) Factual Analysis/Document Review (12) Depositions and Related Preparation (13) Experts/Expert Discovery/Daubert (14) Mediation (15) Trial/Trial Preparation (16) Appeals (17) Settlement/Settlement Administration/Notice

| Name | Title | Firm | Date | Category | Detailed Description of Work Performed | Hours | Rate | Total |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| TOTAL | | | | | | 0.00 | | $0.00 |

**In re PayPal Holding Browser Extension Litigation**
**Case No. 5:24-cv-09470-BLF**
**Expense Report – Monthly**
**Reporting Period:** _____

| Categories: | (1) Court/Filing Fees (2) Professional Fees (e.g., experts, consultants, etc.) (3) Air Transportation (4) Ground Transportation (5) Meals (6) Lodging (7) Telephone/Facsimile (8) Postage/Express Delivery/Messenger (9) Commercial Copies (10) Court Reporter/Transcripts (11) Witness/Process Service Fees (12) Internal Reproduction/Copies (13) Computer Research (e.g Westlaw) (14) Document Management (15) Miscellaneous |
|---|---|

| Name | Title | Firm | Date | Category | Detailed Description of Expense | Cost |
|---|---|---|---|---|---|---|
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| **TOTAL** | | | | | | **$0.00** |