1   Dena C. Sharp (SBN 245869)                 Elizabeth J. Cabraser (SBN 083151)
    Trevor T. Tan (SBN 281045)                 Roger N. Heller (SBN 215348)
2   Nina Gliozzo (SBN 333569)                  Jason L. Lichtman (*pro hac vice*)
    Anthony Rogari (SBN 353784)                Sean A. Petterson (*pro hac vice*)
3   **GIRARD SHARP LLP**                       Danna Z. Elmasry (*pro hac vice*)
    601 California Street, Suite 1400          **LIEFF CABRASER HEIMANN &**
4   San Francisco, CA 94108                    **BERNSTEIN, LLP**
    Telephone: 415.981.4800                    275 Battery Street, 29th Floor
5                                              San Francisco, CA 94111
    Nanci E. Nishimura (SBN 152621)            Telephone: 415.956.1000
6   Thomas E. Loeser (SBN 202724)
    Karin B. Swope (*pro hac vice*)
7   Jacob M. Alhadeff (*pro hac vice*)
    **COTCHETT, PITRE & McCARTHY, LLP**
8   840 Malcolm Road,
    Burlingame, CA 94010
9   Telephone: 650.697.6000

10  *Interim Co-Lead Counsel*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE PAYPAL HONEY BROWSER EXTENSION LITIGATION | Case No. 5:24-cv-9470-BLF<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO COMPEL ARBITRATION** |

**TABLE OF CONTENTS**

**Page**

I.   INTRODUCTION ................................................................................................................. 1

II.  LEGAL STANDARD........................................................................................................... 1

III. SCOPE OF DISPUTE........................................................................................................... 2

IV.  ARGUMENT........................................................................................................................ 2

   A. There is no agreement to arbitrate Plaintiffs' claims under the plain language of the Consumer User Agreements. ..................................................................................... 2

      1. The Ninth Circuit's opinion in *Johnson* forecloses PayPal's arguments..................... 3

      2. PayPal's motion would fail even in the absence of *Johnson*. ..................................... 4

   B. PayPal's sweeping interpretation of the CUAs is unconscionable and unenforceable............ 5

   C. PayPal does not establish that each Plaintiff even assented to consumer arbitration of claims about their PayPal or Venmo accounts......................................................... 7

      1. PayPal cannot compel corporate entities to arbitrate based on agreements to which those entities did not assent......................................................................... 7

         a. PayPal cannot establish an agency relationship............................................... 7

         b. PayPal cannot establish "knowing exploitation." ........................................... 8

      2. PayPal has not established that Plaintiffs who signed up for PayPal or Venmo before the at-issue arbitration clauses were inserted are subject to those clauses. .................................................................................................................. 9

      3. PayPal does not establish that any Plaintiff assented affirmatively to a CUA. ........... 9

V.   CONCLUSION................................................................................................................... 10

# TABLE OF AUTHORITIES

Page

**Cases**

*Andor Pharms., LLC v. Lannett Co., Inc.*,
  2024 WL 1855112 (Del. Super. Ct. Apr. 29, 2024).................................................................6

*Ashbey v. Archstone Prop. Mgmt., Inc.*,
  785 F.3d 1320 (9th Cir. 2015) ................................................................................................2

*AT&T Mobility LLC v. Concepcion*,
  563 U.S. 333 (2011)..............................................................................................................5, 6

*Attia v. Oura Ring, Inc.*,
  2024 WL 1382464 (N.D. Cal. Apr. 1, 2024), *aff'd*, 2025 WL 878971 (9th Cir. Mar. 21,
  2025) .........................................................................................................................................3

*Bahamonde v. Amazon.com Servs. LLC*,
  2025 WL 2021801 (N.D. Cal. July 18, 2025).........................................................................5

*Brown v. Comcast Corp.*,
  2016 WL 9109112 (C.D. Cal. Aug. 12, 2016)........................................................................8

*Cheng v. PayPal, Inc.*,
  2022 WL 126305 (N.D. Cal. Jan. 13, 2022) ...........................................................................4

*Comer v. Micor, Inc.*,
  436 F.3d 1098 (9th Cir. 2006) ................................................................................................8

*County of Contra Costa v. Kaiser Foundation Health Plan, Inc.*,
  47 Cal. App. 4th 237 (1996) ...................................................................................................8

*Esparza v. SmartPay Leasing, Inc.*,
  2017 WL 4390182 (N.D. Cal. Oct. 3, 2017), *aff'd*, 765 F. App'x 218 (9th Cir. 2019).........5

*Evans v. PayPal, Inc.*,
  2022 WL 1813993 (N.D. Cal. June 2, 2022), *aff'd*, 2023 WL 6058490 (9th Cir. Sept. 18,
  2023) .........................................................................................................................................4

*Goldman, Sachs & Co. v. City of Reno*,
  747 F.3d 733 (9th Cir. 2014) ..................................................................................................2

*Granite Rock Co. v. Teamsters*,
  561 U.S. 287 (2010)................................................................................................................4

*Hansen v. LMB Mortg. Servs., Inc.*,
  1 F.4th 667 (9th Cir. 2021) ....................................................................................................2

**TABLE OF AUTHORITIES**
(continued)

Page

*Hicks v. Utiliquest, LLC*,
    2024 WL 3011242 (E.D. Cal. June 11, 2024) ...............................................................2, 7

*Ireland-Gordy v. Tile, Inc.*,
    760 F. Supp. 3d 946 (N.D. Cal. 2024) ..........................................................................2, 5

*Jackson v. Amazon.com, Inc.*,
    65 F.4th 1093 (9th Cir. 2023) .......................................................................................9, 10

*In re Jiffy Lube Int'l, Inc. Text Spam Litig.*,
    847 F. Supp. 2d 1253 (S.D. Cal. 2012) .............................................................................5

*Johnson v. Walmart, Inc.*,
    57 F.4th 677 (9th Cir. 2023) ..................................................................................1, 3, 4, 5

*Lima v. Gateway, Inc.*,
    886 F. Supp. 2d 1170 (C.D. Cal. 2012) .............................................................................6

*Morgan v. Sundance, Inc.*,
    596 U.S. 411 (2022) ...........................................................................................................4

*Murphy v. DirecTV, Inc.*,
    724 F.3d 1218 (9th Cir. 2013) ...........................................................................................7

*Nat'l Auto Lenders, Inc. v. SysLOCATE, Inc.*,
    686 F. Supp. 2d 1318 (S.D. Fla. 2010), *aff'd*, 433 F. App'x 842 (11th Cir. 2011) ...............7

*Parish v. Fitness Int'l, LLC*,
    2020 WL 5371510 (C.D. Cal. June 10, 2020) ...................................................................6

*Platt v. Sodexo, S.A.*,
    148 F.4th 709 (9th Cir. 2025) ............................................................................................1

*Pyramid Travel, Inc. v. Sri Lankan Travel, Inc.*,
    2000 WL 34017119 (C.D. Cal. Sept. 18, 2000), *aff'd*, 64 F. App'x 70 (9th Cir. 2003) .........6

*Revitch v. DIRECTV, LLC*,
    977 F.3d 713 (9th Cir. 2020) .........................................................................................5, 6

*Smith v. Steinkamp*,
    318 F.3d 775 (7th Cir. 2003) ..............................................................................................5

*Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*,
    559 U.S. 662 (2010) ............................................................................................................1

*Thomas v. Cricket Wireless, LLC*,
    506 F. Supp. 3d 891 (N.D. Cal. 2020) .........................................................................5, 6, 7

**TABLE OF AUTHORITIES**
(continued)

Page

*Veribi, LLC v. Compass Mining, Inc.*,
  2023 WL 375680 (C.D. Cal. Jan. 20, 2023) ..................................................................................4

*Vidal v. Advanced Care Staffing, LLC*,
  2023 WL 2783251 (E.D.N.Y. Apr. 4, 2023) ..................................................................................6

## I. INTRODUCTION

PayPal's motion to compel a subset of the named Plaintiffs to arbitration is without merit. PayPal seeks to extend the arbitration clauses in the terms and conditions for PayPal and Venmo consumers (the "Consumer User Agreements" or "CUAs") to a business-to-business dispute involving PayPal allegedly stealing Affiliate Commissions with its "Honey" browser extension. Courts in the Ninth Circuit consistently reject similar efforts to overextend arbitration clauses to unrelated disputes. Here, the plain text of the CUAs limit the entire agreement (including the arbitration clauses) to a consumer's "use of" PayPal or Venmo "accounts" and "services." Because the dispute in this case does not involve Plaintiffs acting as consumers using PayPal or Venmo "accounts" or "services," there is no agreement to arbitrate Plaintiffs' claims. *See Johnson v. Walmart, Inc.*, 57 F.4th 677, 682 (9th Cir. 2023).

PayPal's motion also fails because even if the clauses had been written to ostensibly apply to any dispute at all (rather than simply governing the Plaintiffs' "use of" "accounts" or "services" as consumers), they would be unconscionably broad, covering literally any dispute that could possibly arise between an individual and PayPal including, e.g., a slip-and-fall on PayPal's premises. But that is not the law. The scope of consent to arbitrate is not unbounded, and courts consistently refuse to enforce arbitration agreements as to claims that have nothing to do with the underlying agreement.

Finally, PayPal fails to establish that any Plaintiff is bound to the CUAs in the first instance. For example, PayPal seeks to compel to arbitration corporate entities who never signed any CUA, asserting without evidence (and contrary to logic) that certain individuals were acting as their company's "agent" when they signed the CUAs. This argument fails for several reasons, the most straightforward of which is that most of the corporate Plaintiffs in this matter did not exist when the relevant individuals opened their PayPal or Venmo accounts, so those individuals could not have been acting as "agents" for the (then non-existent) companies when they did so.

Plaintiffs ask this Court to deny PayPal's motion to compel in its entirety and, irrespective of the outcome of this motion, permit the case to proceed as to the Plaintiffs who are not implicated by it.

## II. LEGAL STANDARD

Under the Federal Arbitration Act ("FAA"), parties must "consent to arbitration to form a valid arbitration agreement." *Platt v. Sodexo, S.A.*, 148 F.4th 709, 716 (9th Cir. 2025) (citing *Stolt-Nielsen S.A. v.*

PLAINTIFFS' OPPOSITION TO DEFENDANTS'
MOTION TO COMPEL ARBITRATION
CASE NO. 5:24-CV-9470-BLF

*AnimalFeeds Int'l Corp.*, 559 U.S. 662, 681 (2010)). The party seeking to compel arbitration bears the burden of showing that a valid agreement to arbitrate exists and encompasses the dispute at issue. *Ashbey v. Archstone Prop. Mgmt., Inc.*, 785 F.3d 1320, 1323 (9th Cir. 2015). Thus, presumptions in favor of arbitration do "not apply to disputes concerning whether an agreement to arbitrate has been made." *Goldman, Sachs & Co. v. City of Reno*, 747 F.3d 733, 743 (9th Cir. 2014) (quotation marks omitted).

The summary judgment standard applies to motions to compel arbitration, *see Hansen v. LMB Mortg. Servs., Inc.*, 1 F.4th 667, 670 (9th Cir. 2021), so "the party opposing arbitration receives the benefit of any reasonable doubts and the court draws reasonable inferences in that party's favor," *Hicks v. Utiliquest, LLC*, 2024 WL 3011242, at *2 (E.D. Cal. June 11, 2024) (cleaned up). "Only when no genuine disputes of material fact surround the arbitration agreement's existence and applicability may the court compel arbitration." *Id.*

### III. SCOPE OF DISPUTE

PayPal does not move to compel arbitration against Plaintiffs Miniac, LLC; Gymcaddy LLC; Stuber Holdings, LLC; or Just Josh Inc. This case will continue as to these Plaintiffs and the proposed class they represent, irrespective of the outcome of this motion. *E.g.*, *Ireland-Gordy v. Tile, Inc.*, 760 F. Supp. 3d 946, 964 (N.D. Cal. 2024) ("where some, but not all, claims are subject to arbitration," district court has discretion and courts have "a preference for proceeding with the non-arbitrable claims when feasible.").

### IV. ARGUMENT

**A. There is no agreement to arbitrate Plaintiffs' claims under the plain language of the Consumer User Agreements.**

Plaintiffs are Affiliate Marketers: individuals and entities that market retailers' products and services to online followers via links, in return for Affiliate Commissions when their links lead to a sale. Plaintiffs allege that PayPal stole their Affiliate Commissions via the Honey browser extension. *See generally* Dkt. 188. PayPal argues that this dispute is subject to arbitration under the Consumer User Agreements because those agreements cover any possible dispute between the Parties. Mot at 9–10. PayPal is wrong: the CUAs are expressly limited to a consumer's "use of" PayPal or Venmo. Ex. 1 at 2 ("This user agreement is a contract between you and PayPal, Inc. *governing your use of your PayPal account and the PayPal services*."); Ex. 24 at 2 ("This user agreement is a contract between you and PayPal, Inc. *governing your use of your Venmo account and the Venmo services*."); *see also* Exs. 4–23 (older PayPal CUAs with same or similar limiting

language); Exs. 26–30 (older Venmo CUAs with same or similar limiting language).[1]

### 1. The Ninth Circuit's opinion in *Johnson* forecloses PayPal's arguments.

The Ninth Circuit has held that courts "must . . . interpret the meaning of individual arbitration clauses in connection with the rest of the agreement and not detached portions thereof." *Johnson*, 57 F.4th at 682 (quotation marks omitted). It applied that principle to reject a nearly identical argument to the one PayPal makes here. *See id*.

In *Johnson*, Walmart sought to compel arbitration of a dispute about the plaintiff's in-store purchase of tire services through a clause in its website's Terms of Use. *Id*. at 681. Like the clauses PayPal invokes here, the clause in *Johnson* provided that "all disputes arising out of or related to these Terms of Use *or any aspect of the relationship between you and Walmart* . . . will be resolved through final and binding arbitration." *Id*. at 679 (emphasis added). The Ninth Circuit held the plaintiff was not required to arbitrate because the introductory language of the Terms of Service limited the entire agreement to the consumer's "use of and access to Walmart Sites":

> By the plain meaning of the introductory language, no provision of the Terms of Use can govern Johnson's in-store purchase because that purchase did not involve his access to or use of any Walmart Site. The language and subject matter of the contract make clear that by agreeing to the Terms of Use, Johnson did not assent to arbitrate claims that might arise out of a separate, in-store purchase.

*Id*. at 682.

Like the agreement in *Johnson*, the PayPal and Venmo CUAs contain introductory language expressly limiting the entire agreements to the consumer's "use of" PayPal or Venmo accounts and services. Consistent with this introductory language, the CUAs contain term after term related to the customer's PayPal account and use of PayPal services. *See id.* Yet PayPal seeks to compel arbitration of claims that it admits have nothing to do with Plaintiffs' use of PayPal or Venmo accounts or services. Mot. at 10. That disconnect alone shows that PayPal's motion is without merit. *See id*.; *see also Attia v. Oura Ring, Inc.*, 2024 WL 1382464, at *4 (N.D. Cal. Apr. 1, 2024), *aff'd*, 2025 WL 878971 (9th Cir. Mar. 21, 2025) (defendant could not compel arbitration because, under *Johnson*, the agreement containing the arbitration clause "does not purport to

---

[1] "Ex." refers to the exhibits to the Declaration of Alicia Sterzinar (Dkt. 205-1) ("Decl."). Unless otherwise indicated, each emphasis is supplied.

PLAINTIFFS' OPPOSITION TO DEFENDANTS'
MOTION TO COMPEL ARBITRATION
CASE NO. 5:24-CV-9470-BLF

govern all aspects of signatories' relationship with Defendants."); *Veribi, LLC v. Compass Mining, Inc.*, 2023 WL 375680, at *9 (C.D. Cal. Jan. 20, 2023) (plaintiffs' claims arose from "an entirely separate agreement"). The inapplicability of the CUAs here is even clearer than in *Johnson*, since Plaintiffs' claims are unrelated to any relationship they have as a PayPal consumer.

Put simply, PayPal's alleged theft from Plaintiffs is entirely based on Plaintiffs' status as Affiliate Marketers and has nothing to do with whether they were ever PayPal customers. The only "connection" that PayPal can claim is that PayPal happens to have owned and operated Honey since 2020. Under *Johnson*, the "language . . . of the [CUAs] make[s] clear that by agreeing to [them], [Plaintiffs] did not assent to arbitrate claims that might arise out of a separate" issue, including theft of their Affiliate Commissions via the Honey browser extension. *Id.* at 682. PayPal's motion must fail for this reason alone.

### 2. PayPal's motion would fail even in the absence of *Johnson*.

Out of an abundance of caution, Plaintiffs make two additional points.

First, PayPal is incorrect to invoke the presumption in favor of arbitration. Mot. at 10. This simply "does not apply to disputes concerning whether an agreement to arbitrate has been made," *Johnson*, 57 F.4th at 680–81. The Supreme Court, moreover, reiterated that the presumption "is merely an acknowledgment of the FAA's commitment to overrule the judiciary's longstanding refusal to enforce agreements to arbitrate and to place such agreements upon the same footing as other contracts." *Morgan v. Sundance, Inc.*, 596 U.S. 411, 418 (2022) (citing *Granite Rock Co. v. Teamsters*, 561 U.S. 287, 302 (2010)). Courts cannot compel parties to arbitrate matters that they did not agree to arbitrate. *Morgan*, 596 U.S. at 418; *Johnson*, 57 F.4th at 681.

Second, PayPal cites cases in which this Court granted prior motions from PayPal to compel arbitration, but they are inapposite because they concerned *consumers*' PayPal accounts and use of PayPal services. *See Evans v. PayPal, Inc.*, 2022 WL 1813993, at *1 (N.D. Cal. June 2, 2022), *aff'd*, 2023 WL 6058490 (9th Cir. Sept. 18, 2023) (PayPal froze plaintiff's PayPal account after determining plaintiff violated applicable terms or rules); *Cheng v. PayPal, Inc.*, 2022 WL 126305, at *1 (N.D. Cal. Jan. 13, 2022) (PayPal terminated plaintiff's PayPal account for improper payments to his account). This Court did not have any occasion or need to consider the CUAs' introductory limiting language in *Evans* and *Cheng*, or the impact that language would have regarding claims like the ones in this case that are unrelated to Plaintiffs' "use of" PayPal or Venmo.

### B. PayPal's sweeping interpretation of the CUAs is unconscionable and unenforceable.

Even without the express limiting language of the CUAs, PayPal's attempt to compel arbitration here would fail because its boundless interpretation and application of the clauses would render them impermissibly broad, substantively unconscionable, and thus unenforceable. PayPal admits that Plaintiffs' "claims here do not arise out of the direct use of [the Arbitration Plaintiffs'] PayPal or Venmo accounts," but insists that this "does not alter" the analysis. Mot. at 10. This is contrary to law as "no reasonable [person] expects that an arbitration provision would cover claims that have nothing to do with the service agreement containing the arbitration clause." *Ireland-Gordy*, 760 F. Supp. 3d at 959–60, 962 (citing *Revitch v. DIRECTV, LLC*, 977 F.3d 713, 720 (9th Cir. 2020)).

Contrary to what PayPal asks the Court to do, courts must consider "[t]he language *and subject matter* of the contract" to determine a reasonable scope. *Johnson*, 57 F.4th at 682. This is because "absurd results" would ensue if the scope of an arbitration clause were "read as standing free" from the underlying agreement. *Smith v. Steinkamp*, 318 F.3d 775, 777 (7th Cir. 2003). Courts consistently hold that agreements are unconscionably broad where an arbitration clause covering disputes arising out of an agreement also covers disputes unrelated to the agreement. *See, e.g.*, *Ireland-Gordy*, 760 F. Supp. 3d at 960. For instance, in *Bahamonde v. Amazon.com Servs. LLC*, an arbitration provision in an employment contract was unconscionably broad because it "includes claims that are unrelated to [plaintiffs'] employment with Amplio, such as if an Amplio driver hit a plaintiff walking down the street while the driver was delivering a package for a customer." 2025 WL 2021801, at *8 (N.D. Cal. July 18, 2025) (quotation marks omitted); *see also Thomas v. Cricket Wireless, LLC*, 506 F. Supp. 3d 891, 904 (N.D. Cal. 2020) (declining to enforce arbitration provision that sought to "cover 'all disputes and claims'"); *Esparza v. SmartPay Leasing, Inc.*, 2017 WL 4390182, at *2–3 (N.D. Cal. Oct. 3, 2017), *aff'd*, 765 F. App'x 218 (9th Cir. 2019) (even without express limiting language, "reading the clause as applying to any and every claim . . . even including employment and tort claims, with no limiting principle would render the clause impermissibly overbroad . . . ."); *In re Jiffy Lube Int'l, Inc. Text Spam Litig.*, 847 F. Supp. 2d 1253, 1263 (S.D. Cal. 2012) (clause that purported to cover "any and all disputes" would "clearly be unconscionable" if applied to "a completely separate incident").

With respect to unconscionability, courts apply state-law principles of contract law to this "generally applicable contract defense." *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011). The PayPal

1    CUAs include a Delaware choice-of-law clause and the Venmo CUAs include a New York choice-of-law
2    clause. Whether the law of New York, Delaware, or California (where PayPal is headquartered) applies, the
3    result is the same, as each state recognizes unconscionability as a basis for not enforcing a contract provision,
4    especially in a take-it-or-leave-it contract of adhesion like the CUAs. *See Thomas*, 506 F. Supp. 3d at 903–4
5    (arbitration provision unconscionable and unenforceable under California law); *Vidal v. Advanced Care*
6    *Staffing, LLC*, 2023 WL 2783251, at *16 (E.D.N.Y. Apr. 4, 2023) (unconscionability grounds for non-
7    enforcement of arbitration agreement under New York law); *Andor Pharms., LLC v. Lannett Co., Inc.*, 2024
8    WL 1855112, at *17 (Del. Super. Ct. Apr. 29, 2024) (same under Delaware law); *see also* Mot. at 8 ("[t]he
9    tests for unconscionability under Delaware, New York, and California law are identical.").

10   PayPal claims that the Supreme Court upheld the enforceability of a similar arbitration clause in
11   *Concepcion*, 563 U.S. at 333. Mot. at 9. But there, the claim about mobile phone charges was directly related
12   to the mobile service agreement the defendant invoked. Thus the scope of the arbitration provision "was not
13   at issue" in *Concepcion* and "the Supreme Court had no occasion to address its overbreadth." *Thomas*, 506
14   F.Supp.3d at 906–7. Moreover, none of PayPal's cases supports compelling arbitration here. In fact, *Lima v.*
15   *Gateway, Inc.* supports Plaintiffs' argument that PayPal's sweeping interpretation is substantively
16   unconscionable. 886 F. Supp. 2d 1170 (C.D. Cal. 2012). There, the court held that "it is completely unexpected
17   that an adhesive consumer warranty would require arbitration of *all* disputes between the parties—including
18   those beyond the scope of the warranty coverage." *Id.* at 1183. PayPal's two other cases are inapposite as the
19   plaintiffs' claims were closely related to the relationship at issue in the agreements, in stark contrast to here
20   where PayPal concedes there is no such connection. *See Parish v. Fitness Int'l, LLC*, 2020 WL 5371510, at
21   *1 (C.D. Cal. June 10, 2020); *Pyramid Travel, Inc. v. Sri Lankan Travel, Inc.*, 2000 WL 34017119, at *5
22   (C.D. Cal. Sept. 18, 2000), *aff'd*, 64 F. App'x 70 (9th Cir. 2003).

23   PayPal's argument is particularly farfetched for Plaintiffs who allegedly opened PayPal or Venmo
24   accounts before PayPal's 2020 acquisition of Honey, as they could not possibly have known or expected that
25   the clauses would be later invoked for claims that not only had nothing to do with their PayPal accounts or
26   use of those services, but also concerned a totally separate product. *See Revitch*, 977 F.3d at 718 ("When
27   Revitch signed his wireless services agreement with AT&T Mobility so that he could obtain cell phone
28   services, he could not reasonably have expected that he would be forced to arbitrate an unrelated dispute with

DIRECTV, a satellite television provider that would not become affiliated with AT&T until years later."); *Thomas*, 506 F. Supp. 3d at 904 (arbitration provision unconscionable and unenforceable where defendant tried "to compel arbitration . . . based on an entirely separate wireless service agreement that [plaintiff] signed with a different wireless service provider . . . years after [the relevant event]."). Those plaintiffs are: Brevard Marketing LLC; Christopher Komuves; Dan Becker, LLC; Colbow Design LLC; Ahntourage Media LLC; Angry Snowboarder; Red Beard Studios LLC; David Hiser; Shanger Danger LLC; Storm Productions LLC; Be Victorious LLC; John Pugh; Sebastian Ventura; Motion Butter, LLC; Stephen Sistek; and Richard Young. Decl. ¶¶ 68, 41, 28, 38, 45, 29, 34, 43, 44, 33, 40, 44, 33, 40, 42, 37, 27, & 32.

### C. PayPal does not establish that each Plaintiff even assented to consumer arbitration of claims about their PayPal or Venmo accounts.

PayPal's evidence also fails, as a threshold matter, to establish that Plaintiffs assented to the CUA terms PayPal seeks to invoke. At the very least, this reveals genuine issues of material fact, requiring denial of the motion as to these Plaintiffs. *See Hicks*, 2024 WL 3011242, at *2.

#### 1. PayPal cannot compel corporate entities to arbitrate based on agreements to which those entities did not assent.

PayPal seeks arbitration with ten corporate entities *who never had a PayPal or Venmo account or otherwise assented to any CUA*. *See* Decl. ¶¶ 28, 38, 34, 44, 33, 40, 26, 36, 45, & 29 (Dan Becker, LLC; Colbow Design LLC; Red Beard Studios LLC; Shanger Danger LLC; Storm Productions; Be Victorious LLC; Motion Butter, LLC; Gents Scents LLC; Ahntourage Media LLC; and Angry Snowboarder). PayPal concedes this, but argues that these entities are nevertheless bound to a PayPal or Venmo CUA because: (a) their "alleged owners or operators" agreed to CUAs as agents of the entity; or (b) these entities "knowingly exploit[]" the CUAs such that arbitration is equitable. Mot. at 7–8. Both arguments are unsupported and fail.

#### a. PayPal cannot establish an agency relationship.

PayPal's principal-agent argument is entirely conclusory. PayPal presents no evidence that *any* individual account holder had the legal capacity to bind the corporate plaintiff (or was acting within the scope of any agency relationship) when those individuals signed up for their Venmo/PayPal accounts. *See Murphy v. DirecTV, Inc.*, 724 F.3d 1218, 1232–33 (9th Cir. 2013) ("[a]gency requires that the principal maintain control over the agent's actions"; rejecting agency argument where Best Buy "presented no evidence . . . that DirecTV controlled its behavior in ways relevant to [p]laintiffs' allegations."); *accord Nat'l Auto Lenders,*

*Inc. v. SysLOCATE, Inc.*, 686 F. Supp. 2d 1318, 1322–23 (S.D. Fla. 2010), *aff'd*, 433 F. App'x 842 (11th Cir. 2011). PayPal's citation to *County of Contra Costa v. Kaiser Foundation Health Plan, Inc.*, where a "general partner of a limited partnership" was "bound by the arbitration agreement entered into by the partnership," offers no factual or legal support for why these individuals were acting as agents of the corporate Plaintiffs here. 47 Cal. App. 4th 237, 243 (1996).

      PayPal's agency argument fails for the additional reason that at least five of the ten entities did not exist when the related individuals opened their PayPal/Venmo accounts. For example, PayPal's declarant states that Victoria Helle signed up for a PayPal account in 2013 (Decl. ¶ 40), but the entity PayPal says she was binding to the CUA (Plaintiff Be Victorious LLC) did not exist until 2017. *See* Declaration of Roger N. Heller ("Heller Decl.") Ex. 1. Simple searches of public records demonstrate the same deficiency for at least the following Plaintiffs: Colbow Design LLC (individual sign up 2003, entity formed 2007); Dan Becker LLC (individual sign up 2002, entity formed 2020); Shanger Danger LLC (individual sign up 2009, entity formed 2020); and Ahntourage Media LLC (individual sign up 2006, entity formed 2022). Heller Decl. Exs. 2–5. It is not possible that these individuals were agents of companies that did not exist at the time they signed up for PayPal/Venmo accounts.

      **b.**    **<u>PayPal cannot establish "knowing exploitation."</u>**

      PayPal has not demonstrated that any of the corporate Plaintiffs "knowingly exploited" the CUAs such that arbitration of their claims about theft of their Affiliate Commissions via the Honey browser extension would be equitable. "The purpose of the doctrine of equitable estoppel is to prevent a person from benefitting from favorable parts of an agreement while rejecting the unfavorable parts." *Brown v. Comcast Corp.*, 2016 WL 9109112, at *7–8 (C.D. Cal. Aug. 12, 2016). Courts consistently do not apply the doctrine to compel arbitration where, as here, the plaintiff "is not attempting to invoke any part of the . . . agreement that is favorable to him" and brings claims unrelated to the agreement. *Id.* (refusing to enforce arbitration agreement from contract for cable services against nonsignatory plaintiff alleging TCPA violations). Like the plaintiffs in *Brown* and in *Comer v. Micor, Inc.*, 436 F.3d 1098, 1101 (9th Cir. 2006), the corporate Plaintiffs here do not seek to take advantage of or enforce the CUAs, so equitable estoppel does not apply.

### 2. PayPal has not established that Plaintiffs who signed up for PayPal or Venmo before the at-issue arbitration clauses were inserted are subject to those clauses.

PayPal also fails to demonstrate assent for ten Plaintiffs (Aaron Ramirez; Christopher Komuves; Dan Becker, LLC; Colbow Design LLC; Ahntourage Media LLC; Angry Snowboarder; Red Beard Studios LLC; David Hiser; Shanger Danger LLC; and Storm Productions LLC) who created PayPal/Venmo accounts before PayPal added to the CUAs the specific arbitration language at issue.

Prior to November 2012 (for PayPal) and May 2022 (for Venmo), the CUAs did not contain the arbitration language PayPal tries to invoke. Rather, before then the CUAs: (a) did not *require* arbitration of *any* disputes, *see* Ex. 11 at 31 ("the party requesting relief may elect to resolve the dispute in a cost effective manner through binding non-appearance-based arbitration."), Ex. 12 at 19 (same), Ex. 16 at 12 (similar), Ex. 21 at 19 (same), Ex. 22 at 38 (same); (b) explicitly limited (in the clause itself) the arbitration clause to disputes "arising out of or relating to" the CUA, *see* Ex. 6 at 7, Ex. 8 at 6, Ex. 19 at 7, Ex. 27 at 20, Ex. 29 at 20; or (c) did not mention arbitration at all, *see* Exs. 7, 23. PayPal does not dispute its motion would fail under any of these iterations. PayPal argues, instead, that these Plaintiffs are bound to the arbitration language PayPal prefers based on amendments PayPal made and Plaintiffs' continued maintenance of their PayPal/Venmo accounts. Mot. at 6, n.1. But PayPal fails to provide the evidentiary support for that argument—that is, to lay out the chronology of how these Plaintiffs' original contract language and subsequent amendments and any notification(s) by PayPal would lead to these Plaintiffs being subject to the later language PayPal tries to invoke. *See Jackson v. Amazon.com, Inc.*, 65 F.4th 1093, 1099 (9th Cir. 2023) ("Mutual assent requires, at a minimum, that the party relying on the contractual provision establish that the other party . . . gave some indication of assent to the contract."). This evidentiary deficiency presents another reason to deny the motion.

### 3. PayPal does not establish that any Plaintiff assented affirmatively to a CUA.

Finally, PayPal does not establish that any Plaintiff actually assented to any PayPal or Venmo CUA. PayPal's lone proffer on formation is the Sterzinar Declaration, which states that each Plaintiff accepted the then-operative CUAs when they signed up for PayPal/Venmo accounts, explaining they would have been required to check a box at sign up confirming they "read and agree to" the User Agreements and "Agree" to create an account. *See* Mot. at 2, 5–6; Decl. ¶¶ 7–10 (PayPal), 49–52 (Venmo). But Ms. Sterzinar fails to

establish a foundational basis for her testimony about the sign-up processes going back to 2001, when the first Plaintiff supposedly became a PayPal customer.

Ms. Sterzinar's declaration states that she reviewed Plaintiffs' user records and CUAs and is familiar with how PayPal updates the CUAs, Decl. ¶¶ 3–4, but the declaration does not state that she reviewed anything about the sign up process for PayPal and/or Venmo accounts. Even if Ms. Sterzinar has firsthand knowledge about the signup process, she joined PayPal on August 15, 2016—after fourteen of the twenty-two Plaintiffs subject to this motion purportedly assented to CUAs. *Id.* ¶ 2. At the very least, there is a genuine dispute of material fact as to whether these Plaintiffs assented to any CUA. *See Jackson*, 65 F.4th at 1099. These fourteen Plaintiffs (or, purportedly, Plaintiffs' "agents") who signed up for PayPal or Venmo prior to 2016 are: Brevard Marketing LLC; Christopher Komuves; Dan Becker, LLC; Colbow Design LLC; Ahntourage Media LLC; Angry Snowboarder; Red Beard Studios LLC; David Hiser; Shanger Danger LLC; Storm Productions LLC; Be Victorious LLC; John Pugh; Sebastian Ventura; and Motion Butter, LLC.

## V. CONCLUSION

Plaintiffs respectfully request the Court deny PayPal's motion to compel arbitration.

Dated: September 24, 2025

Respectfully submitted,

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP

By: /s/ Jason L. Lichtman

Elizabeth J. Cabraser (SBN 083151)
Roger N. Heller (SBN 215348)
**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000
ecabraser@lchb.com
rheller@lchb.com

Jason L. Lichtman (*pro hac vice*)
Sean A. Petterson (*pro hac vice*)
Danna Z. Elmasry (*pro hac vice*)
**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
250 Hudson Street, 8th Floor
New York, New York 10013-1413
Telephone: (212) 355-9500
jlichtman@lchb.com

spetterson@lchb.com
delmasry@lchb.com

Dena C. Sharp (SBN 245869)
Trevor T. Tan (SBN 281045)
Nina Gliozzo (SBN 333569)
Anthony Rogari (SBN 353784)
**GIRARD SHARP LLP**
601 California Street, Suite 1400
San Francisco, CA 94108
Telephone: 415.981.4800

Nanci E. Nishimura (SBN 152621)
Thomas E. Loeser (SBN 202724)
Karin B. Swope (*pro hac vice*)
Jacob M. Alhadeff (*pro hac vice*)
**COTCHETT, PITRE & McCARTHY, LLP**
840 Malcolm Road,
Burlingame, CA 94010
Telephone: 650.697.6000

*Interim Co-Lead Counsel*

- 11 -

PLAINTIFFS' OPPOSITION TO DEFENDANTS'
MOTION TO COMPEL ARBITRATION
CASE NO. 5:24-CV-9470-BLF

**ATTESTATION**

Pursuant to Civil Local Rule 5-1(i)(3), I hereby attest that all signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

Dated: September 24, 2025

                                                    */s/ Jason L. Lichtman*
                                                    Jason L. Lichtman

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was duly served upon all Counsel of record in this action via electronic service, in accordance with the Federal Rules of Civil Procedure, on September 24, 2025.

Dated: September 24, 2025

                                            */s/ Jason L. Lichtman*
                                            Jason L. Lichtman