CLEMENT S. ROBERTS (SBN 209203)
croberts@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone:    +1 415 773 5700
Facsimile:    +1 415 773 5759

RICHARD JACOBSEN (admitted pro hac vice)
MARC R. SHAPIRO (admitted pro hac vice)
rjacobsen@orrick.com
mshapiro@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
51 West 52nd Street
New York, NY  10019-6142
Telephone:    +1 212 506 5000
Facsimile:    +1 212 506 5151

PAUL F. RUGANI (SBN 342647)
prugani@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
2050 Main Street, Suite 1100
Irvine, CA 92614-8255
Telephone:    +1 949 567 6700
Facsimile:    +1 949 567 6710

Attorneys for Defendants
PAYPAL, INC. AND PAYPAL HOLDINGS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| IN RE PAYPAL HONEY BROWSER EXTENSION LITIGATION | Case No. 5:24-cv-09470-BLF<br><br>**DEFENDANTS PAYPAL, INC. AND PAYPAL HOLDINGS, INC.'S REPLY IN SUPPORT OF MOTION TO COMPEL ARBITRATION**<br><br>Date:     November 6, 2025<br>Time:    9:00 AM<br>Judge:   Honorable Beth Labson Freeman<br>Dept:    Courtroom 1 – 5th Floor |
|---|---|

# **TABLE OF CONTENTS**

I.  INTRODUCTION ................................................................................................................. 1

II. ARGUMENT ....................................................................................................................... 1

    A.  The UAs Encompass the Subject Dispute and Are Not Unconscionable. .................. 1

        1.  The UAs Are Not Limited To Users' "Use of" PayPal Services. ..................... 1

        2.  The UAs Are Neither Unconscionable Nor Unenforceable............................. 3

    B.  The Arbitration Plaintiffs Did Agree to Arbitrate This Dispute. ................................ 4

        1.  Plaintiffs Are Bound by Their Owners' Agreements to Arbitrate. ..................4

        2.  Plaintiffs' Ancillary Arguments Against Their Assent All Fail......................5

III. CONCLUSION .................................................................................................................... 5

# TABLE OF AUTHORITIES

**Cases**   **Page(s)**

*AT&T Tech., Inc. v. Commc'ns Workers of Am.*,
   475 U.S. 643 (1986) ................................................................................................ 4

*Cheng v. PayPal, Inc.*,
   2022 WL 126305 (N.D. Cal. Jan. 13, 2022) ............................................................ 5

*Evans v. PayPal, Inc.*,
   2022 WL 1813993 (N.D. Cal. June 2, 2022) ........................................................... 5

*Ireland-Gordy v. Tile, Inc.*,
   760 F. Supp. 3d 946 (N.D. Cal. 2024) ..................................................................... 3

*Johnson v. Walmart*,
   57 F.4th 677 (9th Cir. 2023) .................................................................................... 2

*Regan v. Pinger*,
   2021 WL 706465 (N.D. Cal. Feb. 23, 2021) ........................................................... 3

*Shivkov v. Artex Risk Sols., Inc.*,
   974 F.3d 1051 (9th Cir. 2020) ................................................................................. 3

*Thomas v. Cricket Wireless, LLC*,
   506 F. Supp. 3d 891 (N.D. Cal. 2020) ................................................................. 3, 4

*Wells Fargo & Co. v. Wells Fargo Exp. Co.*,
   556 F.2d 406 (9th Cir. 1977) ................................................................................... 4

*Zalkind v. Ceradyne, Inc.*,
   194 Cal. App. 4th 1010 (2011) ................................................................................ 2

**Statutes**

Cal. Civ. Code § 1641 ..................................................................................................... 2

## I. INTRODUCTION

Each of the Arbitration Plaintiffs assented to PayPal and Venmo's User Agreements ("UAs") and thus agreed to arbitrate "*any* claim or dispute at law or equity that has arisen or may arise *between you and us*." Courts have repeatedly upheld these specific arbitration provisions. Arbitration Plaintiffs nonetheless claim the Court should depart from this unbroken line of authority for two reasons: (1) the dispute here falls outside the scope of the arbitration agreement and (2) they did not assent to the UAs. Plaintiffs are mistaken on both fronts.

As to the former, Plaintiffs' contention is atextual. Plaintiffs claim the UAs' introductory language limits the agreement to Plaintiffs' "use of" PayPal's Services. Not so. The agreement applies to "your use of your PayPal account," on the one hand, and "*the PayPal services*" generally, on the other. It thus applies, irrespective of Plaintiffs' use, to the PayPal service at issue: Honey. As to the latter, Plaintiffs (including the LLCs who created and used their accounts for business purposes), did assent to the self-updating UAs, meaning they routinely reaffirmed their agreement to the arbitration provision, including after Honey was acquired by PayPal and after the corporate entity Plaintiffs were created.

The Court should thus enforce the parties' arbitration agreements and stay the case as to the Arbitration Plaintiffs in favor of arbitration.

## II. ARGUMENT

### A. The UAs Encompass the Subject Dispute and Are Not Unconscionable.

#### 1. The UAs Are Not Limited To Users' "Use of" PayPal Services.

Plaintiffs' argument that the UAs do not encompass this dispute because they are limited to users' "use of" "PayPal [or Venmo] services" is based on a misguided reading of the UAs' introductory provision. The provision states the UAs "govern[] your use of your PayPal [or Venmo] account and the PayPal [or Venmo] services." DAS Ex. 1 at 2. The provision's plain reading directs that the UAs govern (1) users' use of their account, and (2) the PayPal services generally.

PayPal specifically chose to include "your use of" before "PayPal account," and not to include "your use of" before "PayPal services" because the UAs are not limited to the user's "use of" the PayPal or Venmo services. In contrast, elsewhere in the UAs, PayPal employed the phrase

1  "your use of" when it wanted to limit a particular provision's application to the user's use of PayPal
2  services. *See* DAS Ex. 1 at 12, 35, 46, 58. But where, as here, the provision was not limited to the
3  use of PayPal's services, PayPal omitted the "your use of" phrase. The omission of "your use of"
4  in the introductory provision demonstrates that PayPal did not intend the UAs to be limited to users'
5  use of their PayPal services. Indeed, the UAs include several other provisions that likewise do not
6  contain the "your use of" phrase and instead concern the PayPal services generally, demonstrating
7  that the introductory clause does not narrow the entire agreement to the use of PayPal's services.
8  *See id*. at 47, 54, 58. And this includes the arbitration section itself, which discusses attempts to
9  resolve "[d]isputes between you and PayPal regarding the PayPal services." *Id*. at 48. PayPal's
10 interpretation is consistent with general principles of contract interpretation which dictate that,
11 where a party uses certain language in one provision of a contract and different language in another,
12 the court assumes different meanings were intended and gives each distinct effect. *See* Cal. Civ.
13 Code § 1641; *Zalkind v. Ceradyne, Inc*., 194 Cal. App. 4th 1010, 1027 (2011) (contracts construed
14 "to give effect to all provisions and to avoid rendering some meaningless").

15      Plaintiffs' contention that *Johnson v. Walmart*, 57 F.4th 677 (9th Cir. 2023) forecloses
16 PayPal's arguments is unfounded. In *Johnson*, the plaintiff purchased a tire from Walmart.com and
17 agreed to the Terms of Use (containing an arbitration provision) which governed the customer's
18 "access to and use of *all Walmart Sites*." *Id*. at 679. Separately, the plaintiff made an in-store
19 Walmart purchase subject to a separate agreement without an arbitration provision. *Id*. at 680. The
20 court found that the Terms of Use and the agreement were separate and independent, and the
21 language in the Terms of Use limited its scope to customers' use of "Walmart Sites" (defined to
22 include only the website and application), not in-store purchases. *Id*. *Johnson* is inapposite here
23 because there is only one UA at issue as to each of the Arbitration Plaintiffs, and the language of
24 that UA is not constrained to use of a specific PayPal service, like Walmart.com's limitation to
25 "access to and use of all Walmart Sites." *Id*. Unlike the term "Walmart Sites," the terms "PayPal
26 services" and "Venmo services" are not limited to exclude certain PayPal products or services.
27      Plaintiffs' argument that they were not on notice that Honey was a PayPal Service is
28

similarly unfounded.[1] PayPal acquired Honey in 2020, at which point it sent an email to all current PayPal users informing them that Honey was now "a part of the PayPal family," and the Honey product was rebranded as "PayPal Honey." *See* Reply Sterzinar Declaration ("RSD") ¶¶ 3-5.

## 2. The UAs Are Neither Unconscionable Nor Unenforceable.

Plaintiffs are also incorrect to suggest that PayPal's interpretation of "any and all disputes" renders the arbitration provision unconscionable Indeed, courts frequently enforce arbitration agreements with sweeping language. *See* MTCA 10 (citing cases); *see also Shivkov v. Artex Risk Sols., Inc.*, 974 F.3d 1051, 1063-64 (9th Cir. 2020) (enforcing arbitration provision with "sweeping language" of "any dispute"); *Regan v. Pinger*, 2021 WL 706465, at * 9 (N.D. Cal. Feb. 23, 2021) ("[T]he Ninth Circuit has clarified that where an arbitration clause includes broad contractual language, Plaintiff's allegation need only touch matters covered by the contract containing the arbitration clause and all doubts are to be resolved in favor of arbitrability.").

Plaintiffs claim that the arbitration agreement is unconscionably broad because it covers disputes unrelated to the agreement. *See* Opp. 5 (citing *Ireland-Gordy v. Tile, Inc.*, 760 F. Supp. 3d 946 (N.D. Cal. 2024)). This argument fails for two reasons. First, contrary to Plaintiffs' argument, the language and subject matter of the UAs is related to the instant dispute; the UAs govern "PayPal services" and Honey is one of those services. *See supra* II.A.1. Second, *Ireland-Gordy* actually supports PayPal's argument. There, the court held that Tile's arbitration provision was substantively unconscionable when applied to plaintiffs' claims against Tile over a *third party's* separate use of Tile to stalk plaintiffs. *Ireland-Gordy*, 760 F. Supp. 3d at 959-960. By contrast, Plaintiffs are suing PayPal over the conduct of a business that PayPal wholly owns and operates, not the conduct of a third-party. Likewise, Plaintiffs' reliance on *Thomas v. Cricket Wireless, LLC*, 506 F. Supp. 3d 891 (N.D. Cal. 2020) is mistaken. There, the parent company of Cricket, AT&T,

---

[1] Even if the Court were to conclude that Plaintiffs did not have notice that Honey constitutes a PayPal service, it would remain the case that, even under Plaintiffs' theory, those Plaintiffs who used PayPal or Venmo for business purposes (e.g., to accept commissions) would be subject to arbitration. Accordingly, if this request were denied, application of the arbitration provision would remain an open question pending conclusion of fact discovery and any follow-on briefing.

never acquired the plaintiff's wireless service contract with Cricket, but rather the plaintiff signed an unrelated agreement with AT&T years after her relationship with Cricket ended, and Cricket tried to compel arbitration based on that unrelated agreement with AT&T. *Cricket Wireless*, 506 F. Supp. 3d at 905. Here, by contrast, Plaintiffs all signed agreements with PayPal, and, as Plaintiffs acknowledge, PayPal did in fact acquire Honey. FAC ¶ 39. While Plaintiffs try to suggest that those who signed up for PayPal before PayPal acquired Honey cannot be compelled to arbitrate, that argument fails because all PayPal users, including Plaintiffs, received notice that PayPal had acquired Honey. RSD ¶ 4; *see supra* II.A.1. Furthermore, unlike in *Cricket Wireless*, PayPal is not relying on some agreement Plaintiffs signed with a different entity but rather is moving to compel based on the UAs between Plaintiffs and PayPal.

Plaintiffs also incorrectly claim that the presumption in favor of arbitration does not apply here. While the presumption does not apply when determining whether an agreement has been made, PayPal *has* established that Plaintiffs and PayPal entered into an agreement to arbitrate in the UAs. *See infra* II.B. The presumption in favor of arbitration should be applied—particularly in light of the broad language—in determining whether this dispute falls within the scope of the agreement. *See AT&T Tech., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 650 (1986).

### B. The Arbitration Plaintiffs Did Agree to Arbitrate This Dispute.

#### 1. Plaintiffs Are Bound by Their Owners' Agreements to Arbitrate.

Plaintiffs assert that ten of the corporate entity Plaintiffs never assented to the UAs. That is not the case. First, eight of the corporate entity Plaintiffs—Motion Butter, LLC; Dan Becker, LLC; Brevard Marketing LLC; Storm Productions LLC; Gent Scents LLC; Be Victorious LLC; Shanger Danger LLC; Justin Tech Tips LLC—created PayPal or Venmo *business* accounts and affirmatively registered their account with their business name. DAS ¶¶ 27-28, 30, 33, 36, 40, 44, 69. It is a fundamental legal principle that a corporation can only act through agents. *Wells Fargo & Co. v. Wells Fargo Exp. Co.*, 556 F.2d 406, 419 (9th Cir. 1977). Thus, the fact that the business accounts were created by individuals does not mean the LLCs are not bound by the UAs, especially here where business accounts were created with the business name of the LLC Plaintiffs.

For the remaining LLCs—Colbow Design LLC; Red Beard Studios LLC; Ahntourage

Media LLC—the PayPal account is clearly tied to the corporate entity. For example, Bradley Colbow opened a business account associated with the website colbowdesign.com. DAS ¶ 38. Likewise, the alleged owners and operators of Red Beard Studios LLC created a business account for Red Beard Studios LLP. DAS ¶ 34; FAC ¶ 223. While Daniel Ahn created a personal PayPal account, he used the email address ahntouragemedia@gmail.com to register that account, and linked his YouTube channel to his PayPal account. DAS ¶ 45. Further, PayPal's records show that these Plaintiffs used their PayPal accounts to conduct business for their respective LLCs. RSD ¶¶ 7-9. Because the Plaintiffs are agents of the LLC and used their PayPal accounts to conduct business for their LLCs, it is equitable to require them to arbitrate. *See* MTCA 7-8.

### 2. Plaintiffs' Ancillary Arguments Against Their Assent All Fail.

Plaintiffs argue that those who created accounts before addition of the mandatory arbitration language cannot be bound by it. That is false. Plaintiffs' continued use of PayPal/Venmo (DAS ¶¶ 28, 29, 33, 34, 38, 41, 43-45, 68, 70) after receiving notice of the arbitration provision and being given the opportunity to opt out (DAS Exs. 3-4, 25-26) binds them to the updated UAs that include the mandatory arbitration provision. *See* MTCA 6-7 (collecting cases). Plaintiffs allege that PayPal does not lay out the chronology for these updates, but that argument ignores the evidence provided by PayPal. *See* DAS ¶¶ 17-19; 59-61 (laying out chronology for update to PUA and VUA).

In a last-ditch effort to invalidate the agreements to which they assented, Plaintiffs claim that the Sterzinar Declaration does not establish that any Plaintiff assented to the UAs. But that argument flies in the face of the caselaw. Courts routinely accept evidence from declarations regarding the sign-up process and how plaintiffs assented to the terms at issue. *See Cheng v. PayPal, Inc.*, 2022 WL 126305, at *1 (N.D. Cal. Jan. 13, 2022) (relying on evidence from declaration explaining how plaintiff assented to the UA); *Evans v. PayPal, Inc.*, 2022 WL 1813993, at *1-2 (N.D. Cal. June 2, 2022), *aff'd,* No. 22-15979, 2023 WL 6058490 (9th Cir. Sept. 18, 2023) (same). Thus, PayPal's evidentiary support through the Sterzinar Declaration is sufficient to show that all of the Arbitration Plaintiffs assented to the UAs.

### III.   CONCLUSION

For the foregoing reasons, the Court should grant PayPal's motion to compel arbitration.

Dated: October 16, 2025

Respectfully submitted,

By: */s/ Clement S. Roberts*
Clement S. Roberts (SBN 209203)
**ORRICK, HERRINGTON & SUTCLIFFE LLP**
405 Howard Street
San Francisco, CA 94105-2669
Telephone:   (415) 773 5700
croberts@orrick.com

Richard A. Jacobsen (admitted pro hac vice)
**ORRICK, HERRINGTON & SUTCLIFFE LLP**
51 West 52nd Street
New York, NY 10019-6142
Telephone: (212) 506-5000
rjacobsen@orrick.com

Paul F. Rugani (SBN 342647)
**ORRICK, HERRINGTON & SUTCLIFFE LLP**
2050 Main Street, Suite 1100
Irvine, CA 92614-8255
Telephone: (949) 567-6700
prugani@orrick.com

*Attorneys for Defendants PayPal, Inc. and PayPal Holdings, Inc.*