CLEMENT S. ROBERTS (SBN 209203)
croberts@orrick.com
GEOFFREY MOSS (SBN 258827)
gmoss@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone:    +1 949 567 6700
Facsimile:    +1 949 567 6710

RICHARD A. JACOBSEN (admitted *pro hac vice*)
MARC R. SHAPIRO (admitted *pro hac vice*)
ORRICK, HERRINGTON & SUTCLIFFE LLP
51 West 52nd Street
New York, NY 10019-6142
Telephone:    +1 212 506 5000
Facsimile:    +1 212 506 5151

PAUL F. RUGANI (SBN 342647)
prugani@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
2050 Main Street, Suite 1100
Irvine, CA 92614-8255
Telephone:    +1 949 567 6700
Facsimile:    +1 949 567 6710

*Attorneys for Defendants*
PAYPAL, INC. AND PAYPAL HOLDINGS, INC.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| IN RE PAYPAL HONEY BROWSER EXTENSION LITIGATION | No. 5:24-cv-09470-BLF<br>Judge: Hon. Beth Labson Freeman<br><br>**PAYPAL'S LR 79-5(f)(3) STATEMENT IN RESPONSE TO PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER MATERIAL SHOULD BE SEALED (ECF NO. 241)** |

## I. INTRODUCTION

Pursuant to Northern District of California Civil Local Rules 7-11 and 79-5(f)(3) and the Parties' stipulated Protective Order (Dkt. 169), Defendants PayPal, Inc. and PayPal Holdings, Inc. (collectively, "PayPal"), hereby submits the following statement in response to Plaintiffs' Administrative Motion to Consider Whether Another Party's Material Should Be Sealed in Connection with the Second Amended Complaint.

As set forth below and in the Declaration of Owen Sperling (the "Sperling Decl."), Plaintiffs' Second Amended Consolidated Class Action Complaint (the "SAC") contains three (3) paragraphs (paragraphs 257, 258, and 259) containing disputed allegations regarding PayPal's interactions with non-party business partners, *i.e.*, merchants who partner with Honey. *See* Dkt. 242. The identity of these third parties is designated as "Confidential" under the protective order ("Protective Order") entered in this case. *See* Dkt. 169.  The identification of these merchant partners in connection with these allegations is commercially and competitively sensitive information, and it could harm PayPal's business interests if this information were made public.

Accordingly, PayPal requests that the Court enter an order sealing the highlighted portions of the SAC and respectfully shows as follows:

## II. LEGAL STANDARD

To seal portions of a complaint, a party is required to "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure." *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006).  Under Civil Local Rule 79-5(c)(1), supplementing the "compelling reasons" standard, sealing is warranted if (i) "the legitimate private or public interests…warrant sealing"; (ii) "injury…will result if sealing is denied"; and "a less restrictive alternative to sealing is not sufficient." L.R. 79-5(c)(1). PayPal's targeted redactions of just these merchants' names balance "the public interest in understanding the judicial process" with PayPal's compelling interest in preventing "improper use of the material for scandalous or libelous purposes or infringement upon trade secrets." *See Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122,

1135 (9th Cir. 2003) (explaining that the presumption favoring access to court records "is not absolute and can be overridden given sufficiently compelling reasons for doing so").

### III.   ARGUMENT

***PayPal has a legitimate, private business interest that warrants sealing.*** Courts have long recognized that commercially and competitively sensitive documents containing confidential and/or proprietary business information warrant sealing. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) ("[T]he common-law right of inspection has bowed before the power of a court to insure that its records are not…sources of business information that might harm a litigant's competitive standing."); *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008). The SAC contains commercially sensitive information discussing disputed allegations regarding certain of PayPal's merchant partners. The disclosure of the names of these merchants would impact the nature of PayPal's current business relationships, PayPal's negotiations with future business partners, and PayPal's overall competitive standing. Sperling Decl. ¶ 5. Accordingly, PayPal has a legitimate and private business interest in protecting the identities of its business partners named in these three paragraphs that is furthered by these targeted redactions in the SAC.

***Denial of PayPal's request will result in significant injury.*** This Court routinely "f[inds] compelling reasons to seal confidential information regarding a party's business partners where the disclosure of that information would harm the party's competitive standing." *Snapkeys, Ltd. v. Google LLC*, 2021 WL 1951250, at *3 (N.D. Cal. May 14, 2021); *DiscoverOrg Data, LLC v. Bitnine Global, Inc.*, 2020 WL 8669859, at *3 (N.D. Cal. Nov. 6, 2020) (sealing confidential information about the plaintiff's contracts with third parties where the disclosure of that information would harm the plaintiff's competitive standing); *Am. Automobile Ass'n of N. Cal., Nev., & Utah v. Gen. Motors LLC*, 2019 WL 1206748, at *2 (N.D. Cal. Mar. 14, 2019) (sealing contracts between the plaintiff or defendant and third parties where the information would harm the parties' competitive standing). Here is no different. The listed merchants are non-party business partners and, in addition to impacting its current and future business relationships, denial of PayPal's request will harm PayPal's competitive standing. Sperling Decl. ¶¶ 4–5. Ultimately,

denying PayPal's request would harm PayPal's ability to adequately compete in the marketplace, and competitors should not garner a competitive advantage due to disputed allegations filed in a complaint.

***There is no less restrictive alternative that would sufficiently prevent injury.*** While Plaintiffs suggested redacting the entirety of the communications in paragraphs 253–260, PayPal instead requests redaction of only the most competitively sensitive information—the names of its business partners in paragraphs 257, 258, and 259. *See* Sperling Decl. ¶ 6. The following table summarizes the limited information PayPal seeks to seal:

| Document | Portions For Which Sealing is Sought | Reason for Seeking Sealing |
|---|---|---|
| Plaintiffs' Second Amended Consolidated Class Action Complaint | Highlighted merchant names, listed in **paragraph 257**, pages 63-64 | Confidential and proprietary business information between PayPal and its non-party business partners that, if disclosed, would harm PayPal's competitive standing. |
| | Highlighted merchant names, listed in **paragraph 258**, pages 64 | |
| | Highlighted merchant names, listed in **paragraph 259**, pages 64 | |

## IV.   CONCLUSION

For the foregoing reasons, PayPal respectfully requests that the Court enter an order sealing the highlighted portions of the SAC.

Dated: January 16, 2026                                        Respectfully submitted,


By: */s/ Clement S. Roberts*
Clement S. Roberts (SBN 209203)
**ORRICK, HERRINGTON & SUTCLIFFE LLP**
405 Howard Street
San Francisco, CA 94105-2669
Telephone: (415) 773-5700
croberts@orrick.com

Richard A. Jacobsen (*pro hac vice*)
Marc R. Shapiro (*pro hac vice*)
**ORRICK, HERRINGTON & SUTCLIFFE LLP**
51 West 52nd Street

| | |
|---|---|
| 1 | New York, NY 10019-6142 |
| 2 | Telephone: (212) 506-5000 |
|   | rjacobsen@orrick.com |
| 3 | mshapiro@orrick.com |
| 4 | Paul F. Rugani (SBN 342647) |
|   | **ORRICK, HERRINGTON & SUTCLIFFE LLP** |
| 5 | 2050 Main Street, Suite 1100 |
|   | Irvine, CA 92614-8255 |
| 6 | Telephone: (949) 567-6700 |
| 7 | prugani@orrick.com |
| 8 | *Attorney for Defendants PayPal, Inc. and PayPal Holdings, Inc* |