CLEMENT S. ROBERTS (SBN 209203)
croberts@orrick.com
GEOFFREY MOSS (SBN 258827)
gmoss@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone:    +1 949 567 6700
Facsimile:    +1 949 567 6710

RICHARD A. JACOBSEN (admitted *pro hac vice*)
MARC R. SHAPIRO (admitted *pro hac vice*)
JENNIFER KEIGHLEY (admitted *pro hac vice*)
ORRICK, HERRINGTON & SUTCLIFFE LLP
51 West 52nd Street
New York, NY 10019-6142
Telephone:    +1 212 506 5000
Facsimile:    +1 212 506 5151

*Attorneys for Defendant*
PAYPAL, INC. AND PAYPAL HOLDINGS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE PAYPAL HONEY BROWSER EXTENSION LITIGATION | Case No. 5:24-cv-09470-BLF<br><br>**DEFENDANTS PAYPAL, INC.'S AND PAYPAL HOLDINGS, INC.'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT**<br><br>Date:  June 4, 2026<br>Time:   9:00 AM<br>Judge:  Honorable Beth Labson Freeman<br>Dept:   Courtroom 1, 5th Floor |

1   Pursuant to Federal Rule of Evidence 201, PayPal respectfully requests that this Court take judicial notice of the content in Exhibits A-G, which include PayPal's agreements with certain merchants (Dell and Bergdorf Goodman) and with certain affiliate networks (Commission Junction, LinkConnector, and Impact) (collectively, the "Agreements"), and two email exchanges between Rakuten and PayPal.

Under the incorporation-by-reference doctrine, a court may consider matters outside the pleadings if "the plaintiff's claim depends on the contents of a document, the defendant attaches the document to its motion to dismiss, and the parties do not dispute the authenticity of the document, even though plaintiff does not explicitly allege the contents of that document in the complaint." *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005). "The doctrine prevents plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018).

### 1. Exhibits A through E

Incorporation by reference of Exhibits A-E is proper because, as this Court previously noted, the terms of the Agreements are central to each of Plaintiffs' claims. *See* ECF No. 237 ("At bottom, the problem with the FAC . . . is that it does not establish that Plaintiffs were in fact entitled to those commissions pursuant to their contracts with the merchants."). Plaintiffs rely on selectively quoted portions of these contracts to argue that PayPal engaged in wrongdoing, while leaving out the rest of the contractual terms that contradict, contextualize, or muddle the excerpts on which their arguments rely. Courts routinely take judicial notice of agreements between parties in analogous circumstances, when a plaintiff's complaint relies on the agreement and the agreement's authenticity and relevance is not in dispute. *See Davis v. HSBC Bank Nevada, N.A.*, 691 F.3d 1152, 1161 (9th Cir. 2012); *Guzetta v. Ford Motor Co.*, 2022 WL 1044173, at *2-3 (C.D. Cal. Apr. 5, 2022). Here, Plaintiffs cannot reasonably dispute the authenticity or relevance of the Agreements. While Exhibits A and B reflect PayPal's agreements with these merchants, a central tenet of Plaintiffs' case theory is that Plaintiffs' merchant agreements are the same as PayPal's. *See* SAC ¶ 77. And Exhibits C and D reflect the same Affiliate Network agreements hyperlinked and

incorporated by Plaintiffs in the SAC. *See* SAC ¶¶ 245 n.27, 250 n.31. While Commission Junction's Affiliate Software Publishers Policy, Exhibit E, is not itself hyperlinked in the SAC, the SAC hyperlinks and relies upon Commission Junction's Affiliate Publisher Service Agreement that explicitly references and summarizes the Publisher Policy. *See* SAC ¶ 249 n.30.

### 2. Exhibits F and G

PayPal also requests that the Court take judicial notice of Exhibits F and G—two email exchanges between Rakuten and PayPal that the SAC relies on and selectively quotes to allege "that Honey has repeatedly violated Rakuten's stand down policies."[1] SAC ¶¶ 253-61. Incorporation by reference of Exhibits F and G is proper because the SAC quotes selected portions of these email chains to support its allegations regarding Honey's purported violations of stand down policies, and Plaintiffs cannot dispute the emails' authenticity. *See Theta Chi Fraternity, Inc. v. Leland Stanford Junior Univ.*, 212 F. Supp. 3d 816, 822 (N.D. Cal. 2016).

\* \* \*

For the reasons set forth above, PayPal respectfully requests that the Court take judicial notice of Exhibits A through G.

---

[1] Merchant names in Exhibits F and G are redacted pursuant to the Court's prior order (*see* Dkt. 248) and Local Civil Rule 79-5(b).

| | |
|---|---|
| Dated: February 9, 2026 | By: */s/ Clement S. Roberts*<br>Clement S. Roberts (SBN 209203)<br>Geoffrey Moss (SBN 258827)<br>**ORRICK, HERRINGTON & SUTCLIFFE LLP**<br>405 Howard Street<br>San Francisco, CA 94105-2669<br>Telephone: (415) 773-5700<br>croberts@orrick.com<br>gmoss@orrick.com<br><br>Richard A. Jacobsen (*pro hac vice*)<br>Marc R. Shapiro (*pro hac vice*)<br>Jennifer Keighley (*pro hac vice*)<br>**ORRICK, HERRINGTON & SUTCLIFFE LLP**<br>51 West 52nd Street<br>New York, NY 10019-6142<br>Telephone: (212) 506-5000<br>rjacobsen@orrick.com<br>mshapiro@orrick.com<br><br>*Attorney for Defendants PayPal, Inc. and PayPal Holdings, Inc.* |