# EXHIBIT A

CLEMENT S. ROBERTS (SBN 209203)
croberts@orrick.com
GEOFFREY MOSS (SBN 258827)
gmoss@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone:     +1 949 567 6700
Facsimile:     +1 949 567 6710

RICHARD A. JACOBSEN (admitted *pro hac vice*)
MARC R. SHAPIRO (admitted *pro hac vice*)
ORRICK, HERRINGTON & SUTCLIFFE LLP
51 West 52nd Street
New York, NY 10019-6142
Telephone:     +1 212 506 5000
Facsimile:     +1 212 506 5151

PAUL F. RUGANI (SBN 342647)
prugani@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
2050 Main Street, Suite 1100
Irvine, CA 92614-8255
Telephone:     +1 949 567 6700
Facsimile:     +1 949 567 6710

*Attorneys for Defendants*
PAYPAL, INC. AND PAYPAL HOLDINGS, INC.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| IN RE PAYPAL HONEY BROWSER EXTENSION LITIGATION | No. 5:24-cv-09470-BLF<br>NOTICE OF NON-PARTY SUBPOENA |

- 1 -

PLEASE TAKE NOTICE that, pursuant to Federal Rule of Civil Procedure 45, PayPal Inc. and PayPal Holdings, Inc., by and through their undersigned attorneys, will serve the enclosed subpoena for documents on non-party Just Josh (Joshuan van Aalst).

Dated: January 28, 2026

Respectfully submitted,

By: */s/ Clement Roberts*
CLEMENT S. ROBERTS (SBN 209203)
croberts@orrick.com
GEOFFREY MOSS (SBN 258827)
gmoss@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone:    +1 949 567 6700
Facsimile:    +1 949 567 6710

RICHARD A. JACOBSEN (admitted *pro hac vice*)
MARC R. SHAPIRO (admitted *pro hac vice*)
ORRICK, HERRINGTON & SUTCLIFFE LLP
51 West 52nd Street
New York, NY 10019-6142
Telephone:    +1 212 506 5000
Facsimile:    +1 212 506 5151

PAUL F. RUGANI (SBN 342647)
prugani@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
2050 Main Street, Suite 1100
Irvine, CA 92614-8255
Telephone:    +1 949 567 6700
Facsimile:    +1 949 567 6710

*Attorneys for Defendants*
PAYPAL, INC. AND PAYPAL HOLDINGS, INC.

**PROOF OF SERVICE**

I, Sarah Ungeheuer, hereby declare as follows:

I am employed by Orrick, Herrington & Sutcliffe LLP, 51 West 52nd Street, New York, New York 10019-6142.  I am over the age of eighteen years and am not a party to this action.  On January 28, 2026, I caused a copy of the foregoing document to be served *via electronic mail*:

**NOTICE OF NON-PARTY SUBPOENA**

on the following:

Dena C. Sharp (SBN 245869)
Adam E. Polk (SBN 273000)
Trevor T. Tan (SBN 281045)
Nina Gliozzo (SBN 333569)
GIRARD SHARP LLP
601 California Street, Suite 1400
San Francisco, CA 94108
Telephone: (415) 981-4800
dsharp@girardsharp.com
apolk@girardsharp.com
ttan@girardsharp.com
ngliozzo@girardsharp.com

Elizabeth J. Cabraser (SBN 083151) Roger N. Heller (SBN 215348)
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000
ecabraser@lchb.com
rheller@lchb.com

Jason L. Lichtman (pro hac vice)
Sean A. Petterson (pro hac vice)
Danna Z. Elmasry (pro hac vice)
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, New York 10013-1413
Telephone: (212) 355-9500
jlichtman@lchb.com
delmasry@lchb.com

Nanci Nishimura (SBN 152621) Thomas E. Loeser (SBN 202724) COTCHETT, PITRE & MCCARTHY, LLP
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Telephone: (650) 697-6000
nnishimura@cpmlegal.com
tloeser@cpmlegal.com

- 3 -

Thomas E. Loeser (SBN 202724) Karin B. Swope (pro hac vice)
Jacob M. Alhadeff (pro hac vice) COTCHETT, PITRE &
MCCARTHY, LLP
1809 7th Avenue, Suite 1610
Seattle, WA 98101
Telephone: (206) 802-1272
tloeser@cpmlegal.com
kswope@cpmlegal.com
jalhadeff@cpmlegal.com

*Plaintiffs' Interim Class Counsel*

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of California

In re PayPal Honey Browser Extension Litigation
_____
*Plaintiff*

v.                                     Civil Action No.  5:24-cv-09470-BLF

_____
*Defendant*

)
)
)
)
)
)

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:
Just Josh (Joshuan van Aalst)
*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| Place: | Date and Time: |
|---|---|
| Mutually agreeable location to be determined | February 27, 2026 |

❏ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

*CLERK OF COURT*
OR
_____          /s/ Clement Roberts
_____
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*  PayPal
_____ , who issues or requests this subpoena, are:

Clement Roberts 405 Howard Street, San Francisco, CA 94105, croberts@orrick.com 949.567.6700

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 5:24-cv-09470-BLF

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____  on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $     0.00     .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2) *For Other Discovery.*** A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2) *Command to Produce Materials or Permit Inspection.***
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3) *Quashing or Modifying a Subpoena.***
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2) *Claiming Privilege or Protection.***
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**ATTACHMENT A**

**DEFINITIONS**

A.     "Affiliate Link" refers to a unique URL assigned to an Affiliate Marketer by an Affiliate Network that can be used to indicate the Affiliate Marketer's participation in a user's shopping journey on an eCommerce Merchant's website.

B.     "Affiliate Marketer" refers to an individual or entity that promotes products or services online and presumptively participates in an eCommerce Merchant's affiliate program.

C.     "Affiliate Network" refers to an entity that acts as an intermediary between Affiliate Marketers and eCommerce Merchants that supports the eCommerce Merchant's affiliate program.

D.     "Agreement" as used herein refers to any mutual understanding between two or more parties, established through communication and consent, where the parties commit to certain terms, conditions, or actions.  This can encompass any form of business relationship or arrangement, whether formal or informal, written or verbal.

E.     "Second Amended Complaint" refers to the Second Amended Consolidated Class Action Complaint filed by Plaintiffs in the Influencer Consolidated Litigation on January 5, 2026.

F.     "Analytics" refers to any data, statistics, or information that is, or can be, used by to measure or assess performance. As used herein, "Analytics" shall include, but is not limited to, sales generated, conversion rates, click-through rates, returns on investment, and earnings per click.

G.     "Any" shall be understood to include and encompass "all."  As used herein, the singular shall always include the plural, and the present tense shall also include the past tense. The words "and" as well as "or" shall be construed disjunctively or conjunctively as necessary to bring within the scope of this request all documents or things that might otherwise be construed to be outside its scope.

H.     "Browser Extension Litigation" refers to other actions or litigations against companies who own browser extensions, including but not limited to (i) *In re Capital One Financial Corporation Affiliate Marketing Litigation*, Case No. 25-cv-00023; (ii) *In re Microsoft*

- 1 -

*Browser Extension Litigation*, Case No. 25-cv-00088; (iii) *In Rakuten Browser Extension Litigation*, Case No. 25-cv-01534; (iv) *In re RetailMeNot Browser Extension Litigation*, Case No. 25-cv-00783; (v) *Thompson v. Klarna*, Case No. 25-cv-00124; (vi) *Brodiski v. Ibotta, Inc.*, Case No. 25-cv-01313.

I.    "Commission" refers to an amount of money, including, but not limited to, a set percentage of the value of eCommerce transactions, paid by or on behalf of an eCommerce Merchant to a participant in that eCommerce Merchant's affiliate program in recognition of the participant's involvement in an eligible sale at the eCommerce Merchant.

J.    "Communication" means any contact, oral or documentary, formal or informal, at any place or under any circumstances whatsoever whereby information of any nature is transmitted or transferred, including, without limitation, any note, memorandum or other record thereof, or a single person seeing or hearing any information by any means.

K.    "Concerning" or "Relating to" means in whole or in part, pertaining to, relevant to, material to, evidencing, affecting, comprising, discussing, dealing with, or otherwise considering any manner whatsoever the subject matter of the inquiry.

L.    "Consumer" means an individual or entity that purchases goods and/or services.

M.    "Cookie" refers to HTTP Cookies.

N.    "Document" means the original and any copy of any written, printed, typed, recorded, computerized, electronic, taped, graphic, or other matter, in whatever form, whether in final or draft, including but not limited to, all materials that constitute "writings" or "recordings" or "photographs" within the broadest meaning of the term "Writing" as defined in California Code of Evidence sections 250, 255, and 260, and all materials that constitute "documents" within the broadest meaning of Rule 34 of the Federal Rules of Civil Procedure.  Document includes, without limitation, printed matter, electronic mail, materials stored on computer hard drives, diskettes, tapes, any other computer media, recorded voice mail messages and any other information stored magnetically, optically or as Electronically Stored Information ("ESI," as defined herein).

O.    "eCommerce" refers to something that is of or relating to commercial transactions

conducted in whole or in part on the internet.

P.    "eCommerce Merchant" refers to merchants engaged in commercial transactions conducted in whole or in part on the internet.

Q.    "ESI" means electronically stored information, including, but not limited to, the following: (i) information that is generated, received, processed, and recorded by computers and other electronic devices including, without limitation, voicemail, servicing borrower call logs; (ii) internal or external web sites; (iii) output resulting from the use of any software program, including, without limitation, word processing documents, spreadsheets, database files, charts, graphs and outlines, electronic mail, instant messages (or similar programs) or bulletin board programs, operating systems, source code, PRF files, PRC files, batch files, ASCII files, and all miscellaneous media on which they reside and regardless of whether said electronic data exists in an active file, a deleted file, or file fragment; (iv) activity listings of electronic mail receipts and/or transmittals; and any all items stored on computer memories, hard drives, compact disks or DVDs, CD-ROM, magnetic tape, microfiche, or on any other media for digital data storage or transmittal, such as, but not limited to, a personal digital assistant, e.g., iPhone, Palm Pilot, Blackberry, or similar device, and file folder tabs, or containers and labels appended to, or relating to, any physical storage device associated with each original or copy of all documents requested herein.

R.    "Honey Browser Extension" or "Honey" refers to the internet browser extension branded "Honey," both in its current forms and all historical versions.

S.    "Identify," when used with respect to a natural person, means state the name, current telephone number and current home and business address of the person(s).  If current information is not available, please provide the last available information regarding the person(s). "Identify," when used with respect to a legally entity or association, means state the name, place and date of incorporation or organization, principal place of business, and the identity of all natural persons having knowledge of the matter with respect to which it is named in an answer to an interrogatory.

T.    "Influencer Consolidated Litigation" means the consolidated litigation *In Re*

- 3 -

*Paypal Honey Browser Extension Litigation* before the United States District Court for the Northern District of California, Case No.: 5:24-cv-09470-BLF.

U.    "MegaLag" refers to the individual that runs the YouTube channel MegaLag, whose page can be located at https://www.youtube.com/@MegaLag.

V.    "PayPal" refers to PayPal, Inc. and PayPal Holdings, Inc., collectively and individually.

W.    "Person" means any natural person, legal entity, or association, including, without limitation corporation, company, firm, partnership, joint venture, proprietorship, association, and governmental body or agency.  Unless noted otherwise, references to any person, entity or party herein include its, his, or her agents, attorneys, employees, employers, officers, directors, or others acting on or purporting to act on behalf of said person, entity, or party.

X.    "You," or "Your" means Just Josh (Joshuan van Aalst) and their predecessors, successors, assigns, agents, servants, employees, investigators, attorneys, and all other persons and entities representing them, acting on their behalf, or purporting to act on their behalf.

Y.    The use of the singular form of any word includes the plural and vice versa.

### INSTRUCTIONS

A.    Unless the context of a particular request indicates otherwise, the relevant time period to which each request refers is the time period during which You operated as an Affiliate Marketer through to the filing of the Second Amended Complaint in this action.

B.    The definitions set forth above shall apply when the defined term is used regardless of whether the term is capitalized.

C.    Unless otherwise defined, all words used herein shall be accorded their usual meaning and shall be interpreted in their common, ordinary sense. If You object on the basis that a particular term or phrase in a Request is vague, ambiguous, or indefinite, provide Your understanding of the term or phrase and answer accordingly.

D.    In responding to the following requests, You are required to provide all documents that are available to You or within Your control, including documents in the possession of Your attorneys, investigators, employees, agents, representatives, and guardians or any other person

- 4 -

acting on your behalf, and not merely documents from Your own personal files.

E.      If You object to any of the requests, You must state the grounds for any objection(s).  If You object to only part of a request, You must state the objection and the grounds for any objection(s) and respond to the remainder of the request.

F.      If You object to the production of any document on the grounds that it is protected from disclosure by the attorney-client privilege, work-product doctrine, or any other privilege, You are requested to identify each document for which the privilege is claimed and give all information required by applicable case law, including, but not limited to the following:

 a. the name of the writer, sender, or initiator of each copy of the document;

 b. the name of the recipient, addressee, or party to whom any copy of the document was sent;

 c. the date of each copy of the document, if any, or an estimate of its date;

 d. a statement of the basis for the claim of privilege; and

 e. description of the document sufficient for the Court to rule on the applicability and appropriateness of the claimed privilege.

**REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 1:**

All Agreements between You and any Affiliate Networks, eCommerce Merchants, and/or other Browser Extensions involving the promotion of products or services in exchange for Commissions.

**REQUEST FOR PRODUCTION NO. 2:**

All Documents or Communications Concerning or Relating to the Affiliate Marketer-related business, including attribution and standdown rules.

**REQUEST FOR PRODUCTION NO. 3:**

Documents sufficient to identify each platform, including social media, apps, other websites, or other platforms You have used to share Your Affiliate Links.

**REQUEST FOR PRODUCTION NO. 4:**

Documents sufficient to show each Affiliate ID You use and the corresponding Affiliate Networks You have partnered with.

**REQUEST FOR PRODUCTION NO. 5:**

All Documents that reflect any revenues or Commissions You have earned as an Affiliate Marketer, broken down by the smallest temporal unit available (i.e. month-by-month, week by week or day by day), and by each Affiliate Link, Affiliate ID, Affiliate Network, and eCommerce Merchant.

**REQUEST FOR PRODUCTION NO. 6:**

All Documents and Communications with, Concerning, or Relating to MegaLag.

**REQUEST FOR PRODUCTION NO. 7:**

Any Documents You have received in discovery in any litigation against any browser extension other than Honey Relating to alleged losses of Your Commissions or revenue.

**REQUEST FOR PRODUCTION NO. 8:**

Any Documents You shared with Your counsel regarding the Influencer Consolidated Litigation or its subject matter.

- 6 -

Dena C. Sharp (SBN 245869)
Adam E. Polk (SBN 273000)
Trevor T. Tan (SBN 281045)
Nina Gliozzo (SBN 333569)
**GIRARD SHARP LLP**
601 California Street, Suite 1400
San Francisco, CA 94108
415.981.4800
Email: dsharp@girardsharp.com
Email: apolk@girardsharp.com
Email: ttan@girardsharp.com
Email: ngliozzo@girardsharp.com

Nanci E. Nishimura (SBN 152621)
Thomas E. Loeser (SBN 202724)
Karin B. Swope (*pro hac vice*)
Jacob M. Alhadeff (*pro hac vice*)
**COTCHETT, PITRE & McCARTHY, LLP**
840 Malcolm Rd #200
Burlingame, CA 94010
650.697.6000
Email: nnishimura@cpmlegal.com
Email: tloeser@cpmlegal.com
Email: kswope@cpmlegal.com
Email: jalhadeff@cpmlegal.com

Elizabeth J. Cabraser (SBN 083151)
Roger N. Heller (SBN 215348)
Jason L. Lichtman (*pro hac vice*)
Danna Z. Elmasry (*pro hac vice*)
**LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP**
275 Battery Street, 29th Floor
San Francisco, CA 94111
415.956.1000
Email: ecabraser@lchb.com
Email: rheller@lchb.com
Email: jlichtman@lchb.com
Email: delmasry@lchb.com

*Plaintiffs' Interim Class Counsel*

[*Additional counsel on signature page*]

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| IN RE PAYPAL HONEY BROWSER EXTENSION LITIGATION | Case No.: 5:24-cv-09470-BLF<br><br>[PROPOSED] **STIPULATED PROTECTIVE ORDER**<br>AS MODIFIED BY THE COURT |

[PROPOSED] STIPULATED PROTECTIVE ORDER
Case No.: 5:24-cv-09470-BLF

1.     PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this Action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Stipulated Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 13.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

2.     DEFINITIONS

2.1     Action:  *In re Paypal Honey Browser Extension Litigation*, No. 5:24-cv-09470-BLF (N.D. Cal.)

2.2     Challenging Party:  a Party or Non-Party that challenges the designation of information or items under this Order.

2.3     "CONFIDENTIAL" Information or Items:  information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.4     Counsel (without qualifier):  Outside Counsel of Record and House Counsel (as well as their support staff).

2.5     Designating Party:  a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE."

2.6     Disclosure or Discovery Material:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony,

1

[PROPOSED] STIPULATED PROTECTIVE ORDER
Case No.: 5:24-cv-09470-BLF

transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7     Expert:  a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action, (2) is not a past or current employee of a Party or of a Party's competitor in the business in which Honey competes and operates, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor in the business in which Honey competes and operates.

2.8     "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.9     "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items:  extremely sensitive "Confidential Information or Items" representing computer code and associated comments and revision histories, formulas, engineering specifications, or schematics that define or otherwise describe in detail the algorithms or structure of software or hardware designs, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.10     House Counsel: attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.11     Non-Party:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Action.

2.12     Outside Counsel of Record:  attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.13     Party:  any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.14     Producing Party:  a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2

2.15   Professional Vendors:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.16   Protected Material:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or as "HIGHLY CONFIDENTIAL – SOURCE CODE."

2.17   Receiving Party:  a Party that receives Disclosure or Discovery Material from a Producing Party.

3.   SCOPE

The protections conferred by this Stipulated Protective Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulated Protective Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

4.   DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Stipulated Protective Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; or (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action,

3

including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5. DESIGNATING PROTECTED MATERIAL

5.1 Manner and Timing of Designations. Except as otherwise provided in this Order (*see, e.g.*, second paragraph of Section 5.1(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE") to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(a) for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other

4

proceeding, all protected testimony and specify the level of protection being asserted. When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, the Designating Party may invoke on the record (before the deposition, hearing, or other proceeding is concluded) a right to have up to 21 days to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted. Only those portions of the testimony that are appropriately designated for protection within the 21 days shall be covered by the provisions of this Stipulated Protective Order. Alternatively, a Designating Party may specify, at the deposition or up to 21 days afterwards if that period is properly invoked, that the entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

(b) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.2 Exercise of Restraint and Care in Designating Material for Production. Each Party or Non-Party that designates information of items for protection under this Order must take care to limit any such designation to specific materials that qualify under the appropriate standards. The Producing party will designate for protection only those parts of material, documents, items, or communications that qualify – so other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order. Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to a Producing Party's attention that any Protected Material(s) do not qualify for protection or do not qualify for the protection initially asserted, that Producing Party must promptly

[PROPOSED] STIPULATED PROTECTIVE ORDER
Case No.: 5:24-cv-09470-BLF

notify all other Parties that it is withdrawing the mistaken designation. Any designation of Protected Materials may be withdrawn by the Producing Party.

5.3     Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1     Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time. A Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the designated material is first disclosed.

6.2     Meet and Confer. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. The Designating Party must complete its review and respond promptly. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner or otherwise in good faith.

6.3     Judicial Intervention. If the Parties cannot resolve a challenge without court intervention, ~~the Designating Party shall file and serve a motion to retain confidentiality under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within 21 days of the initial~~ they shall follow the procedures for resolving discovery disputes set forth in Judge van Keulen's Civil and Discovery Referral Matters Standing Order and present the dispute by filing a joint statement directed to Judge van Keulen.

6

notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the Designating Party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation. In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

7. ACCESS TO AND USE OF PROTECTED MATERIAL

7.1 Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of Section 14 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7

[PROPOSED] STIPULATED PROTECTIVE ORDER
Case No.: 5:24-cv-09470-BLF

7.2    Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)    the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b)    the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c)    Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)    the court and its personnel;

(e)    court reporters and their staff;

(f)    professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g)    during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

(h)    any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions; and

(i)    the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.3    Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any

8

[PROPOSED] STIPULATED PROTECTIVE ORDER
Case No.: 5:24-cv-09470-BLF

information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" only to:

(a)     the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b)     Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A). and (3) as to whom the procedures set forth in paragraph 7.4(a), below, have been followed:

(c)     the court and its personnel;

(d)     court reporters and their staff;

(e)     professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f)     during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

(g)     any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions; and

(h)     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.4     Procedures for Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items to Experts.

(a)     Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order) any information or item that has been designated  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" pursuant to paragraph 7.3(c) first must make a written request to

9

the Designating Party that (1) identifies the general categories of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information that the Receiving Party seeks permission to disclose to the Expert, (2) sets forth the full name of the Expert and the city and state of his or her primary residence, (3) attaches a copy of the Expert's current resume, (4) identifies the Expert's current employer(s), (5) identifies each person or entity from whom the Expert has received compensation or funding for work in his or her areas of expertise or to whom the expert has provided professional services, including in connection with a litigation, at any time during the preceding five years,  and (6) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years.

(b)     A Party that makes a request and provides the information specified in the preceding respective paragraphs may disclose the subject Protected Material to the identified Expert unless, within 14 days of delivering the request, the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

(c)     A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement within seven days of the written objection. If no agreement is reached, ~~the Party seeking to make the disclosure to the Expert may file a motion as provided in Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) seeking permission from the court to do so. Any such motion must describe the circumstances with specificity, set forth in detail the reasons why the disclosure to the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail, and suggest any additional means that could be used to reduce that risk. In addition, any such motion must be accompanied by a competent declaration describing the parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and setting forth the reasons advanced by the Designating Party for its refusal to approve the disclosure. In any such proceeding, the Party opposing disclosure to the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert.~~ the Parties shall follow the procedures for resolving discovery disputes set forth in Judge van Keulen's Civil and Discovery Referral Matters Standing Order and present the dispute by filing a joint statement directed to Judge van Keulen

10

[PROPOSED] STIPULATED PROTECTIVE ORDER
Case No.: 5:24-cv-09470-BLF

8.     SOURCE CODE

The Parties are conferring about a protocol covering information or items designated as "HIGHLY CONFIDENTIAL – SOURCE CODE" and will submit joint or competing proposals to the Court within 30 days of entry of this Order.

9.     PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER
        LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE," that Party must:

(a)     promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b)     promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c)     cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

[PROPOSED] STIPULATED PROTECTIVE ORDER
Case No.: 5:24-cv-09470-BLF

10.   A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a)     The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)     In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1)     promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2)     promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3)     make the information requested available for inspection by the Non-Party.

(c)     If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

11.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized

12

disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

12.     INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED
        MATERIAL

(a)     Pursuant to Federal Rule of Evidence 502(d), the production of any privileged or otherwise protected or exempted information in this case shall not be deemed a waiver or impairment of any claim of privilege or protection in this case or in any other federal or state proceeding, including, but not limited to, the attorney-client privilege, the protection afforded to work product materials, statutory privileges and protections, or the subject matter thereof, as to the produced document and any related material. Unless otherwise specified, this Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

(b)     Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI, or information (including metadata) for responsiveness and/or segregation of privileged and/or protected information before production.

(c)     The producing party must notify the receiving party promptly, in writing, upon discovery that a particular document has been produced for which the producing party asserts privilege and/or other protection. This "Clawback Notice" shall include the bates range of the produced materials. Promptly after providing the Clawback Notice, the producing party will supply (i) a privilege log listing the item(s) produced, and (ii) a new copy of the material (utilizing the same bates number as the original material) with the privileged or protected material redacted (if the producing party claims that only a portion of the document contains privilege or other protected). If the producing party claims that the entire document is privileged or protected, then the producing party shall provide a slip sheet noting that the document has been withheld in its entirety.

(d)     Upon receipt of a Clawback Notice, all such information, and all copies thereof, shall be returned, sequestered, or destroyed, and the receiving party shall not further review or use the information designated as privileged for any purpose, except as provided in Sections 12(e) and (f), until further Order

[PROPOSED] STIPULATED PROTECTIVE ORDER
Case No.: 5:24-cv-09470-BLF

of the Court. The receiving party shall also attempt, in good faith, to retrieve and return, sequester, or destroy all copies of the documents and information identified in the Clawback Notice in electronic format.

(e)    The receiving party may contest the producing party's assertion of privilege or other protection. In that instance, within seven (7) business days from receipt of the Clawback Notice and the materials identified in Section 12(c) above, the receiving party shall give the producing party written "Notice of Clawback Challenge" providing the reason for said disagreement. The producing party will have seven (7) business days to respond to the Notice of Clawback Challenge, in writing, by either: (i) agreeing to withdraw the claim of privilege or other protection; or (ii) stating the reasons for such claim. If the producing party's response to the Notice of Clawback Challenge does not resolve the issue, the parties shall meet and confer within seven (7) business days of the response. If the conference does not resolve the dispute, within seven (7) business days of the conference, the parties shall submit the dispute to the Court for resolution by way of joint letter.^that complies with Judge van Keulen's standing order. The producing party retains the burden of establishing the applicability of the privilege or other protection as to any inadvertently produced materials. If the receiving party does not serve a Notice of Clawback Challenge, then, upon expiration of the seven (7) business day period, all copies of the disputed material shall be returned or destroyed.

(f)    Nothing in this Stipulation prevents a receiving party from submitting the item(s) listed in the Clawback Notice to the Court for review or using the content of the item(s) in letter briefing to the Court, submitted in connection with any challenge to such notice that is raised in accordance with Section 12(e). The receiving party shall file such submissions under seal or request in camera review, absent agreement otherwise by the producing party. If any information is found to be privileged or protected in accordance with the procedures described herein, all copies of the information shall be returned or destroyed. The joint discovery letter brief must be ~~filed under seal~~ accompanied by a motion to seal under Civil L.R. 79-5 and the receiving party must not assert as a ground for compelling disclosure the fact or circumstances of the disclosure.

(g)    Any analyses, memoranda, or notes or portions thereof which were internally generated and contain or were based upon the item(s) or Information listed in the Clawback Notice shall immediately be sequestered, and shall be destroyed in the event that (a) the receiving party does not contest that the information is privileged or subject to other protection pursuant to Section 12(e) above, or (b) the Court rules that the information is privileged or otherwise protected. Such analyses, memoranda or notes or

14

portions thereof may only be removed from sequestration in the event that (a) the producing party agrees in writing that the information is not privileged or otherwise protected, or (b) the Court rules that the information is not privileged or otherwise protected.

(h)      If, during a deposition, a producing party claims that a document being used in the deposition (e.g., marked as an exhibit, shown to the witness, or made the subject of examination) contains material that is subject to the attorney-client privilege, the attorney work product doctrine, or other protection, the producing party may (a) allow the document to be used during the deposition without waiver of any claim of privilege or other protection; (b) instruct the witness not to answer questions concerning the parts of the document containing privileged or protected material; or (c) object to the use of the document at the deposition to the extent the entire document is privileged or protected, in which case no testimony may be taken relating to the document during the deposition until the matter is resolved by agreement or by the Court. If the producing party allows the examination concerning the document to proceed consistent with this paragraph, all parties shall sequester all copies of the document. As to any deposition testimony subject to a claim of privilege or other protection, the producing party shall serve a Clawback Notice within seven (7) business days of receipt of the final deposition transcript, after which the parties shall follow the procedures set forth in Sections 12(d) and (e). With respect to any testimony that is the subject of a Clawback Notice that is sent eight (8) to twenty (20) days after receipt of the final deposition transcript, the procedures set forth in Sections 12(c) and (d) shall apply upon a showing of good cause for the producing party's service of the Clawback Notice after the initial seven (7) day period. With respect to any document or testimony that is the subject of a Clawback Notice that is sent more than twenty (20) days after receipt of the final deposition transcript, the asserted privilege or protection will be deemed as waived absent extraordinary circumstances. Pending determination of the clawback dispute, all parties with access to the deposition transcript shall treat the relevant testimony in accordance with Section 12(d).

(i)      If a receiving party uses produced material in a brief or at a hearing, and the producing party has not served a Clawback Notice in advance of the briefing event or hearing, the producing party shall serve a Clawback Notice within seven (7) business days of the briefing event or hearing. Thereafter, the procedures set forth in Sections 12(d) and (e) shall apply. With respect to any produced material used in a brief or at a hearing that is the subject of a Clawback Notice that is sent eight (8) to twenty (20) days

15

[PROPOSED] STIPULATED PROTECTIVE ORDER
Case No.: 5:24-cv-09470-BLF

after the briefing event or hearing, the procedures set forth in Sections 12(c) and (d) shall apply upon a showing of good cause for the producing party's service of the Clawback Notice after the initial seven (7) day period. With respect to any produced material used in a brief or at a hearing that is the subject of a Clawback Notice that is sent more than twenty (20) days after the filing of the brief or conclusion of the hearing, the asserted privilege or protection will be deemed as waived absent extraordinary circumstances.

(j)      This Stipulation does not preclude a party from voluntarily waiving any claims of privilege or protection. The provisions of Fed. R. Evid. 502(a) apply when a party uses privileged or other protected information to support a claim or defense.

13.      MISCELLANEOUS

13.1      Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

13.2      Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

13.3      Filing Protected Material. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this Action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5(d) is denied by the court, then the Receiving Party may file the information in the public record pursuant to Civil Local Rule 79-5(e) unless otherwise instructed by the court.

14.      FINAL DISPOSITION

Within 60 days after the final disposition of this Action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As

16

[PROPOSED] STIPULATED PROTECTIVE ORDER
Case No.: 5:24-cv-09470-BLF

used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

15.   <u>WAIVER</u>

This Order is without prejudice to, or waiver of, PayPal's right to seek to compel arbitration.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated: May 28, 2025                                      Respectfully submitted,

By:  */s/ Adam E. Polk*
Dena C. Sharp (SBN 245869)
Adam E. Polk (SBN 273000)
Trevor T. Tan (SBN 281045)
Nina Gliozzo (SBN 333569)
**GIRARD SHARP LLP**
601 California Street, Suite 1400
San Francisco, CA 94108
Telephone: (415) 981-4800
dsharp@girardsharp.com
apolk@girardsharp.com
ttan@girardsharp.com
ngliozzo@girardsharp.com

17

Elizabeth J. Cabraser (SBN 083151)
Roger N. Heller (SBN 215348)
**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000
ecabraser@lchb.com
rheller@lchb.com

Jason L. Lichtman (*pro hac vice*)
Sean A. Petterson (*pro hac vice* forthcoming)
Danna Z. Elmasry (*pro hac vice*)
**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
250 Hudson Street, 8th Floor
New York, New York 10013-1413
Telephone: (212) 355-9500
jlichtman@lchb.com
delmasry@lchb.com

Nanci Nishimura (SBN 152621)
Thomas E. Loeser (SBN 202724)
**COTCHETT, PITRE & MCCARTHY, LLP**
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Telephone: (650) 697-6000
nnishimura@cpmlegal.com
tloeser@cpmlegal.com

Thomas E. Loeser (SBN 202724)
Karin B. Swope (*pro hac vice*)
Jacob M. Alhadeff (*pro hac vice*)
**COTCHETT, PITRE & MCCARTHY, LLP**
1809 7th Avenue, Suite 1610
Seattle, WA 98101
Telephone: (206) 802-1272
tloeser@cpmlegal.com
kswope@cpmlegal.com
jalhadeff@cpmlegal.com

*Plaintiffs' Interim Class Counsel*

18

[PROPOSED] STIPULATED PROTECTIVE ORDER
Case No.: 5:24-cv-09470-BLF

Dated: May 28, 2025

By: */s/ Paul F. Rugani*

Paul F. Rugani (SBN 342647)
**ORRICK, HERRINGTON & SUTCLIFFE LLP**
2050 Main Street, Suite 1100
Irvine, CA 92614-8255
Telephone: (949) 567-6700
prugani@orrick.com

Richard A. Jacobsen (*pro hac vice*)
**ORRICK, HERRINGTON & SUTCLIFFE LLP**
51 West 52nd Street
New York, NY 10019-6142
Telephone: (212) 506-5000
rjacobsen@orrick.com

*Attorney for Defendants PayPal, Inc. and PayPal Holdings, Inc.*

## ATTESTATION

Pursuant to Civil Local Rule 5-1(i)(3), the filer of this document attests that concurrence in the filing of this document has been obtained from the signatories above.

By: */s/ Adam E. Polk*
Adam E. Polk

## [PROPOSED] ORDER

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Date: May 29, 2025

_____
SUSAN VAN KEULEN
United States Magistrate Judge

19

[PROPOSED] STIPULATED PROTECTIVE ORDER
Case No.: 5:24-cv-09470-BLF

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on [date] in the case of *In re PayPal Honey Browser Extension Litigation*, No. 5:24-cv-09470-BLF. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this Action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this Action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

20

[PROPOSED] STIPULATED PROTECTIVE ORDER
Case No.: 5:24-cv-09470-BLF