# EXHIBIT B

## IN RE PAYPAL HONEY BROWSER EXTENSION LITIGATION
### Case No. 5:24-cv-9470-BLF

| Discovery Request (s) | Objecting Party's Response or Objection | Requesting Party's Proposed Compromise | Objecting Party's Proposed Compromise | For the Court's Use |
|---|---|---|---|---|
| **REQUEST FOR PRODUCTION NO. 1:** All Agreements between You and any Affiliate Networks, eCommerce Merchants, and/or other Browser Extensions involving the promotion of products or services in exchange for Commissions. | Former Plaintiffs object to this Request on the grounds that it is vague, overbroad, unduly burdensome, and disproportionate to the needs of the case. Former Plaintiffs also object to this Request on the grounds that it is overly broad and unduly burdensome because Defendants' expansive definition of "Agreement" includes, inter alia, "verbal" and "informal" agreements. As written, based on Defendants' expansive definitions of the capitalized terms, this Request calls for virtually every communication Plaintiff has ever had with any Affiliate Network, eCommerce Merchant, or other Browser Extension in the ordinary course of business, unconstrained by any reasonable temporal or substantive limitations. Additionally, Former Plaintiffs object to this Request on the grounds that it is vague and ambiguous because Defendants' definition of "Commissions" uses the undefined terms "eCommerce Merchant's affiliate program," "participant," "involvement," and "eligible sale." Former Plaintiffs also object to this Request to the extent it seeks information that is: (1) not in Former Plaintiffs' actual possession, custody, or control; and/or (2) only or more reasonably available to third parties, such as Affiliate Networks, because the information is in the possession of those third parties. Finally, Former Plaintiffs object to this Request to the extent it calls for disclosure of documents protected by the attorney-client privilege, | This request, as written, was narrowed in scope from the requests for production served on December 15, 2025, following the Former Named Plaintiffs' dismissal of their claims without prejudice.

During the parties' February 18, 2026 videoconference meet and confer, PayPal offered to further narrow this request to production of written Agreements in the first instance. | Former Plaintiffs propose (a) to produce the agreements they have in their possession (i.e., without searching their affiliate portals); and (b) to provide lists of the Affiliate Networks and Merchants they have partnered with (which lists could then be used by PayPal and/or the parties to procure the agreements PayPal seeks, through subpoenas or informally, from the Affiliate Networks and Merchants listed).

Former Plaintiffs also offered to produce the agreements that | |

1

**IN RE PAYPAL HONEY BROWSER EXTENSION LITIGATION**
**Case No. 5:24-cv-9470-BLF**

| Discovery Request (s) | Objecting Party's Response or Objection | Requesting Party's Proposed Compromise | Objecting Party's Proposed Compromise | For the Court's Use |
|---|---|---|---|---|
| | work product doctrine, or other applicable privilege or immunity.<br><br>Former Plaintiffs will not produce documents in response to this Request. | | are available to them via the portals from their top Affiliate Networks, provided that PayPal confirms it is not also going to seek agreements from the Affiliate Networks and Merchants. | |
| **REQUEST FOR PRODUCTION NO. 2:** All Documents or Communications Concerning or Relating to the Affiliate Marketer-related business, including attribution and standdown rules. | Former Plaintiffs object to this Request on the grounds that it is vague, overbroad, unduly burdensome, and disproportionate to the needs of the case. Former Plaintiffs also object to this Request on the grounds that it is overly broad, unduly burdensome, and disproportionate to the needs of the case because, based on Defendants' expansive definitions of the capitalized terms—and the undefined phrase "Affiliate Marketer-related business"—this Request calls for virtually every communication Plaintiff has ever had with any individual or entity in the ordinary course of business, unconstrained by any reasonable temporal or substantive limitations. As written, this Request seeks, by way of example, irrelevant communications with eCommerce Merchants regarding campaign scheduling; with Affiliate | This request, as written, reflects PayPal's proposed compromise, as it was narrowed in scope from the requests for production served on December 15, 2025, following the Former Named Plaintiffs' dismissal of their claims without prejudice.<br><br>Nevertheless, PayPal agreed to limit the | PayPal fails to show a particularized need justifying the burden this would impose on these absent class members. As a result, Former Plaintiffs cannot offer a compromise for this Request. | |

2

**IN RE PAYPAL HONEY BROWSER EXTENSION LITIGATION**
**Case No. 5:24-cv-9470-BLF**

| Discovery Request (s) | Objecting Party's Response or Objection | Requesting Party's Proposed Compromise | Objecting Party's Proposed Compromise | For the Court's Use |
|---|---|---|---|---|
| | Networks regarding administrative account issues; with Consumers about their response to a particular sponsored post or video; with other Affiliate Marketers regarding potential collaborations; with eCommerce Merchants and Affiliate Networks regarding flat-fee sponsorships unrelated to Commissions; and with eCommerce Merchants regarding partnerships that never came to fruition. Additionally, Former Plaintiffs object to this Request on the grounds that it is vague and ambiguous because the Request uses the undefined terms "attribution" and "standdown rules". Finally, Former Plaintiffs object to this Request to the extent it calls for disclosure of documents protected by the attorney-client privilege, work product doctrine, or other applicable privilege or immunity. Former Plaintiffs further object to this Request insofar as it seeks documents subject to any confidentiality agreement with third parties and/or information that is confidential, proprietary, or trade secret information.<br><br>Former Plaintiffs will not produce documents in response to this Request. | request to documents and communications directly related to attribution and standdown rules. | | |
| **REQUEST FOR PRODUCTION NO. 4:** Documents sufficient to show each Affiliate ID You use and the | Former Plaintiffs object to this Request on the grounds that it is vague, overbroad, unduly burdensome, and disproportionate to the needs of the case. Former Plaintiffs also object to this Request on the grounds that it is overly broad and unduly | This request, as written, reflects PayPal's proposed compromise, as it was narrowed in | PayPal fails to show a particularized need justifying the burden this would | |

3

**IN RE PAYPAL HONEY BROWSER EXTENSION LITIGATION**
**Case No. 5:24-cv-9470-BLF**

| Discovery Request (s) | Objecting Party's Response or Objection | Requesting Party's Proposed Compromise | Objecting Party's Proposed Compromise | For the Court's Use |
|---|---|---|---|---|
| corresponding Affiliate Networks You have partnered with. | burdensome to the extent that Defendants' expansive definition of "Documents" is broader than the definition of "documents or electronically stored information" provided by Federal Rule of Civil Procedure 34. Former Plaintiffs further object to this Request on the grounds that it is vague and ambiguous because the Request uses the undefined term "Affiliate ID". Former Plaintiffs also object to this Request to the extent it seeks information that is: (1) not in Former Plaintiffs' actual possession, custody, or control; (2) only or more reasonably available to third parties, such as Affiliate Networks, because the information is in the possession of those third parties; or (3) publicly available and thus equally accessible to Defendants, including Affiliate IDs shared on Former Plaintiffs' public social media channels, websites, and other platforms. Former Plaintiffs further object to this Request to the extent it seeks production of electronically stored information from sources not reasonable accessible (e.g., legacy systems, backup media, temporary or ambient data), in light of the burdens or costs required to locate, restore, review, and produce whatever responsive information may be found. Additionally, Former Plaintiffs object to this Request on the grounds of privacy because it seeks sensitive consumer and business information without making an adequate showing that there is a | scope from the requests for production served on December 15, 2025, following the Former Named Plaintiffs' dismissal of their claims without prejudice. | impose on these absent class members. As a result, Former Plaintiffs cannot offer a compromise for this Request. | |

4

**IN RE PAYPAL HONEY BROWSER EXTENSION LITIGATION**
**Case No. 5:24-cv-9470-BLF**

| Discovery Request (s) | Objecting Party's Response or Objection | Requesting Party's Proposed Compromise | Objecting Party's Proposed Compromise | For the Court's Use |
|---|---|---|---|---|
| | need for such information that would override state or federal privacy rights.<br><br>Former Plaintiffs will not produce documents in response to this Request. | | | |
| **REQUEST FOR PRODUCTION NO. 5:** All Documents that reflect any revenues or Commissions You have earned as an Affiliate Marketer, broken down by the smallest temporal unit available (i.e. month-by-month, week by week or day by day), and by each Affiliate Link, Affiliate ID, Affiliate Network, and eCommerce Merchant. | Former Plaintiffs object to this Request on the grounds that it is vague, overbroad, unduly burdensome, and disproportionate to the needs of the case. Former Plaintiffs also object to this Request on the grounds that it is overly broad and unduly burdensome beacuse, based on Defendants' expansive definitions of the capitalized terms, the Request seeks every document reflecting "any revenues or Commissions" that Former Plaintiffs have ever earned as Affiliate Marketers, without regard to whether such revenue has any relevance to the claims or defenses in this case. For example, documents reflecting any revenue other than referral fees and sales commissions have no relevance to any claims or defenses in this action. Former Plaintiffs also object to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent it seeks documents that are: (1) not in Former Plaintiffs' actual possession, custody, or control; or (2) only or more reasonably available to third parties, such as Affiliate Networks or Advertisers, because the documents are in the possession of those third parties. For example, different Affiliate Networks provide different levels | This request, as written, reflects PayPal's proposed compromise, as it was narrowed in scope from the requests for production served on December 15, 2025, following the Former Named Plaintiffs' dismissal of their claims without prejudice. | Former Plaintiffs offered to provide lists of the Affiliate Networks and Merchants they have partnered with. | |

5

**IN RE PAYPAL HONEY BROWSER EXTENSION LITIGATION**
**Case No. 5:24-cv-9470-BLF**

| Discovery Request (s) | Objecting Party's Response or Objection | Requesting Party's Proposed Compromise | Objecting Party's Proposed Compromise | For the Court's Use |
|---|---|---|---|---|
| | of detail to Former Plaintiffs regarding their earnings, and Former Plaintiffs may therefore lack access to documents that quantify their revenue broken down, on a month-to-month basis, by each Affiliate link, Affiliate ID, Advertiser, and Affiliate Network. Former Plaintiffs further object to this Request insofar as it purports to require Former Plaintiffs to generate work product for Defendants and seeks to impose obligations on Former Plaintiffs that are inconsistent with and/or greater than those obligations imposed by the Federal Rules of Civil Procedure, Local Rules, or any other applicable rule or court order. Former Plaintiffs further object to this Request on the grounds that it is vague and ambiguous because the Request uses the undefined term "Affiliate ID," and because Defendants' definition of "Commissions" uses the undefined terms "eCommerce Merchant's affiliate program," "participant," "involvement," and "eligible sale." Additionally, Former Plaintiffs object to this Request to the extent it seeks documents or information protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or protection. Former Plaintiffs further object to this Request insofar as it seeks documents subject to any confidentiality agreement with third parties and/or information that is confidential, proprietary, or trade secret information. Former Plaintiffs also object to this Request as premature to the extent it seeks information that will | | | |

6

**IN RE PAYPAL HONEY BROWSER EXTENSION LITIGATION**
**Case No. 5:24-cv-9470-BLF**

| Discovery Request (s) | Objecting Party's Response or Objection | Requesting Party's Proposed Compromise | Objecting Party's Proposed Compromise | For the Court's Use |
|---|---|---|---|---|
| | be the subject of expert analysis and testimony, which will be disclosed in accordance with the Federal Rules of Civil Procedure and the schedule set by the Court.<br><br>Former Plaintiffs will not produce documents in response to this Request. | | | |
| **REQUEST FOR PRODUCTION NO. 7:** Any Documents You have received in discovery in any litigation against any browser extension other than Honey Relating to alleged losses of Your Commissions or revenue. | Former Plaintiffs object to this Request on the grounds that it is vague, overbroad, unduly burdensome, and disproportionate to the needs of the case. Former Plaintiffs also object to this Request on the grounds that it is overly broad and unduly burdensome to the extent that Defendants' expansive definition of "Documents" is broader than the definition of "documents or electronically stored information" provided by Federal Rule of Civil Procedure 34. Former Plaintiffs further object to this Request on the grounds that it is vague and ambiguous because the Request uses the undefined term "revenue" and Defendants' definition of "Commissions" uses the undefined terms "eCommerce Merchant's affiliate program," "participant," "involvement," and "eligible sale." Additionally, Former Plaintiffs object to this Request to the extent it seeks documents or information protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or protection. Former Plaintiffs further object to this Request insofar as it seeks | This request, as written, reflects PayPal's proposed compromise, as it was narrowed in scope from the requests for production served on December 15, 2025, following the Former Named Plaintiffs' dismissal of their claims without prejudice. | PayPal fails to show a particularized need justifying the burden this would impose on these absent class members. As a result, Former Plaintiffs cannot offer a compromise for this Request. | |

7

**IN RE PAYPAL HONEY BROWSER EXTENSION LITIGATION**
**Case No. 5:24-cv-9470-BLF**

| Discovery Request (s) | Objecting Party's Response or Objection | Requesting Party's Proposed Compromise | Objecting Party's Proposed Compromise | For the Court's Use |
|---|---|---|---|---|
| | documents subject to any confidentiality agreement with third parties and/or information that is confidential, proprietary, or trade secret information.<br><br>Former Plaintiffs will not produce documents in response to this Request. | | | |
| **REQUEST FOR PRODUCTION NO. 8:** Any Documents You shared with Your counsel regarding the Influencer Consolidated Litigation or its subject matter. | Former Plaintiffs object to this Request on the grounds that it is vague, overbroad, unduly burdensome, and disproportionate to the needs of the case. Former Plaintiffs also object to this Request on the grounds that it is overly broad and unduly burdensome to the extent that Defendants' expansive definition of "Documents" is broader than the definition of "documents or electronically stored information" provided by Federal Rule of Civil Procedure 34. Former Plaintiffs further object to this Request to the extent it seeks documents or information protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or protection. Former Plaintiffs further object to this Request insofar as it seeks documents subject to any confidentiality agreement with third parties and/or information that is confidential, proprietary, or trade secret information.<br><br>Former Plaintiffs will not produce documents in response to this Request. | This request, as written, reflects PayPal's proposed compromise, as it was narrowed in scope from the requests for production served on December 15, 2025, following the Former Named Plaintiffs' dismissal of their claims without prejudice. | PayPal fails to show a particularized need justifying the burden this would impose on these absent class members, and this Request calls for protected material. As a result, Former Plaintiffs cannot offer a compromise for this Request. | |