# EXHIBIT E

Dena C. Sharp (SBN 245869)
Trevor T. Tan (SBN 281045)
Nina Gliozzo (SBN 333569)
Anthony Rogari (SBN 353784)
**GIRARD SHARP LLP**
601 California Street, Suite 1400
San Francisco, CA 94108
Telephone: 415.981.4800

Nanci E. Nishimura (SBN 152621)
Thomas E. Loeser (SBN 202724)
Karin B. Swope (*pro hac vice*)
Andrew J. Fuller (*pro hac vice*)
Jacob M. Alhadeff (*pro hac vice*)
**COTCHETT, PITRE & McCARTHY, LLP**
840 Malcolm Rd #200,
Burlingame, CA 94010
Telephone: 650.697.6000

*Interim Co-Lead Counsel*

Elizabeth J. Cabraser (SBN 083151)
Roger N. Heller (SBN 215348)
Jason L. Lichtman (*pro hac vice*)
Sean A. Petterson (*pro hac vice*)
Danna Z. Elmasry (*pro hac vice*)
**LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP**
275 Battery Street, 29th Floor
San Francisco, CA 94111
Telephone: 415.956.1000

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| IN RE PAYPAL HONEY BROWSER EXTENSION LITIGATION | Case No. 5:24-cv-9470-BLF |
| | **FORMERLY-NAMED PLAINTIFFS' OMNIBUS OBJECTIONS TO DEFENDANTS' RULE 45 SUBPOENAS** |

Pursuant to Federal Rules of Civil Procedure 45, formerly-named Plaintiffs Gymcaddy LLC; Motion Butter, LLC; Stephen Sistek; Reid Tomasko; Sebastian Ventura; Colbow Design LLC; Richard Young; Be Victorious LLC; Christopher Komuves; Eli Silva; John Pugh; David Hiser; Just Josh Inc.; Miniac, LLC; and Shanger Danger LLC ("Former Plaintiffs") collectively respond and object to the Subpoenas to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (the "Subpoenas") served on them by Defendants PayPal Inc. and PayPal Holdings, Inc. (collectively, "PayPal") in the above-referenced matter.

Former Plaintiffs object to the Subpoenas for failing to take reasonable efforts to reduce the burden and expense on nonparty Former Plaintiffs. Nonparty status is a significant factor a court must consider when assessing undue burden. "[T]he Ninth Circuit has long held that nonparties subject to discovery requests deserve extra protection from the courts." *In re Uber Techs., Inc., Passenger Sexual Assault Litig.*, No. 23-MD-03084-CRB (LJC), 2024 WL 3416644, at *2 (N.D. Cal. July 14, 2024). Former Plaintiffs object to the Subpoenas to the extent certain information sought is in the possession, custody, or control of the parties to the litigation (in particular, Defendants), other third parties, or from public sources. *See* Fed. R. Civ. P. 45(d)(1); *see also In re Soc. Media Adolescent Addiction/Pers. Inj. Prods. Liab. Litig.*, No. 22-MD-03047-YGR (PHK), 2025 WL 2405489, at *3 (N.D. Cal. Aug. 19, 2025) ("In evaluating the undue burden issue, a court may quash a subpoena's request for documents where the party seeking the discovery can more easily and inexpensively obtain the documents from [the opposing party], rather than from [the] nonparty [served with the subpoena].") (citation omitted); *In re Allergan, Inc.*, No. 14-cv-02004-DOC (KES), 2016 WL 5922717, at *9 (C.D. Cal. Sept. 23, 2016) ("'Courts are particularly reluctant to require a non-party to provide discovery that can be produced by a party[.]'") (citation omitted); *Nidec Corp. v. Victor Co. of Japan*, 249 F.R.D. 575, 577 (N.D. Cal. 2007) ("There is simply no reason to burden nonparties when the documents sought are in possession of the party defendant."); *Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 638 (C.D. Cal. 2005) ("[T]hese requests all pertain to defendant, who is a party, and, thus, plaintiffs can more easily and inexpensively obtain the documents from defendant, rather than from [the] nonparty.") (citing *Dart Indus. Co. v. Westwood Chem. Co.*, 649 F.2d 646, 649 (9th Cir. 1980));

OMNIBUS OBJECTIONS TO RULE 45 SUBPOENAS
Case No. 5:24-cv-9470-BLF

*Century Sur. Co. v. Master Design Drywall, Inc.*, No. 09cv280-LAB-AJB, 2010 WL 2231890, at *1 (S.D. Cal. June 2, 2010) ("Underlying the protections of Rule 45 is the recognition that the word 'non-party' serves as a constant reminder of the reasons for the limitations that characterize 'third-party' discovery."). As further evidence of Defendants' failure to consider and balance the burden on non-parties, these Request are substantially identical to the Requests for Production of Documents served on the remaining Plaintiffs in the action.

<u>**OBJECTIONS TO DEFINITIONS**</u>

A.    "Affiliate Link" refers to a unique URL assigned to an Affiliate Marketer by an Affiliate Network that can be used to indicate the Affiliate Marketer's participation in a user's shopping journey on an eCommerce Merchant's website.

> **Former Plaintiffs' Objection:** Former Plaintiffs object to Defendants' Definition of "Affiliate Link" as vague and ambiguous with respect to the undefined phrase "a user's shopping journey on an eCommerce Merchant's website." For purposes of these Requests, Former Plaintiffs construe "Affiliate Link" as referring to a unique URL, Cookie, and/or tag that allows an eCommerce Merchant or Affiliate Network to track and reward consumer traffic and sales generated by an Affiliate Marketer.

B.    "Affiliate Marketer" refers to an individual or entity that promotes products or services online and presumptively participates in an eCommerce Merchant's affiliate program.

> **Former Plaintiffs' Objection:** Former Plaintiffs object to Defendants' Definition of "Affiliate Marketer" as vague and ambiguous with respect to the undefined terms "presumptively participates" and "eCommerce Merchant's affiliate program." For purposes of these Requests, Former Plaintiffs construe "Affiliate Marketer" as referring to an individual or entity (e.g., a blogger, influencer, or content creator), such as Former Plaintiffs, that have partnered with eCommerce Merchants (directly or through an

Affiliate Network) to promote the eCommerce Merchant's products or services in return for remuneration, often delivered in the form of Commissions.

C.    "Affiliate Network" refers to an entity that acts as an intermediary between Affiliate Marketers and eCommerce Merchants that supports the eCommerce Merchant's affiliate program.

**Former Plaintiffs' Objection:** Former Plaintiffs object to Defendants' Definition of "Affiliate Network" as vague and ambiguous with respect to the undefined terms "supports" and "eCommerce Merchant's affiliate program." For purposes of these Requests, Former Plaintiffs construe "Affiliate Network" as referring to an entity that acts as an intermediary between Affiliate Marketers and eCommerce Merchants, connecting Affiliate Marketers and eCommerce Merchants on their platform and sometimes managing partnerships between the two.

D.    "Agreement" as used herein refers to any mutual understanding between two or more parties, established through communication and consent, where the parties commit to certain terms, conditions, or actions. This can encompass any form of business relationship or arrangement, whether formal or informal, written or verbal.

**Former Plaintiffs' Objection:** Former Plaintiffs object to Defendants' Definition of "Agreement" as overbroad and unduly burdensome to the extent it seeks "verbal" agreements and to the extent it seeks any documents or information in a manner exceeding the requirements of the Federal Rules of Civil Procedure. For purposes of these Requests, Former Plaintiffs construe "Agreement" as referring to formal written contracts, terms of service, written confirmations of material understandings, and/or documented arrangements memorialized in writing that can be discovered after a reasonable search, in accordance with Former Plaintiffs' obligations

under Federal Rule of Civil Procedure 34.

E.       "Analytics" refers to any data, statistics, or information that is, or can be, used by [sic] to measure or assess performance. As used herein, "Analytics" shall include, but is not limited to, sales generated, conversion rates, click-through rates, returns on investment, and earnings per click.

> **Former Plaintiffs' Objection:** Former Plaintiffs object to Defendants' Definition of "Analytics" as vague and ambiguous to the extent it includes unnecessary qualifiers and examples, including the undefined terms "sales generated," "conversion rates," "click-through rates," "returns on investment," and "earnings per click." For purposes of these Requests, Former Plaintiffs interpret this term as referring to data, statistics, or information that can be discovered after a reasonable search, in accordance with Former Plaintiffs' obligations under Federal Rule of Civil Procedure 34.

F.       "Commission" refers to an amount of money, including, but not limited to, a set percentage of the value of eCommerce transactions, paid by or on behalf of an eCommerce Merchant to a participant in that eCommerce Merchant's affiliate program in recognition of the participant's involvement in an eligible sale at the eCommerce Merchant.

> **Former Plaintiffs' Objection:** Former Plaintiffs object to Defendants' Definition of "Commission" as vague and ambiguous with respect to the undefined terms "eCommerce Merchant's affiliate program," "participant," "involvement," and "eligible sale." For purposes of these Requests, Former Plaintiffs construe "Commission" as referring to an amount of money, typically a set percentage of the value of eCommerce transactions, paid by an eCommerce Merchant or Affiliate Network to an Affiliate Marketer for successful referrals leading to purchases of products or services.

OMNIBUS OBJECTIONS TO RULE 45 SUBPOENAS
Case No. 5:24-cv-9470-BLF

G.    "Communication" means any contact, oral or documentary, formal or informal, at any place or under any circumstances whatsoever whereby information of any nature is transmitted or transferred, including, without limitation, any note, memorandum or other record thereof, or a single person seeing or hearing any information by any means.

**Former Plaintiffs' Objection:** Former Plaintiffs object to Defendants' Definition of "Communication" as overbroad to the extent it includes "oral" communications and to the extent it seeks any documents or information in a manner exceeding the requirements of the Federal Rules of Civil Procedure. For purposes of these Requests, Former Plaintiffs construe "Communication" as referring to written and electronically recorded communications that can be discovered after a reasonable search, in accordance with Former Plaintiffs' obligations under Federal Rule of Civil Procedure 34.

H.    "Cookie" refers to HTTP Cookies.

**Former Plaintiffs' Objection:** Former Plaintiffs object to Defendants' Definition of "Cookie" as vague and ambiguous with respect to the undefined term "HTTP Cookies." For purposes of these Requests, Former Plaintiffs construe "Cookie" as referring to the small text file(s) that a website stores on a user's computer through their web browser that provides information about that user.

I.    "Document" means the original and any copy of any written, printed, typed, recorded, computerized, electronic, taped, graphic, or other matter, in whatever form, whether in final or draft, including but not limited to, all materials that constitute "writings" or "recordings" or "photographs" within the broadest meaning of the term "Writing" as defined in California Code of Evidence sections 250, 255, and 260, and all materials that constitute "documents" within the broadest meaning of Rule 34 of the Federal Rules of Civil Procedure. Document includes, without limitation, printed matter, electronic mail, materials stored on computer hard drives, diskettes,

tapes, any other computer media, recorded voice mail messages and any other information stored magnetically, optically or as Electronically Stored Information ("ESI," as defined herein).

**Former Plaintiffs' Objection:** Former Plaintiffs object to Defendants' Definition of "Document" to the extent it is broader than the definition of "documents or electronically stored information" provided by Federal Rule of Civil Procedure 34. For purposes of these Requests, Former Plaintiff construe "Documents" in accordance with the definition of "documents or electronically stored information" under Federal Rule of Civil Procedure 34.

J.      "You," or "Your" means Gymcaddy LLC; Motion Butter, LLC; Stephen Sistek; Reid Tomasko; Sebastian Ventura; Colbow Design LLC; Richard Young; Be Victorious LLC; Christopher Komuves; Eli Silva; John Pugh; David Hiser; Just Josh Inc.; Miniac, LLC; and Shanger Danger LLC, and their predecessors, successors, assigns, agents, servants, employees, investigators, attorneys, and all other persons and entities representing them, acting on their behalf, or purporting to act on their behalf.

**Former Plaintiffs' Objection:** Former Plaintiffs object to Defendants' Definition of "You" or "Your" as rendering the Requests overbroad and unduly burdensome, because it encompasses any of Former Plaintiffs' "predecessors, successors, assigns, agents, servants, employees, investigators, attorneys, and all other persons and entities representing them, acting on their behalf, or purporting to act on their behalf"—which could include individuals and entities that Former Plaintiffs have no knowledge of or control over and for whom Former Plaintiffs are not responsible. Former Plaintiffs object to this Definition to the extent it encompasses third parties or calls for information that is not in Former Plaintiffs' possession, custody, or control. For purposes of these Requests, Former Plaintiffs construe "You" or "Your" to mean only the above-named Former Plaintiffs.

OMNIBUS OBJECTIONS TO RULE 45 SUBPOENAS
Case No. 5:24-cv-9470-BLF

**OBJECTIONS TO INSTRUCTIONS**

A.    Unless the context of a particular request indicates otherwise, the relevant time period to which each request refers is the time period during which You operated as an Affiliate Marketer through to the filing of the Second Amended Complaint in this action.

> **Former Plaintiffs' Objection:** Former Plaintiffs object to Defendants' Instruction regarding "the relevant time period" as rendering the Requests vague, unduly burdensome, and disproportionate to the needs of the case.

B.    In responding to the following requests, You are required to provide all documents that are available to You or within Your control, including documents in the possession of Your attorneys, investigators, employees, agents, representatives, and guardians or any other person acting on your behalf, and not merely documents from Your own personal files.

> **Former Plaintiffs' Objection:** Former Plaintiffs object to this Instruction insofar as it instructs Former Plaintiffs to produce documents that are not within their possession, custody, or control. Former Plaintiffs object to this Instruction to the extent it instructs Former Plaintiffs to produce or furnish information regarding privileged documents and communications, beyond such information as may be required by the Court in determining the privileged status of such documents and communications. Former Plaintiffs will limit any Responses to responsive documents in their possession, custody, or control that can be discovered after a reasonable search. Any statement contained in these Responses indicating that Former Plaintiffs will produce responsive documents shall not be construed as an admission or concession that responsive documents exist.

C.    If You object to the production of any document on the grounds that it is protected from disclosure by the attorney-client privilege, work-product doctrine, or any other privilege, You

OMNIBUS OBJECTIONS TO RULE 45 SUBPOENAS
Case No. 5:24-cv-9470-BLF

are requested to identify each document for which the privilege is claimed and give all information required by applicable case law, including, but not limited to the following: (a) the name of the writer, sender, or initiator of each copy of the document; (b) the name of the recipient, addressee, or party to whom any copy of the document was sent; (c) the date of each copy of the document, if any, or an estimate of its date; (d) a statement of the basis for the claim of privilege; and (e) description of the document sufficient for the Court to rule on the applicability and appropriateness of the claimed privilege.

> **Former Plaintiffs' Objection:** Former Plaintiffs object to this Instruction to the extent it instructs Former Plaintiffs to provide information in a manner exceeding or inconsistent with the requirements of the Federal Rules of Civil Procedure and/or the Court's Order detailing the parties' obligations with respect to the timing and structure of any privilege logs the parties may provide in the Action. *See* ECF No. 171.

## RESPONSES TO REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1**

All Agreements between You and any Affiliate Networks, eCommerce Merchants, and/or other Browser Extensions involving the promotion of products or services in exchange for Commissions.

**FORMER PLAINTIFF'S RESPONSE:**

Former Plaintiffs object to this Request on the grounds that it is vague, overbroad, unduly burdensome, and disproportionate to the needs of the case. Former Plaintiffs also object to this Request on the grounds that it is overly broad and unduly burdensome because Defendants' expansive definition of "Agreement" includes, inter alia, "verbal" and "informal" agreements. As written, based on Defendants' expansive definitions of the capitalized terms, this Request calls for virtually every communication Plaintiff has ever had with any Affiliate Network, eCommerce Merchant, or other Browser Extension in the ordinary course of business, unconstrained by any reasonable temporal or substantive limitations.

Additionally, Former Plaintiffs object to this Request on the grounds that it is vague and ambiguous because Defendants' definition of "Commissions" uses the undefined terms "eCommerce Merchant's affiliate program," "participant," "involvement," and "eligible sale."

Former Plaintiffs also object to this Request to the extent it seeks information that is: (1) not in Former Plaintiffs' actual possession, custody, or control; and/or (2) only or more reasonably available to third parties, such as Affiliate Networks, because the information is in the possession of those third parties.

Finally, Former Plaintiffs object to this Request to the extent it calls for disclosure of documents protected by the attorney-client privilege, work product doctrine, or other applicable privilege or immunity.

Former Plaintiffs will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 2:**

All Documents or Communications Concerning or Relating to the Affiliate Marketer-related business, including attribution and standdown rules.

**FORMER PLAINTIFF'S RESPONSE:**

Former Plaintiffs object to this Request on the grounds that it is vague, overbroad, unduly burdensome, and disproportionate to the needs of the case.

Former Plaintiffs also object to this Request on the grounds that it is overly broad, unduly burdensome, and disproportionate to the needs of the case because, based on Defendants' expansive definitions of the capitalized terms—and the undefined phrase "Affiliate Marketer-related business"—this Request calls for virtually every communication Plaintiff has ever had with any individual or entity in the ordinary course of business, unconstrained by any reasonable temporal or substantive limitations. As written, this Request seeks, by way of example, irrelevant communications with eCommerce Merchants regarding campaign scheduling; with Affiliate Networks regarding administrative account issues; with Consumers about their response to a particular sponsored post or video; with other Affiliate Marketers regarding potential collaborations; with eCommerce Merchants and Affiliate Networks regarding flat-fee sponsorships unrelated to Commissions; and with eCommerce Merchants regarding partnerships that never came

to fruition.

Additionally, Former Plaintiffs object to this Request on the grounds that it is vague and ambiguous because the Request uses the undefined terms "attribution" and "standdown rules".

Finally, Former Plaintiffs object to this Request to the extent it calls for disclosure of documents protected by the attorney-client privilege, work product doctrine, or other applicable privilege or immunity. Former Plaintiffs further object to this Request insofar as it seeks documents subject to any confidentiality agreement with third parties and/or information that is confidential, proprietary, or trade secret information.

Former Plaintiffs will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 3:**

Documents sufficient to identify each platform, including social media, apps, other websites, or other platforms You have used to share Your Affiliate Links.

**FORMER PLAINTIFF'S RESPONSE:**

Former Plaintiffs object to this Request on the grounds that it is vague, overbroad, unduly burdensome, and disproportionate to the needs of the case. Former Plaintiffs also object to this Request on the grounds that it is overly broad and unduly burdensome to the extent that Defendants' expansive definition of "Documents" is broader than the definition of "documents or electronically stored information" provided by Federal Rule of Civil Procedure 34.

Former Plaintiffs further object to this Request on the grounds that it is vague and ambiguous because the Request uses the undefined terms "platform," "social media," "apps," "other websites."

Former Plaintiffs also object to this Request to the extent it seeks information that is: (1) not in Former Plaintiffs' actual possession, custody, or control; (2) only or more reasonably available to third parties, such as Affiliate Networks, because the information is in the possession of those third parties; or (3) publicly available and thus equally accessible to Defendants, including Affiliate IDs shared on Former Plaintiffs' public social media channels, websites, and other platforms. Former Plaintiffs further object to this Request to the extent it seeks production of electronically stored information from sources not reasonable accessible (e.g., legacy systems,

backup media, temporary or ambient data), in light of the burdens or costs required to locate, restore, review, and produce whatever responsive information may be found. Former Plaintiffs object to this Request to the extent it asks Former Plaintiffs to identify social media accounts or other websites or platforms used by Former Plaintiffs on which they do not share Affiliate Links containing their Affiliate IDs.

Additionally, Former Plaintiffs object to this Request on the grounds of privacy because it seeks sensitive consumer and business information without making an adequate showing that there is a need for such information that would override state or federal privacy rights.

Former Plaintiffs will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 4:**

Documents sufficient to show each Affiliate ID You use and the corresponding Affiliate Networks You have partnered with.

**FORMER PLAINTIFF'S RESPONSE:**

Former Plaintiffs object to this Request on the grounds that it is vague, overbroad, unduly burdensome, and disproportionate to the needs of the case. Former Plaintiffs also object to this Request on the grounds that it is overly broad and unduly burdensome to the extent that Defendants' expansive definition of "Documents" is broader than the definition of "documents or electronically stored information" provided by Federal Rule of Civil Procedure 34.

Former Plaintiffs further object to this Request on the grounds that it is vague and ambiguous because the Request uses the undefined term "Affiliate ID".

Former Plaintiffs also object to this Request to the extent it seeks information that is: (1) not in Former Plaintiffs' actual possession, custody, or control; (2) only or more reasonably available to third parties, such as Affiliate Networks, because the information is in the possession of those third parties; or (3) publicly available and thus equally accessible to Defendants, including Affiliate IDs shared on Former Plaintiffs' public social media channels, websites, and other platforms. Former Plaintiffs further object to this Request to the extent it seeks production of electronically stored information from sources not reasonable accessible (e.g., legacy systems, backup media, temporary or ambient data), in light of the burdens or costs required to locate,

restore, review, and produce whatever responsive information may be found.

Additionally, Former Plaintiffs object to this Request on the grounds of privacy because it seeks sensitive consumer and business information without making an adequate showing that there is a need for such information that would override state or federal privacy rights.

Former Plaintiffs will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 5:**

All Documents that reflect any revenues or Commissions You have earned as an Affiliate Marketer, broken down by the smallest temporal unit available (i.e. month-by-month, week by week or day by day), and by each Affiliate Link, Affiliate ID, Affiliate Network, and eCommerce Merchant.

**FORMER PLAINTIFF'S RESPONSE:**

Former Plaintiffs object to this Request on the grounds that it is vague, overbroad, unduly burdensome, and disproportionate to the needs of the case.  Former Plaintiffs also object to this Request on the grounds that it is overly broad and unduly burdensome beacuse, based on Defendants' expansive definitions of the capitalized terms, the Request seeks every document reflecting "any revenues or Commissions" that Former Plaintiffs have ever earned as Affiliate Marketers, without regard to whether such revenue has any relevance to the claims or defenses in this case. For example, documents reflecting any revenue other than referral fees and sales commissions have no relevance to any claims or defenses in this action.

Former Plaintiffs also object to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent it seeks documents that are: (1) not in Former Plaintiffs' actual possession, custody, or control; or (2) only or more reasonably available to third parties, such as Affiliate Networks or Advertisers, because the documents are in the possession of those third parties. For example, different Affiliate Networks provide different levels of detail to Former Plaintiffs regarding their earnings, and Former Plaintiffs may therefore lack access to documents that quantify their revenue broken down, on a month-to-month basis, by each Affiliate link, Affiliate ID, Advertiser, and Affiliate Network. Former Plaintiffs further object to this Request insofar as it purports to require Former Plaintiffs to generate work product

for Defendants and seeks to impose obligations on Former Plaintiffs that are inconsistent with and/or greater than those obligations imposed by the Federal Rules of Civil Procedure, Local Rules, or any other applicable rule or court order.

Former Plaintiffs further object to this Request on the grounds that it is vague and ambiguous because the Request uses the undefined term "Affiliate ID," and because Defendants' definition of "Commissions" uses the undefined terms "eCommerce Merchant's affiliate program," "participant," "involvement," and "eligible sale."

Additionally, Former Plaintiffs object to this Request to the extent it seeks documents or information protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or protection. Former Plaintiffs further object to this Request insofar as it seeks documents subject to any confidentiality agreement with third parties and/or information that is confidential, proprietary, or trade secret information. Former Plaintiffs also object to this Request as premature to the extent it seeks information that will be the subject of expert analysis and testimony, which will be disclosed in accordance with the Federal Rules of Civil Procedure and the schedule set by the Court.

Former Plaintiffs will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 6:**

All Documents and Communications with, Concerning, or Relating to MegaLag.

**FORMER PLAINTIFF'S RESPONSE:**

Former Plaintiffs object to this Request on the grounds that it is vague, overbroad, unduly burdensome, and disproportionate to the needs of the case. Former Plaintiffs also object to this Request on the grounds that it is overly broad and unduly burdensome insofar that the Request seeks documents and communications—including, under Defendants' expansive definitions— oral communications "considering [MegaLag] any manner whatsoever" without any substantive or temporal limitation.

Former Plaintiffs further object to this Request to the extent it seeks documents or information protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or protection. Former Plaintiffs further object to this Request insofar as it

OMNIBUS OBJECTIONS TO RULE 45 SUBPOENAS
Case No. 5:24-cv-9470-BLF

seeks documents subject to any confidentiality agreement with third parties and/or information that is confidential, proprietary, or trade secret information.

Former Plaintiffs will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 7:**

Any Documents You have received in discovery in any litigation against any browser extension other than Honey Relating to alleged losses of Your Commissions or revenue.

**PLAINTIFF'S RESPONSE:**

Former Plaintiffs object to this Request on the grounds that it is vague, overbroad, unduly burdensome, and disproportionate to the needs of the case. Former Plaintiffs also object to this Request on the grounds that it is overly broad and unduly burdensome to the extent that Defendants' expansive definition of "Documents" is broader than the definition of "documents or electronically stored information" provided by Federal Rule of Civil Procedure 34.

Former Plaintiffs further object to this Request on the grounds that it is vague and ambiguous because the Request uses the undefined term "revenue" and Defendants' definition of "Commissions" uses the undefined terms "eCommerce Merchant's affiliate program," "participant," "involvement," and "eligible sale."

Additionally, Former Plaintiffs object to this Request to the extent it seeks documents or information protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or protection. Former Plaintiffs further object to this Request insofar as it seeks documents subject to any confidentiality agreement with third parties and/or information that is confidential, proprietary, or trade secret information.

Former Plaintiffs will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 8:**

Any Documents You shared with Your counsel regarding the Influencer Consolidated Litigation or its subject matter.

**FORMER PLAINTIFF'S RESPONSE:**

Former Plaintiffs object to this Request on the grounds that it is vague, overbroad, unduly burdensome, and disproportionate to the needs of the case. Former Plaintiffs also object to this

Request on the grounds that it is overly broad and unduly burdensome to the extent that Defendants' expansive definition of "Documents" is broader than the definition of "documents or electronically stored information" provided by Federal Rule of Civil Procedure 34.

Former Plaintiffs further object to this Request to the extent it seeks documents or information protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or protection. Former Plaintiffs further object to this Request insofar as it seeks documents subject to any confidentiality agreement with third parties and/or information that is confidential, proprietary, or trade secret information.

Former Plaintiffs will not produce documents in response to this Request.

Dated: February 11, 2026

By: */s/ Jason L. Lichtman*

Elizabeth J. Cabraser (State Bar No. 083151)
Roger N. Heller (State Bar No. 215348)
**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000
ecabraser@lchb.com
rheller@lchb.com

Jason L. Lichtman (*pro hac vice*)
Danna Z. Elmasry (*pro hac vice*)
**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
250 Hudson Street, 8th Floor
New York, New York 10013-1413
Telephone: (212) 355-9500
jlichtman@lchb.com
delmasry@lchb.com

Dena C. Sharp (SBN 245869)
Trevor T. Tan (SBN 281045)
Nina Gliozzo (SBN 333569)
Anthony Rogari (SBN 353784)
**GIRARD SHARP LLP**
601 California Street, Suite 1400
San Francisco, CA 94108
Telephone: 415.981.4800

Nanci E. Nishimura (SBN 152621)
Thomas E. Loeser (SBN 202724)
Karin B. Swope (*pro hac vice*)
Andrew J. Fuller (*pro hac vice*)

- 15 -

Jacob M. Alhadeff (*pro hac vice*)
**COTCHETT, PITRE & McCARTHY, LLP**
840 Malcolm Rd #200,
Burlingame, CA 94010
Telephone: 650.697.6000

*Interim Co-Lead Counsel*

OMNIBUS OBJECTIONS TO RULE 45 SUBPOENAS
Case No. 5:24-cv-9470-BLF

**CERTIFICATE OF SERVICE**

I, Danna Elmasry, declare that I am over 18 years of age and not a party to this action. My business address is Lieff Cabraser Heimann & Bernstein, 250 Hudson Street New York City, NY 10013. On February 11, 2026, the above document was served by electronic mail to counsel of record for Defendants PayPal Inc. and PayPal Holdings, Inc. as follows:

**Orrick, Herrington & Sutcliffe LLP**

Clement S. Roberts croberts@orrick.com

Connor J. Carroll ccarroll@orrick.com

Geoffrey Gavin Moss gmoss@orrick.com

Jennifer M. Keighley jkeighley@orrick.com

Marc R Shapiro mrshapiro@orrick.com

Paul Francis Rugani prugani@orrick.com

Richard Jacobsen rjacobsen@orrick.com

Sarah Ungeheuer sungeheuer@orrick.com

/s/ *Danna Elmasry*

OMNIBUS OBJECTIONS TO RULE 45 SUBPOENAS
Case No. 5:24-cv-9470-BLF