UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

IN RE PAYPAL HONEY BROWSER
EXTENSION LITIGATION

Case No. 24-cv-09470-BLF   (SVK)

**ORDER RE DISCOVERY DISPUTE AT
DKT. 262**

Re: Dkt. No. 262

Before the Court is a Joint Statement submitted by the PayPal Defendants ("PayPal") and fifteen Former Plaintiffs ("FNPs") pursuant to which PayPal seeks to compel production of documents requested via subpoena under Rule 45[1]. Dkt. 262. This matter may be resolved without oral argument. Civ. L.R, 7-1(b).

The relevant factual background leading to the respondents' status as former plaintiffs is succinctly set forth in the Joint Statement. Dkt. 262 at 1. PayPal primarily relies upon a similar order compelling production from former plaintiffs in a parallel action, *In re Capital One Fin. Corp., Affiliate Marketing Litig.*, 1:25-cv-00023, Dkt. 226 (E.D. Va.) ("*Capital One*"). PayPal urges that, as in *Capital One*, the requested documents are needed to challenge class certification, specifically whether "contracts between Affiliate Marketers and third parties uniformly reflect an 'industry standard' of owed commissions;" as well as the "variability of injury among class members." *Id*. The FNPs argue that they are now absent class members who have not "inserted themselves into the litigation" and as such are generally not subject to discovery. *Id*. at 6, citing *Klein v. Meta Platforms, Inc.*, 2022 WL 22936869 (N.D. Cal. Feb. 23, 2022). They also argue that the requests are largely overbroad and unduly burdensome, in contravention of Rule 45. *Id*.

A discovery order in a similar case venued in another District is not binding on this Court, though it can be helpful in a very general sense. The Court considers the proffered *Capital One*

---

[1] "Rule" refers to the Federal Rules of Civil Procedure, unless stated otherwise.

order in this vein.  The Court also agrees that the FNPs are not in the same posture as wholly absent class members, who may not even be aware of the litigation.  *Klein v. Meta Platforms, Inc.*, 2022 WL 22936869, at *2.  Rather, the Court considers the following factors:

- whether the absent class member has inserted herself into the Litigation;

- whether the discovery is narrowly tailored to relevant subject matter;

- whether the discovery may be obtained from a named plaintiff or other sources; and

- whether the discovery requested is unduly burdensome or sought in bad faith.

*Id.* (collecting cases).  In addressing these factors, the Court adopts the general parameters of relevance and proportionality of Rule 26, which also apply to subpoenas served pursuant to Rule 45.  See Fed. R. Civ. P. 45, 1970 Advisory Committee Notes ("[T]he scope of discovery through a subpoena is the same as that applicable to Rule 34 and the other discovery rules").  Finally, in ruling on the specific issues at hand, the Court notes that for purposes of production, a party has sufficient "control" over documents held by another party if the first party has the legal right to obtain the documents from the second party upon demand. *In re Citric Acid Litig.*, 191 F.3d 1090, 1107 (9th Cir. 1999).

The Court is satisfied that having participated in the litigation for over a year, including receiving requests for production as parties but dismissing their claims before responding, the FNPs have sufficiently "inserted" themselves into the case to be subject to discovery.  For the remaining factors, the Court weighs carefully the arguments on both sides, balancing relevance, proportionality and burden.  Based upon this evaluation, the Court's rulings are as set forth in the attached chart.  PayPal and the FNPs are to meet and confer regarding a production schedule, mindful of the deadline for substantial completion of document productions and written discovery of August 14, 2026.

**SO ORDERED.**

Dated: May 18, 2026

SUSAN VAN KEULEN
United States Magistrate Judge

2