RICHARD A. JACOBSEN (admitted pro hac vice)
rjacobsen@orrick.com
MARC R. SHAPIRO (admitted pro hac vice)
mshapiro@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
51 West 52nd Street
New York, NY  10019-6142
Telephone:    +1 212 506 5000
Facsimile:    +1 212 506 5151

CLEMENT S. ROBERTS (SBN 209203)
croberts@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
405 Howard Street
San Francisco, CA 94105-2669
Telephone:    +1 415 773 5700
Facsimile:    +1 415 773 5759

GEOFFREY MOSS (SBN 258827)
gmoss@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
355 S. Grand Ave. Ste. 2700
Los Angeles, CA 90071
Telephone:    +1 213 629 2020
Facsimile:    +1 213 612 2499

Attorneys for Defendants
PAYPAL, INC. AND PAYPAL HOLDINGS, INC.

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

IN RE PAYPAL HONEY BROWSER
EXTENSION LITIGATION

Case No.: 5:24-cv-9470-BLF

**DEFENDANTS PAYPAL, INC.'S AND PAYPAL HOLDINGS, INC.'S ANSWER TO SECOND AMENDED CONSOLIDATED CLASS ACTION COMPLAINT**

Defendants PayPal, Inc. and PayPal Holdings, Inc. (collectively, "PayPal"), by and through its undersigned counsel, Orrick, Herrington & Sutcliffe LLP, hereby files its Answer to Second Amended Consolidated Class Action Complaint ("SAC") as follows:

## NATURE OF THE ACTION

1.      Paragraph 1 states legal conclusions to which no response is required.  To the extent a response is required, PayPal denies the allegations in this paragraph.

2.      PayPal states that the allegations set forth in Paragraph 2 purport to describe certain industry customs and practices without alleging facts specifically pertaining to PayPal, and PayPal denies that the allegations set forth a complete and accurate statement of either such industry customs and practices or of its own practices.  To the extent a further response is required, PayPal denies the allegations contained in the paragraph.

3.      PayPal lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 3, and on that basis denies them.

4.      PayPal states that the allegations set forth in Paragraph 4 purport to describe certain industry customs and practices without alleging facts specifically pertaining to PayPal, and PayPal denies that the allegations set forth a complete and accurate statement of either such industry customs and practices or of its own practices.  To the extent a further response is required, PayPal denies the allegations contained in the paragraph.

5.      PayPal denies the allegations in the first sentence of Paragraph 5.  PayPal states that the allegations in the second sentence of Paragraph 5 purport to describe certain industry customs and practices without alleging facts specifically pertaining to PayPal, and PayPal denies that the allegations set forth a complete and accurate statement of either such industry customs and practices or of its own practices.  To the extent a further response is required, PayPal denies the allegations contained in the second sentence of the paragraph.  The allegations in the third sentence of Paragraph 5 and the contract referenced therein, are not directed at PayPal, and accordingly, no response is required.  To the extent that Paragraph 5 selectively quotes the contract referenced therein, this document speaks for itself.  PayPal respectfully refers the Court to this document for

- 1 -

its complete and actual contents.  To the extent a further response is required, PayPal states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the third sentence of the paragraph and the contract referenced therein, and therefore denies them.

6.      The allegations in the first sentence of Paragraph 6 and the contract referenced therein, are not directed at PayPal, and accordingly, no response is required.  To the extent that Paragraph 6 selectively quotes the contract referenced therein, this document speaks for itself.  PayPal respectfully refers the Court to this document for its complete and actual contents.  To the extent a further response is required, PayPal states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of the paragraph and the contract referenced therein, and therefore denies them.  PayPal states that the allegations in the second sentence of Paragraph 6 purport to describe certain industry customs and practices without alleging facts specifically pertaining to PayPal, and PayPal denies that the allegations set forth a complete and accurate statement of either such industry customs and practices or of its own practices.  To the extent a further response is required, PayPal denies the allegations contained in the second sentence of the paragraph.

7.      PayPal states that the allegations in the first, third, sixth, and seventh sentences of Paragraph 7 purport to describe certain industry customs and practices without alleging facts specifically pertaining to PayPal, and PayPal denies that the allegations set forth a complete and accurate statement of either such industry customs and practices or of its own practices.  To the extent a further response is required, PayPal denies the allegations contained in the first, third, sixth, and seventh sentences of the paragraph.  The allegations contained in the second, fourth, and fifth sentences of Paragraph 7 and the article and contract referenced therein, are not directed at PayPal, and accordingly, no response is required.  To the extent that Paragraph 7 selectively quotes the contract and article referenced therein, those documents speak for themselves.  PayPal respectfully refers the Court to this document for its complete and actual contents.  To the extent a further response is required, PayPal states that it is without knowledge or information sufficient to form a

DEFENDANTS' ANSWER TO SECOND AMENDED CLASS ACTION COMPLAINT
5:24-CV-9470-BLF

belief as to the truth of the allegations contained in the second, fourth, and fifth sentences of the paragraph and the accompanying article and contract referenced therein, and therefore denies them.

8. PayPal denies the allegations in Paragraph 8.

9. PayPal denies the allegations in Paragraph 9.

10. PayPal denies the allegations in Paragraph 10.

11. PayPal denies the allegations in the first sentence of Paragraph 11. PayPal further states that the remaining allegations in Paragraph 11 purport to describe certain industry customs and practices without alleging facts specifically pertaining to PayPal, and PayPal denies that the allegations set forth a complete and accurate statement of either such industry customs and practices or of its own practices. To the extent a further response is required, PayPal admits that Affiliate Networks and Merchants are aware browser extensions could obtain Affiliate Commissions, and otherwise denies the remaining allegations contained in the paragraph.

12. PayPal denies the allegations in Paragraph 12.

13. PayPal denies the allegations in Paragraph 13.

14. Paragraph 14 states legal conclusions to which no response is required.

### PARTIES

15. PayPal lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 15, and on that basis denies them.

16. PayPal lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 16, and on that basis denies them.

17. PayPal lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 17, and on that basis denies them.

18. PayPal lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 18, and on that basis denies them.

19. PayPal lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 19, and on that basis denies them.

20.     PayPal lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 20, and on that basis denies them.

21.     PayPal lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 21, and on that basis denies them.

22.     PayPal lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 22, and on that basis denies them.

23.     PayPal lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 23, and on that basis denies them.

24.     PayPal lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 24, and on that basis denies them.

25.     PayPal lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 25, and on that basis denies them.

26.     PayPal admits the allegations in Paragraph 26.

27.     PayPal admits that PayPal, Inc. is a wholly-owned subsidiary of PayPal Holdings, Inc., incorporated in Delaware with its principal place of business at 221 North First St. c/o Corporate Legal Department, San Jose, CA 95131.  PayPal otherwise denies the allegations in Paragraph 27.

28.     Paragraph 28 states legal conclusions to which no response is required.  To the extent a response is required, PayPal denies the allegations.

29.     PayPal admits the allegations in Paragraph 29.

**JURISDICTION AND VENUE**

30.     Paragraph 30 states legal conclusions to which no response is required.  To the extent a response is required, PayPal states that it is not contesting jurisdiction in this Court. PayPal otherwise denies the allegations in Paragraph 30.

31.     Paragraph 31 states legal conclusions to which no response is required.  To the extent a response is required, PayPal states that it is not contesting jurisdiction in this Court. PayPal otherwise denies the allegations in Paragraph 31.

- 4 -

32.    Paragraph 32 states legal conclusions to which no response is required.  To the extent a response is required, PayPal states that it is not contesting personal jurisdiction in this Court. PayPal otherwise denies the allegations in Paragraph 32.

33.    Paragraph 33 states legal conclusions to which no response is required.  To the extent a response is required, PayPal states that it is not contesting venue in this Court. PayPal otherwise denies the allegations in Paragraph 33.

34.    PayPal admits that it conducts business regarding the Honey Browser Extension from its headquarters in San Jose, California, as well as from PayPal's other locations.  PayPal otherwise denies the allegations in Paragraph 34.

## DIVISIONAL ASSIGNMENT

35.    Paragraph 35 states legal conclusions to which no response is required.  To the extent a response is required, PayPal admits that its principal place of business is in San Jose, California.

## CHOICE OF LAW

36.    Paragraph 36 states legal conclusions to which no response is required.

37.    Paragraph 37 states legal conclusions to which no response is required. To the extent a response is required, PayPal admits that its principal place of business is in San Jose, California.

38.    PayPal denies the allegations in Paragraph 38.

39.    Paragraph 39 states legal conclusions to which no response is required.

## FACTUAL ALLEGATIONS

### I.    The Affiliate Marketing Industry

#### A.    Affiliate Marketing Is A Rapidly Growing Industry.

40.    The allegations in Paragraph 40 are not directed at PayPal, and accordingly, no response is required.  To the extent a further response is required, PayPal states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 40 and therefore denies them.

- 5 -

41.    PayPal states that the allegations in Paragraph 41 purport to describe certain industry customs and practices without alleging facts specifically pertaining to PayPal, and PayPal denies that the allegations set forth a complete and accurate statement of either such industry customs and practices or of its own practices.  To the extent a further response is required, PayPal denies the allegations contained in the paragraph.

42.    The allegations contained in Paragraph 42 and the accompanying article referenced therein, are not directed at PayPal, and accordingly, no response is required.  To the extent that Paragraph 42 purports to characterize the article referenced therein, this document speaks for itself. PayPal respectfully refers the Court to this document for its complete and actual contents.  To the extent a further response is required, PayPal states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph and the accompanying article referenced therein, and therefore denies them.

43.    PayPal denies the allegations in the second sentence of Paragraph 43. PayPal states that the remaining allegations in Paragraph 43 purport to describe certain industry customs and practices without alleging facts specifically pertaining to PayPal, and PayPal denies that the allegations set forth a complete and accurate statement of either such industry customs and practices or of its own practices.  To the extent a further response is required, PayPal denies the allegations contained in the paragraph.

**B.    Affiliate Marketers Are of Central Importance to the Affiliate Marketing Ecosystem.**

44.    PayPal states that the allegations in Paragraph 44 purport to describe certain industry customs and practices without alleging facts specifically pertaining to PayPal, and PayPal denies that the allegations set forth a complete and accurate statement of either such industry customs and practices or of its own practices.  To the extent a further response is required, PayPal denies the allegations contained in the paragraph.

45.    PayPal states that the allegations in Paragraph 45 purport to describe certain industry customs and practices without alleging facts specifically pertaining to PayPal, and PayPal denies that the allegations set forth a complete and accurate statement of either such industry customs and

practices or of its own practices.  To the extent a further response is required, PayPal denies the allegations contained in the paragraph.

46.     PayPal states that the allegations in Paragraph 46 purport to describe certain industry customs and practices without alleging facts specifically pertaining to PayPal, and PayPal denies that the allegations set forth a complete and accurate statement of either such industry customs and practices or of its own practices.  To the extent a further response is required, PayPal denies the allegations contained in the paragraph.

47.     The allegations contained in Paragraph 47 and the accompanying article referenced therein, are not directed at PayPal, and accordingly, no response is required.  To the extent that Paragraph 47 purports to characterize the article referenced therein, this document speaks for itself. PayPal respectfully refers the Court to this document for its complete and actual contents.  To the extent a further response is required, PayPal states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph and the accompanying article referenced therein, and therefore denies them.

48.     PayPal states that the allegations in the first, second, and third sentences of Paragraph 48 purport to describe certain industry customs and practices without alleging facts specifically pertaining to PayPal, and PayPal denies that the allegations set forth a complete and accurate statement of either such industry customs and practices or of its own practices.  To the extent a further response is required, PayPal denies the allegations contained in the first, second, and third sentences of the paragraph.  The allegations contained in the fourth sentence of Paragraph 48 and the accompanying article referenced therein, are not directed at PayPal, and accordingly, no response is required.  To the extent that Paragraph 48 selectively quotes the article referenced therein, this document speaks for itself.  PayPal respectfully refers the Court to this document for its complete and actual contents.  To the extent a further response is required, PayPal states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the fourth sentence of the paragraph and the accompanying article referenced therein, and therefore denies them.

**C.      The Affiliate Marketing Process in Five Steps.**

49.     PayPal states that the allegations in Paragraph 49 purport to describe certain industry customs and practices without alleging facts specifically pertaining to PayPal, and PayPal denies that the allegations set forth a complete and accurate statement of either such industry customs and practices or of its own practices.  To the extent a further response is required, PayPal denies the allegations contained in the paragraph.

50.     PayPal states that the allegations in Paragraph 50 purport to describe certain industry customs and practices without alleging facts specifically pertaining to PayPal, and PayPal denies that the allegations set forth a complete and accurate statement of either such industry customs and practices or of its own practices.  To the extent a further response is required, PayPal denies the allegations contained in the paragraph.  The allegations contained in the fourth sentence of Paragraph 48 and the accompanying webpage referenced therein, are not directed at PayPal, and accordingly, no response is required.  To the extent that Paragraph 50 purports to characterize the webpage referenced therein, this document speaks for itself.  PayPal respectfully refers the Court to this webpage for its complete and actual contents.  To the extent a further response is required, PayPal states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the fourth sentence of the paragraph and the accompanying webpage referenced therein, and therefore denies them.

51.     PayPal states that the allegations in Paragraph 51 purport to describe certain industry customs and practices without alleging facts specifically pertaining to PayPal, and PayPal denies that the allegations set forth a complete and accurate statement of either such industry customs and practices or of its own practices.  To the extent a further response is required, PayPal denies the allegations contained in the paragraph.

52.     PayPal states that the allegations in Paragraph 52 purport to describe certain industry customs and practices without alleging facts specifically pertaining to PayPal, and PayPal denies that the allegations set forth a complete and accurate statement of either such industry customs and practices or of its own practices.  PayPal further states that it lacks knowledge or information

DEFENDANTS' ANSWER TO SECOND
AMENDED CLASS ACTION COMPLAINT
5:24-CV-9470-BLF

sufficient to form a belief as to the allegations in Paragraph 52. To the extent a further response is required, PayPal denies the allegations contained in the paragraph.

53. PayPal states that the allegations in Paragraph 53 purport to describe certain industry customs and practices without alleging facts specifically pertaining to PayPal, and PayPal denies that the allegations set forth a complete and accurate statement of either such industry customs and practices or of its own practices. To the extent a further response is required, PayPal denies the allegations contained in Paragraph 53.

54. PayPal states that the allegations in Paragraph 54 purport to describe certain industry customs and practices without alleging facts specifically pertaining to PayPal, and PayPal denies that the allegations set forth a complete and accurate statement of either such industry customs and practices or of its own practices. Further, to the extent the last sentence of Paragraph 54 purports to describe PayPal's knowledge, PayPal denies the allegations. To the extent a further response is required, PayPal denies the allegations contained in the paragraph.

55. PayPal states that the allegations in Paragraph 55 purport to describe certain industry customs and practices without alleging facts specifically pertaining to PayPal, and PayPal denies that the allegations set forth a complete and accurate statement of either such industry customs and practices or of its own practices. To the extent a further response is required, PayPal denies the allegations contained in the paragraph.

II. Merchants Use Tracking Mechanisms to Credit Affiliate Marketers for Sales.

A. Affiliate Marketers Create or Own Affiliate Links.

56. PayPal states that the allegations in Paragraph 56 purport to describe certain industry customs and practices without alleging facts specifically pertaining to PayPal, and PayPal denies that the allegations set forth a complete and accurate statement of either such industry customs and practices or of its own practices. To the extent a further response is required, PayPal denies the allegations contained in the paragraph.

57. PayPal states that the allegations in Paragraph 57 purport to describe certain industry customs and practices without alleging facts specifically pertaining to PayPal, and PayPal denies

that the allegations set forth a complete and accurate statement of either such industry customs and practices or of its own practices. To the extent a further response is required, PayPal denies the allegations contained in the paragraph.

58. PayPal states that the allegations in Paragraph 58 purport to describe certain industry customs and practices without alleging facts specifically pertaining to PayPal, and PayPal denies that the allegations set forth a complete and accurate statement of either such industry customs and practices or of its own practices. To the extent a further response is required, PayPal denies the allegations contained in the paragraph.

59. The allegations contained in Paragraph 59 and the accompanying article and image referenced therein, are not directed at PayPal, and accordingly, no response is required. To the extent that Paragraph 59 purports to characterize the article and image referenced therein, these documents speak for themselves. PayPal respectfully refers the Court to these documents for their complete and actual contents. To the extent a further response is required, PayPal states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph and the accompanying article and image referenced therein, and therefore denies them.

60. PayPal states that the allegations in Paragraph 60 purport to describe certain industry customs and practices without alleging facts specifically pertaining to PayPal, and PayPal denies that the allegations set forth a complete and accurate statement of either such industry customs and practices or of its own practices. To the extent a further response is required, PayPal denies the allegations contained in the paragraph.

61. PayPal states that the allegations in Paragraph 61 purport to describe certain industry customs and practices without alleging facts specifically pertaining to PayPal, and PayPal denies that the allegations set forth a complete and accurate statement of either such industry customs and practices or of its own practices. To the extent a further response is required, PayPal denies the allegations contained in the paragraph.

**B.      The Predominant Attribution Model In Affiliate Marketing Is "Last Click Attribution".**

**a.      Last Click Attribution**

62.     The allegations contained in the second sentence of Paragraph 62 and the accompanying articles referenced therein, are not directed at PayPal, and accordingly, no response is required.  To the extent that Paragraph 62 purports to characterize the articles referenced therein, those documents speak for themselves.  PayPal respectfully refers the Court to these documents for their complete and actual contents.  To the extent a further response is required, PayPal states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of the paragraph and the accompanying articles referenced therein, and therefore denies them.  PayPal states that the remaining allegations in Paragraph 60 purport to describe certain industry customs and practices without alleging facts specifically pertaining to PayPal, and PayPal denies that the allegations set forth a complete and accurate statement of either such industry customs and practices or of its own practices.  To the extent a further response is required, PayPal denies the remaining allegations contained in the paragraph.

63.     PayPal states that the allegations in the first and fourth sentences of Paragraph 63 purport to describe certain industry customs and practices without alleging facts specifically pertaining to PayPal, and PayPal denies that the allegations set forth a complete and accurate statement of either such industry customs and practices or of its own practices.  To the extent a further response is required, PayPal denies the allegations contained in the first and fourth sentences of the paragraph.  The allegations contained in the second and third sentences of Paragraph 63 and the accompanying documents referenced therein, are not directed at PayPal, and accordingly, no response is required.  To the extent that the second and third sentences of Paragraph 63 selectively quote the webpages referenced therein, these documents speak for themselves.  PayPal respectfully refers the Court to these documents for their complete and actual contents.  To the extent a further response is required, PayPal states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second and third sentences of the paragraph and the accompanying documents referenced therein, and therefore denies them.

64.     PayPal denies the allegations contained in Paragraph 64.

65.     PayPal states that the allegations in Paragraph 65 purport to describe certain industry customs and practices without alleging facts specifically pertaining to PayPal, and PayPal denies that the allegations set forth a complete and accurate statement of either such industry customs and practices or of its own practices.  To the extent a further response is required, PayPal denies the allegations contained in Paragraph 65.

66.     PayPal states that the first sentence of Paragraph 66 purports to describe certain industry customs and practices without alleging facts specifically pertaining to PayPal, and PayPal denies that the allegations set forth a complete and accurate statement of either such industry customs and practices or of its own practices.  To the extent a further response is required, PayPal admits that there are attribution models other than last click attribution, and otherwise denies the allegations contained in the first sentence.  PayPal denies the allegations in the second sentence of Paragraph 66.

### b.     Each Plaintiff's Contracts Award Credit Under Last Click Attribution.

67.     PayPal lacks knowledge or information sufficient to form a belief as to the allegations in the first and second sentences of Paragraph 67, and on that basis denies them.  The allegations in the third sentence of Paragraph 67 and the contract referenced therein, are not directed at PayPal, and accordingly, no response is required.  To the extent a further response is required, PayPal states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the third sentence of the paragraph and the contract referenced therein, and therefore denies them.

68.     PayPal admits that it has and/or had an agreement with Kohl's.  PayPal otherwise lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 68 regarding the contractual relationship between Mr. Ramirez and Kohl's and on that basis denies them. The remainder of Paragraph 68 purports to quote the language from Mr. Ramirez's contract with Kohl's.  PayPal lacks knowledge or information sufficient to form a belief as to the accuracy of the quoted language because Plaintiffs have not attached the contract between Mr. Ramirez and

- 12 -

Kohl's.  PayPal further states to the extent Paragraph 68 selectively quotes the contract between Mr. Ramirez and Kohl's, that is a document that speaks for itself.  PayPal respectfully refers the Court to that document for its complete and actual contents.

69.    PayPal admits that it has and/or had an agreement with Amazon.  PayPal otherwise lacks knowledge or information sufficient to form a belief as to allegations in Paragraph 69 regarding the contractual relationship between Mr. Ramirez, Ahntourage, Angry Snowboarder, Brevard Marketing, Dan Becker, Mr. Lachman, Justin Tech Tips, Red Beard Studios, Stuber, and Amazon, and on that basis denies them.  The remainder of Paragraph 69 purports to quote the language from Plaintiffs' contract with Amazon.  PayPal lacks knowledge or information sufficient to form a belief as to the accuracy of the quoted language because Plaintiffs have not attached the contract(s) between Plaintiffs and Amazon.  PayPal further states to the extent Paragraph 69 selectively quotes the contract between Plaintiffs and Amazon, that is a document that speaks for itself.  PayPal respectfully refers the Court to that document for its complete and actual contents.

70.    PayPal admits that it has and/or had an agreement with Dell.  PayPal otherwise lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 70 regarding the contractual relationship between Justin Tech Tips and Dell, and on that basis denies them.  The remainder of Paragraph 70 purports to quote the language from Justin Tech Tips' contract with Dell.  PayPal lacks knowledge or information sufficient to form a belief as to the accuracy of the quoted language because Plaintiffs have not attached the contract between Justin Tech Tips and Dell. PayPal further states to the extent Paragraph 70 selectively quotes the contract between Justin Tech Tips and Dell, that is a document that speaks for itself.  PayPal respectfully refers the Court to that document for its complete and actual contents.

71.    PayPal admits that it has and/or had an agreement with Staples.  PayPal otherwise lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 71 regarding the contractual relationship between Ahntourage and Staples, and on that basis denies them.  The remainder of Paragraph 71 purports to quote the language from Ahntourage's contract with Staples.  PayPal lacks knowledge or information sufficient to form a belief as to the accuracy

of the quoted language because Plaintiffs have not attached the contract between Ahntourage and Staples. PayPal further states to the extent Paragraph 71 selectively quotes the contract between Ahntourage and Staples, that is a document that speaks for itself. PayPal respectfully refers the Court to that document for its complete and actual contents.

72. PayPal admits that it has and/or had an agreement with Lowe's. PayPal otherwise lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 72 regarding the contractual relationship between Red Beard Studios and Lowe's, and on that basis denies them. Paragraph 72 purports to quote the language from Red Beard Studio's contract with Lowe's. PayPal lacks knowledge or information sufficient to form a belief as to the accuracy of the quoted language because Plaintiffs have not attached the contract between Red Beard Studios and Lowe's. PayPal further states to the extent Paragraph 72 selectively quotes the contract between Red Beard Studios and Lowe's, that is a document that speaks for itself. PayPal respectfully refers the Court to that document for its complete and actual contents.

73. PayPal admits that it has and/or had an agreement with Backcountry. PayPal otherwise lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 73 regarding the contractual relationship between Angry Snowboarder, Dan Becker, and Backcountry, and on that basis denies them. Paragraph 73 purports to quote language from Plaintiffs' contract with Backcountry. PayPal lacks knowledge or information sufficient to form a belief as to the accuracy of the quoted language because Plaintiffs have not attached the contract(s) between Plaintiffs and Backcountry. PayPal further states to the extent Paragraph 73 selectively quotes the contract between Plaintiffs and Backcountry, that is a document that speaks for itself. PayPal respectfully refers the Court to that document for its complete and actual contents.

74. PayPal admits it has and/or had agreements with Bergdorf Goodman and Neiman Marcus. PayPal otherwise lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 74 regarding the contractual relationship between Storm Productions and Bergdorf Goodman and Neiman Marcus, and on that basis denies them. Paragraph 74 purports to quote language from Storm Productions' contracts with both Bergdorf Goodman and Neiman

Marcus. PayPal lacks knowledge or information sufficient to form a belief as to the accuracy of the quoted language because Plaintiffs have not attached the contracts between Storm Productions and Bergdorf Goodman and Neiman Marcus. PayPal further states to the extent Paragraph 74 selectively quotes the contracts between Storm Productions and Bergdorf Goodman and Neiman Marcus, those are documents that speak for themselves. PayPal respectfully refers the Court to those documents for their complete and actual contents.

75.     PayPal admits it has and/or had an agreement with Macy's. PayPal otherwise lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 75 regarding the contractual relationship between Gents Scents and Macy's, and on that basis denies them. Paragraph 75 purports to quote language from Gents Scents' contract with Macy's. PayPal lacks knowledge or information sufficient to form a belief as to the accuracy of the quoted language because Plaintiffs have not attached the contract between Gents Scents and Macy's. PayPal further states to the extent Paragraph 75 selectively quotes the contract between Gents Scents and Macy's, that is a document that speaks for itself. PayPal respectfully refers the Court to that document for its complete and actual contents.

76.     PayPal lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 76, and on that basis denies them.

77.     PayPal states that the allegations in Paragraph 77 purport to describe certain industry customs and practices without alleging facts specifically pertaining to PayPal, and PayPal denies that the allegations set forth a complete and accurate statement of either such industry customs and practices or of its own practices. To the extent a further response is required, PayPal denies the allegations contained in the paragraph.

III.    **PayPal Uses The Honey Browser Extension to Steal Affiliate Commissions from Affiliate Marketers.**

A.    **The Honey Browser Extension**

78.     PayPal admits the allegations in the first sentence of Paragraph 78, and further states to the extent that the first sentence of Paragraph 78 purports to characterize the article referenced therein, this document speaks for itself. PayPal respectfully refers the Court to this document for

- 15 -

its complete and actual contents. PayPal otherwise states that the remaining allegations in Paragraph 78 purport to describe certain industry customs and practices without alleging facts specifically pertaining to PayPal, and PayPal denies that the allegations set forth a complete and accurate statement of either such industry customs and practices or of its own practices. To the extent a further response is required, PayPal denies the remaining allegations contained in the paragraph.

79.    PayPal lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 79, and on that basis denies them. PayPal further states to the extent that Paragraph 79 purports to characterize the article referenced therein, this document speaks for itself. PayPal respectfully refers the Court to this document for its complete and actual contents.

80.    PayPal lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 80, and on that basis denies them. To the extent that Paragraph 80 purports to characterize the article referenced therein, this document speaks for itself. PayPal respectfully refers the Court to this document for its complete and actual contents.

81.    PayPal admits that ads for Honey appeared on YouTube between 2019 and 2021. PayPal lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 81, and on that basis denies them. To the extent that Paragraph 81 purports to characterize the article referenced therein, this document speaks for itself. PayPal respectfully refers the Court to this document for its complete and actual contents.

82.    PayPal admits that it partnered with certain Affiliate Marketers to advertise the Honey browser extension. PayPal otherwise denies the allegations in Paragraph 82.

83.    PayPal admits that it had relationships with affiliate networks to promote the Honey browser extension, and otherwise denies the allegations in Paragraph 83. PayPal further states to the extent that Paragraph 83 purports to characterize the webpage referenced therein, this document speaks for itself. PayPal respectfully refers the Court to this document for its complete and actual contents.

84.    PayPal admits that it acquired Honey in 2020 and, by that time, Honey had millions of active users and thousands of merchant partners.  PayPal further states to the extent that Paragraph 84 purports to characterize the articles and webpages referenced therein, these documents speak for themselves.  PayPal respectfully refers the Court to these documents for their complete and actual contents. To the extent a further response is required, PayPal denies the allegations in Paragraph 84.

85.    PayPal denies the allegations in Paragraph 85.

**B.    The Honey Browser Extension Exploits Attribution Mechanisms to Steal Credit for Sales.**

86.    PayPal states that the allegations in Paragraph 86 purport to describe certain industry customs and practices without alleging facts specifically pertaining to PayPal, and PayPal denies that the allegations set forth a complete and accurate statement of either such industry customs and practices or of its own practices.  To the extent a further response is required, PayPal denies the allegations contained in the paragraph.

87.    PayPal denies the allegations in Paragraph 87.

88.    PayPal denies the allegations in the first, second, fifth, and sixth sentences in Paragraph 88.  To the extent that the third and fourth sentences purport to characterize the "PayPal Honey Privacy Statement," that is a document that speaks for itself.  PayPal respectfully refers the Court to that document for its complete and actual contents.

89.    PayPal denies the allegations in Paragraph 89.

90.    PayPal lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 90, including the authenticity of the screenshot, and on that basis denies them.  PayPal further states to the extent Paragraph 90 purports to characterize the screenshot referenced therein, that is a document that speaks for itself.  PayPal respectfully refers the Court to that screenshot for its complete and actual contents.

91.    PayPal lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 91, including the authenticity of the screenshot, and on that basis denies them. PayPal further states to the extent Paragraph 91 purports to characterize the screenshot

- 17 -

referenced therein, that is a document that speaks for itself.  PayPal respectfully refers the Court to that screenshot for its complete and actual contents.

92.    PayPal lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 92, and on that basis denies them. PayPal further states to the extent Paragraph 92 purports to characterize the URL referenced therein, it speaks for itself.  PayPal respectfully refers the Court to that URL for its complete and actual contents.

93.    PayPal lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 93, and on that basis denies them.

94.    PayPal lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 94, including the authenticity of the screenshot, and on that basis denies them.  PayPal further states to the extent Paragraph 94 purports to characterize the screenshot referenced therein, that is a document that speaks for itself.  PayPal respectfully refers the Court to that screenshot for its complete and actual contents.

95.    PayPal lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 95, including the authenticity of the screenshot, and on that basis denies them. PayPal further states to the extent Paragraph 95 purports to characterize the screenshot referenced therein, that is a document that speaks for itself.  PayPal respectfully refers the Court to that screenshot for its complete and actual contents.

96.    PayPal lacks knowledge or information sufficient to form a belief as to the allegations in the first sentence of Paragraph 96, and on that basis denies them.  PayPal states that the remaining allegations in Paragraph 96 purport to describe certain industry customs and practices without alleging facts specifically pertaining to PayPal, and PayPal denies that the allegations set forth a complete and accurate statement of either such industry customs and practices or of its own practices.  To the extent a further response is required, PayPal denies the remaining allegations contained in the paragraph.

97.    PayPal states that the allegations in the first sentence of Paragraph 97 purport to describe certain industry customs and practices  without alleging facts specifically  pertaining to

PayPal, and PayPal denies that the allegations set forth a complete and accurate statement of either such industry customs and practices or of its own practices.  To the extent a further response is required, PayPal denies the remaining allegations contained in the first sentence of the paragraph. PayPal otherwise lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 97, including the authenticity of the screenshot, and on that basis denies them.  PayPal further states to the extent Paragraph 97 purports to characterize the screenshot referenced therein, that is a document that speaks for itself.  PayPal respectfully refers the Court to that screenshot for its complete and actual contents.

98.	PayPal states that the allegations in Paragraph 98 purport to describe certain industry customs and practices without alleging facts specifically pertaining to PayPal, and PayPal denies that the allegations set forth a complete and accurate statement of either such industry customs and practices or of its own practices.  To the extent a further response is required, PayPal denies the allegations contained in the paragraph.

99.	PayPal states that the allegations in Paragraph 99 purport to describe certain industry customs and practices without alleging facts specifically pertaining to PayPal, and PayPal denies that the allegations set forth a complete and accurate statement of either such industry customs and practices or of its own practices.  To the extent a further response is required, PayPal denies the allegations contained in the paragraph.

100.	PayPal lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 100, and on that basis denies them.

101.	PayPal denies the allegations in Paragraph 101.

102.	PayPal denies the allegations in Paragraph 102.

103.	PayPal admits that the screenshot referenced in Paragraph 103 purports to show a "Payload" page, but PayPal otherwise lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 103, including the authenticity of the screenshot, and on that basis denies them.

104.    PayPal states that the allegations in Paragraph 104 purport to describe certain industry customs and practices without alleging facts specifically pertaining to PayPal, and PayPal denies that the allegations set forth a complete and accurate statement of either such industry customs and practices or of its own practices.  To the extent a further response is required, PayPal states that to the extent Paragraph 104 purports to characterize the screenshot referenced therein, this is a document that speaks for itself.  PayPal respectfully refers the Court to the screenshot for its complete and actual contents.  PayPal otherwise lacks knowledge or information sufficient to form a belief as to the allegations, including the authenticity of the screenshot, and on that basis denies the allegations in Paragraph 104.

105.    PayPal denies the allegations in the first sentence of Paragraph 105.  To the extent Paragraph 105 purports to characterize the screenshot referenced therein, this is a document that speaks for itself.  PayPal respectfully refers the Court to the screenshot for its complete and actual contents. PayPal otherwise lacks knowledge or information sufficient to form a belief as to the allegations, including the authenticity of the screenshot, and on that basis denies the allegations in Paragraph 105.

106.    To the extent Paragraph 106 purports to characterize the screenshots referenced therein, these are documents that speak for themselves.  PayPal respectfully refers the Court to the screenshots for their complete and actual contents.  PayPal otherwise denies the allegations in Paragraph 106.

107.    To the extent Paragraph 107 purports to characterize the screenshot referenced therein, this is a document that speaks for itself.  PayPal respectfully refers the Court to the screenshot for its complete and actual contents. PayPal otherwise lacks knowledge or information sufficient to form a belief as to the allegations, including the authenticity of the screenshot, and on that basis denies the allegations in Paragraph 107.

108.    To the extent Paragraph 108 purports to characterize the screenshot referenced therein, this is a document that speaks for itself.  PayPal respectfully refers the Court to the screenshot for its complete and actual contents. PayPal otherwise lacks knowledge or information

sufficient to form a belief as to the allegations, including the authenticity of the screenshot, and on that basis denies the allegations in Paragraph 108.

109.    PayPal admits that the "Activate Cash Back" button allows a consumer to activate the Honey cash back tool by clicking on the "Activate Cash Back" button.  To the extent Paragraph 109 purports to characterize the screenshot referenced therein, this is a document that speaks for itself.  PayPal respectfully refers the Court to the screenshot for its complete and actual contents. PayPal otherwise lacks knowledge or information sufficient to form a belief as to the allegations, including the authenticity of the screenshot, and on that basis denies the allegations in Paragraph 109.  PayPal specifically denies that it surreptitiously opens a "secret tab."

110.    PayPal denies the allegations in Paragraph 110.

111.    PayPal denies the allegations in Paragraph 111.

112.    PayPal denies the allegations in Paragraph 112.

113.    To the extent Paragraph 113 purports to characterize the screenshot referenced therein, this is a document that speaks for itself.  PayPal respectfully refers the Court to the screenshot for its complete and actual contents.  PayPal otherwise lacks knowledge or information sufficient to form a belief as to the allegations, including the authenticity of the screenshot, and on that basis denies the allegations in Paragraph 113.

114.    PayPal denies the allegations in Paragraph 114.

115.    PayPal denies the allegations in Paragraph 115.

116.    PayPal states that the allegations in Paragraph 116 purport to describe certain industry customs and practices without alleging facts specifically pertaining to PayPal, and PayPal denies that the allegations set forth a complete and accurate statement of either such industry customs and practices or of its own practices.  To the extent Paragraph 116 purports to characterize the article referenced therein, that is a document that speaks for itself.  PayPal respectfully refers the Court to that document for its complete and actual contents. To the extent a further response is required, PayPal denies the allegations contained in the paragraph.  PayPal specifically denies that it engages in cookie-stuffing.

117. PayPal denies the allegations in Paragraph 117.

118. PayPal denies the allegations in Paragraph 118. PayPal further states to the extent Paragraph 118 purports to characterize the article referenced therein, that is a document that speaks for itself. PayPal respectfully refers the Court to that document for its complete and actual contents.

119. To the extent Paragraph 119 purports to characterize the screenshot referenced therein, that is a document that speaks for itself. PayPal respectfully refers the Court to that screenshot for its complete and actual contents. PayPal otherwise lacks knowledge or information sufficient to form a belief as to the allegations, including the authenticity of the screenshot, and on that basis denies the allegations in Paragraph 119.

120. PayPal denies the allegations in the first, fourth, and fifth sentences of Paragraph 120, and otherwise states that the remaining allegations contained in Paragraph 120 and the accompanying article referenced therein are not directed at PayPal, and accordingly, no response is required. To the extent that Paragraph 120 selectively quotes the article referenced therein, this document speaks for itself. PayPal respectfully refers the Court to this document for its complete and actual contents. To the extent a response is required, PayPal states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in the paragraph and the accompanying article referenced therein, and therefore denies them.

### C. Honey Diverted Named Plaintiffs' Commissions

121. PayPal denies the allegations in Paragraph 121. To the extent that the third sentence of Paragraph 121 purports to characterize the "Honey Data Collection Policies Explained," web page, that is a document that speaks for itself. PayPal respectfully refers the Court to that document for its complete and actual contents.

122. PayPal denies the allegations in Paragraph 122.

123. PayPal denies the allegations in Paragraph 123.

### 1. Test Purchases From December 2025 Still Show Diversion.

124. PayPal states that the allegations set forth in Paragraph 124 purport to describe certain industry customs and practices without alleging facts specifically pertaining to PayPal, and

- 22 -

PayPal denies that the allegations set forth a complete and accurate statement either of such industry customs and practices or of its own practices. To the extent Plaintiffs reference the terms of contracts not appended to the Second Amended Complaint, PayPal lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 124, and on that basis denies them.

125. PayPal lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 125, including the authenticity of the screenshot, and on that basis denies them. PayPal further states to the extent Paragraph 125 purports to characterize Image 1 referenced therein, that is a document that speaks for itself. PayPal respectfully refers the Court to Image 1 for its complete and actual contents.

126. PayPal lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 126, including the authenticity of the screenshot, and on that basis denies them. PayPal further states to the extent Paragraph 126 purports to characterize Image 1 or the URL referenced therein, they speak for themselves. PayPal respectfully refers the Court to Image 1 and the URL for their complete and actual contents.

127. PayPal lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 127, and on that basis denies them. PayPal further states to the extent Paragraph 127 purports to characterize Image 1 or the URL referenced therein, they speak for themselves. PayPal respectfully refers the Court to Image 1 and the URL for their complete and actual contents.

128. PayPal lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 128, including the authenticity of the screenshot, and on that basis denies them. PayPal further states to the extent Paragraph 128 purports to characterize Image 2 referenced therein, that is a document that speaks for itself. PayPal respectfully refers the Court to Image 2 for its complete and actual contents.

129. PayPal lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 129, and on that basis denies them.

130.    PayPal lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 130, including the authenticity of the screenshot, and on that basis denies them. PayPal further states to the extent Paragraph 130 purports to characterize Image 3 referenced therein, that is a document that speaks for itself. PayPal respectfully refers the Court to Image 3 for its complete and actual contents.

131.    PayPal lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 131, including the authenticity of the screenshot, and on that basis denies them. PayPal further states to the extent Paragraph 131 purports to characterize Image 4 referenced therein, that is a document that speaks for itself. PayPal respectfully refers the Court to Image 4 for its complete and actual contents.

132.    PayPal denies the allegations in Paragraph 132.

133.    PayPal lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 133, including the authenticity of the screenshot, and on that basis denies them. PayPal further states to the extent Paragraph 133 purports to characterize Image 5 or the URL referenced therein, they speak for themselves. PayPal respectfully refers the Court to Image 5 and the URL for their complete and actual contents.

134.    PayPal lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 134, and on that basis denies them.

135.    PayPal lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 135, including the authenticity of the screenshot, and on that basis denies them. PayPal further states to the extent Paragraph 135 purports to characterize Image 6 referenced therein, that is a document that speaks for itself. PayPal respectfully refers the Court to Image 6 for its complete and actual contents.

136.    PayPal denies the allegations in Paragraph 136.

137.    PayPal lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 137, including the authenticity of the screenshot, and on that basis denies them. PayPal further states to the extent Paragraph 137 purports to characterize Image 7 referenced

- 24 -

therein, that is a document that speaks for itself.  PayPal respectfully refers the Court to Image 7 for its complete and actual contents.

140. PayPal lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 138, including the authenticity of the screenshot, and on that basis denies them.  PayPal further states to the extent Paragraph 138 purports to characterize Image 8 referenced therein, that is a document that speaks for itself.  PayPal respectfully refers the Court to Image 8 for its complete and actual contents.

139. PayPal lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 139, and on that basis denies them.

140. PayPal lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 140, and on that basis denies them.

141. PayPal denies the allegations in Paragraph 141.

## 2. Each Plaintiff Has Made Sufficient Sales To Confer Standing.

142. PayPal admits that Honey had millions of users in 2020 and has relationships with thousands of merchants.  PayPal otherwise denies the allegations in Paragraph 142.

143. PayPal lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 143, and on that basis denies them.

144. PayPal lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 144, and on that basis denies them.

145. PayPal lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 145, and on that basis denies them.

146. PayPal lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 146, and on that basis denies them.

147. PayPal lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 147, and on that basis denies them.

- 25 -

148.    PayPal admits that it has and/or had agreements with Amazon, Andaseat, Staples, and Steelcase, and otherwise lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 148, and on that basis denies them.

149.    PayPal lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 149, and on that basis denies them.

150.    PayPal denies the allegations in Paragraph 150.

151.    PayPal lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 151, and on that basis denies them.

152.    PayPal lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 152, and on that basis denies them.

153.    PayPal lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 153, and on that basis denies them.

154.    PayPal lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 154, and on that basis denies them.

155.    PayPal lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 155, and on that basis denies them.

156.    PayPal admits that it has and/or had agreements with Amazon, Backcountry, and Gravity Coalition, and otherwise lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 156, and on that basis denies them.

157.    PayPal lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 157, and on that basis denies them.

158.    PayPal denies the allegations in Paragraph 158.

159.    PayPal lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 159, and on that basis denies them.

160.    PayPal lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 160, and on that basis denies them.

161.   PayPal lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 161, and on that basis denies them.

162.   PayPal lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 162, and on that basis denies them.

163.   PayPal lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 163, and on that basis denies them.

164.   PayPal admits that it has and/or had agreements with Amazon, Kohl's, Gap, and Walmart, and otherwise lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 164, and on that basis denies them.

165.   PayPal lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 165, and on that basis denies them.

166.   PayPal denies the allegations in Paragraph 166.

167.   PayPal lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 167, and on that basis denies them.

168.   PayPal lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 168, and on that basis denies them.

169.   PayPal lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 169, and on that basis denies them.

170.   PayPal lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 170, and on that basis denies them.

171.   PayPal lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 171, and on that basis denies them.

172.   PayPal admits that it has and/or had agreements with Amazon, Cricut, ShareASale, and Impact, and otherwise lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 172, and on that basis denies them.

173.   PayPal lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 173, and on that basis denies them.

- 27 -

174. PayPal denies the allegations in Paragraph 174.

175. PayPal lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 175, and on that basis denies them.

176. PayPal lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 176, and on that basis denies them.

177. PayPal lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 177, and on that basis denies them.

178. PayPal lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 178, and on that basis denies them.

179. PayPal lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 179, and on that basis denies them.

180. PayPal admits it has and/or had agreements with Amazon, Lowe's, and Walmart, and otherwise lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 180, and on that basis denies them.

181. PayPal lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 181, and on that basis denies them.

182. PayPal denies the allegations in Paragraph 182.

183. PayPal lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 183, and on that basis denies them.

184. PayPal lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 184, and on that basis denies them.

185. PayPal lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 185, and on that basis denies them.

186. PayPal lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 186, and on that basis denies them.

187. PayPal lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 187, and on that basis denies them.

188.    PayPal admits it has and/or had agreements with Bergdorf Goodman, Neiman Marcus, Target, and Saks Fifth Avenue, and otherwise lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 188, and on that basis denies them.

189.    PayPal lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 189, and on that basis denies them.

190.    PayPal denies the allegations in Paragraph 190.

191.    PayPal lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 191, and on that basis denies them.

192.    PayPal lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 192, and on that basis denies them.

193.    PayPal lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 193, and on that basis denies them.

194.    PayPal lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 194, and on that basis denies them.

195.    PayPal lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 195, and on that basis denies them.

196.    PayPal admits it has and/or had agreements with Macy's and Ulta, and otherwise lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 196, and on that basis denies them.

197.    PayPal lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 197, and on that basis denies them.

198.    PayPal denies the allegations in Paragraph 198.

199.    PayPal lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 199, and on that basis denies them.

200.    PayPal lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 200, and on that basis denies them.

DEFENDANTS' ANSWER TO SECOND
AMENDED CLASS ACTION COMPLAINT
5:24-CV-9470-BLF

201.    PayPal lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 201, and on that basis denies them.

202.    PayPal lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 202, and on that basis denies them.

203.    PayPal lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 203, and on that basis denies them.

204.    PayPal admits it has and/or had agreements with Amazon, eBay, and ShareASale, and otherwise lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 204, and on that basis denies them.

205.    PayPal lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 205, and on that basis denies them.

206.    PayPal denies the allegations in Paragraph 206.

207.    PayPal lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 207, and on that basis denies them.

208.    PayPal lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 208, and on that basis denies them.

209.    PayPal lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 209, and on that basis denies them.

210.    PayPal lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 210, and on that basis denies them.

211.    PayPal lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 211, and on that basis denies them.

212.    PayPal admits it has and/or had agreements with Amazon, Dell, Walmart, Impact, and Commission Junction, and otherwise lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 212, and on that basis denies them.

213.    PayPal lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 213, and on that basis denies them.

214. PayPal denies the allegations in Paragraph 214.

215. PayPal lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 215, and on that basis denies them.

216. PayPal lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 216, and on that basis denies them.

217. PayPal lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 217, and on that basis denies them.

218. PayPal lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 218, and on that basis denies them.

219. PayPal lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 219, and on that basis denies them.

220. PayPal admits it has and/or had agreements with Amazon and SanDisk, and otherwise lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 220, and on that basis denies them.

221. PayPal lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 221, and on that basis denies them.

222. PayPal denies the allegations in Paragraph 222.

223. PayPal lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 223, and on that basis denies them.

224. PayPal lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 224, and on that basis denies them.

225. PayPal lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 225, and on that basis denies them.

226. PayPal lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 226, and on that basis denies them.

227. PayPal lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 227, and on that basis denies them.

228.    PayPal admits it has and/or had agreements with Amazon, AvantLink, Backcountry, and ShareASale, and otherwise lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 228, and on that basis denies them.

229.    PayPal lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 229, and on that basis denies them.

230.    PayPal denies the allegations in Paragraph 230.

### 3.    Honey Took A Commission From Each Named Plaintiff.

231.    PayPal denies the allegations in Paragraph 231.

232.    PayPal denies the allegations in Paragraph 232.

233.    The allegations contained in Paragraph 233 and the accompanying article referenced therein, are not directed at PayPal, and accordingly, no response is required.  To the extent Paragraph 233 purports to characterize the article referenced therein, that is a document that speaks for itself.  PayPal respectfully refers the Court to that document for its complete and actual contents. To the extent a further response is required, PayPal states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph and the accompanying article referenced therein, and therefore denies them.

234.    PayPal denies the allegations in the last sentence of Paragraph 234 and otherwise lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 234, and on that basis denies them.

235.    PayPal denies the allegations in Paragraph 235.

236.    PayPal admits the Honey Browser Extension is available for consumers to use on web browsers, including Chrome, FireFox, and Edge, and otherwise denies the allegations in Paragraph 236.

### D.    PayPal's Actions Are Surreptitious, and Contrary To Common Contractual Terms and Industry Standards.

### 1.    Plaintiffs' Contracts With Merchants Prohibit Honey's Conduct.

237.    PayPal states that the allegations set forth in Paragraph 237 purport to describe certain industry customs and practices without alleging facts specifically pertaining to PayPal, and

- 32 -

PayPal denies that the allegations set forth a complete and accurate statement either of such industry customs and practices or of its own practices.  To the extent a further response is required, PayPal denies the allegations contained in the paragraph.  PayPal also specifically denies that Honey "fraudulently spoof[s] a 'click' to steal Affiliate Commissions."

238.    PayPal states that the allegations set forth in Paragraph 238 purport to describe the terms of Plaintiffs' contracts with Merchants.  PayPal lacks knowledge or information sufficient to form a belief as to the accuracy of Plaintiffs' interpretation because Plaintiffs have not attached the contracts.  To the extent a further response is required, PayPal denies the allegations contained in the paragraph.

239.    Paragraph 239 states no allegations and no response is required.

a.    PayPal admits it has and/or had an agreement with Amazon.  PayPal otherwise lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 239(a), and on that basis denies them.  Plaintiffs purport to quote language from Plaintiffs' Amazon affiliate agreement in Paragraph 239(a).  PayPal lacks knowledge or information sufficient to form a belief as to the accuracy of the quoted language because Plaintiffs have not attached the agreement(s) between Plaintiffs and Amazon.  PayPal further states to the extent Paragraph 239(a) selectively quotes Plaintiffs' Amazon affiliate agreement referenced therein, that is a document that speaks for itself.  PayPal respectfully refers the Court to that document for its complete and actual contents.

b.    PayPal admits it has and/or had an agreement with Backcountry. PayPal otherwise lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 239(b), and on that basis denies them. Plaintiffs purport to quote language from Plaintiffs' agreement with Backcountry in Paragraph 239(b).  PayPal lacks knowledge or information sufficient to form a belief as to the accuracy of the quoted language because

- 33 -

Plaintiffs have not attached the agreement(s) between Plaintiffs and Backcountry. PayPal further states to the extent Paragraph 239(b) selectively quotes the agreement between Plaintiffs and Backcountry referenced therein, that is a document that speaks for itself. PayPal respectfully refers the Court to that document for its complete and actual contents.

c. PayPal admits it has and/or had an agreement with Staples. PayPal otherwise lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 239(c), and on that basis denies them. Plaintiffs purport to quote language from Ahntourage's contract with Staples in Paragraph 239(c). PayPal lacks knowledge or information sufficient to form a belief as to the accuracy of the quoted language because Plaintiffs have not attached the contract between Ahntourage and Staples. PayPal further states to the extent Paragraph 239(c) selectively quotes the contract between Ahntourage and Staples referenced therein, that is a document that speaks for itself. PayPal respectfully refers the Court to that document for its complete and actual contents.

d. PayPal admits it has and/or had an agreement with Lowe's. PayPal otherwise lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 239(d), and on that basis denies them. Plaintiffs purport to quote language from Red Beard Studios' agreement with Lowe's in Paragraph 239(d). PayPal lacks knowledge or information sufficient to form a belief as to the accuracy of the quoted language because Plaintiffs have not attached the agreement between Red Beard Studios and Lowe's. PayPal further states to the extent Paragraph 239(d) selectively quotes the agreement between Red Beard Studios and Lowe's referenced

- 34 -

therein, that is a document that speaks for itself.  PayPal respectfully refers the Court to that document for its complete and actual contents.

e.    PayPal admits it has and/or had an agreement with Macy's.  PayPal otherwise lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 239(e), and on that basis denies them. Plaintiffs purport to quote language from Gents Scents' contract with Macy's in Paragraph 239(e).  PayPal lacks knowledge or information sufficient to form a belief as to the accuracy of the quoted language because Plaintiffs have not attached the contract between Gents Scents and Macy's. PayPal further states to the extent Paragraph 239(e) selectively quotes the contract between Gents Scents and Macy's referenced therein, that is a document that speaks for itself.  PayPal respectfully refers the Court to that document for its complete and actual contents.

f.    PayPal admits it has and/or had agreements with Neiman Marcus and Awin. PayPal otherwise lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 239(f), and on that basis denies them.  Plaintiffs purport to quote language from Storm Productions' contract with Neiman Marcus as well as Warby Parker program terms in Paragraph 239(f).  PayPal lacks knowledge or information sufficient to form a belief as to the accuracy of the quoted language because Plaintiffs have not attached the contract between Storm Productions and Neiman Marcus,  or the Warby Parker program terms.  PayPal further states to the extent Paragraph 239(f) selectively quotes the contract between Storm Productions and Neiman Marcus or the Warby Parker program terms referenced therein, those are documents that speak for themselves.  PayPal respectfully refers the Court to those documents for their complete and actual contents.

- 35 -

g.     PayPal admits it has and/or had an agreement with Walmart. PayPal otherwise lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 239(g), and on that basis denies them. Plaintiffs purport to quote language from Plaintiffs' contracts with Walmart in Paragraph 239(g). PayPal lacks knowledge or information sufficient to form a belief as to the accuracy of the quoted language because Plaintiffs have not attached the contract(s) between Plaintiffs and Walmart. PayPal further states to the extent Paragraph 239(g) selectively quotes the contract between Plaintiffs and Walmart referenced therein, that is a document that speaks for itself. PayPal respectfully refers the Court to that document for its complete and actual contents.

240.   PayPal denies the allegations in Paragraph 240.

### 2.     Affiliate Network Policies Implemented Stand Down Protocols To Prevent The Affiliate Commission Theft Described Herein.

241.   PayPal denies the allegations in the first sentence of Paragraph 241. PayPal states that the allegations set forth in the second and third sentences of Paragraph 241 purport to describe certain industry customs and practices without alleging facts specifically pertaining to PayPal, and PayPal denies that the allegations set forth a complete and accurate statement either of such industry customs and practices or of its own practices. To the extent a further response is required, PayPal admits that Affiliate Networks (along with Merchants) set the standards defining when participants in the affiliate marketing ecosystem can obtain commissions, and otherwise denies the allegations contained in the second and third sentence of the paragraph. PayPal lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 241, and on that basis denies them.

242.   PayPal denies the allegations in the first sentence of Paragraph 242. To the extent that Paragraph 242 purports to characterize and selectively quotes the Rakuten Affiliate Network Policies and Guidelines, that is a document that speaks for itself. PayPal respectfully refers the Court to this document for its complete and actual contents.

243. Plaintiffs purport to rely on a "December 2024 survey of nine large affiliate networks" in Paragraph 243. PayPal lacks knowledge or information sufficient to form a belief as to the accuracy of the quoted language because Plaintiffs have not attached the survey. To the extent a further response is required, PayPal denies the allegations in the Paragraph.

244. Plaintiffs purport to quote the AvantLink Terms of Use in Paragraph 244. PayPal lacks knowledge or information sufficient to form a belief as to the accuracy of the quoted language because Plaintiffs have not attached the Terms of Use. PayPal further states, to the extent that Paragraph 244 selectively quotes the AvantLink Terms of Use, that is a document that speaks for itself. PayPal respectfully refers the Court to that document for its complete and actual contents. PayPal admits it has and/or had an agreement with AvantLink, but otherwise lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 244, and on that basis denies them.

245. To the extent that Paragraph 245 selectively quotes the LinkConnector Affiliate Terms and Description, that is a document that speaks for itself. PayPal respectfully refers the Court to this document for its complete and actual contents.

246. Plaintiffs purport to rely on ShareASale and Partnerize contract language in Paragraph 246. PayPal lacks knowledge or information sufficient to form a belief as to the accuracy of the referenced language because Plaintiffs have not attached either contract. PayPal further states, to the extent that Paragraph 246 purports to characterize and selectively quotes the ShareASale and Partnerize contract language, those are documents that speak for themselves. PayPal respectfully refers the Court to those documents for their complete and actual contents. PayPal admits it has and/or had agreements with ShareASale and Partnerize, but otherwise lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 246, and on that basis denies them.

247. PayPal denies the allegations in the second sentence of Paragraph 247. To the extent that Paragraph 247 purports to characterize and selectively quotes the Partnerize contract, that is a

- 37 -

document that speaks for itself. PayPal respectfully refers the Court to this document for its complete and actual contents.

248. To the extent that Paragraph 248 purports to characterize and selectively quotes the Rakuten Downloadable Software Application policy, that is a document that speaks for itself. PayPal respectfully refers the Court to this document for its complete and actual contents. PayPal admits it has and/or had an agreement with Rakuten, but otherwise lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 248, and on that basis denies them.

249. To the extent that Paragraph 249 purports to characterize and selectively quotes the Commission Junction Affiliate Publisher Service Agreement, that is a document that speaks for itself. PayPal respectfully refers the Court to this document for its complete and actual contents. PayPal admits it has and/or had anagreement with Commission Junction, but otherwise lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 249, and on that basis denies them.

250. To the extent that Paragraph 250 purports to characterize and selectively quotes the Awin Publisher Code of Conduct and/or Impact Stand-Down Policy, those are documents that speak for themselves. PayPal respectfully refers the Court to these documents for their complete and actual contents. PayPal admits it has and/or had agreement with Impact but otherwise lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 250, and on that basis denies them.

251. PayPal states that the allegations set forth in Paragraph 251 purport to describe certain industry customs and practices without alleging facts specifically pertaining to PayPal, and PayPal denies that the allegations set forth a complete and accurate statement either of such industry customs and practices or of its own practices. To the extent a further response is required, PayPal denies the allegations contained in the paragraph.

**3.      PayPal Has Violated And Continues to Violate Affiliate Network Stand Down Protocols.**

252.    PayPal states that the allegations set forth in Paragraph 252 purport to describe certain industry customs and practices without alleging facts specifically pertaining to PayPal, and PayPal denies that the allegations set forth a complete and accurate statement either of such industry customs and practices or of its own practices.  To the extent a further response is required, PayPal denies the allegations contained in the paragraph.

253.    To the extent that Paragraph 253 purports to characterize emails between Rakuten and PayPal, those are documents that speak for themselves.  PayPal respectfully refers the Court to these documents for their complete and actual contents.  To the extent a further response is required, PayPal denies the allegations contained in the paragraph.

254.    To the extent that Paragraph 254 purports to characterize emails between Rakuten and PayPal, those are documents that speak for themselves.  PayPal respectfully refers the Court to these documents for their complete and actual contents.  To the extent a further response is required, PayPal denies the allegations contained in the paragraph.

255.    To the extent that Paragraph 255 purports to characterize emails between Rakuten and PayPal, those are documents that speak for themselves.  PayPal respectfully refers the Court to these documents for their complete and actual contents.  To the extent a further response is required, PayPal denies the allegations contained in the paragraph.

256.    To the extent that Paragraph 256 purports to characterize emails between Rakuten and PayPal, those are documents that speak for themselves.  PayPal respectfully refers the Court to these documents for their complete and actual contents.  To the extent a further response is required, PayPal denies the allegations contained in the paragraph.

257.    To the extent that Paragraph 257 purports to characterize emails between Rakuten and PayPal, those are documents that speak for themselves.  PayPal respectfully refers the Court to these documents for their complete and actual contents.  To the extent a further response is required, PayPal denies the allegations contained in the paragraph.

258.    PayPal lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 258, and on that basis denies them.

259.    To the extent that Paragraph 259 purports to characterize emails between Rakuten and PayPal, those are documents that speak for themselves.  PayPal respectfully refers the Court to these documents for their complete and actual contents.

260.    To the extent that Paragraph 260 purports to characterize emails between Rakuten and PayPal, those are documents that speak for themselves.  PayPal respectfully refers the Court to these documents for their complete and actual contents.  To the extent a further response is required, PayPal denies the allegations contained in the paragraph.

261.    PayPal denies the allegations in Paragraph 261.

### 4.    PayPal Devised Several Methods to Ignore or Circumvent Stand Down Protocols.

262.    PayPal states that the allegations set forth in Paragraph 262 purport to describe certain industry customs and practices without alleging facts specifically pertaining to PayPal, and PayPal denies that the allegations set forth a complete and accurate statement either of such industry customs and practices or of its own practices.  To the extent a further response is required, PayPal denies the allegations contained in the paragraph.

263.    PayPal denies the allegations in Paragraph 263.

264.    PayPal denies the allegations in Paragraph 264.

265.    PayPal denies the allegations in Paragraph 265.

266.    PayPal denies the allegations in Paragraph 266.

267.    PayPal denies the allegations in Paragraph 267.

### E.    The Affiliate Marketing Industry Repudiated PayPal's Conduct When Its Scheme Came To Light.

268.    To the extent that Paragraph 268 purports to characterize the articles referenced therein, those are documents that speak for themselves.  PayPal respectfully refers the Court to those documents for their complete and actual contents.  PayPal otherwise denies the allegations in Paragraph 268.

269.    To the extent that Paragraph 269 purports to characterize the December 23, 2024 article from *The Verge*, that is a document that speaks for itself.  PayPal respectfully refers the Court to this document for its complete and actual contents.  PayPal otherwise denies the allegations in Paragraph 269.

270.    To the extent that Paragraph 270 purports to characterize a Facebook post from MKBHD, that is a document that speaks for itself.  PayPal respectfully refers the Court to this document for its complete and actual contents.  PayPal otherwise denies the allegations in Paragraph 270.

271.    PayPal lacks knowledge or information sufficient to form a belief as to the first two sentences in Paragraph 271, and on that basis denies them.  To the extent that the remainder of Paragraph 271 purports to characterize Google Chrome for Developers policy, that is a document that speaks for itself.  PayPal respectfully refers the Court to this document for its complete and actual contents.

272.    PayPal states that the allegations set forth in Paragraph 272 purport to describe certain industry customs and practices without alleging facts specifically pertaining to PayPal, and PayPal denies that the allegations set forth a complete and accurate statement either of such industry customs and practices or of its own practices.  To the extent a further response is required, PayPal denies the allegations contained in the paragraph.

273.    PayPal lacks knowledge or information sufficient to form a belief as to the allegations in the first sentence of Paragraph 273, and on that basis denies them.  To the extent that Paragraph 273 purports to characterize articles from *The CyberSec Guru* or Techopedia, those are documents that speak for themselves.  PayPal respectfully refers the Court to these documents for their complete and actual contents.  PayPal otherwise denies the allegations in Paragraph 273.

## CLASS ALLEGATIONS

274.    Paragraph 274 and its subparts state legal conclusions to which no response is required.

275.    Paragraph 275 states legal conclusions to which no response is required.

276.    The first sentence of Paragraph 276 states legal conclusions to which no response is required.  PayPal otherwise denies the allegations in the second sentence of Paragraph 276.

277.    Paragraph 277 states legal conclusions to which no response is required.  To the extent a response is required, PayPal denies the allegations in Paragraph 277.

278.    Paragraph 278 states legal conclusions to which no response is required.  To the extent a response is required, PayPal denies the allegations in Paragraph 278.

279.    Paragraph 279 states legal conclusions to which no response is required.  To the extent a response is required, PayPal denies the allegations in Paragraph 279.

280.    Paragraph 280 and its subparts state legal conclusions to which no response is required.  To the extent a response is required, PayPal denies the allegations in Paragraph 280 and its subparts.

281.    Paragraph 281 states legal conclusions to which no response is required.  To the extent a response is required, PayPal denies the allegations in Paragraph 281.

282.    Paragraph 282 states legal conclusions to which no response is required.  To the extent a response is required, PayPal denies the allegations in Paragraph 282.

283.    Paragraph 283 and its subparts state legal conclusions to which no response is required.  To the extent a response is required, PayPal denies the allegations in Paragraph 283 and its subparts.

284.    Paragraph 284 states legal conclusions to which no response is required.  To the extent a response is required, PayPal denies the allegations in Paragraph 284.

285.    Paragraph 285 states legal conclusions to which no response is required.  To the extent a response is required, PayPal denies the allegations in Paragraph 285.

## COUNT ONE
### Violation of the Computer Fraud and Abuse Act
### (18 U.S.C. § 1030, et seq.)
### Asserted on Behalf of the Proposed Nationwide Class

286.    PayPal repeats and reasserts its responses to Paragraphs 1 through 285 as if fully set forth herein.

- 42 -

287. Paragraph 287 states legal conclusions to which no response is required. To the extent a response is required, PayPal denies the allegations in Paragraph 287.

288. To the extent that Paragraph 288 selectively quotes the Computer Fraud and Abuse Act ("CFAA"), that is a document that speaks for itself. PayPal respectfully refers the Court to the CFAA for its complete and actual contents.

289. To the extent that Paragraph 289 selectively quotes the CFAA, that is a document that speaks for itself. PayPal respectfully refers the Court to the CFAA for its complete and actual contents.

290. To the extent that Paragraph 290 selectively quotes the CFAA, that is a document that speaks for itself. PayPal respectfully refers the Court to the CFAA for its complete and actual contents.

291. To the extent that Paragraph 291 selectively quotes the CFAA, that is a document that speaks for itself. PayPal respectfully refers the Court to the CFAA for its complete and actual contents.

292. To the extent that Paragraph 292 selectively quotes the CFAA, that is a document that speaks for itself. PayPal respectfully refers the Court to the CFAA for its complete and actual contents.

293. To the extent that Paragraph 293 selectively quotes the CFAA, that is a document that speaks for itself. PayPal respectfully refers the Court to the CFAA for its complete and actual contents.

294. Paragraph 294 states legal conclusions to which no response is required. To the extent a response is required, PayPal denies the allegations in Paragraph 294.

295. PayPal states that the allegations set forth in the first, second, third, and fifth sentences in Paragraph 295 purport to describe certain industry customs and practices without alleging facts specifically pertaining to PayPal, and PayPal denies that the allegations set forth a complete and accurate statement either of such industry customs and practices or of its own practices. To the extent a further response is required, PayPal denies the allegations contained in

- 43 -

the first, second, third, and fifth sentences of the paragraph.  PayPal denies the allegations in the fourth and sixth sentences.

296.    PayPal denies the allegations in Paragraph 296.

297.    PayPal denies the allegations in Paragraph 297.

298.    PayPal denies the allegations in Paragraph 298.

299.    PayPal denies the allegations in Paragraph 299.

300.    PayPal denies the allegations in the first, second, and fifth sentences of Paragraph 300.  To the extent that Paragraph 301 refers to a MegaLag YouTube video, that video speaks for itself.  PayPal respectfully refers the Court to the YouTube video and otherwise denies the remaining allegations in Paragraph 300.

301.    PayPal denies the allegations in Paragraph 301.

302.    PayPal denies the allegations in Paragraph 302.

303.    PayPal denies the allegations in Paragraph 303.

304.    PayPal denies the allegations in Paragraph 304.

305.    PayPal denies the allegations in Paragraph 305.

306.    PayPal denies the allegations in Paragraph 306.

307.    PayPal denies the allegations in Paragraph 307.

308.    PayPal denies the allegations in Paragraph 308.

309.    PayPal denies the allegations in Paragraph 309.

310.    PayPal denies the allegations in the first sentence of Paragraph 310.  PayPal states that the remaining allegations set forth in Paragraph 310 purport to describe certain industry customs and practices without alleging facts specifically pertaining to PayPal, and PayPal denies that the allegations set forth a complete and accurate statement either of such industry customs and practices or of its own practices. To the extent a further response is required, PayPal denies the remaining allegations contained in the paragraph.

311.    PayPal denies the allegations in Paragraph 311.

312.    PayPal denies the allegations in Paragraph 312.

DEFENDANTS' ANSWER TO SECOND
AMENDED CLASS ACTION COMPLAINT
5:24-CV-9470-BLF

313.    Paragraph 314 states legal conclusions to which no response is required.  To the extent a response is required, PayPal denies the allegations in Paragraph 313.

314.    PayPal denies the allegations in Paragraph 314.

315.    PayPal denies the allegations in Paragraph 315.

316.    Paragraph 316 states legal conclusions to which no response is required.  To the extent a response is required, PayPal denies the allegations in Paragraph 316.

**COUNT TWO**
**Unjust Enrichment**
**Asserted on Behalf of the Proposed Nationwide Class**
**Under California law, and in the Alternative on Behalf**
**of the State Subclasses Under their Respective State's Laws**

317.    PayPal repeats and reasserts its responses to Paragraphs 1 through 316 as if fully set forth herein.

318.    Paragraph 318 states legal conclusions to which no response is required.  To the extent a response is required, PayPal denies the allegations in Paragraph 318.

319.    Paragraph 319 states legal conclusions to which no response is required.  To the extent a response is required, PayPal denies the allegations in Paragraph 319.

320.    Paragraph 320 states legal conclusions to which no response is required.  To the extent a response is required, PayPal denies the allegations in Paragraph 320.

321.    Paragraph 321 states legal conclusions to which no response is required.  To the extent a response is required, PayPal denies the allegations in Paragraph 321.

322.    Paragraph 322 states legal conclusions to which no response is required.  To the extent a response is required, PayPal denies the allegations in Paragraph 322.

323.    Paragraph 323 states legal conclusions to which no response is required.  To the extent a response is required, PayPal denies the allegations in Paragraph 323.

324.    Paragraph 324 states legal conclusions to which no response is required.  To the extent a response is required, PayPal denies the allegations in Paragraph 324.

325.    Paragraph 325 states legal conclusions to which no response is required.  To the extent a response is required, PayPal denies the allegations in Paragraph 325.

326.    Paragraph 326 states legal conclusions to which no response is required.  To the extent a response is required, PayPal denies the allegations in Paragraph 326.

327.    PayPal denies the allegations in Paragraph 327.

328.    Paragraph 328 states legal conclusions to which no response is required.  To the extent a response is required, PayPal denies the allegations in Paragraph 328.

329.    Paragraph 329 states legal conclusions to which no response is required.  To the extent a response is required, PayPal denies the allegations in Paragraph 329.

330.    Paragraph 330 states legal conclusions to which no response is required.  To the extent a response is required, PayPal denies the allegations in Paragraph 330.

331.    Paragraph 331 states legal conclusions to which no response is required.  To the extent a response is required, PayPal denies the allegations in Paragraph 331.

332.    Paragraph 332 states legal conclusions to which no response is required.  To the extent a response is required, PayPal denies the allegations in Paragraph 332.

**COUNT THREE**
**Intentional Interference with**
**Prospective Economic Advantage**
**Asserted on Behalf of the Proposed Nationwide Class**
**Under California law, and in the Alternative on Behalf**
**of the State Subclasses Under their Respective State's Laws**

333.    PayPal repeats and reasserts its responses to Paragraphs 1 through 332 as if fully set forth herein.

334.    PayPal lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 334, and on that basis denies them.

335.    PayPal lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 335, and on that basis denies them.

336.    PayPal lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 336, and on that basis denies them.

337.    PayPal denies the allegations in Paragraph 337.

338.    PayPal denies the allegations in Paragraph 338.

DEFENDANTS' ANSWER TO SECOND
AMENDED CLASS ACTION COMPLAINT
5:24-CV-9470-BLF

339.    PayPal denies the allegations in the first two sentences of Paragraph 339. The remaining allegations state legal conclusions to which no response is required. To the extent a response is required, PayPal denies the remaining allegations in Paragraph 339.

340.    PayPal denies the allegations in Paragraph 340.

341.    PayPal denies the allegations in Paragraph 341.

342.    Paragraph 343 states legal conclusions to which no response is required. To the extent a response is required, PayPal denies the allegations in Paragraph 342.

343.    Paragraph 344 states legal conclusions to which no response is required. To the extent a response is required, PayPal denies the allegations in Paragraph 343.

344.    PayPal lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 344, and on that basis denies them.

345.    Paragraph 345 states legal conclusions to which no response is required. To the extent a response is required, PayPal denies the allegations in Paragraph 345.

346.    Paragraph 346 states legal conclusions to which no response is required. To the extent a response is required, PayPal denies the allegations in Paragraph 346.

347.    Paragraph 347 states legal conclusions to which no response is required. To the extent a response is required, PayPal denies the allegations in Paragraph 347.

**COUNT FOUR**
**Intentional Interference with**
**Contractual Relations**
**Asserted on Behalf of the Proposed Nationwide Class**
**Under California law, and in the Alternative on Behalf**
**of the State Subclasses Under their Respective State's Laws**

348.    PayPal repeats and reasserts its responses to Paragraphs 1 through 347 as if fully set forth herein.

349.    PayPal lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 349, and on that basis denies them.

350.    PayPal denies the allegations in Paragraph 350.

- 47 -

DEFENDANTS' ANSWER TO SECOND
AMENDED CLASS ACTION COMPLAINT
5:24-CV-9470-BLF

351.    PayPal denies the allegations in first two sentences of Paragraph 351. The remaining allegations state legal conclusions to which no response is required.  To the extent a response is required, PayPal denies the remaining allegations in Paragraph 351.

352.    PayPal admits that Merchants utilize Affiliate IDs to determine Affiliate Commission payment. The fourth sentence of Paragraph 352 states legal conclusions to which no response is required.   To the extent a response is required, PayPal denies the allegations in the fourth sentence of Paragraph 352.  PayPal otherwise denies the allegations in Paragraph 352.

353.    Paragraph 353 states legal conclusions to which no response is required.  To the extent a response is required, PayPal denies the allegations in Paragraph 353.

354.    Paragraph 354 states legal conclusions to which no response is required.  To the extent a response is required, PayPal denies the allegations in Paragraph 354.

355.    Paragraph 355 states legal conclusions to which no response is required.  To the extent a response is required, PayPal denies the allegations in Paragraph 355.

**COUNT FIVE**
**California Comprehensive Computer Data Access & Fraud Act**
**(Cal. Penal Code § 502)**
**Asserted on Behalf of the Proposed Nationwide Class**
**Under California law, and in the Alternative on Behalf of the California Subclass**

356.    PayPal repeats and reasserts its responses to Paragraphs 1 through 355 as if fully set forth herein.

357.    To the extent that Paragraph 357 selectively quotes the California Comprehensive Computer Data Access & Fraud Act ("CDAFA"), that is a document that speaks for itself.  PayPal respectfully refers the Court to the CDAFA for its complete and actual contents.

358.    To the extent that Paragraph 358 selectively quotes the CDAFA, that is a document that speaks for itself.  PayPal respectfully refers the Court to the CDAFA for its complete and actual contents.

359.    To the extent that Paragraph 359 selectively quotes the CDAFA, that is a document that speaks for itself.  PayPal respectfully refers the Court to the CDAFA for its complete and actual contents.

DEFENDANTS' ANSWER TO SECOND
AMENDED CLASS ACTION COMPLAINT
5:24-CV-9470-BLF

360.    To the extent that Paragraph 360 selectively quotes the CDAFA, that is a document that speaks for itself.  PayPal respectfully refers the Court to the CDAFA for its complete and actual contents.

361.    PayPal denies the allegations in Paragraph 361.

362.    PayPal denies the allegations in the first sentence of Paragraph 362.  PayPal lacks knowledge or information sufficient to form a belief as to the allegations in the second sentence of Paragraph 362, and on that basis denies them.  PayPal states that the allegations set forth in the third, fourth, and fifth sentences of Paragraph 362 purport to describe certain industry customs and practices without alleging facts specifically pertaining to PayPal, and PayPal denies that the allegations set forth a complete and accurate statement either of such industry customs and practices or of its own practices. To the extent a further response is required, PayPal denies the allegations contained in the third, fourth, and fifth sentences of the paragraph.

363.    PayPal denies the allegations in Paragraph 363.

364.    PayPal denies the allegations in the first, second, third, and fourth sentences of Paragraph 364.  PayPal states that the allegations set forth in the fifth and sixth sentences of Paragraph 364 purport to describe certain industry customs and practices without alleging facts specifically pertaining to PayPal, and PayPal denies that the allegations set forth a complete and accurate statement either of such industry customs and practices or of its own practices. To the extent a further response is required, PayPal denies the allegations contained in the fifth and sixth sentences of the paragraph.

365.    PayPal denies the allegations in Paragraph 365.

366.    PayPal denies the allegations in Paragraph 366.

367.    PayPal denies the allegations in Paragraph 367.

368.    The first two sentences of Paragraph 368 state legal conclusions to which no response is required.  To the extent a response is required, PayPal denies the allegations in the first two sentences of Paragraph 368.  PayPal denies the remaining allegations in Paragraph 368.

369.    PayPal denies the allegations in the first sentence of Paragraph 369 and otherwise lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 369, and on that basis denies them.

370.    Paragraph 370 states legal conclusions to which no response is required.  To the extent a response is required, PayPal denies the allegations in Paragraph 370.

**COUNT SIX**
**Violation of the California Unfair Competition Law**
**(Cal. Bus. & Prof. Code § 17200 *et seq.*)**
**Asserted on Behalf of the Proposed Nationwide Class Under**
**California law, and, in the Alternative on Behalf of the California Subclass**

371.    PayPal repeats and reasserts its responses to Paragraphs 1 through 370 as if fully set forth herein.

372.    Paragraph 372 states legal conclusions to which no response is required.  To the extent a response is required, PayPal denies the allegations in Paragraph 372.

373.    To the extent that Paragraph 373 selectively quotes the California Unfair Competition Law ("UCL"), that is a document that speaks for itself.  PayPal respectfully refers the Court to the UCL for its complete and actual contents.

374.    Paragraph 374 states legal conclusions to which no response is required.  To the extent a response is required, PayPal denies the allegations in Paragraph 374.

375.    Paragraph 375 states legal conclusions to which no response is required.  To the extent a response is required, PayPal denies the allegations in Paragraph 375.

**Unlawful**

376.    Paragraph 376 states legal conclusions to which no response is required.  To the extent a response is required, PayPal denies the allegations in Paragraph 376.

**Unfair**

377.    Paragraph 378 states legal conclusions to which no response is required.  To the extent a response is required, PayPal denies the allegations in Paragraph 377.

378.    Paragraph 379 states legal conclusions to which no response is required.  To the extent a response is required, PayPal denies the allegations in Paragraph 378.

- 50 -

379.    Paragraph 379 states legal conclusions to which no response is required.  To the extent a response is required, PayPal denies the allegations in Paragraph 379.

380.    Paragraph 380 states legal conclusions to which no response is required.  To the extent a response is required, PayPal denies the allegations in Paragraph 380.

381.    Paragraph 381 states legal conclusions to which no response is required.  To the extent a response is required, PayPal denies the allegations in Paragraph 381.

382.    PayPal denies the allegations in Paragraph 382.

383.    PayPal denies the allegations in Paragraph 383.

384.    Paragraph 384 states legal conclusions to which no response is required.  To the extent a response is required, PayPal denies the allegations in Paragraph 384.

385.    Paragraph 385 states legal conclusions to which no response is required.  To the extent a response is required, PayPal denies the allegations in Paragraph 385.

386.    The first sentence in Paragraph 386 states legal conclusions to which no response is required.  To the extent a response is required, PayPal denies the allegations in the first sentence of Paragraph 386.  To the extent that the second sentence of Paragraph 386 selectively quotes the UCL, that is a document that speaks for itself.  PayPal respectfully refers the Court to the UCL for its complete and actual contents.

## COUNT SEVEN
### Violation of the Washington Consumer Protection Act
### (Wash. Rev. Code §§ 19.86.010 *et seq.*)
### Asserted on Behalf of the Washington Subclass

387.    PayPal repeats and reasserts its responses to Paragraphs 1 through 386 as if fully set forth herein.

388.    Paragraph 388 states legal conclusions to which no response is required.  To the extent a response is required, PayPal denies the allegations in Paragraph 388.

389.    PayPal admits that the Honey Browser Extension is available for use in the state of Washington, and otherwise denies the allegations in Paragraph 389.

390.    PayPal denies the allegations in Paragraph 390.

391.    PayPal denies the allegations in Paragraph 391.

392.    PayPal denies the allegations in Paragraph 392.

393.    PayPal denies the allegations in Paragraph 393.

394.    PayPal denies the allegations in Paragraph 394.

395.    Paragraph 395 states legal conclusions to which no response is required.  To the extent a response is required, PayPal denies the allegations in Paragraph 395.

396.    PayPal denies the allegations in Paragraph 396.

397.    Paragraph 397 states legal conclusions to which no response is required.  To the extent a response is required, PayPal denies the allegations in Paragraph 397.

398.    Paragraph 398 states legal conclusions to which no response is required.  To the extent a response is required, PayPal denies the allegations in Paragraph 398.

399.    Paragraph 4399 states legal conclusions to which no response is required.  To the extent a response is required, PayPal denies the allegations in Paragraph 399.

400.    Paragraph 400 states legal conclusions to which no response is required.  To the extent a response is required, PayPal denies the allegations in Paragraph 400.

## PRAYER FOR RELIEF

401.    To the extent a response is required, PayPal denies that Plaintiffs and the Proposed Class and Subclasses are entitled to any relief set forth in Paragraph 400.

402.    To the extent a response is required, PayPal denies that Plaintiffs and the Proposed Class and Subclasses are entitled to any relief set forth in Paragraph 402.

403.    To the extent a response is required, PayPal denies that Plaintiffs and the Proposed Class and Subclasses are entitled to any relief set forth in Paragraph 403.

404.    To the extent a response is required, PayPal denies that Plaintiffs and the Proposed Class and Subclasses are entitled to any relief set forth in Paragraph 404.

405.    To the extent a response is required, PayPal denies that Plaintiffs and the Proposed Class and Subclasses are entitled to any relief set forth in Paragraph 405.

406.    To the extent a response is required, PayPal denies that Plaintiffs and the Proposed Class and Subclasses are entitled to any relief set forth in Paragraph 406.

**AFFIRMATIVE DEFENSES**

PayPal asserts the following affirmative and other defenses without assuming any burdens of production, persuasion, or proof that, pursuant to law, are not legally assigned to PayPal and are Plaintiffs' burden to prove. PayPal asserts the following defenses without conceding that Plaintiffs have suffered any damage because of any alleged wrongdoing by PayPal. PayPal reserves the right to assert additional affirmative and other defenses that become known throughout the course of discovery or otherwise.

1. The Second Amended Complaint fails to state a claim upon which relief can be granted.

2. The claims of Plaintiffs, the Class, and Subclasses are barred, in whole or in part, by the doctrine of in pari delicto and/or unclean hands. The claims of Plaintiffs, the Class, and Subclasses are barred, in whole or in part, by the doctrine of estoppel.

3. The claims of Plaintiffs, the Class, and Subclasses are barred, in whole or in part, by the doctrines of waiver, acquiescence, and/or ratification.

4. Plaintiffs, the Class, and Subclasses have an adequate remedy at law, barring any equitable relief.

5. The claims of Plaintiffs, the Class, and Subclasses are barred, in whole or in part, due to the lack of Article III standing.

6. The claims of Plaintiffs, the Class, and Subclasses are barred, in whole or in part, because Plaintiffs would be unjustly enriched if permitted to recover the claimed damages.

7. The CFAA and CDAFA claims of Plaintiffs, the Class, and the Subclasses are barred, in whole or in part, because Plaintiffs admitted users grant PayPal extensive permissions.

8. The CFAA and CDAFA claims of Plaintiffs, the Class, and the Subclasses are barred, in whole or in part, because Plaintiffs have not suffered any technological damage or loss.

9. The claim for intentional interference with prospective economic advantage of Plaintiffs, the Class, and the Subclasses is barred, in whole or in part, because PayPal did not engage in acts designed to disrupt Plaintiffs' relationships, did not intentionally or wrongfully divert any commissions, and did not engage in an independently wrongful act.

10. The claim for intentional interference with contractual relations of Plaintiffs, the Class, and the Subclasses are barred, in whole or in part, because PayPal did not engage in acts designed to disrupt Plaintiffs' contracts, did not intentionally or wrongfully divert any commissions, and did not engage in an independently wrongful act.

11. The UCL claim of Plaintiffs, the Class, and the Subclasses are barred, in whole or in part, because PayPal has not engaged in any unlawful, unfair, or fraudulent conduct.

12. The Washington Consumer Protection Act claims of Plaintiffs, the Class, and the Subclasses are barred, in whole or in part, because PayPal has not engaged in any wrongful conduct.

13. The Washington Consumer Protection Act claims of Plaintiffs, the Class, and the Subclasses are barred, in whole or in part, because Plaintiffs cannot prove any substantial consumer or public-interest harm resulting from PayPal's conduct concerning the Honey Browser extension.

PayPal hereby gives notice that it intends to rely upon such other and further defenses as may become available or apparent during further proceedings in this case, and hereby reserves its right to amend this Answer and assert such defenses.

WHEREFORE, PayPal respectfully requests that the Court enter judgment:

1. Dismissing the Second Amended Complaint, and each and every cause of action set forth therein, with prejudice;

2. Ordering that Plaintiffs, the Class, and Subclass take nothing;

3. Entering judgment in favor of PayPal and against Plaintiffs, the Class, and Subclass on all causes of action;

4. Denying Plaintiffs leave to represent putative class members;

5. Awarding PayPal attorneys' fees, costs of suit, and any other relief as it deems just and proper.

DEFENDANTS' ANSWER TO SECOND
AMENDED CLASS ACTION COMPLAINT
5:24-CV-9470-BLF

Dated:  July 16, 2026

ORRICK, HERRINGTON & SUTCLIFFE LLP

By: */s/ Clement S. Roberts*
Clement Seth Roberts (SBN 209203)
croberts@orrick.com
**ORRICK, HERRINGTON & SUTCLIFFE LLP**
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone: +1 (415) 773 5700
Facsimile: +1 (415) 773 5759

Richard A. Jacobsen (admitted *pro hac vice*)
**ORRICK, HERRINGTON & SUTCLIFFE LLP**
51 West 52nd Street
New York, NY 10019-6142
Telephone: +1 (212) 506 5000
rjacobsen@orrick.com

*Attorneys for Defendants PayPal, Inc. and PayPal Holdings, Inc.*

DEFENDANTS' ANSWER TO SECOND
AMENDED CLASS ACTION COMPLAINT
5:24-CV-9470-BLF